**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**ADRIAN L. BROWN, OSB #05020**
adrian.brown@usdoj.gov
**BILLY J. WILLIAMS, OSB # 90136**
Bill.Williams@usdoj.gov
Assistant United States Attorneys
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone:    (503) 727-1003
Facsimile:    (503) 727-1117

**THOMAS E. PEREZ**
Assistant Attorney General
**ROY L. AUSTIN, JR.**
Deputy Assistant Attorney General
**JONATHAN M. SMITH**
Chief
**LAURA COON**
Special Counsel
**R. JONAS GEISSLER**
jonas.geissler@usdoj.gov
**MICHELLE JONES**
michelle.jones2@usdoj.gov
Senior Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
50 Pennsylvania Ave., NW
Washington, D.C.  20530
Telephone:    (202) 514-6255
Facsimile:    (202) 514-4883

      Attorneys for Plaintiff, United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.

**THE CITY OF PORTLAND,**

        **Defendant.**

Case No. _____

COMPLAINT

Plaintiff, the United States of America, brings this civil action pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, for injunctive relief, and alleges as follows:

1. This action seeks to remedy a pattern or practice of unconstitutional uses of force by officers of the Portland Police Bureau. Too frequently, persons who have or are perceived to have mental illness and are in crisis are subjected to unnecessary or excessive force by police officers. The Portland Police Bureau lacks adequate policies to guide officers in these circumstances, or training, supervision and accountability measures necessary to ensure that officers comply with the constitutional rights of people in mental health crisis.

**I.    JURISDICTION AND VENUE**

2. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("Section 14141"). Under

§ 14141, the United States is authorized to bring suit against a state or local government in order to eliminate a pattern or practice of conduct by law enforcement officers that deprives individuals of rights, privileges or immunities secured or protected by the Constitution or federal law.

4. Injunctive relief is sought as authorized by 42 U.S.C. § 14141(b) and 42 U.S.C. § 3789d(c)(3).

5. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391. Defendant is located or resides in Oregon, and a substantial part of the events or omissions giving rise to this claim occurred in Oregon.

## II. PARTIES

6. Plaintiff is the United States of America.

7. The Defendant is the City of Portland ("City"), which is chartered within the State of Oregon, and is liable for the acts or omissions of the Portland Police Bureau ("PPB"), a law enforcement agency operated by the City.

## III. FACTUAL ALLEGATIONS

**A. Introduction**

8. Pursuant to an extensive investigation of the Portland Police Bureau conducted by the United States Department of Justice ("DOJ"), the United States has determined that PPB engages in a pattern or practice of using unlawful force against individuals with actual or perceived mental illness, in violation of their constitutional rights.

9. Specifically, PPB officers engage in a pattern or practice of subjecting individuals with actual or perceived mental illness to excessive force in violation of the Fourth Amendment to the Constitution and other laws of the United States. This pattern or practice includes, but is

not limited to, the following: (1) police encounters with such individuals too frequently result in a higher level of force than necessary; (2) officers use electronic control weapons ("ECWs"), commonly referred to as "Tasers," in circumstances when such force is not justified, or deploy ECWs more times than necessary on an individual; and (3) officers use a higher degree of force than justified for low level offenses.

10. PPB officers engage in this pattern or practice of constitutional violations while performing law enforcement activities within the scope of their employment. The violations arise from the City's failure to provide adequate policies, training and supervision to PPB officers on the proper use, reporting, and investigation of force.

11. The United States seeks injunctive relief to eliminate the Defendant's violations of the law and to ensure that PPB implements sustainable reforms that establish constitutional policing practices. Constitutional policing is an essential element of effective law enforcement. Implementation of constitutional policing practices will enhance public safety for the people of Portland, enable the police to better ensure public safety, and restore public confidence in PPB.

**B.    Background**

12. On June 6, 2011, DOJ publicly announced its investigation, pursuant to Section 14141, to determine whether PPB was engaged in a pattern or practice of using excessive force, particularly against people with mental illness. As part of this investigation, DOJ reviewed hundreds of thousands of pages of documents, including PPB policies and procedures, training materials, internal use of force reports from a period of 18 months, public reports, internal affairs files, and various other documents related to use of force. The investigation also included hundreds of interviews and meetings with PPB officers, supervisors and command staff, as well as Portland City officials and community members. In August of 2011 and February of 2012,

DOJ conducted on-site inspections of and ride-alongs with PPB and hosted dozens of individual interviews with community members, as well as hosted a widely-attended town hall meeting.

