UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATE OF AMERICA,**

       **Plaintiff,**                     Case No. 3:12-cv-02265-SI

       v.                                  **DECLARATION OF**
                                                  **CLAY ROBERTS NEAL**

**CITY OF PORTLAND,**

       **Defendant.**

I, CLAY ROBERTS NEAL, hereby make the following declaration under penalty of perjury pursuant to 28 USC § 1746 and submit this declaration in support of the parties' Joint Motion for Entry of Settlement Agreement. I make this declaration on personal knowledge and, if called upon to do so, I could and would competently testify to the following matters:

    1.    I am employed by Mayor Sam Adams of the City of Portland and have been so since September, 2008. I am currently serving as the Mayor's Director of Public Safety and Peacekeeping. In that capacity, my responsibilities include oversight of the Portland Police Bureau, public safety related policy development and implementation, and public outreach to the citizens of Portland for all public safety related issues.

    2.    Mayor Adams designated me as his project manager for negotiations with the U.S. Department of Justice ("USDOJ") in the development of an agreement between the City of Portland and the USDOJ to resolve issues identified in the USDOJ's legal findings related to Police Bureau use of force against individuals with mental illness.

Page 1 – DECLARATION OF CLAY ROBERTS NEAL
        *United States v. City of Portland,* Case No. 3:12-cv-02265-SI

Although I have participated in different capacities in the investigation continuously since it was publicly announced on June 8, 2011, I was assigned as project manager specifically for the settlement process, which began in September 2012 and was completed in November 2012 when the parties reached the settlement agreement now proposed to the Court ("the Agreement"). While our office was formally represented in the settlement negotiations by our City Attorney, a portion of my role was to ensure that appropriate public engagement occurred during the settlement process.

3. It is the policy of the Mayor's Office and the Police Bureau to constantly seek community input on issues related to interactions between Police Officers and the citizens of Portland, Police Bureau policies and practices, and Police Bureau agreements of all kinds with other government agencies.

4. I am aware of the Declaration of Billy J. Williams, Assistant United States Attorney for the District of Oregon regarding the public outreach that occurred between the time the investigation was publically announced on approximately June 8, 2011 and the time the Findings made by the USDOJ were publically announced on approximately September 13, 2012.

5. The City's pursuit of public input specifically related to the City's Agreement with the USDOJ began after the USDOJ submitted its findings related to this case to the City on September 13, 2012. At that point, the City and the USDOJ held a joint press conference announcing the findings and the Mayor sent an email to 20,000 Portlanders who subscribe to his email list describing the USDOJ's findings and pending settlement agreement process. Attachment 1. In addition, both the Mayor's Office and the Police Bureau established a website and contact email through which citizens were

Page 2 – DECLARATION OF CLAY ROBERTS NEAL
     *United States v. City of Portland,* Case No. 3:12-cv-02265-SI

able to communicate to the City information they would like the City to consider as we entered into settlement discussions with the USDOJ.  These comments and suggestions assisted the City in representing the community's interests during settlement negotiations.

6. Between September 13th and October 26th, when a draft Agreement was released by both parties, the Mayor solicited public feedback on the findings and statement of intent and called together various stakeholders in order to develop a community-based understanding of opportunities for improvement in the Police Bureau as well as in the community's provision of mental health services.

7. Starting on September 18th and at least weekly thereafter, the Mayor met with representatives from Multnomah County – the local health care authority – as well as private health care providers, the newly formed agencies overseeing Health Care Transformation (Coordinated Care Organizations), mental health service providers, and other mental health professionals.  Meetings with these stakeholders contributed to the development of the City's understanding of improvements to City policies and services, including those related to the Police Bureau, that would improve the lives of people living with mental illness.

