**PORTLAND POLICE ASSOCIATION**

PPA

Officer Daryl Turner, PRESIDENT
Sergeant Tom Perkins, INTERIM SECRETARY-TREASURER

Via U.S. Mail & Email

November 27, 2012

Jerrell Gaddis
Labor Relations Manager
1120 SW 5th Ave., Rm 404
Portland, OR  97204

Captain Pat Walsh
Portland Police Bureau
1111 S.W. 2nd Ave.
Portland, OR 97204

RE:    PPA Grievance No. 2012-12 (USDOJ)
        Renewed Demands to Bargain and Information Requests

Dear Jerrell and Capt. Walsh:

Please find enclosed PPA Grievance No. 2012-12 (USDOJ). Per Stephanie
Harper's November 12, 2012 email to Anil Karia, the PPA is submitting this
grievance to you at Step 1 of the grievance procedure under Article 22 of the
PPA-City collective bargaining agreement. Please submit the City's Step 1
response to me, with a copy to Tom Perkins and Anil Karia, within 20 days of
the date of this letter.

In addition and out of an abundance of caution, the PPA renews its demands
to bargain and information requests issued to the City on October 22 and
November 2, 2012. I have enclosed copies of those demands and requests
with this letter.

Please do not hesitate to contact me with questions or concerns.

Exhibit B

Page 1 of 22

Page 2 of 2
PPA Grievance No. 2012-12

Sincerely,

Daryl Turner
President, PPA

Enclosures

Copy via Email:   Anil Karia
                  Mike Kuykendall
                  Lt. Derek Rodrigues
                  Chistopher Parra
                  Stephanie Harper



**PORTLAND POLICE ASSOCIATION**

Officer Daryl Turner, PRESIDENT
Sergeant Tom Perkins, INTERIM SECRETARY-TREASURER

# GRIEVANCE

Grievance Number:  2012-12

---

<u>Date Filed</u>:  November 27, 2012

<u>Person Receiving Grievance</u>:  Jerrell Gaddis and Capt. Pat Walsh via Email and U.S. Mail; Dir. Mike Kuykendall, Lt. Derek Rodrigues, Christopher Parra, and Stephanie Harper via Email only.

<u>Employee's Name</u>:  Portland Police Association

<u>Precinct or Division</u>:  Bureau-wide.

<u>Statement of Grievance</u>:  On November 14, 2012, the City of Portland notified the PPA that the City had entered into an agreement with the United States Department of Justice (USDOJ) that violates a number of existing articles in the PPA-City collective bargaining agreement (CBA), along with existing standards and past practices that are mandatory for bargaining. The decisions and impacts that are mandatory for bargaining include, without limitation, wages, monetary benefits, hours, working conditions, workload, safety, safety-related training, safety-related staffing, discipline, disciplinary procedures, job security, fundamental fairness, the right to legal and union representation, and recordation of officer statements.

In entering into the USDOJ agreement, the City knowingly, willfully, and in bad faith altered the aforementioned mandatory bargaining subjects without first coming to agreement with the PPA, in violation of Article 3 of the PPA-City collective bargaining agreement and the implied duty of good faith and fair dealing. In addition, the following non-exhaustive list sets forth specific violations of the PPA-City collective bargaining agreement:

**MAINTAINING THE VIGIL SINCE 1942**
1313 NW 19th Avenue, Portland, OR 97209
503.225.9760 phone · 503.225.1158 fax
On the web at www.ppavigil.org

