JAMES VAN DYKE, Oregon State Bar ID Number 784135
City Attorney
Email: james.vandyke@portlandoregon.gov
ELLEN OSOINACH, Oregon State Bar ID Number 024985
Deputy City Attorney
Email: ellen.osoinach@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Rm 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
      Of Attorneys for Defendant City of Portland

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   PLAINTIFF,<br><br>   v.<br><br>THE CITY OF PORTLAND,<br><br>   DEFENDANT. | Case No. 3:12-cv-02265-SI<br><br>CITY'S MEMORANDUM SUGGESTING PROCESSES FOR ANTICIPATED FAIRNESS HEARING |

     Plaintiff United States of America (USA) filed a Complaint against defendant City of Portland (City) alleging unconstitutional uses of force by the City's police bureau in its encounters with persons who have, or are perceived to have, mental illness. After significant negotiation, USA and City have entered into a Settlement Agreement to resolve USA's claims and have asked the Court to enter an Order approving it. Although the Settlement Agreement is not a Consent Decree, USA and City agreed the Court should employ the same analytical framework used in evaluating consent decrees (i.e. whether the Agreement is "fundamentally

Page 1 –  CITY'S MEMORANDUM SUGGESTING PROCESSES FOR ANTICIPATED FAIRNESS HEARING

fair, adequate and reasonable"[1]).  At the first status conference, the Court advised the parties that it anticipated holding a Fairness Hearing to aid in its review of the Agreement.  The City has no objection to that approach.

The Court invited all parties and any other interested persons to file written comments and suggestions regarding the notice, timing, conduct, and other processes of the anticipated Fairness Hearing.  Although the City has a number of suggestions regarding how the Fairness Hearing should be conducted, it realizes that members of the community may also have additional ideas that it has not considered.  Therefore, the City is open to changes in the process it has outlined below.

1. **Notification to Community**.

**a. Content of Notice.**  The City believes that the notice should inform members of the public about three things:  (1) the date, time, and place of the hearing; (2) the procedure by which the public may submit written comments; and (3) the deadline for submitting a request to the Court to speak at the Fairness Hearing.

The City suggests that the Court should require persons who wish to testify at the hearing to submit written comments in advance of the hearing.  The written comments should state the person's or organization's concerns with the Agreement.  Such a requirement will assist the Court in structuring the presentation at the Fairness Hearing and in making a decision about the need for live testimony.  In addition, it will assist the City and other parties in identifying concerns that should be addressed in its briefs or at the hearing.  The City also suggests the Court consider allowing written comments to become part of the record in lieu of oral testimony provided that there is a deadline imposed for receipt of such submissions.  Although the City is willing to explore the option of receiving written comments directly and then providing them to

---

[1] *See, e.g., United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990).

Page 2 –    CITY'S MEMORANDUM SUGGESTING PROCESSES FOR ANTICIPATED
             FAIRNESS HEARING

the Court, if these documents are likely to become part of the Court record, a better procedure may be to have persons or organizations submit their comments directly to the Court.

The City recognizes that the Court has inherent authority to control its proceedings. In that regard, the City suggests that the Court may wish to decline a request to testify if it appears that the written comments are not relevant to the proceeding. For example, persons may have generalized concerns about the Portland Police Bureau and, while those concerns may be worthy of consideration by City officials, they may not be relevant to the issues raised by USA's Complaint in this matter. In addition, the Court may want to impose time limits on all presentations at the hearing so that the Court's time is efficiently used.[2] We believe the exact length of time is best decided once written comments are submitted and the record is fully developed.

### b. Method of Distribution.

The City's suggestions for community notification include the following:

> i. Flash Alert: The Portland Police Bureau will send out a news release via its FlashNews system. This news release is directly sent to every news media in the Portland Metropolitan area. It is also sent to community members who have signed up for it.
>
> ii. Social Media: The Police Bureau will put information out via its Twitter and Facebook. Combined, these have a reach of an initial 38,000 people. If people share it, that number can be far greater. The Mayor's office will also share it with their followers.
>
> iii. Print Publications: The City will send the date, time and scope of the hearing to traditional print publications reaching a broad audience such as *The Oregonian* and *Willamette Week*, as well as more specialized publications such as *Street Roots*, *The Skanner* and *El Hispanic News* with a request that they print it.

---

[2] The City understands that even if a time limit is imposed, the Court can provide additional time to members of the public if the Court finds that appropriate.

