**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**ADRIAN L. BROWN, OSB #05020**
adrian.brown@usdoj.gov
**BILLY J. WILLIAMS, OSB # 90136**
Bill.Williams@usdoj.gov
Assistant United States Attorneys
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone:     (503) 727-1003
Facsimile:     (503) 727-1117

**THOMAS E. PEREZ**
Assistant Attorney General
**JONATHAN M. SMITH**
Chief
**LAURA COON**
Special Counsel
**R. JONAS GEISSLER**
jonas.geissler@usdoj.gov
**MICHELLE JONES**
michelle.jones2@usdoj.gov
Senior Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
50 Pennsylvania Ave., NW
Washington, D.C.  20530
Telephone:     (202) 514-6255
Facsimile:     (202) 514-4883

Attorneys for Plaintiff, United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA,**

         **Plaintiff,**

    **v.**

**CITY OF PORTLAND**

         **Defendant.**

**Case No. 3:12-cv-02265-SI**

**UNOPPOSED MOTION FOR ORDER TO SET PROCEDURES FOR FAIRNESS HEARING**

I.       CERTIFICATE OF COMPLIANCE WITH LR 7-1

Pursuant to Local Rule ("LR") 7-1, counsel for Plaintiff, United States, conferred with counsel for Defendant, City of Portland, on the nature and substance of this motion and Defendant does not oppose this motion.

II.      MOTION

On December 17, 2012, the United States filed a Complaint, pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 USC §14141 (1994) ("Section 14141"), alleging that the Portland Police Bureau ("PPB") engages in a pattern or practice of using excessive force on individuals with actual or perceived mental illness in violation of the Fourth Amendment to the Constitution, and other laws of the United States.  ECF #1.  Shortly after filing the Complaint, the United States moved jointly with Defendant, City of Portland ("City"), to enter an Order approving the proposed Agreement and conditionally dismiss this litigation pending the City's implementation of the Agreement.  ECF #3.

At a status conference on December 21, 2012, the Court stated its intention to conduct a fairness hearing prior to approving the Agreement and requested that the Parties provide the Court with procedural suggestions for the Court to have a hearing to determine whether the Agreement is "fair, adequate, and reasonable," was negotiated with stakeholder input, and was not the product of collusion. *United States* v. *Oregon*, 913 F.2d 576, 580 (9th Cir. 1990).

In response to the Court's request, the United States now moves for an Order to set certain procedures and deadlines for a fairness hearing regarding the proposed Agreement. While a fairness hearing allows objections to be aired, the Court may limit the proceeding to "whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Id.* at 581-582 (internal citations omitted). Furthermore, the Agreement should be reviewed as "whole, rather than the individual component parts, that must be examined for overall fairness." *Officers for Justice* v. *Civil Service Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). In other words, the Court cannot "delete, modify or substitute certain provisions;" the Agreement "must stand or fall in its entirety. *Id.*

The United States suggests the Court issue an order for the hearing which includes procedures to allow the Court to make an informed and just decision regarding fairness based on the Agreement as a whole. As highlighted to the Court in the Parties' joint motion for entry of the Agreement, the Parties have engaged in continuous stakeholder input throughout the investigation and negotiation processes, heard public testimony presented to City Council regarding the Agreement, and have reviewed hundreds of pages of public comments previously received throughout the investigation and negotiation process. *See generally* Declarations of Billy J. Williams and Clay Neal. ECF # 5, 6. The Parties anticipate that public comments and

testimony submitted to the Court will include matters previously considered by the Parties during the investigation and matters previously raised before City Council during its public hearings.

Therefore, the United States requests that the Court issue an Order for a bifurcated process that allows the Court to first receive written comments from the public, providing an avenue to narrow the scope of the hearing to consider relevant, but non-cumulative testimony. Courts within the Ninth Circuit have routinely required written submissions prior to hearings. *See Glasser* v. *Volkswagen Of America, Inc.* 645 F.3d 1084, 1086 -1087 (9th Cir. 2011) (order required objections to proposed settlement be filed 21 days prior to fairness hearing); *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 990 -991 (9th Cir. 2010) (class members notified they could object to settlement at fairness hearing if they submitted written notice of objection); *Molski* v. *Gleich*, 318 F.3d 937,943 (9th Cir. 2003) (deadline set by court for filing and service of written objections and/or notices of intent to appear at fairness hearing); *Dennison* v. *City of Los Angeles Dept. of Water and Power*, 658 F.2d 694, 695 (9th Cir. 1981) (court allowed persons who had previously submitted written objections to consent decree opportunity orally present objections to court at fairness hearing).  Attached to the Proposed Order is a form to receive public written comments prior to the hearing.  *See* Proposed Order, Exhibit A.

The United States further proposes the Court set a briefing schedule to assist in identifying the relevant issues presented by the public, and to provide argument for the Court's consideration as to whether the Agreement is fair, adequate, and reasonable.

Accordingly, the United States moves the Court to enter an order establishing procedures which:  (1) provides a process that is efficient and fair to accept public comment prior to a hearing; (2) issue public notice of the hearing; (3) allow relevant, non-cumulative public

testimony, subject to cross examination as necessary, for the Court's consideration as to whether the Agreement is fair, adequate, and reasonable; and (4) provide an opportunity for the Parties to provide written briefing and argument to the Court regarding the relevant issues, burden of proof, and other matters as the Court requests.

The United States further requests that the Court's order include the following schedule for the proposed procedures, which would proceed on parallel tracks with the Court's determination of the pending motions to intervene: (1) written comments from the public, due one month from the date of this order; (2) status conference with Parties to discuss procedures of fairness hearing, schedule three weeks prior to the fairness hearing; (3) submission of pre-hearing briefing by the Parties addressing public comments and the scope of relevant topics for fairness hearing, due two weeks prior to hearing; and (4) submission of post-hearing briefing by the Parties to include any rebuttal argument to public testimony presented at hearing, argument regarding burden of proof, and any other topics requested by the Court, due one month after the hearing.

To effect these proposed procedures and schedule, the United States requests that the Court set a date for the fairness hearing, and enter the attached proposed order together with the public comment form, noted as Exhibit A to the order.


DATED this 22nd day of January, 2013.

Respectfully submitted,

| | |
|---|---|
| S. AMANDA MARSHALL<br>United States Attorney<br>District of Oregon<br><br><br>*/s/ Adrian L. Brown* _____<br>ADRIAN L. BROWN<br>BILLY J. WILLIAMS<br>Assistant U.S. Attorneys | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br>JONATHAN M. SMITH<br>Chief, Special Litigation Section<br><br>*/s/ Laura L. Coon* _____<br>LAURA L. COON<br>Special Counsel<br><br>*/s/ R. Jonas Geissler* _____<br>R. JONAS GEISSLER<br>*/s/ Michelle A. Jones* _____<br>MICHELLE A. JONES<br>Senior Trial Attorneys |