JAMES VAN DYKE, Oregon State Bar ID Number 784135
City Attorney
Email: james.vandyke@portlandoregon.gov
ELLEN OSOINACH, Oregon State Bar ID Number 024985
Deputy City Attorney
Email: ellen.osoinach@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Rm 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
        Attorney for Defendant City of Portland

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cv-02265-SI |
| PLAINTIFF, | |
| v. | CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE |
| THE CITY OF PORTLAND, | |
| DEFENDANT. | |

## I.    INTRODUCTION

The Portland Police Association ("PPA") seeks to intervene in this case as a party defendant alleging it must defend its members against the allegations of police misconduct contained in the complaint filed by the United States of America ("USA"). PPA also seeks intervention in order to persuade this Court to reject the proposed Settlement Agreement between Plaintiff USA and the City of Portland ("City").

/////

Page 1 – CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

In summary, PPA does not meet the requirements of Fed. R. Civ. P. 24(a) governing intervention "as of right" or Fed. R. Civ. P. 24(b) standards for permissive intervention in the merits of this case (hereinafter "Rule 24").

PPA does, however, meet the requirements for intervention in the remedial phase of this case on the limited issue of whether the Settlement Agreement requires, or may require, City to breach its contract with PPA or violate Oregon's Public Employee Bargaining Act. Courts have granted intervention as of right in the remedial phase of government enforcement actions when a labor union objects to approval of a settlement agreement that may practically affect their bargaining rights.[1] If the Court approves the Settlement Agreement, unions who are granted intervenor status preserve their right to appeal the Court's decision.[2]

In light of Rule 24's broad policy favoring intervention and the Ninth Circuit's decision in *U.S. v. City of Los Angeles,* the City does not object to the grant of limited intervenor status to PPA in the remedial phase of this litigation in order to preserve its collective bargaining rights.[3] But the City does not agree that PPA should be allowed to intervene on the merits or to present additional defenses.

/////

/////

/////

---

[1] *United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) (authorizing intervention of bargaining unit in order to present its views on the consent decree and have them fully considered in conjunction with the court's decision to approve the decree); and *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 106 S. Ct. 3063, 92 L. Ed. 2d 405 (1986)(Union allowed to intervene as of right in class action to protest entry of consent decree authorizing racial preferences in hiring and promotion).

[2] *Stringfellow v Concerned Neighbors in Action*, 480 U.S. 370, 376 (1987). ("An intervenor, whether by right or by permission, normally has the right to appeal an adverse final judgment by a trial court.")

[3] *U.S. v. City of Los Angeles*, 288 F.3d at 397 (authorizing intervention of bargaining unit in order to present its views on the consent decree and have them fully considered in conjunction with the court's decision to approve the decree).

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

## II.    THE PPA IS NOT ENTITLED TO INTERVENE AS OF RIGHT IN THE MERITS

A.    Standard for Intervention as of right

PPA seeks to intervene on the merits of this action so that it may "defend its member officers against the allegations of police misconduct."[4]  In order to intervene as a matter of right under Fed. R. Civ. P. 24(a), PPA must satisfy four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."[5]

In *U.S. v. City of Los Angeles*, the Ninth Circuit held a police union had a "protectable interest" in the merits of the litigation when the plaintiff's complaint sought injunctive relief against member officers and raised "factual allegations that its member officers committed unconstitutional acts in the line of duty."[6]  This finding, however, was made based on a proposed Consent Decree that did not fully extinguish the possibility that the City would ultimately have to defend the allegations in the complaint.  In addition, the court noted that because existing parties had not disclaimed the right to seek certain remedies, the case had not yet been "restructured," which might also have precluded intervention as of right.[7]

The court also held that the parties might not adequately represent the League's interest because the City and the union had a marked divergence of positions concerning the underlying theories of liability.

/////

---

[4] Docket No. 8, Memorandum in Support of Intervener-Defendant Portland Police Association's FRCP 24 Motion to Intervene ("PPA Memo") at p. 31.

[5] *U.S. v. City of Los Angeles*, 288 F.3d at 397 (*quoting Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (internal quotation marks omitted)).

[6] *Id.,* 288 F.3d at 399.

