JAMES VAN DYKE, Oregon State Bar ID Number 784135
City Attorney
Email: james.vandyke@portlandoregon.gov
ELLEN OSOINACH, Oregon State Bar ID Number 024985
Deputy City Attorney
Email: ellen.osoinach@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Rm 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
          Attorney for Defendant City of Portland

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>THE CITY OF PORTLAND,<br><br>DEFENDANT. | Case No. 3:12-cv-02265-SI<br><br>DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE |

## I.     INTRODUCTION

The AMA Coalition ("AMA") moved to intervene in this case as a party plaintiff in order to add additional allegations to the complaint filed by Plaintiff United States of America ("USA") against Defendant City of Portland ("City") [1] and to persuade this Court to reject the proposed Settlement Agreement proffered by USA and City.[2]

---

[1] Docket No. 19-1, AMA's Proposed Complaint ("Proposed Complaint") at ¶¶23-24; and Docket No. 20, AMA's Memorandum in Support of AMA's Motion to Intervene ("AMA's Memo") at pp. 11-12 and 19.

[2] AMA's Memo at pp. 18, 20.

Page  1 –  **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

As for its contention that it should be allowed to intervene in the merits of the case in order to add additional allegations to the complaint, AMA does not meet the requirements pursuant to Fed. R. Civ. P. 24(a) governing intervention "as of right" or Fed. R. Civ. P. 24(b)(1)(B) permissive intervention.

As for its desire to intervene in order to present its view that this Court should reject the proposed Settlement Agreement because it contains inadequate remedial measures "with regard to PPB's use of excessive force against people who are or are perceived to be mentally ill"[3] the AMA arguably meets the requirements for permissive intervention in the remedial phase of this litigation. Some trial courts have permitted public interest groups ("Community Intervenors") who wish to prevent the approval of a settlement agreement to intervene in the remedial phase of government enforcement actions.[4] Community Intervenors who are granted intervenor status preserve their right to appeal the Court's decision approving a settlement.[5]

The City does not object to the AMA's intervention in the remedial phase of this litigation for the purpose of addressing the alleged inadequacy of the Settlement Agreement, but the City does not agree that the AMA is entitled to intervene for any of the other reasons outlined in its proposed complaint and memorandum.

/////

/////

/////

/////

---

[3] AMA's Memo at p. 20.
[4] *See California Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 304 (E.D. Cal. 2011). (District Court granted permissive intervention to environmental group in suit to affect potential agreement to resolve challenge to environmental regulation.)
[5] *Stringfellow v Concerned Neighbors in Action,* 480 U.S. 370, 376 (1987) ("An intervenor, whether by right or by permission, normally has the right to appeal an adverse final judgment by a trial court.")

Page  2 – **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

## II.  ARGUMENT

### A.  AMA may not Intervene as of Right in this Action

An applicant for intervention as a matter of right under Fed. R. Civ. P. 24(a) must satisfy four requirements, namely that:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."[6]

AMA's interest in this litigation is shown by the contents of its proposed complaint.  It alleges it is an umbrella organization comprised of different individuals and organizations who are generally interested in police accountability in the City of Portland and in particular police interactions with persons of color.  Its proposed claim, however, is not limited to police accountability or police interactions with persons of color.  AMA's allegations imply that it seeks to represent the entire community:

> 24.  Defendant City's conduct constitutes a pattern or practice of conduct by law enforcement officers that deprives individuals of their rights, privileges, or immunities secured or protected by the Constitution, including the Fourth and Fourteenth Amendments, or the laws of the United States, in violation of 42 USC § 14141.
>
> 25.  Unless Defendant City is restrained by this Court, PPB will continue to engage in the illegal conduct averred herein, or other similar illegal conduct, <u>against the people of Portland</u>.  (Emphasis added.)[7]

/////

---

[6] *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (*quoting Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998) (internal quotation marks omitted)).
[7] The AMA's Complaint pleads only the bare elements of a cause of action without a description of the alleged conduct engaged in by the City.  It, therefore, fails to comply with Fed. R. Civ. P. 8 and upon proper motion, might well be dismissed.  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Page  3 – **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

