MEMORANDUM OF AGREEMENT

This Agreement is made and entered between the United States of America ("United States"), City Of Portland ("City"), and the Portland Police Association ("PPA") (collectively referenced as the "Parties" and individually as a "Party").

## I. RECITALS

1. The Parties enter into this Agreement with the goal of ensuring that the City and its police officers deliver police services to the people of Portland in a safe, effective manner that conforms to the Constitution and laws of the United States. The Parties recognize that the absence of a comprehensive mental health infrastructure has in many instances shifted to the City's police officers the burden of being first responders to individuals experiencing a mental health crisis. The Parties agree that the City and its officers must therefore be equipped to respond to these situations in a manner that respects the constitutional rights of persons experiencing mental illness, particularly when using force. The United States and the City acknowledge PPA's important role in facilitating changes and improvements to community policing, and seek to implement changes in the Portland Police Bureau's ("PPB") policies, practices and procedures, while ensuring that PPA members' collective bargaining rights are protected.

2. The United States initiated a civil action against the City pursuant to 42 U.S.C. § 14141, *United States v. City of Portland*, No. 3:12-cv-02265-SI ("Civil Action").

3. The United States and the City entered into a Settlement Agreement ("Settlement Agreement") to resolve the Civil Action. The Settlement Agreement was filed with the Court for approval.

4. The PPA moved to intervene in the Civil Action and contended, among other things, that the Settlement Agreement violated its rights under its collective bargaining agreement with the City and under the Public Employee Collective Bargaining Act ("PECBA"). The Court allowed the PPA to intervene to determine that issue. The City and United States contended that the Settlement Agreement did not violate the PPA's collective bargaining rights or its rights under the PECBA.

5. The Parties have now reached an agreement on how to proceed. This Agreement is intended to facilitate implementation of the Settlement Agreement with the support of the PPA, while preserving the PPA's ability to protect its members' collective bargaining rights.

## II. MATERIAL PROVISIONS

6. The PPA hereby withdraws its objections to the entry of the Settlement Agreement. The PPA agrees to file any necessary documentation or paperwork with the Court to effectuate its withdrawal.

7. The PPA agrees to withdraw PPA Grievance No. 2012-12 with prejudice, and waives its right to file grievances under its past, current, and future collective bargaining agreement with the City and unfair labor practice complaints under the PECBA regarding the mandatorily negotiable decisions/impacts of actions that the City undertakes to implement the Settlement Agreement which, as of the date of execution of this Agreement, the PPA knew or reasonably should have known would occur, with the limited exception of the provisions discussed in paragraph 9.

8. The PPA retains its right to file grievances under its past, current, and future collective bargaining agreement with the City and unfair labor practice complaints under the PECBA regarding the mandatorily negotiable decisions/impacts of actions that the City undertakes to implement the Settlement Agreement which, as of the date of execution of this Agreement, the PPA did not know and reasonably could not have known would occur.

9. Notwithstanding paragraph 7, the PPA retains its right to file grievances under its past, current, and future collective bargaining agreement with the City and unfair labor practice complaints under the PECBA regarding mandatorily negotiable decisions/impacts of: (i) actions the City undertakes to implement paragraphs 124 and 127 regarding the revision of protocols for compelling statements and obtaining voluntary statements from officers involved in force events; (ii) actions the City undertakes to implement paragraph 128 that are substantially similar to the changes proposed to City Code 3.20.140(I)(2); 3.21.070(N); 3.21.120(C)(2); 3.21.120(D)(3)-(D)(4); 3.21.220. by Item#1209 from the December 18, 2013 Portland City Council agenda; and (iii) remedies or modifications of the Settlement Agreement made by the Court to enforce the Settlement Agreement under paragraph 186, unless the remedy is specific performance which requires City action to implement existing terms of the Settlement Agreement (except for paragraphs 124, 127, and 128) that the PPA did not know or reasonable could not have known would occur consistent with paragraph 8. Nothing in this paragraph shall be construed as an admission by the City that the subjects in (i) through (iii) implicate mandatorily negotiable decisions or impacts nor shall it be construed as a waiver by the City of its management rights with regard to those subjects.

10. Nothing in this Agreement in any way abridges, modifies, or impairs the PPA's right to file grievances under its past, current, and future collective

bargaining agreement with the City and unfair labor practice complaints under the PECBA over collective bargaining issues that are unrelated to the implementation of the Settlement Agreement.

11. The parties agree that paragraph 133 of the Settlement Agreement in no way affects the just cause disciplinary standard under the PPA-City collective bargaining agreement.

