*U.S. v. City of Portland* - Fairness Hearing

Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Alexander, Michael | Urban League of Portland | Use of Force | 66-77 | Y | Unknwn | Mr. Alexander states that he would like to testify regarding use of force. There is no narrative description on his form. |
| Amicci, Bruno | Training Advisory Council | Training | 79, 86, 87 | Y | N | Mr. Amicci describes the formation and work of the Training Advisory Council (TAC) over the past year and states that the TAC is able to participate in settlement agreement implementation. |
| Baker, Barbara | | Use of Force, Officer Accountability | 61, 66-77, 121-140 | Y | Unknwn | Ms. Baker states that the agreement includes loopholes in the use of ECWs. Ms. Baker asks for a least-force standard, a continuum of force, a prohibition on use of ECWs to intimidate, to strike "supported by the evidence" from Par. 61, and changes to the police review board. |
| Block, Jerald, MD | | Use of Force, Accountability, Investigation Timeframe, Public Safety Statements and Interviews, Conduct of IA Investigations, Discipline | | Y - If requested by Court | Y - Appointed member of Training Advisory Committee, and has expressed opinion there | Mr. Block raises the following issues: 1. concern that Officers have disincentive to file complete and honest Use of Force reports; 2. concern that officers will end up using more force and more people will get hurt; 3. recommends filing of after-action Use of Force reports be mandatory, but contents should not be used for discipline. Comments include examples of other agencies that gather reports for evaluation but not discipline (NTSB, FAA, etc.), and suggests that IA take lead in criminal investigations as necessary. |
| Browning, TJ | | Officer Accountability | | Y | Unknwn | Ms. Browning raises concerns that changes to the CRC are impractical, won't work, and will render CRC useless. |
| Chasse, Mark, (brother of James Chasse) | | Officer Accountability, Discipline, Agreement Implementation and Enforcement | 121-140, 156-190 | Y | Y | Mr. Chasse states that his main concern is the lack of continuing independent oversight. Mr. Chasse alleges that PPB protects itself with an internal self-protecting investigative system without meaningful discipline. Mr. Chasse asks for a Court-appointed monitor. |

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Chevalier, Daniel | | Use of Force, BOEC, Officer Accountability (Generally), Investigation Timeframe, On-Scene Public Safety Statements and Interviews, COAB, PPB Compliance Coordinator, Agreement Implementation and Enforcement | Pars. 66-77, 113-115, 121-140, 141-153, 156-190 | Y | | Mr. Chevalier's form contains checkmarks for the topics about which he would like to testify and is signed. Otherwise the form is blank. There is no narrative in the form or email describing the substance of Mr. Chevalier's comments. His name only appears in his email. |
| Covarrubias, Carlos | | Officer Accountability, IPR | | Y | N | Mr. Covarrubias expressed general concerns regarding IPR's structure, accessibility and independence from City. |
| Davis, Marva (mother of Aaron Campbell) | | Training, Discipline | | Y | | Ms. Davis is the mother of Aaron Campbell, who was fatally shot by the police on Jan. 29, 2010. She intends to testify regarding officer accountability and inadequate training. |
| Lewis, Donna | | Community Mental Health Services, Crisis Intervention | Sections V and VI | Unknwn | Unknwn | Ms. Lewis raises the following issues: 1. concerns regarding lack of resources necessary to assist persons in mental health crisis so that police do not have to be called; 2. concern regarding lack of coordination by city, county, and state officials to build walk-in center. |
| Eng, Anne | | Use of Force Policy (General), Other | | Y | N | No comments submitted. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 2
Page 2 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Eng, Mary | | BHU, Officer Accountability, Investigation Timeframe, Discipline, Implementation and Enforcement, Other | | Y | Y - not specified | Ms. Eng is concerned about the operational practices of the BHU and that the BHU fails to consider secondary traumatization of victims. |
| Friedman, Jan | Disability Rights Oregon (DRO) | All | | Y | Y - City Council | DRO provides overall support of SA, and makes the following recommendations: 1. AMA and COCL should have enforcement authority; 2. Force policy should be revised; 3. ECW policy should be revised; 4. Prohibit officers who have been subject to discipline for use of force against person with mental illness from being trainers; 5. Increased community involvement in crisis intervention training; 6. Prohibit officers who have been subject to discipline for use of force against person with mental illness from serving on mobile crisis prevention team; 7. Authority for IPR to conduct independent investigations; 8. End 48 hour rule. |
| Hall, Deborah | Jobs with Justice Portland | Use of Force, Officer Accountability, COAB, Community Engagement Generally | 66-77, 116-140, 141-153 | Y | N | Ms. Hall intends to address general use of force, prohibitions on ECWs, supervisory investigations, and COAB creation and selection. |

