IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | **POST-HEARING QUESTIONS FROM THE COURT** |
| **CITY OF PORTLAND**, | |
| Defendant. | |

S. Amanda Marshall, United States Attorney; Adrian L. Brown and Billy J. Williams, Assistant United States Attorneys, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Attorneys for Plaintiff.

Jocelyn Samuels, Acting Assistant Attorney General; Jonathan M. Smith, Chief; R. Jonas Geissler and Michelle Jones, Senior Trial Attorneys, Special Litigation Section; Civil Rights Division, United States Department of Justice, 50 Pennsylvania Avenue, NW, Washington, D.C. 20530. Attorneys for Plaintiff.

Tracey Reeve, City Attorney; Ellen Osoinach, Deputy City Attorney, Office of the City Attorney, 1221 S.W. Fourth Avenue, Room 430, Portland, OR 97204. Attorneys for Defendant.

Anil S. Karia, Tedesco Law Group, 3021 N.E. Broadway, Portland, OR 97232. Attorneys for Intervenor-Defendant Portland Police Association.

J. Ashlee Albies, Creighton & Rose, PC, 500 Yamhill Plaza Building, 815 S.W. Second Avenue, Portland, OR 97204; Shauna M. Curphey, Curphey & Badger, P.A., 520 S.W. Sixth Avenue, Suite 1040, Portland, OR 97204. Attorneys for Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform.

**Michael H. Simon, District Judge.**

On February 18 and 19, 2014, the Court held a Fairness Hearing attended by representatives of United States ("Plaintiff"), City of Portland ("Defendant"), Intervenor-Defendant Portland Police Association, Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform (collectively the "Parties"), and interested members of the public. Testimony was received on whether the Court should approve the Proposed Settlement Agreement ("PSA" or "Agreement") as drafted. The record was kept open until February 26, 2014, for any further submissions of written testimony. A final hearing is scheduled for March 24, 2014, at 9:00 a.m. in Courtroom 13B. *See* Dkt. 60.

The PSA provides, in part, that the parties shall file a joint motion requesting "that the Court enter the Agreement pursuant to Federal Rule of Civil Procedure 41(a)(2), and conditionally dismiss the complaint in this action with prejudice, while retaining jurisdiction to enforce the Agreement." PSA, Dkt. 4-1 at ¶ 178. It further provides that "[t]he Court shall retain jurisdiction of this action for all purposes until the City has substantially complied with all provisions of this Agreement and maintain substantial compliance with all provisions for one year." *Id.* at ¶ 178(b). Notwithstanding the statement that the parties will jointly request that the Court "conditionally dismiss the complaint in this action with prejudice," the PSA also appears to contemplate that the Agreement may be approved but the case not dismissed. The PSA provides: "If the case has not yet been dismissed, the Parties agree to ask the Court for a non-evidentiary hearing on the status of compliance on or near October 12, 2017." *Id.* at ¶ 178(c).

Page 2 – Post-Hearing Questions from the Court

In Plaintiff and Defendant's Memorandum in Support of Joint Motion to Enter Settlement Agreement and Conditionally Dismiss Action, Plaintiff and Defendant cite two cases involving "consent decrees" and a third case that, in essence, is also a consent decree. See Dkt. 4 at 3. *Officers for Justice v. Civil Service Commission*, 688 F.2d 615 (9th Cir. 1982), and *Cemex Inc. v. L.A. County*, 166 F. App'x 306 (9th Cir. 2006), each involved consent decrees, not settlement agreements, let alone a settlement agreement resulting in a conditional dismissal with prejudice. Plaintiff and Defendant note that the "[a]greement is not a consent decree," but explain that "[i]n other contexts, the courts have used consent decree analysis to approve and retain judicial enforcement of court-enforceable agreements that were not consent decrees." Dkt. 4 at 3 n.1 (citing *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990)). In *United States v. Oregon*, the Ninth Circuit explained that "[a] consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *Id.* at 580 (citation omitted). In that case, the district court had previously approved in 1988 the Columbia River Fish Management Plan in litigation concerning treaty rights, *id.* at 579-80, and retained jurisdiction to enforce the terms of an agreement related to that Plan. See *United States v. Oregon*, 787 F. Supp. 1557, 1560 (D. Or. 1992). Rather than conditionally dismissing that case with prejudice, however, the district court continued to maintain that lawsuit on its open docket. See *United States v. Oregon*, Case No. 3:68-cv-00513-KI (D. Or.).

In the pending action, the Parties ask the Court expressly to retain jurisdiction to enforce the terms of the Agreement. That is generally allowed. In *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008 (9th Cir. 2007), the Ninth Circuit explained:

> [A] federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms,

Page 3 – Post-Hearing Questions from the Court

> or the court has retained jurisdiction over the settlement contract. In both instances, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction.

*Id.* at 1017 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)). Thus, in order for the Court to have subject matter jurisdiction post-dismissal, a Party must affirmatively allege a violation of the settlement agreement. This appears to explain why the PSA states: "*If the case has not yet been dismissed*, the Parties agree to ask the Court for a non-evidentiary hearing on the status of compliance on or near October 12, 2017." PSA, Dkt. 4-1 at ¶ 178(c) (emphasis added).

The Court presents the following questions to the Parties and requests that any responses be filed not later than March 11, 2014.

