```
                UNITED STATES DISTRICT COURT

                    DISTRICT OF OREGON

                    PORTLAND DIVISION


UNITED STATES OF AMERICA,       )
                                )
                   Plaintiff,   ) No. 3:12-CV-02265-SI
                                )
         v.                     )
                                )
CITY OF PORTLAND,               )
                                )
                   Defendant.   )




                 TRANSCRIPT OF PROCEEDINGS

             THE HONORABLE MICHAEL H. SIMON

             U.S. DISTRICT JUDGE PRESIDING

                    PORTLAND, OREGON

                     APRIL 28, 2014


                    TELEPHONIC HEARING




Reported by:  Bridget Montero
              Oregon CSR 08-0408, CRR, RMR
              bridgetmontero@yahoo.com
              (714)873-7248
```

```
 1   APPEARANCES OF COUNSEL (Appearing telephonically):
 2
 3   Plaintiff:          Adrian L. Brown
                         Billy J. Williams
 4                       Michelle A. Jones
                         R. Jonas Alexander Geissler
 5
 6   City of Portland:   Ellen C. Osoinach
                         David Woboril
 7
 8   Portland Police:    Anil Karia
 9
10   Albina Ministerial: Jessica Ashlee Albies
                         Shauna M. Curphey
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1           PORTLAND, OREGON; APRIL 28, 2014; 2:03 P.M.
2                             - - - - -
3
4           THE CLERK:  Your Honor, this is the time set
5   for a telephone conference in Civil Case 12-2265-SI,
6   United States of America vs. City of Portland.
7           Counsel, there's a court reporter present, so
8   please be sure to state your name before you speak.
9           And here's Judge Simon.
10          THE COURT:  Good afternoon, everyone.
11          I understand we originally had today as one of
12  the amended deadlines for the parties to let me know the
13  status, and then someone asked for this telephone
14  conference, and I said that would be fine.
15          And so who would like to speak?
16          MS. JONES:  Your Honor, I'd like to start.  My
17  name is Michelle Jones, and I represent the United
18  States in this matter.
19          First of all, I'd like to thank you for -- for
20  your flexibility and giving the parties time to come
21  together and try to work out an agreement to the
22  situation.  So thank you for giving us that room.
23          And I just would like to start by summarizing
24  our understandings and how we got to where we are.  We
25  understand that the Court found the settlement agreement

1  between the City and the United States to be
2  substantially fair, adequate, and reasonable, but we
3  understand that you also had some concerns about the
4  procedure the parties contemplated, so what would happen
5  once the agreement is entered in the court.
6          And, in particular, we understand that you're
7  interested in receiving information about the City's
8  progress in implementing the agreement throughout the
9  duration of the case, and you didn't want five years to
10 go by and not having heard anything about -- about the
11 case, and then being faced with a decision about whether
12 the case should be terminated at that point.
13         We also heard you express concerns about
14 ordering the City and the PPA to appear for annual
15 status conferences without there being a finding of
16 liability on the record.  At the same time, while the
17 U.S. and the AMA Coalition made clear to the Court its
18 position on that question in its briefing papers, the
19 City and the PPA also were clear in their -- as to what
20 they believe the Court's authority was in ordering the
21 annual status conferences.
22         All of the parties, I think it's fair to say,
23 believe that it's preferrable to present the Court with
24 a negotiated order, if possible, in a way that resolves
25 the Court's concerns, and at the same time, because it's

```
 1   entered with the consent of the two -- or the defendant
 2   and the intervenor defendant in this matter, it
 3   eliminates the possibility that this case would be
 4   bogged down, potentially, in an appeal.
 5             So what the parties have been working on is a
 6   negotiated agreement.  And what that agreement
 7   contemplates is that the City would hold an annual city
 8   council hearing regarding the City's compliance with the
 9   settlement agreement, and that the City would provide
10   the Court with a video recording, a transcript, and
11   copies of all exhibits that are received at that
12   hearing, as well as within a two-week window -- a
13   one-week to two-week window following that hearing where
14   additional exhibits could be submitted.
15             And then, thirdly, the Court would have the
16   opportunity to review all of these materials and
17   propound any questions that it so had about the City's
18   compliance with the settlement agreement to the City in
19   writing, and would obligate the City to respond to those
20   questions.
21             So, in broad brushes, that is generally what
22   the parties have been -- have been moving towards
23   agreement on.  There are still a few details and nuances
24   that we are trying to work out, and -- but we wanted to
25   have this teleconference rather than asking for an
```

1  additional extension, and we wanted to inform the Court
2  what the parties were working on, and also give you a
3  sense of our timeline going forward should this
4  resolution that we -- that we're close to being able to
5  propose to you be acceptable to the Court.
6          THE COURT:  Does anyone else wish to speak?
7          Thank you, Ms. Jones.
8          All right.  Hearing no one else wishing to
9  speak, let me tell you that that is not consistent with
10 what I described in court, and it would be my current
11 inclination to disapprove the settlement agreement, if
12 that is the proposal from the parties.
13         And I'll put my reasons in writing when you're
14 ready for me to do so, but I don't consider that to be
15 sufficient.
16         So anything else right now?  Or do you want me
17 to just go ahead and put my disapproval in writing with
18 my reasons and enter that as an order, disapproving the
19 settlement agreement?
20         MS. CURPHEY:  Well, Your Honor, I think -- I'm
21 sorry.  This is Shauna Curphey for the AMA Coalition.
22         I think the AMA Coalition would like to be
23 heard on -- if this is your position, but -- you don't
24 approve this negotiation, we would like to be heard
25 on -- we'd like to submit a brief regarding your earlier

1  proposed order and the legal basis for your authority
2  and your decision to enter that order even without the
3  parties' agreement.
4        THE COURT: You're welcome to do that. I'm
5  not quite -- it's not quite clear to me what it is that
6  you would be advocating for or urging.
7        Do you want to spell that out now? You don't
8  have to.
9        MS. CURPHEY: Well, I think we would be
10 advocating for -- you presented a paper draft of a
11 proposed order at our May -- or March 24th hearing, and
12 I think at that hearing, the Department of Justice
13 proposed you being able to -- or being amenable to you
14 dismissing the case for prejudice but, nonetheless,
15 holding the periodic status hearings.
16        The AMA Coalition would like to -- I mean, we
17 focused on the legality at the hearing. We've also
18 prepared a brief regarding your authority and
19 jurisdiction to do that, even over the parties'
20 objection.
21        THE COURT: Well, one of the concerns I would
22 have, if I did that over the parties' objections, is
23 that one of the parties, or more, could then appeal that
24 order. Maybe you're right, that I'd be upheld. Maybe
25 you're not right. But, most likely, we'd be adding

1   about a year-plus delay to the final resolution.
2           And so rather than take that chance on having
3   further delay, what I'm probably going to do is just
4   simply to find that the terms as proposed are not fair,
5   reasonable, and adequate, and then set a trial date.
6           MR. GEISSLER:  Your Honor, this is Jonas
7   Geissler from the United States.
8           I would propose -- Your Honor, first, thank
9   you for taking the time today and extending the deadline
10  for us, as parties.
11          So I would propose, Your Honor, that in light
12  of Your Honor's statement today, that perhaps we could
13  return to our clients and discuss with them the
14  possibility of going to trial versus whatever other
15  possibilities might exist.  And I would ask Your Honor
16  for a slight -- grace and perhaps another three days
17  before entering an order.
18          THE COURT:  Did you say 30 days?
19          MR. GEISSLER:  Three days.  Three days.  Your
20  Honor, if we came back in three days and said we believe
21  that there's a possibility of settlement, perhaps we
22  might ask Your Honor for an additional extension, with a
23  different understanding of what that settlement might
24  look like, but if we're bound to our positions on the
25  current arrangement, then I think we could probably

1  figure that out within three days.
2  　　　　THE COURT: All right. And then -- let's see.
3  Looks to me, to give you three full days, I'd be fine
4  with holding another telephone status conference this
5  Friday, May 2nd. Will that work for everyone?
6  　　　　MS. OSOINACH: Your Honor, this is Ellen
7  Osoinach for the City of Portland.
8  　　　　I'm actually going to be out town and
9  unavailable by phone. I'll be back on Tuesday.
10 　　　　THE COURT: Here's where we are. I can either
11 do it on Thursday, if you think -- May 1st, if you think
12 that gives you all enough time, but then I have a
13 meeting, a federal judges' meeting, in Washington, D.C.,
14 next Monday, Tuesday, and Wednesday, so I am not going
15 to be available until the 8th. If you all would like to
16 do it on May 1st, that's fine.
17 　　　　Frankly, these are important enough issues, if
18 you'd prefer to wait until May 8th, that's fine with me,
19 too.
20 　　　　MR. GEISSLER: I think we'll have to defer to
21 the City -- number of clients that need to come together
22 and think about this.
23 　　　　THE COURT: Okay. Ms. Osoinach?
24 　　　　MS. OSOINACH: Due to my vacation schedule,
25 I'd appreciate May 8th.

```
 1              THE COURT:  All right.  Now that I said that,
 2   let me check my calendar.  I'm pretty sure we can do it.
 3              Yeah, we can.  So will May 8th work for
 4   everyone for a telephone status conference?  Frankly, I
 5   think the most efficient thing to do is if it won't work
 6   for someone, speak up.
 7              MS. ALBIES:  This is Ashlee Albies from the
 8   AMA Coalition.
 9              I am set for trial on Monday, Tuesday, and
10   Wednesday -- 5th, 6th, 7th -- I don't expect it to go to
11   the 8th, but as long as Ms. Curphey is available, I
12   think we're okay.
13              Shauna, are you available?
14              MS. CURPHEY:  Yes.
15              This is Shauna.  I'm available that day.
16              MS. ALBIES:  Then I think we're covered.
17              THE COURT:  All right.  Does anyone have any
18   preferences for times?  I'm reasonably open.  I've got
19   some -- a hearing from 2:30 to 3:30.
20              MS. JONES:  Your Honor, only because of the
21   time difference in the East Coast, I would request that
22   it would be before 2:00 p.m. Pacific time.
23              THE COURT:  And who was that speaking?
24              MS. JONES:  My apologies.  It's Michelle Jones
25   for the United States.
```

```
 1              THE COURT:  All right.  Will 1:30 p.m. Pacific
 2   time work for everyone?
 3              MS. CURPHEY:  Works for the City, Your Honor.
 4              MR. KARIA:  Works for -- Your Honor.
 5              THE COURT:  Ms. Jones?
 6              MR. KARIA:  Works for the PPA, Your Honor.
 7              THE COURT:  Okay.
 8              MS. JONES:  Yes, Your Honor.  Thank you.
 9              THE COURT:  Thank you.
10              And I heard from Mr. Karia and Ms. Curphey.
11              So we'll schedule our next status conference
12   on Thursday, May 8th, by telephone at 1:30 p.m. Pacific
13   time.  And that will be fine.  All right.
14              MS. OSOINACH:  Your Honor, this is Ellen
15   Osoinach from the City.
16              The City ordered a transcript of the last
17   hearing and order to precisely discern your intent from
18   your statements from the bench, and I hear you saying
19   that the consent that we came up with doesn't satisfy
20   your concerns, and I'm wondering if you're willing to
21   give us a little more information right now about why it
22   is that a hearing by city council, in which we give the
23   Court information and allow the Court to interact with
24   city council is -- doesn't meet your concerns.
25              THE COURT:  No, I'm not.  I want to choose my
```

```
 1   words very carefully on this important matter.  I've
 2   spoken at our last hearing, and I said what I said, and
 3   now if -- I do recognize the need for me expressing my
 4   reasons for why the proposal is insufficient, but I'd
 5   rather do that in writing where I can choose my words
 6   carefully, because my guess is that if somebody
 7   disagrees, they'll take it up on appeal.  And I want to
 8   make sure that I choose my words carefully, and that my
 9   opinion is as well-supported, legally, as I can make it.
10           And so if and when you tell me you're ready
11   for me to rule, then I'll issue my ruling in writing.
12   And also I'd be prepared to do it relatively quickly,
13   too, of course, but I'm going to choose my words
14   carefully and put them in writing.
15           MS. OSOINACH:  Understood, Your Honor.  Okay.
16   That's all I've got.  Thank you.
17           THE COURT:  Okay.  So I'm going to right now
18   suspend the status report that is due today, and it will
19   be discussed -- and schedule our next status conference,
20   by telephone, for Thursday, May 8th, at 1:30 p.m., at
21   which time we'll either set a new deadline to hear or
22   report back from the parties, or you can tell me that
23   there's nothing further that the parties wish to say,
24   and then I'll issue my opinion.
25           And then also at some point, depending upon
```

```
 1   which direction we go, I'd like the parties to confer
 2   about the setting of a trial date, if that's the
 3   direction we go in, so that you at least have talked
 4   among yourselves before you start talking with me about
 5   a trial day.  But I don't want to get ahead of ourselves
 6   on that issue.
 7            Is there anything else that anyone wants to
 8   talk about in this status conference right now?  Let me
 9   start with Plaintiff United States.
10            MS. JONES:  Nothing else, Your Honor.  Thank
11   you.
12            THE COURT:  Anything further from the City of
13   Portland on this call?
14            MS. OSOINACH:  Nothing further.  Thank you.
15            THE COURT:  And from the Portland Police
16   Association, Mr. Karia?
17            MR. KARIA:  Nothing further.  Thank you.
18            THE COURT:  And anything further from the
19   Albina Coalition?
20            MS. ALBIES:  No.  Thank you, sir.
21            THE COURT:  Okay.  Then for those of you that
22   will be on vacation, have a good vacation.  Everyone
23   else -- well, all of you, I look forward to speaking
24   with you on May 8th.  Thank you very much.  Bye-bye.
25            (Proceedings concluded at 2:18 p.m.)
```

```
1                          C E R T I F I C A T E
2
3            I hereby certify that the foregoing is a true
4    and correct transcript from the stenographic record of
5    the proceedings in the foregoing matter.
6
7    /s/Bridget R. Montero
     Bridget R. Montero                    Date:  May 9, 2014
8    Official Court Reporter Pro Tem
     Oregon CSR No. 08-0408
9
10
...
25
```