# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | **PROPOSED STIPULATED ORDER ENTERING SETTLEMENT AGREEMENT** |
| **CITY OF PORTLAND**, | |
| Defendant. | |

S. Amanda Marshall, United States Attorney; Adrian L. Brown and Billy J. Williams, Assistant United States Attorneys, David W. Knight, Special Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Plaintiff.

Jocelyn Samuels, Acting Assistant Attorney General; Jonathan M. Smith, Chief; Laura Coon, Special Counsel, R. Jonas Geissler and Michelle Jones, Senior Trial Attorneys, Special Litigation Section; Civil Rights Division, United States Department of Justice, 50 Pennsylvania Avenue, NW, Washington, D.C. 20530. Of Attorneys for Plaintiff.

Tracy Reeve, City Attorney; David Woboril, Senior City Attorney; Ellen Osoinach, Deputy City Attorney, Office of the City Attorney, 1221 S.W. Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant.

Anil S. Karia, Tedesco Law Group, 3021 N.E. Broadway, Portland, OR 97232. Of Attorneys for Intervener-Defendant Portland Police Association.

**Michael H. Simon, District Judge.**

The United States of America ("Plaintiff" or "United States") brought this lawsuit against the City of Portland ("Defendant" or "City of Portland") under 42 U.S.C. § 14141. The United States and the City of Portland have entered into a proposed Settlement Agreement ("Settlement Agreement") and have jointly moved the Court to accept the Settlement Agreement and enter the Settlement Agreement as an Order of the Court. Both the United States and the City of Portland agree that entering into the Settlement Agreement, rather than engaging in contested litigation, is the best way to

# EXHIBIT A

resolve the claims brought by the United States in this matter, which concern policing practices in the City of Portland.  Both the United States and the City of Portland further agree that it will likely take several years for the City of Portland substantially to comply with all of the provisions of the Settlement Agreement.  In addition, both the United States and the City of Portland jointly ask the Court to retain jurisdiction over this action for all purposes until the City of Portland has substantially complied with all provisions of the Settlement Agreement and maintained substantial compliance with all provisions for one year.

At the Court's request, the United States, the City of Portland, Intervener-Defendant Portland Police Association ("PPA"), Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform ("AMA Coalition") engaged in mediation.  The mediation produced two separate agreements: a Memorandum of Agreement ("MOA") between the United States, the City of Portland, and the PPA; and a Collaborative Agreement between the United States, the City of Portland, and the AMA Coalition.

The MOA "is intended to facilitate implementation of the Settlement Agreement with the support of PPA while preserving [its] ability to protect its members' collective bargaining rights."  The United States, City of Portland, and the PPA ask the Court to retain jurisdiction over the MOA for the purpose of resolving certain disputes according to the procedures set forth therein.

As a result of the MOA and the Collaborative Agreement, the PPA and the AMA Coalition withdrew their objections to the Court's acceptance of the Settlement Agreement.

# EXHIBIT A

The question before the Court is whether the Settlement Agreement, as a whole, is fair, adequate, and reasonable as a means of resolving the claims raised in the Complaint. To assist the Court in answering that question, the Court held a Fairness Hearing on February 18 and 19, 2014, and received both pre-hearing and post-hearing written submissions and oral testimony from the United States, the City of Portland, the PPA, the AMA Coalition, and numerous members of the public.

The Court raised concerns regarding its ability to receive timely information regarding implementation of the Settlement Agreement. Under the Agreement, a Compliance Officer / Community Liaison (COCL) will possess the information needed by the court. The COCL will have expertise in police practices, community engagement and crisis intervention methods. The Agreement requires that the COCL be independent of any City office and the police bureau and responsive to the entire City Council, the public, and the United States. The Agreement requires the COCL to synthesize data related to PPB's use of force and report to the United States, City Council and the public.

The COCL is also required to gather input from the public related to the City's compliance with the Agreement. The COCL will issue quarterly reports following review and comment by a Community Oversight and Advisory Board (COAB). The COCL will present the quarterly report drafts in open town hall meetings where any member of the public, including individuals and organizations associated with the AMA Coalition, will have the opportunity to comment and raise concerns. During a 30-day comment period, members of the public will also have an opportunity to submit comments to the COAB about the draft report. The COAB is responsible for gathering this input from the public at large, as well as documenting the comments received at the

Page 3 – Order Entering Settlement Agreement

# EXHIBIT A

town hall meeting, and presenting all this input to the COCL along with its comments to the draft report.  Having the COCL appear annually and share information with the Court on the status of the City's compliance would keep the Court timely informed of the progress of implementation, any obstacles or impediments to achieving substantial compliance, and a broad range of public sentiment regarding implementation.

After reviewing the Settlement Agreement and considering the views of the Parties and all public comments received, the Court finds that the Settlement Agreement is fair, adequate, and reasonable to address the claims raised in the Complaint and, accordingly, hereby:

ORDERS that the Settlement Agreement shall be and is entered as an Order of the Court;

RECOGNIZES that this Order approving the Settlement Agreement is entered with the consent of Plaintiff United States, Defendant City of Portland and Intervener-Defendant PPA and any modification to this Order related to the Settlement Agreement must also be with the consent of these Parties;

RECOGNIZES that the portion of the Order retaining jurisdiction over the MOA is entered with the consent of the United States, the City of Portland, and the PPA and any modification to this Order related to the MOA must also be with the consent of the United States, the City of Portland, and the PPA;

ORDERS that the Complaint is conditionally dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), subject to the terms consented to by the Parties and that the Court considers proper as set forth below;

EXHIBIT A

ORDERS that when requested by the United States or upon a joint request from the United States and the City of Portland, the Court shall issue a final judgment with prejudice dismissing the action and terminating the case pursuant to Federal Rule of Civil Procedure 54 and subject to 28 U.S.C. § 1291; or, if, the United States does not find the City of Portland is in substantial compliance for a period of one year, and the City of Portland contends it has maintained substantial compliance for a period of one year, the City of Portland may request a final judgment dismissing the action and terminating the case pursuant to Federal Rule of Civil Procedure 54 and subject to 28 U.S.C. § 1291, and the Court shall issue a final judgment with prejudice only upon the City of Portland's showing by preponderance of evidence that the City of Portland is in substantial compliance and has maintained substantial compliance with the terms of the Settlement Agreement for one year;

ORDERS that the Court retain jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, to enforce any provision of the Settlement Agreement upon motion of the United States or City of Portland as provided for in paragraph 183 of the Settlement Agreement and to enforce the MOA between the United States, the City of Portland, and the PPA as provided for in paragraph 12 of the MOA;

ORDERS that only the United States or the City of Portland may bring an enforcement action under the terms of the Settlement Agreement, as referenced in the above paragraph, and that absent such an action by the United States or the City of Portland, no such order to enforce the Settlement Agreement may be issued;

ORDERS that only the United States, the City of Portland, or the PPA may bring an enforcement action under the terms of the MOA, as referenced in the above paragraph,

EXHIBIT A

and that absent such an action by the United States, the City of Portland, or the PPA no such order to enforce the MOA may be issued;

ORDERS the City of Portland to direct the Compliance Officer/Community Liaison ("COCL") to appear before the Court in open session approximately annually to make a presentation to the Court on the status of the City of Portland's compliance with the Settlement Agreement and to describe any obstacles or impediments toward that end and to respond to questions from the Court about compliance, subject to the following conditions:

1.  Absent a motion to enforce the Settlement Agreement by the United States or the City of Portland, the Court will not use the annual report appearance to *sua sponte* order the Parties to administer, enforce, or construct the Settlement Agreement in any particular way;

2.  Absent a motion to enforce the MOA under paragraph 12 of the MOA, the Court will not use the annual report appearance to *sua sponte* order the Parties to administer, enforce, or construct the MOA in any particular way;

3.  The appearance by the COCL is intended to be an opportunity for the Court to satisfy its need for information about the status of compliance and not subject to any adversarial process. To that end, the Court is unrestricted in its inquiry as to compliance, but the Parties and Enhanced Amicus will not participate in the exchange between the Court and the COCL, submit briefing or questions, engage in argument or make presentations to the Court.

4.  Other than the COCL's presentation and any supporting documents the COLC chooses to provide, no witnesses, proffers of evidence, briefs, written

# EXHIBIT A

submissions, or testimony from the Parties, Enhanced Amicus, individuals, or organizations are permitted at the report appearance;

ORDERS the City of Portland to submit to the Court in a timely fashion the COCL's final quarterly reports, which are referenced in paragraphs 162-164 of the Settlement Agreement, including any comments thereto from the United States or the Community Oversight and Advisory Board ("COAB");

ORDERS that the City of Portland will not be required to undertake any additional actions or create any additional reports absent an enforcement action by the United States and either a finding of noncompliance or a successfully mediated resolution; and

ORDERS that for all other purposes, this civil action is placed on the Court's inactive docket subject to recall to the active docket should the United States move to enforce the Settlement Agreement.

**IT IS SO ORDERED.**

DATED this _____ day of June, 2014.

_____
Michael H. Simon
United States District Judge

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

# EXHIBIT A

Presented by:

| For the United States: | |
|---|---|
| S. AMANDA MARSHALL<br>United States Attorney<br>District of Oregon<br><br><br>*/s/ David W. Knight*<br>DAVID W. KNIGHT<br>Special Assistant U.S. Attorney<br>ADRIAN L. BROWN<br>BILLY J. WILLIAMS<br>Assistant U.S. Attorneys | JOCELYN F. SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>JONATHAN M. SMITH<br>Chief, Special Litigation Section<br>*/s/ Laura L. Coon*<br>LAURA L. COON<br>Special Counsel<br><br>*/s/ R. Jonas Geissler*<br>R. JONAS GEISSLER<br>*/s/ Michelle A. Jones*<br>MICHELLE A. JONES<br>Senior Trial Attorneys |
| **For the City of Portland:** | **For the Portland Police Association:** |
| */s/ Tracy Pool Reeve*_____<br>TRACY POOL REEVE<br>City Attorney<br><br>*/s/ David Woboril*_____<br>DAVID WOBORIL<br>Senior Deputy City Attorney<br><br>*/s/ Ellen C. Osoinach*_____<br>ELLEN C. OSOINACH<br>Deputy City Attorney | */s/ Anil S. Karia*____<br>ANIL S. KARIA |