13. The City and PPB were fully cooperative throughout the investigation. They provided free access to documents and PPB personnel.

14. On September 13, 2012, DOJ released its report ("DOJ Findings Letter") announcing that it had found reasonable cause to believe that PPB is engaging in a pattern or practice of using excessive force in encounters involving people with actual or perceived mental illness. DOJ's investigation also identified serious deficiencies in policies, training, and officer accountability measures that substantially contributed to the pattern or practice of excessive force.

15. Also, on September 13, 2012, DOJ and the City jointly released a signed statement declaring the parties' mutual intent to reach a negotiated settlement agreement to resolve the United States' findings of unconstitutional conduct.

### C. PPB Engages in a Pattern or Practice of Conduct that Violates the Fourth Amendment to the Constitution.

16. The Defendant, through its acts or omissions, has engaged in a pattern or practice of conduct by PPB officers of using excessive force against individuals with actual or perceived mental illness through the following actions:

    a. Encounters between PPB officers and individuals with actual or perceived mental illness result in a use of force when force is unnecessary, or in the use of a higher level of force than necessary or appropriate, up to and including deadly force. PPB officers have used excessive force against individuals who posed little or no threat and who could not, as a result of their mental illness, comply with officers' commands. PPB officers employ practices that

escalate the use of force where there were clear earlier junctures when the force could have been avoided or minimized.

    b. PPB officers use ECWs in circumstances when ECW use is not justified or use ECWs multiple times when only a single use is justified in encounters with individuals with actual or perceived mental illness.  PPB officers use multiple cycles of shock without waiting between cycles to allow the suspect to comply, and fail to utilize control tactics during ECW cycles to properly handcuff subjects without having to resort to repeated ECW shocks.

    c. PPB officers use more force than necessary in effectuating arrests for low level offenses involving individuals who are or appear to be in mental health crisis.

  17. PPB's pattern or practice of using excessive force against people who have or are perceived to have mental illness, as described in paragraph 16 above, derives from systemic deficiencies in Defendant's policies, training, supervisory oversight, and officer accountability measures.

## IV. CAUSE OF ACTION

  18. The United States re-alleges and incorporates by reference the allegations set forth above.

  19. Defendant engages in law enforcement practices that result in excessive force against individuals with actual or perceived mental illness in Portland.

  20. Defendant's actions constitute a pattern or practice of conduct by law enforcement officers that deprives individuals of their rights, privileges, or immunities secured or protected by the Constitution (including the Fourth and Fourteenth Amendments) or the laws of the United States, in violation of 42 U.S.C. § 14141.

21. Unless Defendant is restrained by this Court, PPB will continue to engage in the illegal conduct averred herein, or other similar illegal conduct, against the people of Portland.

## V. PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

22. Declare that Defendant has engaged in a pattern or practice of conduct that deprives individuals with actual or perceived mental illness of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States in violation of 42 U.S.C. § 14141;

23. Order the Defendant, its officers, agents, and employees to refrain from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct described herein;

24. Order the Defendant, its officers, agents, and employees to adopt and implement policies and procedures to remedy the pattern or practice of conduct described herein and to prevent PPB officers from depriving individuals who have or are perceived to have mental illness of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States; and

25. Order such other appropriate relief as the interests of justice may require.

DATED this __17th__ day of ____December_____, 2012

Respectfully submitted,

| S. AMANDA MARSHALL<br>United States Attorney<br>District of Oregon<br><br><br>*s/ Adrian L. Brown*<br>ADRIAN L. BROWN<br>BILLY J. WILLIAMS<br>Assistant U.S. Attorneys | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br>JONATHAN M. SMITH<br>Chief, Special Litigation Section<br><br>*s/ Laura L. Coon*<br>LAURA L. COON<br>Special Counsel<br>*s/ R. Jonas Geissler*<br>R. JONAS GEISSLER<br>*s/ Michelle A. Jones*<br>MICHELLE A. JONES<br>Senior Trial Attorneys |