8. On October 16, 2012 the Police Bureau released draft Taser and Use of Force policies for public comments.  The policies reflected changes that were expected to result from the City's agreement with the USDOJ.  The Police Bureau has kept the public comment period open and has continued to receive constructive and detailed input from a variety of community members and stakeholders.  I am aware of written feedback the City has received from various groups interested in the policies, including the American Civil Liberties Union.  At this point, the City is taking this feedback into account.  In

addition, the Agreement requires that USDOJ approve the Use of Force and Taser policies that are ultimately adopted. Therefore, public feedback, and feedback from USDOJ, is still ongoing.

9. On October 26, 2012, U.S. Attorney Marshall, Mayor Sam Adams, and PPB Chief Mike Reese held a press conference announcing that USDOJ and the City of Portland had reached a proposed Agreement for City Council's consideration and released a copy of the proposed Agreement to the public. City Council scheduled a hearing on the matter for November 1, 2012 and announced the City Council would take public testimony at that meeting.

10. On November 1, 2012, City Council heard approximately three hours of verbal public testimony and received written testimony regarding the draft Agreement. From this public testimony, individual members of the five-person City Council solicited additional input from community members and contributed comments to the Mayor as the City Council's representative in settlement negotiations. A representative of the US Attorney's Office was present at the Council session. As a result of that testimony, the City considered revisions to the Agreement. In addition, after the public testimony, USDOJ suggested revisions to the Agreement. The City then discussed specific proposals with USDOJ regarding sections of the Agreement that could be amended to address concerns raised by community members through written or verbal public testimony.

11. A week later, on November 8, 2012, another public hearing was held before the City Council that again solicited public testimony. At that hearing, Mayor Adams submitted, and City Council considered, proposed Amendments to the

Agreement. The proposed amendments were directly related to the comments received from the community regarding Agreement provisions on use of force policies, training, officer accountability and community oversight and engagement. The Council heard approximately two hours of public testimony and received additional written comments from the public. At the conclusion of this hearing, City Council voted unanimously to adopt the proposed amendments as submitted.

12. The City considered and discussed additional public testimony received at the November 8, 2012 hearing, but the USDOJ and the City did not further amend the Agreement beyond the amendments that were proposed on that date. After having conducted two public hearings on the Agreement, it was put to a vote by the City Council on November 14, 2012. At that time, City Council unanimously approved the Agreement, as amended, and authorized the Mayor, on behalf of the City, to execute the Agreement on the City's behalf.

13. The extensive community input received throughout the investigation and negotiation process greatly impacted the substance of the proposed Agreement, particularly in the crisis intervention and community-based mental health resources sections as well as the community engagement and oversight sections. It is true that not every public comment made it into the final Agreement and indeed, some of the public comments were not consistent with each other as various members of the public had different ideas for how the Settlement Agreement should be structured. Nonetheless, it is fair to say that the City Council and, in my opinion, USDOJ, took public comments and testimony into account and this changed the final Settlement Agreement.

14. The Agreement has many provisions that provide for continued public input. For example, a newly created position, the Compliance Officer/Community Liaison ("COCL") is required to conduct quarterly town hall meetings regarding the Agreement. In addition, the Community Oversight Advisory Board (COAB) is authorized to independently assess the implementation of the Agreement and to advise the Chief of Police and the Police Commissioner, (the City Council member to whom the Police Bureau is assigned for administration) on strategies to improve community relations and to provide the community with information on the Agreement and its implementation. In addition, the COAB will contribute to the development and implementation of a Portland Police Bureau Community Engagement and Outreach Plan and receive public comments and concerns.

15. The City also must continue to engage the public upon the implementation of all aspects of the Agreement, including the development of new policies and protocols and the collection of data related to the provisions of the Agreement.

16. The City has received extensive community input as it moved forward to finalize the Agreement. That community input shaped the initial draft of the Agreement and its subsequent amendments, including changes to the section of the Agreement on community engagement and oversight.

Dated this 14th day of December, 2012

      */s/ Clay Roberts Neal*
      CLAY ROBERTS NEAL