| Provision of City-USDOJ Agreement | Description of City-USDOJ Agreement | Articles and Description of PPA-City Collective Bargaining Agreement Violated |
| --- | --- | --- |
| Section I (General Provisions), Para. 6 | "This [City-USDOJ] Agreement is not intended to impair . . . the right of any person or organization seeking relief against the City , PPB, or any officer or employee thereof[.]" | Articles 3, 9, 15, 20, 21, 59, 61, 62 and others; and the implied duty of good faith and fair dealing. The City has acted in bad faith and has impaired the PPA's rights under the CBA by unilaterally altering specific provisions of the CBA and unilaterally implementing changes to mandatorily negotiable subjects without first reaching agreement with the PPA, as more fully set forth below. |
| Section I (General Provisions), Para. 8 | "The purpose of this [City-USDOJ] Agreement is to ensure that the City and PPB . . . undertake the actions required by the [City-USDOJ] Agreement[.]" | Articles 3, 9, 15, 20, 21, 59, 61, 62 and others; and the implied duty of good faith and fair dealing. The City has acted in bad faith, has unilaterally altered specific provisions of the CBA, and has unilaterally implemented changes to mandatorily negotiable subjects without first reaching agreement with the PPA, as more fully set forth below. |
| Section III.A (Use of Force Policy) | The City has agreed to implement widespread changes to the PPB's general force policies and standards. | Article 3. The City has unilaterally implemented changes to the PPB's general force policies and standards that implicate mandatory bargaining subjects without first reaching agreement with the PPA. The mandatorily negotiable decisions and impacts include, without limitation, working conditions, safety, safety-related training, safety-related staffing, discipline, disciplinary procedures, and job security. Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. Articles 20 and 21. The City has altered the just cause standard. |

Page 2 of 14

| | | |
|---|---|---|
| Section III.A.1 (Electronic Control Weapons) | The City has agreed to implement widespread changes to the PPB's Taser/ECW policies and standards. | Article 3. The City has unilaterally implemented changes to the PPB's Taser/ECW policies and standards that implicate mandatory bargaining subjects without first reaching agreement with the PPA. The mandatorily negotiable decisions and impacts include, without limitation, working conditions, safety, safety-related training, safety-related staffing, discipline, disciplinary procedures, and job security.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Articles 20 and 21. The City has altered the just cause standard. |
| Section III.A.2 (Use of Force Reporting Policy and Use of Force Report) | The City has agreed to implement widespread changes to the PPB's use of force reporting and review policies and standards. | Article 3. The City has unilaterally implemented changes to the PPB's use of force reporting policies and standards that implicate mandatory bargaining subjects without first reaching agreement with the PPA. The mandatorily negotiable decisions and impacts include, without limitation, hours, working conditions, safety, safety-related training, safety-related staffing, discipline, disciplinary procedures, job security, fundamental fairness, recordation of officer statements, the right to legal and union representation, and workload.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Articles 20 and 21. The City has altered the just cause standard.<br><br>Article 61. The City has altered the administrative and criminal investigation standards.<br><br>Article 62. The City has altered the IPR investigation standards. |

Page 3 of 14

| | | |
|---|---|---|
| Section III.B (Compliance Audits Related to Use of Force) | The City has agreed to audit use of force incidents based on new policies and standards. | Article 3. The City has unilaterally implemented changes to the PPB's use of force reporting policies and standards that implicate mandatory bargaining subjects without first reaching agreement with the PPA. The mandatorily negotiable decisions and impacts include, without limitation, discipline, disciplinary procedures, and job security. For instance, because the City will reserve the right to discipline employees for any perceived patterns of policy violations or unsatisfactory performance revealed through use of force audits, there will necessarily be a resulting change in disciplinary standards and job security.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Articles 20 and 21. The City has altered the just cause standard and the permissible uses of EIS.<br><br>Article 61. The City has altered the administrative and criminal investigation standards.<br><br>Article 62. The City has altered the IPR investigation standards. |
| Section IV (Training) | The City has agreed to implement new policies and standards for the training division. | Article 3. The City has unilaterally implemented changes to the PPB's training division policies and standards that implicate mandatory bargaining subjects without first reaching agreement with the PPA. The mandatorily negotiable decisions and impacts include, without limitation, safety, safety-related training, discipline, disciplinary procedures, and job security. For instance, the PPB will train officers on new use of force standards that jeopardize officer safety; the PPB will not provide sufficient safety-related training; the PPB will use an officer's prior instances of force for which the officer was not disciplined to prohibit or remove an officer from a training division assignment, thereby implicating |

| | | |
|---|---|---|
| | | discipline and job security; and the PPB will discipline a training officer for ineffective training. |
| | | Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| | | Articles 20, 21, and 61. The City has agreed to train supervisors on "appropriate disciplinary sanctions," which alters the just cause standard and the disciplinary investigation process. This City will also discipline a training officer for ineffective training outside the bounds of just cause. |
| | | Article 59. The PPB will train supervisors on performance evaluations and may alter performance evaluations based on quarterly training reviews even though the City has not bargained to completion over the performance evaluation system. |
| Section V (Community-Based Mental Health Services) | The City has agreed to implement structural changes to community-based mental health services over which it has no control. | Article 3. The City has agreed to implement structural changes to community-based mental health services over which it has no control. As a result, the PPA's members will be first-line responders to individuals in mental health crises and will be unreasonably limited in the force tools available to them to safely resolve incidents given other provisions of the City-USDOJ agreement, thereby implicating on-the-job safety, safety-related training, safety-related staffing, discipline, and job security. The City has agreed to these changes without first coming to agreement with the PPA over those mandatorily negotiable subjects.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |

Page 5 of 14

| | | |
|---|---|---|
| Section VI.A (Addictions and Behavioral Health Unit and Advisory Committee) | The City has agreed to implement new units and expand existing units. | Article 3. The City has implemented a new Addictions and Behavioral Health Unit (ABHU) and new Crisis Intervention Team (CIT), and has expanded the existing the Mobile Crisis Prevention Team (MCPT) and the Service Coordination Team (SCT) without first coming to agreement with the PPA over mandatorily negotiable subjects. Creating new units and expanding existing units implicates mandatory bargaining decisions and impacts, including without limitation wages, monetary benefits, hours, working conditions, workload, safety, safety-related training, safety-related staffing, discipline, job security, and fundamental fairness. Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| Section VI.B (Continuation of C-I Program) | The City has agreed to provide additional crisis intervention training. | Article 3. The City has implemented additional crisis intervention training without first coming to agreement with the PPA over the mandatorily negotiable subjects of safety and safety-related training. Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| Section VI.C (Establishing "Memphis Model" Crisis Intervention Team) | The City has agreed to implement a new unit Crisis Intervention Team unit. | Article 3. The City has implemented a new Crisis Intervention Team without first coming to agreement with the PPA over mandatorily negotiable subjects. Creating new units implicates mandatory bargaining decisions and impacts, including without limitation wages, monetary benefits, hours, working conditions, workload, safety, safety-related training, safety-related staffing, discipline, job security, and fundamental fairness. |

Page 6 of 14

| Section | City agreement | Article |
|---|---|---|
| | | Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| Section VI.D (Mobile Crisis Prevention Team) | The City has agreed to expand the Mobile Crisis Prevention Team. | Article 3. The City has expanded the existing Mobile Crisis Prevention Team (MCPT) without first coming to agreement with the PPA over mandatorily negotiable subjects. Expanding existing units implicates mandatory bargaining decisions and impacts, including without limitation wages, monetary benefits, hours, working conditions, workload, safety, safety-related training, safety-related staffing, discipline, job security, and fundamental fairness.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| Section VI.E (Service Coordination Team) | The City has agreed to expand the Service Coordination Team. | Article 3. The City expanded the existing Service Coordination Team (SCT) without first coming to agreement with the PPA over mandatorily negotiable subjects. Expanding existing units implicates mandatory bargaining decisions and impacts, including without limitation wages, monetary benefits, hours, working conditions, workload, safety, safety-related training, safety-related staffing, discipline, job security, and fundamental fairness.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| Section VI.F (BOEC) | The City has agreed to changes to BOEC dispatching. | Article 3. The City has agreed to implement changes to BOEC dispatching, including protocols for routing calls to patrol officers or to community-based mental health services which do not exist. As a result, the PPA's members will be first-line responders to individuals in mental health crises and will be unreasonably limited |

| | | |
|---|---|---|
| | | in the force tools available to them to safely resolve incidents given other aspect of the City-USDOJ agreement, thereby implicating on-the-job safety, safety-related training, safety-related staffing, discipline, and job security. The City has agreed to these changes without first coming to agreement with the PPA over those mandatorily negotiable subjects.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| Section VII (Employees Information System) | The City has agreed to changes to its Employees Information System. | Article 3. The City has expanded the use and scope of its EIS system without first coming to agreement with the PPA over the mandatorily negotiable subjects of discipline and job security.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Article 21.4 prohibits the City from using EIS reports "for disciplinary, transfer or promotion decisions." Nevertheless, the City will use EIS for those purposes. |
| Section VIII.A (Officer Accountability - Investigation Timeframe) | The City has agreed to complete administrative investigations of officer misconduct within 180 days of receipt or discovery of a complaint. | Article 3. The City has implemented a new investigation timeline in which it complete administrative investigations of officer misconduct within 180 days of receipt or discovery of a complaint without first coming to agreement with the PPA over mandatorily negotiable subjects, including discipline, disciplinary procedures, and job security.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Articles 20 and 21. The City has altered the just cause standard, including the due process component that calls for full, fair, and |

Page 8 of 14

| Section | Agreement | Articles |
|---|---|---|
| | | timely investigations.<br><br>Article 61. The City has altered the administrative and criminal investigation standards and procedures.<br><br>Article 62. The City has altered the IPR investigation standards and procedures. |
| Section VIII.B (Officer Accountability - On-Scene Public Safety Statements and Interviews) | The City has agreed to changes to its standards, policies, and procedures regarding compelled and voluntary statements in force incidents, including deadly force incidents. | Article 3. The City has changed its standards, policies, and procedures regarding compelled and voluntary statements in force incidents, including deadly force incidents, without first coming to agreement with the PPA over mandatorily negotiable subjects, including discipline, disciplinary procedures, job security, the right to legal and union representation, recordation of officer statements, and fundamental fairness.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Articles 20 and 21. The City has altered the just cause standard.<br><br>Article 61. The City has altered the administrative and criminal investigation standards and procedures.<br><br>Article 62. The City has altered the IPR investigation standards and procedures. |
| Section VIII.C (Officer Accountability - Conduct of IA Investigations) | The City has agreed to changes to IA and IPR investigations and PRB reviews. | Article 3. The City had changed its standards, policies, and procedures regarding IA and IPR investigations and PRB reviews without first coming to agreement with the PPA over mandatorily negotiable subjects, including discipline, disciplinary procedures, job security, the right to legal and union representation, recordation of officer statements, and fundamental fairness.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the |

Page 9 of 14

| | | |
|---|---|---|
| | | PPA with an opportunity to comment on the drafts. |
| | | Articles 20 and 21. The City has altered the just cause standard. In addition, Article 21.4 prohibits the City from using EIS reports "for disciplinary, transfer or promotion decisions." Nevertheless, the City will use EIS for those purposes. |
| | | Article 61. The City has altered the administrative and criminal investigation standards and procedures, including without limitation the provisions regarding the PRB in Article 61.10. |
| | | Article 62. The City has altered the IPR investigation standards and procedures, including without limitation implementing the right of IPR to independently compel officer interviews. |
| Section VIII.D (Officer Accountability - CRC Appeals) | The City has agreed to expand the authority of CRC and the scope of CRC appeals. | Article 3. The City has changed its standards, policies, and procedures regarding the authority of CRC and the scope of CRC appeals without first coming to agreement with the PPA over mandatorily negotiable subjects, including discipline, disciplinary procedures, job security, the right to legal and union representation, recordation of officer statements, and fundamental fairness. |
| | | Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts. |
| | | Articles 20 and 21. The City has altered the just cause standard. |
| | | Article 61. The City has altered the administrative and criminal investigation standards and procedures. |
| | | Article 62. The City has altered the IPR investigation standards and procedures. |

| | | |
|---|---|---|
| Section VIII.E (Officer Accountability - Discipline) | The City has agreed to develop and implement and discipline guide. | Article 3. The City will develop and implement a discipline guide without first coming to agreement with the PPA over mandatorily negotiable subjects, including discipline, disciplinary procedures, and job security.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.<br><br>Articles 20 and 21. The City has altered the just cause standard. |
| Section VIII.F (Officer Accountability - Communication with Complainant and Transparency) | The City has agreed to disseminate information regarding complaints of officer misconduct. | Article 3. The City will disseminate information regarding complaints of officer misconduct without first coming to agreement with the PPA over mandatorily negotiable subjects, including fundamental fairness.<br><br>Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided |
| Section IX (Community Engagement and Creation of Community Oversight Advisory Board) | The City has agreed to create a Comminute Oversight Advisory Board that will independently assess the implementation of the City-USDOJ agreement and make recommendations to the City and USDOJ regarding additional actions. | Articles 3, 9, 15, 20, 21, 59, 61, 62 and others; and the implied duty of good faith and fair dealing. The City has given a Community Oversight Advisory Board (COAB) authority to oversee and recommend changes to policing issues, such as through a CEO Plan, that implicates specific provisions of the CBA and/or mandatorily negotiable bargaining subjects, which the City will implement without first reaching agreement with the PPA. Further, the City, by and through the PPB Chief of Police, has agreed to implement the CEO Plan without first reaching agreement with the PPA over changes to specific provisions of the CBA and/or mandatorily negotiable bargaining subjects. |

| | | |
|---|---|---|
| Section X (Agreement Implementation and Enforcement) & Section X.D (Agreement Implementation and Enforcement - Review of Policies and Investigations) & Section X.F (Agreement Implementation and Enforcement - Enforcement) | The City has agreed to immediately implement some aspects of the City-USDOJ agreement and to implement other aspects of the City-USDOJ agreement within 180-days of execution of the City-USDOJ agreement. The City has also agreed to submit policy changes to the DOJ for review and approval, to implement new or revised polices, to "hold officers accountable, and to modify the City-USDOJ agreement. | Articles 3, 9, 15, 20, 21, 59, 61, 62 and others; and the implied duty of good faith and fair dealing. The City has acted in bad faith; will immediately implement some aspects of the City-USDOJ agreement and will implement other aspects of the City-USDOJ agreement within 180-days of execution of the City-USDOJ agreement, in violation of existing CBA provisions and without first reaching agreement with the PPA over mandatorily negotiable bargaining subjects; will submit policy changes to the DOJ and COCL for review and approval, in violation of existing CBA provisions and without first reaching agreement with the PPA over mandatorily negotiable bargaining subjects; will implement new and/or revised policies specific to force, training, community-based mental health services, crisis intervention, employee information system, officer accountability, and community engagement, in violation of existing CBA provisions and without first reaching agreement with the PPA over mandatorily negotiable bargaining subjects; will "hold officers accountable" for not complying with PPB policy and procedure, in violation of existing CBA provisions and without first reaching agreement with the PPA over mandatorily negotiable bargaining subjects; will modify the City-USDOJ agreement as it desires, in violation of existing CBA provisions and without first reaching agreement with the PPA over mandatorily negotiable bargaining subjects; will "substantially comply" with the City-USDOJ agreement by October 12, 2017, in violation of existing CBA provisions and without first reaching agreement with the PPA over mandatorily negotiable bargaining subjects; will change provisions of the CBA without the PPA's agreement; and will require all employees to comply with the City-USDOJ agreement even though it violates the PPA-City collective bargaining agreement. |

Page 12 of 14

| | | |
|---|---|---|
| Section X.A (Agreement Implementation and Enforcement - Compliance Officer/Community Liaison) & Section X.C (Agreement Implementation and Enforcement - Access to People and Documents) | The City has agreed to create a Compliance Officer and Community Liaison that will independently assess the implementation of the City-USDOJ agreement and make recommendations to the City and USDOJ regarding additional actions. | Article 9.1. The City is restraining and coercing PPA members by requiring them to comply with the City-USDOJ agreement even though it violates the PPA-City collective bargaining agreement.

Article 15. The City has not provided the PPA with all drafts of the to-be-amended policies and procedures and has not provided the PPA with an opportunity to comment on the drafts.

Articles 20 and 21. The City has altered the just cause standard.

Article 61 and 62. The City has altered the administrative and criminal investigation and IPR investigation standards and procedures.

Articles 3, 9, 15, 20, 21, 59, 61, 62 and others; and the implied duty of good faith and fair dealing. The City has given a Compliance Officer and Community Liaison (COCL) authority to oversee and recommend changes to policing issues that implicate specific provisions of the CBA and/or mandatorily negotiable bargaining subjects, which the City will implement without first reaching agreement with the PPA. The decisions and impacts that are mandatory for bargaining include, without limitation, wages, monetary benefits, hours, working conditions, workload, safety, safety-related training, safety-related staffing, discipline, disciplinary procedures, job security, fundamental fairness, the right to legal and union representation, and recordation of officer statements. |

<u>Articles of Contract Violated</u>:  Articles 3, 9, 15, 20, 21, 59, 61, 62, and others; and the implied duty of good faith and fair dealing.

<u>Remedy Requested</u>:  That the City:

1. Cease and desist from implementing any changes to the above-referenced contract articles, existing conditions, and past practices without first reaching agreement with the PPA;

2. Restore any contract articles, existing conditions, and past practices that the City has changed;

3. Cease and desist from implementing any policies, practices, or procedures without first coming to agreement with the PPA over mandatorily negotiable subjects;

4. Restore any policies, practices, or procedures that the City has changed;

5. Cease and desist from implementing new units or expanding any existing units without first coming to agreement with the PPA over mandatorily negotiable subjects;

6. Rescind any discipline or any other employment action, such as reassignments or transfers, and make any affected PPA members whole in all ways, plus interest;

7. Make all affected PPA members whole in all ways, plus interest;

8. Discharge its duties under the PPA-City collective bargaining agreement in good faith and with fair dealing;

9. Pay to the PPA its reasonable attorney fees; and

10. Comply with such further awarded relief as may be appropriate under the circumstances.


Daryl Turner, President

Page 14 of 14



TEDESCO
LAW
GROUP

LAWYERS FOR ORGANIZED LABOR IN THE PACIFIC NORTHWEST

3021 NE BROADWAY
PORTLAND, OR 97232
TELEPHONE: 866.697.6015
FACSIMILE:   503.210.9847

MICHAEL J. TEDESCO*
miketlaw@miketlaw.com
SARAH K. DRESCHER, OF COUNSEL*
sarah@miketlaw.com
JULIE A. FALENDER*
julie@miketlaw.com
ANIL S. KARIA, OF COUNSEL***
anil@miketlaw.com
NICOLE L. MCMILLAN*
nicole@miketlaw.com
DAVID A. SNYDER, OF COUNSEL**
dsnyder@snyderandhoagllc.com
LANE TOENSMEIER, OF COUNSEL *
lane@snyderandhoagllc.com

* Admitted in OR
** Admitted in OR, WA
*** Admitted in OR, WA, AK

VIA EMAIL & U.S. MAIL

October 22, 2012

Anna Kanwit
Director of Human Resources
1120 SW 5th Ave., Rm 404
Portland, OR  97204

Jerrell Gaddis
Labor Relations Manager
1120 SW 5th Ave., Rm 404
Portland, OR  97204

Re:    PPA Demand to Bargain PPB Crisis Intervention Unit

Dear Anna and Jerrell:

<u>Demand to Bargain</u>

On October 17, 2012, Chief Reese issued a news release stating that the Portland Police Bureau has created a new Crisis Intervention Unit and has posted the position, to be filled by November 15, 2012. I have an enclosed a copy for your reference. The creation of the new unit impacts mandatory bargaining subjects, including without limitation wages, monetary benefits, hours, working conditions, safety, safety-related training, discipline, job security, and fundamental fairness.

In unilaterally implementing the new unit without notice to the PPA, the City has violated its duty to bargain in good faith under ORS 243.672(1)(e) and its obligations under ORS 243.698. However, in an effort to avoid litigation and without waving its rights under the Public Employees Collective Bargaining Act (PECBA), the PPA hereby demands to bargain the mandatory impacts of the newly created Crisis Intervention Unit.

Please let me know within 10 calendar days of the date of this letter if the City will bargain in good faith with the PPA. If the City declines the PPA's invitation, the PPA will consider pursuing its available legal remedies.

<u>Information Request</u>

Pursuant to the requirements of the PECBA, please provide me with the following documents. This request covers non-privileged documents in the broadest sense of the term "documents," including without limitation computer files, drafts of documents, handwritten notes, bargaining notes, memoranda, correspondence, email correspondence, electronic and facsimile communications, documents maintained in paper or electronic format, and audio/video recordings. This request is continuing in nature.

1.    A copy of the PPB's directives, SOPs, and policies for the Crisis Intervention Unit.

2.    A copy of the job posting for the Crisis Intervention Unit.

3.    A copy of the job description and minimum qualifications for the Crisis Intervention Unit.

4.    A list of all specialized training that members of the Crisis Intervention Unit will receive.

Please provide me with this information, preferably via email or on CD, within 10 calendar days of the date of this letter.

Thank you for your prompt attention to this matter.

Sincerely,

Anil S. Karia

Enclosure

Copy:    PPA
         Stephanie Harper

**From:** <info@flashalert.net>
**Date:** Wednesday, October 17, 2012 9:52 AM
**To:** <anil@miketlaw.com>
**Subject:** Chief Mike Reese Changes Policies, Creates Crisis Intervention Team in Response to DOJ Investigation

News Release from: Portland Police Bureau

CHIEF MIKE REESE CHANGES POLICIES, CREATES CRISIS INTERVENTION TEAM IN RESPONSE TO DOJ INVESTIGATION

Posted: October 17th, 2012 9:51 AM

Photo/sound file: http://www.flashalertnewswire.net/images/news/2012-10/3056/58592/Badge.jpg

The Portland Police Bureau is making changes in response to the recent Department of Justice (DOJ) investigation. These changes are in regard to crisis response during encounters with someone with mental illness or perceived to have mental illness, as well as policies involving force.

Crisis Intervention Team

Recently, Chief Mike Reese met with members of the National Alliance on Mental Illness (NAMI), as well as other mental health stakeholders and families whose loved ones struggle with mental illness. The group discussed how officers respond to these situations, which are complex and unfold quickly. Arriving officers most often do not know if the person is suffering from a medical problem, mental health issue, drug and alcohol issues, or some combination of two or more. With that in mind, the Chief is creating a Crisis Intervention Team - a volunteer specialized team.

Under this new model, the Police Bureau will continue training all officers in CIT, but we will also have a team of officers, who receive enhanced training to ensure they have consistent updates related to resources and mental health and addictions systems issues. These officers will continue to work their normal patrol duties, but can dispatched to a call in progress where mental health issues are the primary reason for the call. If no crisis calls are waiting, CIT Officers will perform their regular duties. In addition, these officers will work in coordination with the Mobile Crisis Unit to identify individuals in our community who have frequent police contact due to their mental health and/or addiction issues.

The internal bureau position announcement was posted on Monday and will involve officers currently working a uniform assignment. They will be selected after November 15, 2012.

Changes to Directives

The Bureau is also making changes to three Directives that involve force: Taser, Application of

Force and Use of Deadly Force.

The Bureau already has a higher standard than the federal standard when it comes to use of force. But the Bureau aspires to continual improvement: These draft Directives are in response to the DOJ, but also contain changes that bring the Bureau in line with its current training as well as best practices in policing.

The Bureau is asking the community for feedback on all three draft Directives. After reading the directive, there is a place for community members to provide comments.

http://www.portlandonline.com/police/index.cfm?c=59757

All comments are due by Friday, November 2, 2012.

###PPB###

Replies to this message do not go back to the sender.
Go to http://FlashAlert.net/login.html to change or delete these messages.



**TEDESCO LAW GROUP**

LAWYERS FOR ORGANIZED LABOR IN THE PACIFIC NORTHWEST

3021 NE BROADWAY
PORTLAND, OR 97232
TELEPHONE: 866.697.6015
FACSIMILE: 503.210.9847

MICHAEL J. TEDESCO*
miketlaw@miketlaw.com

SARAH K. DRESCHER, OF COUNSEL*
sarah@miketlaw.com

JULIE A. FALENDER*
julie@miketlaw.com

ANIL S. KARIA, OF COUNSEL***
anil@miketlaw.com

NICOLE L. MCMILLAN*
nicole@miketlaw.com

DAVID A. SNYDER, OF COUNSEL**
dsnyder@snyderandhoagllc.com

LANE TOENSMEIER, OF COUNSEL *
lane@snyderandhoagllc.com

* Admitted in OR
** Admitted in OR, WA
*** Admitted in OR, WA, AK

VIA EMAIL & U.S. MAIL

November 2, 2012

Anna Kanwit
Director of Human Resources
1120 SW 5th Ave., Rm 404
Portland, OR 97204

Jerrell Gaddis
Labor Relations Manager
1120 SW 5th Ave., Rm 404
Portland, OR 97204

Re:    PPA Demand to Bargain New PPB Units

Dear Anna and Jerrell:

<u>Demand to Bargain</u>

On October 26, 2012, the PPA learned that the City will implement a new Addictions and Behavioral Health Unit, a Crisis Intervention Team, a Mobile Crisis Prevention Team, and a Service Coordination Team. The creation of the new units impacts mandatory bargaining subjects, including without limitation wages, monetary benefits, hours, working conditions, safety, safety-related training, discipline, job security, and fundamental fairness.

In unilaterally implementing the new units without notice to the PPA, the City has violated its duty to bargain in good faith under ORS 243.672(1)(e) and its obligations under ORS 243.698. However, in an effort to avoid litigation and without waving its rights under the Public Employees Collective Bargaining Act (PECBA), the PPA hereby demands to bargain the mandatory impacts of the newly created units.

Please let me know within 10 calendar days of the date of this letter if the City will bargain in good faith with the PPA. If the City declines the PPA's invitation, the PPA will consider pursuing its available legal remedies.

Information Request

Pursuant to the requirements of the PECBA, please provide me with the following documents. This request covers non-privileged documents in the broadest sense of the term "documents," including without limitation computer files, drafts of documents, handwritten notes, bargaining notes, memoranda, correspondence, email correspondence, electronic and facsimile communications, documents maintained in paper or electronic format, and audio/video recordings. This request is continuing in nature.

1.     A copy of the PPB's directives, SOPs, and policies for the Addictions and Behavioral Health Unit, Crisis Intervention Team, Mobile Crisis Prevention Team, and Service Coordination Team.

2.     A copy of job postings for the Addictions and Behavioral Health Unit, Crisis Intervention Team, Mobile Crisis Prevention Team, and Service Coordination Team.

3.     A copy of the job descriptions and minimum qualifications for the Addictions and Behavioral Health Unit, Crisis Intervention Team, Mobile Crisis Prevention Team, and Service Coordination Team.

4.     A list of all specialized training that members of the Addictions and Behavioral Health Unit, Crisis Intervention Team, Mobile Crisis Prevention Team, and Service Coordination Team will receive.

Please provide me with this information, preferably via email or on CD, within 10 calendar days of the date of this letter.

Thank you for your prompt attention to this matter.

Sincerely,

Anil S. Karia

Enclosure

Copy:     PPA
          Stephanie Harper

2