Page 3 –    CITY'S MEMORANDUM SUGGESTING PROCESSES FOR ANTICIPATED FAIRNESS HEARING

iv. Radio:  The City will send announcements to local radio stations with a request that they be included on air.  Targeted radio stations will include Spanish language stations.

v. Diversity and Civic Leadership Organizations:  The Office of Neighborhood Involvement will send an announcement to each of the 95 neighborhood associations as well as to their Diversity and Civic Leadership contacts which include the Urban League, Native American Youth and Family Center (NAYA), Center for Intercultural Organizing, Immigrant and Refugee Community Organization (IRCO), and the Latino Network.

vi. Mental Health Providers:  The Police Bureau and the City's Office of Equity and Human Rights will share information with its provider/social service partners, including Multnomah County, Cascadia, Central City Concern, and the National Alliance on Mental Illness (NAMI), and request that they disseminate the information to their staff and clients.

vii. Police Advisory Groups:  The Police Bureau will share information with its advisory groups, including the Behavioral Health Unit Advisory Board, the African American Advisory Council, the Alliance for Safer Communities (formerly the Sexual Minorities Round Table), and the Community and Police Relations Committee.

viii. Websites:  The City will post information in various locations on its website, www.portlandonline.org.

ix. Direct Notification:  The City will send direct electronic notification to all individuals and organizations who commented on the Agreement through email, written correspondence, or public testimony at City Council hearings.

x. Community Meeting Announcements:  The Police Bureau will disseminate information to all of the various neighborhood Public Safety Action Committees, including those in North Portland, East Portland, Downtown, and Old Town Chinatown, and their membership.

xi. Flyer:  The City will create a flyer to produce and distribute at community centers, mental health providers (including Multnomah County, Cascadia Behavioral Health, and Central City Concern), and other highly visible locations.

//////

//////

Page  4  –    CITY'S MEMORANDUM SUGGESTING PROCESSES FOR ANTICIPATED FAIRNESS HEARING

2. **Pre-Hearing Status Conference.**

The City suggests the Court hold a pre-hearing status conference pursuant to FRCP 16 after written comments are received to:

a) identify issues to be raised at the hearing;

b) discuss any objections the parties may have to written or verbal testimony;

c) identify outstanding issues the Court wants the parties to address; and

d) refine procedures for the conduct of the fairness hearing.

3. **Pre-Hearing Briefing.**

Following the pre-hearing status conference, the City suggests the Court schedule a time for the parties to submit any briefs or additional written materials.

4. **Fairness Hearing.**

a. **Scope of Hearing.**

The task of the Court in approving a settlement is to reach a reasoned judgment that the Agreement is not the product of fraud or overreaching by, or collusion between, negotiating parties, and that the settlement taken as a whole is fair, reasonable, and adequate to all concerned.[3] Approval of a settlement is within the sound discretion of the Court, but the Court's role is limited to approval or disapproval of the Agreement.[4] In other words, the Court's duty is to evaluate the settlement as a whole rather than redacting portions of the Agreement or substituting terms more to the Court's liking.

Therefore the scope of the hearing should be limited to a consideration of whether the Agreement is, when taken as a whole, fair and reasonable in relation to the merits of the allegations in the Complaint and adequate to redress the alleged violations.

---

[3] *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615 (9th Cir. 1982) *certiorari denied* 459 U.S. 1217.
[4] *Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986).

Page 5 –    CITY'S MEMORANDUM SUGGESTING PROCESSES FOR ANTICIPATED FAIRNESS HEARING

      b. **Allocation of Time.**

Because the proponents of the Settlement Agreement bear the burden of developing a record demonstrating that the settlement is fair, reasonable, and adequate, the City believes that plaintiff United States of America should begin the hearing, followed by the City of Portland. Thereafter, any intervenors should be given a set amount of time followed by members of the public who wish to be heard. The United States and then the City should be given time to respond.

**5. Post-Hearing Briefing.**

The City suggests that after the fairness hearing is concluded, the parties be given an opportunity to submit post-hearing briefs in order to address any outstanding issues raised at the fairness hearing.

DATED: January 22, 2012.

                                          Respectfully submitted,

                                          *s/ Ellen Osoinach*
                                          Ellen Osoinach, OSB #024985
                                          Deputy City Attorney
                                          Of Attorneys for Defendant City of Portland