[7] *Id.*

Page 3 –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

B.    PPA has no Protectable Interest as to the Merits of this Case

This case stands in a much different posture than *U.S. v. City of Los Angeles* and therefore requires a different result.  In *U.S. v. City of Los Angeles*, the court found the police union had a "significant protectable interest" based on the allegations of USA's complaint that member officers of the police union had committed unconstitutional acts in the line of duty.  The court acknowledged, however, that such allegations do not automatically entitle a party to intervene:  The court stated:

> When the potential scope of an action is narrowed by amended pleadings or court orders, or when an existing party expressly and unequivocally disclaims the right to seek certain remedies, the court may consider the case as restructured rather than on the original pleadings in ruling on a motion to intervene.  For example, in D*onnelly* [*v Glickman,* 159 F.3d 405 (9th Cir. 1998)], we held that male Forest Service Employees had no interest in the remedy phase of an employment discrimination suit brought by female Forest Service employees because the female plaintiffs expressly and unequivocally waived any right to seek remedies that might impact male employees, such as class-based wage or promotion relief [citation omitted] (emphasis added).

Unlike its complaint against Los Angeles, USA has expressly and unequivocally waived any right to seek reinstatement of the allegations of its complaint.  Instead, the USA has agreed to limit its remedy to enforcement of the Settlement Agreement itself.  Under no circumstances can the USA reassert the allegations of its complaint.  The District Court retains jurisdiction over this action in order to provide a forum for the parties to resolve disputes related to the Agreement.[8]  The Agreement does not contain any provision which would allow the USA to rescind its dismissal and revive the original complaint, and PPA does not contend otherwise.

/////

---

[8] Docket No. 4-1, Settlement Agreement Pursuant to Fed. R. Civ. P. 41(a)(2) ("Settlement Agreement") at p. 5, I(2); and Docket No. 3, Joint Motion to Enter Settlement Agreement and Conditional Dismissal of Action ("Joint Motion to Enter Settlement Agreement") at p. 2.

Page 4 –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

When a party has "expressly and unequivocally" disclaimed a right to seek certain remedies, the Court may consider the present case to be "restructured."  This is what has occurred in this case.  As a result the Court may rely on the restructuring rather than the original pleadings when considering PPA's Motion to Intervene in order to "defend its member officers against allegations of misconduct."  Because the USA will never assert its claims of officer misconduct in Court, there is no need, as a practical matter, for PPA to intervene and defend its member officers.  And when considering whether the requirements of Rule 24 are met, the courts "are guided primarily by practical and equitable considerations."[9]

     C.     <u>Even if they have a protectable interest, that interest is not practically impaired because the USA has agreed to dismiss the case with prejudice.</u>

For similar reasons, PPA has not demonstrated that in light of the USA's agreement to dismiss the case and to limit enforcement to the Settlement Agreement that the disposition of the action will, as a practical matter, impair its interests in regard to the merits of this case.

     D.     <u>The City can adequately represent the PPA's interest in defending its member officers against the allegations in the complaint.</u>

Finally, PPA has been unable to demonstrate that the City will not adequately represent the interests of its member officers insofar as the merits of the case is concerned.  In considering whether an existing party will adequately represent the interests of the proposed intervenor, the court considers three elements:  First, will the present party undoubtedly make all of intervenor's arguments?  Second, is the present party capable and willing to make such arguments?  And third, does the would-be intervenor offer necessary elements to the proceedings that other parties would neglect?[10]

/////

---

[9] *U.S. v. City of Los Angeles,* 288 F.3d at 397 (internal citations omitted).
[10] *Northwest Forest Research Council v Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).

Page 5  –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

In *U.S. v. City of Los Angeles,* the court held the City might not adequately protect the League's interests in the merits of the litigation because the City and the unit had a marked divergence of positions concerning the underlying theories of liability.  Thus, the court found that the City might not make all of intervenor's arguments.

The Portland City Code requires the City Attorney to represent and defend the City and its employees in all appropriate legal forums and matters.[11]  In addition, Oregon law imposes upon the City a duty to defend and indemnify its employees against tort claims arising out of an alleged act or omission occurring in the performance of duty.[12]  The City is, therefore, entitled to a presumption that its representation of the City and the City's employees against USA's allegations is adequate.[13]  Although in *U.S. v. City of Los Angeles*, the court indicated that the presumption should not be applied "to parties who are antagonists in the collective bargaining process,"[14]the merits of this case do not concern the PPA's collective bargaining rights.  More important to the court's analysis was its finding that the "record of this case and the past dealings of the parties indicate a marked divergence of position concerning key elements of the decree and underlying theories of liability."[15]  The record of that case, however, and the "past dealings of the parties" here are markedly different.

/////

/////

---

[11] Portland City Code 3.10.030(A) (City Attorney shall represent the City and those employees who are entitled to representation under Oregon law).

[12] ORS 30.286 (Public body shall indemnify public officers except in case of malfeasance in office or willful or wanton neglect of duty).

[13] *See Freedom from Religion Foundation, Inc. v Geithner,* 644 F.3d 836, 841 (9th Cir. 2011) ("Where the party and the proposed intervenor share the same ultimate objective, a presumption of adequacy of representation applies."); and *Forest Conservation Council v U.S. Forest Service,* 66 F.3d 1489, 1499 (9th Cir. 1995) (internal citations omitted) ("a presumption of adequate representation generally arises when the representative is a governmental body acting on behalf of a constituency that it represents").

[14]*U.S. v. City of Los Angeles,* 288 F.3d at 402.

[15] *Id.*

Page 6 –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF
PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

The City and the PPA do not have a marked divergence of opinion on the underlying theory of liability in this case.  The PPA's opinions regarding the underlying theory of liability are contained in their proposed Answer.  The PPA denies the allegations in the complaint;[16] asserts that the complaint fails to state any cognizable claims;[17] and requests that the claims be dismissed with prejudice.[18]  The City's opinion regarding the underlying theory of liability is the same as PPA's and is contained in its Settlement Agreement and Joint Memorandum.  The City denies the allegations in the complaint;[19] asserts that there is no evidence of liability;[20] and requests that the claims be dismissed with prejudice.[21]  Thus, the City and the PPA are not at odds regarding the underlying theory of liability.

In addition, while the PPA and the City have not always seen eye to eye on matters of officer discipline, PPA does offer any suggestion that the City has failed to defend member officers in court when claims of excessive force have been raised.  To the contrary the City has vigorously defended officers in both federal and state court proceedings.  Therefore, unlike the Police League and the City of Los Angeles, the City and the PPA do not differ in the manner in which they propose to resolve the City's alleged liability in this case.

/////

/////

/////

---

[16] Docket No. 9-3, Decl. of Anil Karia, Exhibit C, Intervenor-Defendant Portland Police Association's [Proposed] Answer and Affirmative Defenses ("PPA's Proposed Answer") at ¶¶ 8, 9, 10, 16, 17, 18, 19, 20 and 21.

[17] PPA's Proposed Answer at ¶ 27.

[18] PPA's Proposed Answer at p. 5.

[19] *See* Settlement Agreement at p. 5, I(1).  "The City expressly denies that the allegations of the complaint are true."

[20] Settlement Agreement at p. 5, I(2). "The City makes no admission of wrongdoing and denies any evidence of liability under any federal, state, or municipal law."

[21] Settlement Agreement at p. 5, I(2); and Joint Motion to Enter Settlement Agreement at p. 2.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

In summary, PPA must demonstrate that it has a protectable interest in this litigation, that the disposition of the action will impair that interest and that the City will inadequately represent any officers accused of misconduct.  None of these factors has been established.  As a result, PPA"s motion to intervene as of right on the merits of this case should be denied.

**III.    ALTHOUGH PPA DOES NOT QUALIFY FOR INTERVENTION AS OF RIGHT IN REMEDY PORTION, THE CITY DOES NOT OBJECT TO THAT RESULT**

In *U.S. v. City of Los Angeles,* the Ninth Circuit reversed a district court's order denying a police union leave to intervene to protect its interests in a proposed consent decree addressing police conduct.  The union argued the decree was incompatible with its agreement with the City. After citing the general rule that "[e]xcept as part of court-ordered relief after a judicial determination of liability, an employer cannot unilaterally change a collective bargaining agreement as a means of settling a dispute over whether the employer has engaged in constitutional violations,"[22] the court explained that this rule entitled the union to intervene to participate in the fairness hearing:

> [T]he Police League's interest in the consent decree is two-fold. To the extent that it contains or might contain provisions that contradict terms of the officers' MOU, the Police League has an interest. Further, to the extent that it is disputed whether or not the consent decree conflicts with the MOU, the Police League has the right to present its views on the subject to the district court and have them fully considered in conjunction with the district court's decision to approve the consent decree.[23]

Here, PPA alleges the proposed Settlement Agreement conflicts with the City's contractual obligations to PPA, and therefore, they arguably meet the threshold for intervention.[24]

/////

---

[22] *U.S. v. City of Los Angeles,* 288 F.3d at 400.

[23] *Id.*

[24] *Id.,* 288 F.3d at 401.  ("The relevant inquiry is whether the consent decree 'may' impair rights 'as a practical matter' rather than whether the decree will 'necessarily' impair them.")

Page 8 –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

The City's position on the merits of PPA's claim is that the Settlement Agreement does not impair PPA's contractual and collective bargaining rights.  Moreover, the City "expressly and unequivocally" disclaims any effect on PPA's collective bargaining rights.  Since the City expressly acknowledges the Settlement Agreement is not intended to affect PPA's contractual rights, the Court could consider the case "restructured" and conclude PPA has no claim for intervention as of right as to the remedial phase of this case.

Nonetheless, the City is aware that the Court should accept as true, allegations and evidence submitted in support of a motion to intervene.[25]  Moreover, the City is aware of the general rule that "the court should consider the criteria under the rule, and should not resolve the motion for intervention by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face."[26]  The City is also aware that these proceedings could be delayed if PPA is entitled to an immediate appeal upon a denial of its motion to intervene. [27]

For these reasons, the City does not object to the PPA's limited intervention for the purpose of presenting its views regarding the impact of the proposed agreement on the City's obligations to the PPA so that the Court may fully consider them in conjunction with its decision to approve the proposed consent decree.

## IV.   PPA IS NOT ENTILED TO PERMISSIVE INERVENTION ON THE MERITS

The Court may also consider whether PPA's motion entitles it to permissive intervention on the merits of this case, as opposed to the remedial phase of the case.

/////

---

[25] *Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 819-20 (9th Cir. 2001).

[26] 6 Moore, Federal Practice, § 24.03, pp. 23-24. (3rd Ed. 2012).

[27] *See Stringfellow v Concerned Neighbors in Action*, 480 U.S. 370, (district court's order granting permissive intervention but denying intervention as of right, was not immediately appealable).

Page  9  –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

A court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.[28]

PPA contends it has independent grounds for jurisdiction because it relies on the same federal statute, 42 USC § 14141, as does Plaintiff USA, *citing Freedom from Religion Foundation, Inc. v. Geithner*.[29]   In that case, the Ninth Circuit explained that the jurisdictional requirement:

> prevents the enlargement of federal jurisdiction in such cases only where a proposed intervenor seeks to bring new state-law claims. * * * Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away.[30]

In this case, PPA contends that it has not brought any new claims.[31]  However, PPA's contention is incorrect.  In its memorandum to the Court and in its Answer, PPA contends the City has breached its collective bargaining agreement with PPA.  Its Memo contains a 13 page table that lists those alleged violations.  The memorandum then concludes:

> [t]he changes in mandatory bargaining subjects summarized above not only violate the PA-City collective bargaining agreement, they also trigger an obligation on the City to bargain with the PPA under Oregon's collective bargaining law.[32]

PPA's proposed Answer in this case lists the affirmative defenses of "estoppel" and "illegality" both of which are directed solely at the alleged violation of the collective bargaining agreement.  Such affirmative defenses, however, have nothing to do with the only claim in this

---

[28] *Northwest Forest Res. Council, supra,* at 839.
[29] *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011).
[30] *Id.*, 844.
[31] PPA Memo at p. 34.
[32] PPA Memo at p. 29.

Page  10  –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

case, which is an allegation by the USA that there is a pattern and practice of excessive force committed by members of the Portland Police Bureau upon persons who are mentally ill, or perceived to be mentally ill. Nothing in the complaint filed by the USA is directed to the collective bargaining agreement.

Although PPA has framed its contractual assertions as "affirmative defenses" rather than "claims," it is nonetheless clear that consideration of the alleged violation of collective bargaining rights would result in the enlargement of federal court jurisdiction by having the Court consider state-law contract claims.

As a result, PPA does not meet the standard for permissive intervention on the merits phase of this proceeding. Since the City already has not objected to PPA's motion to intervene as of right in the remedial phase of this litigation solely for the purpose of protecting its collective bargaining rights, the City need not address whether or not PPA meets the standard for permissive intervention in this regard.

## V. PARTICIPATION IN FAIRNESS HEARING PROVIDES SUFFICIENT DUE PROCESS TO PROTECT PPA'S INTERESTS

As discussed above, the Ninth Circuit in *U.S. v City of Los Angeles*, held that an objecting union's participation in a fairness hearing was adequate to protect its rights. That holding is consistent with other Ninth Circuit cases that have addressed the issue.[33] For example, in

---

[33] *See S. California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) *modified*, 307 F.3d 943 (9th Cir. 2002) and *certified question answered sub nom. S. California Edison Co. v. Peevey*, 31 Cal. 4th 781, 74 P.3d 795 (2003); *U.S. v State of Oregon*, 913 F.2d 576, 582 (9th Cir. 1990). ["A disputed decree that lacks the consent of those who negotiated it may be approved, so long as each party is given the opportunity to 'air its objections' at a reasonableness or fairness hearing"]; *Dennison v Los Angeles Dept. of Water & Power* 658 F.2d 694, 696 (9th Cir. 1981), [rejecting union's suit as collateral attack on consent decree in part because "the Fairness Hearing held before the consent decree was formally adopted adequately afforded the union an opportunity to present to the court its view of the adverse impact of the decree on non-minority employees"]; *Alaniz v. California Processors, Inc*. 73 F.R.D. 289, 291, 293 (N.D.Cal.1976), [intervenors' full participation in a six-day fairness hearing and evidence adduced at that hearing held sufficient to include seniority adjustments in a consent decree].

Page 11 – CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

*S. California Edison Co. v. Lync*, a public interest intervenor argued that the settlement entered into by the State and a utility company violated the State law against raising utility rates.  The court rejected the intervenor's contention that it was denied due process by the district court's approval of the judgment without the intervenor's consent and indicated that the Court had appropriately protected the intervenor's interests by considering their written objections in connection with its decision to approve the agreement.  By limiting the PPA's participation in these proceedings to a presentation of its views on the fairness, reasonableness, and adequacy of the agreement as it relates to their claim that the agreement conflicts with its bargaining rights, the Court preserves the PPA's right to be heard.

## VI.    INTERVENOR CANNOT PREVENT PARTIES FROM SETTLING

Under well-established case law, it is clear that the PPA's status as an intervenor does not carry with it the right to prevent the original parties from entering into a settlement agreement.[34] The underlying rationale is that unlike the named parties, an intervenor cannot be held liable if the parties fail to implement the agreement.

## VII.    INTERVENOR CANNOT INSERT TERMS INTO THE SETTLEMENT AGREEMENT

The parties have agreed to settle this case by an agreement.  The only two parties to the Settlement Agreement are USA and the City.  Under well-established case law, a trial court may only accept or reject a settlement as agreed to by the parties.  The Court has no authority to modify the terms of the agreement.[35]  Therefore, while the PPA may make suggestions regarding changes it would like to see in the terms of the Settlement Agreement, they cannot invoke the

---

[34] *S. California Edison Co. v. Lync*, 307 F.3d at 807; and *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland,* 478 U.S. at 528-29, ("While an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.")

[35] *Evans v. Jeff D.,* 475 U.S. 717, 726-27 (1986).

Page  12  – CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE

Court's authority to insert their preferred terms.

## VIII.    CONCLUSION

The Court has a duty to ensure that the proposed settlement is fair, adequate, and reasonable.  The City does not object if PPA is permitted to intervene in the remedial phase of the litigation solely for the limited purpose of presenting its views to the Court on the effect that the proposed Settlement Agreement has on its protectable interests.  However, PPA is not entitled to intervene on the merits of this matter.

DATED:  January 22, 2012.

*/s/ Ellen Osoinach*
Jim Van Dyke, OSB #784135
City Attorney
Ellen Osoinach, OSB #024985
Deputy City Attorney
Of Attorneys for Defendant City of Portland

Page  13  –  CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF
PORTLAND POLICE ASSOCIATION'S FRCP 24 MOTION TO INTERVENE