In *U.S. v. City of Los Angeles*, the Ninth Circuit upheld the district court's denial of a Community Intervener's motion for intervention, stating:

> The district court properly denied the Community Intervener's motion to intervene as a matter of right. Although the Community Interveners may have a protectable interest related to the subject matter of the litigation, it is doubtful that their interests are impaired by the litigation. The litigation does not prevent any individual from imitating suit against LAPD officers who engage in unconstitutional practices or against the City defendants for engaging in unconstitutional patterns or practices. Nor does any aspect of the litigation prevent the community organizations from continuing to work on police reform.[8]

In addition, the court held that the community intervenors had not overcome the presumption that the United States was adequately protecting their interests.[9] The holding in *U.S. v. City of Los Angeles* compels this Court to deny AMA intervention as a right in either the merits or the remedial phase of this action.

In particular, AMA has not made a compelling showing that USA is not adequately representing its interests. In fact, the opposite is true.

Both USA and City have actively sought AMA's input incorporating many of its suggestions into the Settlement Agreement. Furthermore, City's changes to its use of force policies benefit all members of the community alike. In other words, changes to PPB's force policies will positively affect not only the Bureau's interactions with the mentally ill, but also those interactions with persons of color and, indeed, all citizens of Portland.

/////

/////

/////

---

[8] *U.S. v. City of Los Angeles*, 288 F.3d at 402.
[9] *Id.*

Page 4 – **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

B.  <u>AMA is Entitled to Permissive Intervention, but only in the Remedial Portion of the Litigation</u>

In considering whether AMA is entitled to permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) the Court must consider whether AMA shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.[10]  Even if the AMA satisfies those threshold requirements, the Court retains the discretion to deny intervention if it would unduly delay or prejudice the adjudication of the original parties' rights.[11]

AMA cites *Freedom from Religion Foundation, Inc. v. Geithner,* in support of its contention that it has independent grounds for jurisdiction because its claim relies on the same federal statute, 42 USC § 14141 as does USA.  In that case, the Ninth Circuit explained that the jurisdictional requirement:

> * * * prevents the enlargement of federal jurisdiction in such cases only where a proposed intervener seeks to bring new state-law claims.  * * * Where the proposed intervener in a federal-question case brings no new claims, the jurisdictional concern drops away.[12]

Although it is true that AMA has not brought any new state-law claims[13], the jurisdictional concern is still present here.  AMA does not have standing to bring a private cause of action under section 14141 because the Attorney General is the only plaintiff authorized to bring a civil cause of action under that statute.[14]

/////

---

[10] *Northwest Forest Research Council v Glickman,* 82 F.3d 825, 838 (9th Cir. 1996).
[11] Fed. R. Civ. P.(b)(3)
[12] *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).
[13] AMA's Memo at p. 34.
[14] 42 U.S.C.A. § 14141 (b).  ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph 1 has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.")

Page  5 –  **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

Even were the court to find that AMA's additional allegations met the threshold requirements for permissive intervention, AMA concedes it would "broaden the scope of this case… [and] expand the scope of remedies sought,"[15] Allowing AMA to intervene and bring a claim that the PPB uses excessive force against "the people of Portland" would lead to a virtually unlimited expansion of this case before the Court. Such a result would prejudice the City by burdening and expanding an already complex litigation focused on addressing the difficult challenges that police officers in Portland confront in addressing the needs of people with mental illness.

If, however, AMA's participation was circumscribed to the remedial portion of this case and limited to addressing the existing claims, City is less likely to be unduly burdened or prejudiced. City does not object to allowing AMA to present to the Court its view that the Agreement is not reasonable to address unconstitutional uses of force against the mentally ill or those perceived as mentally ill.

C. Participation in Fairness Hearing Provides Sufficient Due Process to Protect AMA's Interests

As discussed above, the Ninth Circuit in *U.S. v. City of Los Angeles* held that an objecting party's participation in a fairness hearing was adequate to protect its rights. That holding is consistent with other Ninth Circuit cases that have addressed the issue.[16] For example, in *S.*

---

[15] *Id.,* at p. 19.
[16] *See S. California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) *modified,* 307 F.3d 943 (9th Cir. 2002); and *certified question answered sub nom. S. California Edison Co. v. Peevey*, 31 Cal. 4th 781, 74 P.3d 795 (2003)); *U.S. v State of Oregon,* 913 F.2d 576, 582 (9th Cir. 1990) ["A disputed decree that lacks the consent of those who negotiated it may be approved, so long as each party is given the opportunity to 'air its objections' at a reasonableness or fairness hearing"]; *Dennison v Los Angeles Dept. of Water & Power*, 658 F.2d 694, 696 (9th Cir. 1981) [rejecting union's suit as collateral attack on consent decree in part because "the Fairness Hearing held before the consent decree was formally adopted adequately afforded the union an opportunity to present to the court its view of the adverse impact of the decree on non-minority employees"]; *Alaniz v. California Processors, Inc.* 73 F.R.D. 289, 291, 293 (N.D.Cal.1976) [intervenors' full participation in a six-day fairness hearing and evidence adduced at that hearing

Page 6 – **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

*California Edison Co. v. Lync*, a public interest intervenor argued that the settlement entered into by the State and a utility company violated the State law against raising utility rates. The court rejected the intervenor's contention that it was denied due process by the district court's approval of the judgment without the intervenor's consent and indicated that the court had appropriately protected the intervenor's interests by considering their written objections in connection with its decision to approve the agreement. By limiting AMA's participation in these proceedings to a presentation of its views on the fairness, reasonableness, and adequacy of the agreement as it relates to their claim that the proposed agreement fails to adequately address the allegations in the complaint, the Court preserves AMA's right to be heard.

### D. Intervenor Cannot Prevent Parties from Settling

Under well-established caselaw, it is clear that AMA's status as an intervenor does not carry with it the right to prevent the original parties from entering into a settlement agreement.[17] The underlying rationale is that unlike the named parties, an intervenor cannot be held liable if the parties fail to implement the agreement. In this case, AMA is not a legal entity capable of suing or being sued. Therefore, even were AMA a party to the Settlement Agreement, it could not bind the various individuals and community groups who comprise AMA.

/////

/////

/////

/////

---

held sufficient to include seniority adjustments in a consent decree].

[17] *S. California Edison Co. v. Lync*, 307 F.3d at 807; and *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland,* 478 U.S. 501, 528-29, 106 S. Ct. 3063, 92 L.Ed.2d 405 (1986) ("while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.")

Page 7 – **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

E. <u>Intervenor Cannot Insert Terms into the Settlement Agreement</u>

AMA asks this Court to allow it to contribute to the terms of the Settlement Agreement and makes various suggestions about specific terms that it believes should be included in any eventual Agreement. For example, AMA suggests that it should be allowed to represent the public's interest during the monitoring process.[18] Under well-established caselaw, a trial court may only accept or reject a settlement as agreed to by the parties. The Court has no authority to modify the terms of the agreement.[19] Therefore, while AMA is free to argue that the Court should refuse to approve the proposed Settlement Agreement, it cannot invoke the Court's authority in order to insert its preferred terms. In other words, should this Court grant intervenor status to AMA, AMA does not thereby gain the right to insert new or different terms into the Settlement Agreement.

### III. CONCLUSION

For the reasons stated above, City does not object to the Court allowing AMA limited permissive intervention for the purpose of presenting its view to the Court on the proposed Settlement Agreement's fairness, reasonableness and adequacy.

DATED:  January 22, 2012.

>  */s/ Ellen Osoinach*
> Jim Van Dyke, OSB #784135
> City Attorney
> Ellen Osoinach, OSB #024985
> Deputy City Attorney
> Of Attorneys for Defendant City of Portland

---

[18] AMA's Memo at p. 15.
[19] *Evans v. Jeff D.,* 475 U.S. 717, 726-27 (1986).

Page  8 – **DEFENDANT CITY OF PORTLAND'S RESPONSE IN SUPPORT OF CONDITIONAL GRANT OF AMA COALITION'S MOTION TO INTERVENE**

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047