12. If the parties to this Agreement have a dispute over the meaning or application of this Agreement, then the parties shall employ the following dispute resolution procedure.

   a. Step 1: Counsel for the Parties shall meet telephonically or in person as soon as is mutually convenient to discuss the dispute. Persons attending the meeting shall have authority to resolve the concerns, unless resolution of the concern requires adoption of an ordinance or resolution by City Council, authorization from the Assistant Attorney General for the Civil Rights Division of the United States Department of Justice, or by vote of the PPA Executive Board or general membership.

   b. Step 2: If a meeting between the Parties fails to resolve the concerns, the Parties agree to participate in mediation conducted by retired Chief Justice Paul De Muniz. If Justice De Muniz is unavailable, declines the appointment, or agreement on compensation cannot be reached, the Parties shall select a substitute mediator. If the Parties cannot agree upon the selection of a substitute mediator, the Parties shall each submit the name of one potential mediator to the United States District Judge presiding over this Civil Action, who shall appoint the mediator from one of the names provided.

   c. Step 3: If mediation fails to resolve the dispute, the United States, the City, or the PPA may file a motion in the Civil Action to enforce compliance with the terms of this Agreement or to seek a declaration of the meaning of this Agreement. The motion or request for declaration shall only allege concerns raised by the Parties which were the subject of mediation. The Parties shall then meet with the Court to schedule a date on which the motion or request for a declaration shall be heard or will otherwise comply with the Court's preferred procedure.

      i. If the dispute concerns the meaning or application of this Agreement, the Parties agree that the United States District Judge presiding over this Civil Action: shall interpret the

        meaning of the Agreement; shall determine whether this Agreement has been breached; and shall issue an appropriate remedy, if any.

    ii. If a dispute arises involving the application of paragraphs 7-11 of this Agreement to a particular action, the United States District Judge presiding over this Civil Action shall determine whether the party has waived or retained its right to engage in the disputed action. If the United States District Judge presiding over this Civil Action determines that the right has been waived, then the Party who is engaged in that action shall have the right to continue that action. If the United States District Judge presiding over this Civil Action determines that the action has not been waived, then the action shall cease until the City and PPA fulfill their collective bargaining obligations.

13. This Agreement shall remain in full force and effect until such time as the Settlement Agreement is vacated or expires, or until the Parties modify or cancel this Agreement in writing.

### III. GENERAL PROVISIONS

14. The Parties agree that nothing in this Agreement shall be construed as an admission of wrongdoing by the City or the PPA and its members, or evidence of liability under any federal, state, or municipal law.

15. This Agreement shall constitute the entire integrated agreement of the Parties with respect to the specific terms of this Agreement. No prior drafts or prior or contemporaneous communications, oral or written, shall be relevant or admissible for purposes of determining the meaning of any provisions herein in any litigation or any other proceeding.

16. This Agreement is enforceable only by the Parties. No person or entity is, or is intended to be, a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement.

17. The Parties shall notify each other of any court or administrative challenge to this Agreement. In the event any provision of this Agreement is challenged in any City, county, or state court, removal to a federal court shall be sought by the Parties.

18. This Agreement is not intended to impair or expand the right of any person or organization seeking relief against the City, PPA, or any officer or employee thereof, for their conduct or the conduct of PPB officers; accordingly, it does not alter legal standards governing any such claims by third parties, including those arising from city, state, or federal law. This Agreement does not expand, nor will it be construed to expand, access to any City, PPA, or DOJ document, except as expressly provided by this Agreement, by persons or entities other than DOJ, the City, and the PPA. All federal and state laws governing the confidentiality or public access to such documents are unaffected by the terms of this Agreement.

19. Nothing in this Agreement requires the City to disclose documents protected from disclosure by the Oregon Public Records Law.

/ / /

SO AGREED

FOR THE UNITED STATES:

S. AMANDA MARSHALL
United States Attorney
District of Oregon

_____
ADRIAN L. BROWN
BILLY J. WILLIAMS
Assistant U.S. Attorneys

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division
JONATHAN M. SMITH
Chief, Special Litigation Section

_____
LAURA L. COON
Special Counsel

_____
R. JONAS GEISSLER

_____
MICHELLE A. JONES
Senior Trial Attorneys

FOR THE CITY:

_____
CHARLIE HALES
Mayor
City of Portland

Date: 12-18-13

APPROVED AS TO FORM

_____
HARRY AUERBACH
City Attorney
City of Portland

FOR THE PPA:

_____
DARYL TURNER
President
Portland Police Association

Date: 12/19/13

MEMORANDUM OF AGREEMENT                                    PAGE 6 OF 6