*U.S. v. City of Portland* - Fairness Hearing

Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Handelman, Dan; Hannon, Regina; and one other Copwatch Rep. | Portland Copwatch | ALL | All except BOEC | Y | Y - both oral and written testimony to City Council and USDOJ | Copwatch's comments cover the entire range of issues addressed in the settlement agreement, except for BOEC. Mr. Handleman submitted a 13-page document outlining his comments. The summary is as follows: 1. family of those killed by deadly force should have right to appeal to CRC; 2. Taser policy has loopholes for improper and excessive Taser use; 3. process for holding officers accountable is not independent, and timeline of investigation must allow for process to be completed; 4. CRC - standard of review should be less deferential, not enough time for appeal hearings, and quorum should be 6 of 11, instead of 5; 5. PRB should be open to community members; 6. Use of Force policy should clearly limit the amount of force PPB is allowed to use, violations should have serious consequences, officers should not have "special rights" while under investigation, and a civilian investigator from IPR should be at scene of Use of Force incidents; 7. design and implementation of mental health issues do not go far enough; 8. Training should include input from community and trainers should be chosen carefully; 9. demographic data captured by PPB should be more clearly defined; 10. concerns regarding transparency of implementation. 11. concern regarding interpretation of "substantial compliance" for oversight of agreement. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 4
Page 4 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Hardesty, Jo Ann | Hardesty Consulting | | | Unknwn | Y-City Council and USDOJ | Ms. Hardesty's comments include the following: 1. proposes two rounds of fairness hearings - parties presentation and peoples' presentation; 2. concern that public has not had opportunity to read text of agreement currently before the Court; 3. concern that parties met in secret without public knowing whether their concerns were addressed; 4. parties should match findings to remedies; 5. parties should describe what changes are necessary beyond their jurisdiction; parties should identify how state boards, DA, unions are involved; 6. parties outside of the agreement should describe their participation at a public hearing; prior to second round of fairness hearing; 7. all public bodies compelled by the agreement should conduct open hearings to explain the effectiveness and deficiencies of agreement; 8. concern about time-frame of public notice regarding agreement and hearings; 9. concern regarding access of public hearings by vulnerable persons. |

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Hardesty, Roger | Consult Hardesty | Use of Force Policy (General), Use of Force Reporting; Mental health services (general), BHU and Advisory Council, SCT, BOEC, EIS, Investigation Timeframe, IA Investigations, CRC Appeals, Discipline, COAB | 148, 89, 141, 145, 69, 116-120 | Y | Y -"written comments or oral testimony to City of Portland, City Council, or USDOJ/ USAO, on the matters" | Mr. Hardesty's comments raises the following issues: 1. requests Court to find racial profiling within scope of DOJ investigation; 2. concerns regarding protection of civil rights afforded in agreement (deadlines concerning stop data and walk-in center not met); 3. COAB selection process changed without public involvement; 3. concerns regarding how Court will participate in compliance review - wants COCL and Amicus to have "direct line" to Court; 4. concern regarding PPB engagement of community in their training and policy development; 5. concerns regarding focus of BHU, its members, and restrictions to involve public due to confidentiality; 6. EIS - concerns that DOJ was misled regarding employee evaluations; 7. concerns regarding lack of independence of IA investigations; 8. CRC Appeals - concern regarding 21-day deadline for review; wants each victim given an investigator; believes "preponderance of evidence" standard should be used instead of "reasonable person"; 9. concerns re: transparency of police discipline; 10. questions role of SCT in civil rights violations; 11. COAB - expectations set for board need to be specified; 12. wants detail for how "substantial non-compliance" is measured. |
| Harmon, Sandra | | n/a | n/a | Unknwn | Unknwn | The concerns raised involve Port of Portland Police Dept., not PPB. |
| Haynes, Lisa and Son (unnamed via DVD) | | Police Accountability | 128-133, 138-140 | Y | Unknwn | Ms. Haynes cites the IPR annual report for statistics on the number of community-based complaints that IPR or IA determines are unfounded. She finds that 3/4 of the cases were determined unfounded and doubts this finding. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 6
Page 6 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Howell, Nancy | | Use of Force, officer accountability | | Y | Unknwn | Ms. Howell recounts an incident she witnessed where officers appeared to use excessive force on an elderly man and take his possessions without justification. |
| Jama, Kayse and Brown, Nicole | Center for Intercultural Organizing | Use of Force (Generally), Mental Health Services (Generally), Officer Accountability (Generally), Discipline, Community Engagement (Generally), Agreement Implementation and Enforcement, Other - Racial Bias | 66-77, 88-90, 121-140, 141-153, 156-190 | Y | Y - City Council | The Center asserts that the Settlement Agreement should address PPB's treatment of communities of color. They seek an end to the 48-hour rule, raise concerns about CIT selection, ask for tracking of mere conversations, ask for a right of survivors to appeal to the CRC, seek a change to EIS thresholds, seek a change to the CRC's reasonable-person standard, assert there are loopholes in Taser use, ask for a least-force standard, question the COCL's authority, seek Court oversight of the budget for settlement agreement implementation, seek more community engagement, and seek open PRB hearings. |
| James, Karen | | Use of Force, Training, Community Mental Health Services, Officer Accountability, Agreement Implementation and Enforcement | | N | Unknwn | Ms. James has a son with mental illness and addiction issues and who was convicted of Robbery II. She believes son would have been diverted from criminal activity if he would have had wrap around services. She raises the following issues: 1. concern that drop-off center has not been built; 2. requests that Agreement add deadlines and checkpoints to ensure compliance; and penalties imposed for not meeting deadlines; 3. agrees with "AMA Fact Sheet" on where Agreement doesn't go far enough, inhibits accountability; and places it is "inappropriately silent." |

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Johnson, Nikki | CENJC | CRC, Accountability, Community Engagement | | Unknwn | Unknwn | Ms. Johnson's comments raise the following issues: 1. concern that PPB is not taking finding letters concern about racial profiling seriously; 2. doesn't believe CRC has any power and is not able to become experts on the issues; 3. questions whether culture of PPB will provide accountability of excessive Use of Force or racial profiling; 4. believes agreement is too vague; 5. wants mandatory evaluations of officers. |
| Joughin, Sally and Koser, Bernard | | Use of Force, Training | | N | Unknwn | Ms. Joughin expressed concerns regarding PPB use of force and training and recounted excessive force incident where her son and his family were pepper sprayed by an officer while attending a peaceful protest. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 8
Page 8 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Kahan, Ph.D., James | | Definitions, Use of Force Policy, Use of Force Reporting, Compliance Audits Related to Use of Force, Mental Health Services, Crisis Intervention, Crisis Intervention Training, Mobile Crisis Prevention Team, Employee Information System, Officer Accountability, Conduct of IA Investigations, Discipline, Community Engagement, Agreement Implementation and Enforcement, Other - measurement | Pars. 9-65, 66-74, 88-90, 91-115, 121-140, 141-153, 156-190 | N | Y-City Council | Dr. Kahan asserts that the Court should not approve Settlement Agreement as presented. First, he states that there are not adequate measures for required improvements. Second, he states that DOJ assumes rights violation are caused by individual officers and therefore can be deterred by threat of discipline. Next, Dr. Kahan contends that an independent body should investigate all incidents of possible excessive force to find facts but not to determine culpability. Dr. Kahan adds that there should be a restriction on those officers who have been subject to discipline from supervising crisis intervention teams. |
| James, Karen | Reentry & Mental Health Action Team | Community Mental Health Services; Crisis Intervention | Sections V and VI | N | Unknwn | 1. Organization supports the Agreement; 2. specifically sees need for community mental health services and crisis intervention; 3. would like to see expanded services / funding of diversion Courts for persons with MI who are convicted of crimes |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 9
Page 9 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Kramer, Esq., Mark | National Lawyers Guild, Portland Chapter | Definitions, Use of Force (policy (reporting, compliance), Training, MH Services, Officer Accountability, Investigation Timeframe, On Scene Public Safety Interview/ Statements, IA Investigations, CRC Appeals, Discipline, Communication with Complainant and transparence, Community Engagement, COAB, COCL, PPB Compliance Coordinator, Agreement Implementation and Enforcement, Other - Failure to Address IPR Defects and lack of mandate for independent investigation | 150, 121, 43, 61, 135, 132, 136, 161-65, | Y | Yes - prior testimony to City Council in Dec 2011 | The NLG will testify about both specific and broad-based concerns it has with the Agreement in the following areas: 1. concern that minorities with mental illness were not addressed in the agreement; 2. concern regarding timing of PPB training on new Use of Force policy before policy was finalized; 3. concern that persons with MI are not involved in training; 4. changes to CRC/IPR do not resolve the "byzantine" system of investigations; 5. desires "preponderance of evidence" standard instead of "reasonable person" standard for community board; 6. concern regarding transparency of PRB;  7. Suggests that COCL have direct access to Court or appointment of independent monitor; 8. Requests Court to grant AMA authority to directly petition the Court regarding implementation issues. |
| Lawrence, Madeline | | crisis intervention | | Y | Unknwn | Ms. Lawrence is concerned that the Mobile Crisis Unit will not lead to a de-escalation of force. |

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Lovato, Robert | Individuals for Justice | Use of Force, agreement enforcement | | Y | Unknwn | Mr. Lovato expressed concerns regarding the militarization of PPB and the enforceability of the Settlement Agreement. |
| Luyben, Kalei and Ted and Brayfield, Anne | | All | | Unknwn | Y | These individuals raise general concerns regarding PPB's treatment of mentally ill citizens and communities of color. Provides a copy of their report "Shooting the Sick." |
| Moore, Don | NAMI Multnomah | All | | Y | N | Mr. Moore is the President of NAMI Multnomah. He recommends: 1. Increased participation by mental health advocacy groups in Crisis Intervention Training. 2. Improved qualifications to become member of CIT unit. |
| Muller, Tom | | | | Unknwn | Unknwn | Mr. Muller provides complaint that PPB Officers stalked and harassed him because he has filed complaints against PPB Officers. |
| Newell, Nancy | | Use of Force, Officer Accountability | | Y | Unknwn | Ms. Newell recounts an incident she saw concerning interactions between PPB Officers and an individual. |
| O'Halloran, Frances | | Use of Force, Officer Accountability, Investigation Timeframe, Public Safety Interviews and Statements, Discipline, COAB, PPB compliance coordinator, Other - Biases amongst officers | | Y | N | Mr. O'Halloran is concerned that the Settlement Agreement doesn't go far enough in many respects and doesn't address individual officer's racial bias. Cites incident involving Keaton Otis as an example. |
| Olson, Connie | | Use of Force | | Y | Unknwn | Ms. Olson recounts an incident in which a PPB officer used excessive force on her while she was recovering from mental illness at a Portland respite center. |

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Park, David K., | | Definitions, Use of Force Policy (Generally), Crisis Interventions (Generally) | 9-65, 66-74, 91-112 | Y | N | Mr. Park is an attorney who opines that ADA Title II applies to police interactions with people with disabilities. Mr. Park wants verbal force to be included in the definition of force. Mr. Park wants specific policies concerning interactions with suicidal individuals. |
| Parks, Peter | | Use of Force, officer accountability | | Y | Unknwn | No comments submitted. |
| Pickering, Benjamin | | Use of Force | | N | Unknwn | Mr. Pickering states he provided comments by video. |
| Pullen, Shannon | Co-Chair Behavioral Unit Advisory Committee | Mental Health Services (General), Crisis Intervention General, BHU and Advisory Committee, Crisis Intervention Training, Crisis Intervention Team | | Y | N | Ms. Pullen provides the Court with information concerning progress made by BHU and what BHU needs in order to be successful. |
| Renaud, Jason | | Community-Based Mental Health Services | Pars. 88-90 | Y | Y-USDOJ town hall | Mr. Renaud asserts facts regarding the need for mental health services and Oregon's funding for those services. Mr. Renaud specifically asks the Court to affirmatively seek out people who had interactions with PPB while experiencing mental health crisis. |
| Renaud, Jason | Mental Health Association of Portland (MHAP) | Mental Health Services, Community Engagement | 89 - walk-in/drop off center, 142 - formation of COAB | Y | Y | MHAP raises the following issues: 1. dissatisfied with City's Progress in developing a Walk-in and Drop-Off Center; and 2. accommodations need to be made to facilitate the participation of people with mental illness in the COAB |
| Reutter, Jeannie (Carol Jean) | | All | | Y | N | Ms. Reutter raises concerns regarding City of Craig, Colorado PD, not PPB nor City of Portland. |

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Aiona, Deborah | League of Women Voters Portland Action Committee | Definitions, Officer Accountability, Investigation Timeframe, Conduct of IA Investigations, CRC Appeals, Communication with Complainants, Community Engagement | 9-65, 121-140, 141-153 | Y | Y-City Council and USDOJ | Ms. Aiona describes the League's long-term involvement in Portland policing issues. Ms. Aiona asks the Court to modify certain provisions of the Settlement Agreement: the 21-day timeline for CRC appeals, CRC appeals of police shootings, CRC's reasonable person standard of review, closed-door police review board hearings, CRC consultation on policies, and independent IPR investigations. |
| Roberts, Theresa | | Use of Force, Officer Accountability, Community Engagement | Pars. 66-77, 121-140, 141-153 | Y | Unknwn | Ms. Roberts states that Portland needs more teachers and fewer police officers. Ms. Roberts alleges that PPB officers are too dependent upon weaponry and harass the homeless. She suggests that Portland should dedicate more resources to PPB and PPB should use lapel cameras. |
| Ross, Barbara | | CRC and community engagement | | Y | N | Ms. Ross recommends changing the "reasonable person" standard that the CRC uses to determine if PPB's conclusions regarding officer misconduct are "supported by the evidence" to a less deferential standard, such as "preponderance by the evidence." |
| Serrica, Jose | Individuals for Justice | Use of Force | | Y | Y | Mr. Serrica raises the following suggestions: 1. prohibit pain compliance; and 2. Conduct psych-evaluation on all officers. |
| Sheridan, Isabel | | Use of Force, training, officer accountability | | Y | Unknwn | Ms. Sheridan makes recommendations concerning the force policy, increasing community involvement in training, and various proposals pertaining to the CRC. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 13
Page 13 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing
Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Soles, Herschel | | Use of Force, Officer Accountability | | Y | Y | Mr. Soles wants to remedy the conflict of interest that arises from DA investigating possible criminal misconduct by police, terminate officers who misbehave, and end the 48-hour rule. |
| Steenson, Tom | | Definitions, Use of Force Policy and Training; Officer Accountability; Discipline; COCL, Implementation and Enforcement of Agreement, Other- emergency medical treatment | | Y | Y | Mr. Steenson recommends the following: 1. Settlement Agreement have more specific Use of Force and emergency medical treatment policies; 2. use an independent monitor instead of the "COCL"; 3. remove sole authority to select "COCL" from the City. |
| Straus, Becky | ACLU | Use of Force, Officer Accountability, Community Engagement | 178 | Y | Y - City Council | The ACLU has two primary concerns: 1. Independence of IPR/CRC; and 2. amount of Court oversight on compliance and Amicus ability to petition Court directly in event of non-compliance. |
| Stull, Barry Joe | | Officer Accountability, Discipline, Other - Retaliation | 130 | Y | N | Mr. Stull provides a notice of tort claim in which he alleges that he was the victim of excessive force and retaliation by PPB officers. |
| Terrell, Eric | | Officer Accountability | 121 | Y | N | Mr. Terrell is concerned about provision that requires appeals to CRC be resolved in 21 days. |
| Walker, Terri | NAMI Multnomah | Use of Force | | maybe | Y | NAMI Multnomah raises the following issues: 1. need for increased officer accountability 2. prohibition of officers who have used excessive force for supervisory roles and membership on Mobile Crisis Prevention Team. 3. Need for a drop-off mental health facility. 4. Improved data collection and Quality Assurance Program to track PPB use of force. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 14
Page 14 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing

Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony ? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Walsh, Joe | Individuals for Justice | Officer Accountability, and IPR | | Y | Y | Mr. Walsh has concerns about the authority for IPR to conduct independent investigations. |
| Whitfield, David | | Use of Force, Training, BOEC, Officer Accountability, Public Safety Statements, Discipline, Community Engagement, Other - Racial Profiling | | Y | N | Mr. Whitfiled believes agreement fails to address racial profiling generally and the incident involving Keaton Otis in particular. |
| Wimett, Richard | | Use of Force | | Unknwn | Unknwn | Mr. Wimett was a plaintiff in lawsuit alleging excessive force by PPB. Asks Court to consider his Complaint as personal testimony. |
| Wolfe, Dan | | Discrimination Against People with Physical Disabilities | | Y | Y | Mr. Wolfe criticizes the scope of the DOJ investigation for not having investigated PPB's treatment of people with physical disabilities. Mr. Wolfe seeks protected class status for disabled males. Mr. Wolfe asks the Court to install an independent advocate for oversight of police reform by the Court. Mr. Wolfe references and partially includes a prior submission in which he alleges that PPB officer violated his civil rights by destroying his property and publicizing his status as a registered sex offender. He alleges IPR did not investigate his complaint about the conduct. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 15
Page 15 - Exhibit A

*U.S. v. City of Portland* - Fairness Hearing

Individuals' and Organizations' Submissions of Written Comments as of January 31, 2014

| Presenter (Individual) | Presenter (Org) | General Topic Areas (if noted) | Paragraphs of Agreement (if noted) | Testifying? Y or N | Prior Testimony? Y or N | Summary of Written Comments |
|---|---|---|---|---|---|---|
| Young, Sonji Yi | Human Rights Commission | Use of Force, Training, Community Mental Health Services, Officer Accountability, Community Engagement, Agreement Implementation | | Y | Unknwn | Ms. Young is the Chair of the Human Rights Commission. Her testimony is to be determined after conferring with the Commission. |
| Zingeser, Sylvia | NAMI Multnomah | Use of Force | | Y | Y | Ms. Zingeser provides a letter describing an incident where PPB officers used excessive force when responding to a call to help her suicidal son. |

*U.S. v. City of Portland,* 3:12-cv-02265-SI
Notice of Compliance with Court Order (ECF #53), Page 16
Page 16 - Exhibit A