## QUESTIONS FROM THE COURT

**QUESTION 1:**

If the Agreement were approved and the case conditionally dismissed with the Court expressly retaining jurisdiction to enforce the Agreement, would the Court have jurisdiction to direct all four Parties to appear for periodic hearings to provide the Court with reports on the status of compliance in the absence of an affirmative allegation by the Plaintiff or the Defendant of non-compliance? If so, what legal authority supports this conclusion?

**QUESTION 2:**

May the Court approve the Agreement without dismissing the complaint with prejudice and then stay the action in anticipation of dismissing the complaint with prejudice after the City has substantially complied with all provisions of the Agreement and maintained substantial compliance with all provisions for one year, as envisioned in

Page 4 – Post-Hearing Questions from the Court

PSA, ¶ 178? In other words, is an amendment to the Agreement necessary for the Court to approve the Agreement without dismissing the complaint with prejudice at this time?

**QUESTION 3:**

If the Court approves the Agreement and stays the litigation without dismissing the complaint with prejudice at this time, and if the Court directs all four Parties to appear for periodic hearings to provide the Court with reports on the status of compliance, may the Court also direct the Compliance Officer Community Liason ("COCL") to appear before the Court at these periodic hearings and report to the Court on the status of compliance? Is an amendment to the Agreement necessary for the Court to achieve this result?

**QUESTION 4:**

If the Court were to hold hearings every six months during which all four Parties and the COCL would provide the Court with periodic reports on the status of compliance, even in the absence of an affirmative allegation by the Plaintiff or the Defendant of non-compliance, would that be an appropriate frequency of hearings to promote compliance with the Agreement?

**QUESTION 5:**

In the Agreement, "supported by evidence" is defined as meaning the standard of proof applied in Citizen Review Committee appeals pursuant to Portland City Code Section 3.21.160, which refers to the "reasonable person" standard. PSA, ¶ 61; *see also* PSA, ¶ 67(d). In light of the comments raised during the Fairness Hearing, is this standard of review, as opposed to, for example, a "preponderance of the evidence" standard, adequate to achieve the objectives of the Agreement?

Page 5 – Post-Hearing Questions from the Court

**QUESTION 6:**

The Agreement provides that the local Community Care Organizations "will establish, *by mid-2013*, one or more drop-off center(s) for first responders and public walk-in centers for individuals with addictions and/or behavioral health service needs." PSA, ¶ 89 (emphasis added). This has not yet occurred. Does this portion of the Agreement require amendment in order to avoid being substantially out of compliance the moment the Agreement is approved?

**QUESTION 7:**

The Agreement provides that "[a]ppeals to [the Citizen Review Committee] shall be resolved within 21 days." PSA, ¶ 121. In light of the comments raised during the Fairness Hearing, is 21 days a reasonable timeframe in light of the objectives of the Agreement?

**QUESTION 8:**

In light of some of the comments raised during the Fairness Hearing, do the Parties believe that the Independent Police Review Division and the Citizen Review Committee provide a fair, reasonable, and adequate process by which citizens can make complaints against Portland police officers and have confidence that complaints will be adequately investigated and resolved?

**QUESTION 9:**

The Agreement provides that within 90 days after the Effective Date, the City and Portland Police Bureau "shall review its protocols for compelled statements to PSD [Professional Standards Division] and revise as appropriate so that it complies with applicable law and current professional standards, pursuant to *Garrity v. New Jersey*, 385

U.S. 493 (1967)." PSA, ¶ 124. What revisions to the protocols do the Parties currently anticipate will be made? Do the Parties anticipate any changes being made either to the "communication restriction order" or to the "48-hour rule" under ¶¶ 124-125 of the Agreement? How would these changes, or absence of changes, affect the ability of the Agreement to achieve its goals? Should these revisions become part of the Agreement?

**QUESTION 10:**

The Agreement, as it appeared in December 2012, anticipated that the City will have substantially complied with all provisions by October 12, 2017. PSA, ¶ 178. Is that still the expectation of the Parties? If not, does this portion of the Agreement require amendment?

**QUESTION 11:**

The Agreement anticipates that the Parties may ask the Court to terminate the Agreement after the City has substantially complied with all provisions of the Agreement "and maintained substantial compliance with all provisions for one year. PSA, ¶ 178(c). Is one year a sufficient period of time to promote the objective of maintaining substantial compliance with the Agreement? Would a five-year period of maintenance after substantial compliance better satisfy the objectives of the Agreement? Would extending the period of time for demonstrating maintenance of "substantial compliance" require an amendment to the Agreement?

**QUESTION 12:**

A number of police departments provide officers with "on-officer recording systems" (also known as "body cameras," "body cams," or "cop cams"), which are small, pager-sized cameras that clip onto an officer's uniform or glasses or are worn as a

Page 7 – Post-Hearing Questions from the Court

headset. These devices record audio and video of the officer's interactions with the public. Please explain whether requiring these devices would promote the objectives of the Agreement and, if so, why such a requirement was not included.

**QUESTION 13:**

Do the Parties want additional time to consider amending the PSA in light of any of the comments raised during the Fairness Hearing or in these post-hearing questions from the Court? If so, how much time do the Parties want? If not, please discuss how the PSA is fair, reasonable, and adequate in light of the comments raised during the Fairness Hearing and the issues presented in these post-hearing questions from the Court.

DATED this 28th day of February, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge