J. ASHLEE ALBIES      OSB #051846
E-mail: ashlee@civilrightspdx.com
CREIGHTON & ROSE, PC
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:       (503) 223-1516

SHAUNA CURPHEY, OSB # 063063
E-mail: scurphey@curpheylaw.com
CURPHEY & BADGER, P.A.
520 SW 6th Avenue, Suite 1040
Portland, OR 97204
Phone: (503) 241-2848

*Of Attorneys for Enhanced Amicus AMA Coalition for Justice and Police Reform*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:12-cv-02265-SI |
| Plaintiff, | **AMA COALITION'S BRIEF IN SUPPORT OF THE COURT'S PROPOSED PERIODIC HEARINGS** |
| v. | |
| CITY OF PORTLAND | |
| Defendant. | |

The Albina Ministerial Alliance Coalition for Justice and Police Reform (AMA Coalition) hereby submits it brief in support of the Court's proposed order presented to the parties at the March 24, 2014 hearing on entry of the Proposed Settlement Agreement.

I.      **BACKGROUND**

The United States Department of Justice (DOJ) brought this action against the City of

Portland (City), pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42

USC §14141. Dkt 1. The Complaint alleges that the Portland Police Bureau (PPB) has engaged

in a pattern or practice of using excessive force on individuals with actual or perceived mental

illness, in violation of the Fourth Amendment to the U.S. Constitution. *Id.* Shortly after filing the

Complaint, the United States moved jointly with the City of Portland asking the Court to enter an

order approving the Proposed Settlement Agreement (PSA) and conditionally dismiss this

litigation pending the City's implementation of the Agreement. Dkt 3.

Following the City and DOJ's joint motion, the Portland Police Association (PPA) moved

to intervene as a defendant in the action, Dkt. 7, and the AMA Coalition moved to intervene on

the side of the Plaintiff, Dkt.19. The Court granted the PPA's motion to intervene in the remedy

phase, denied the AMA Coalition's motion to intervene in the remedy phase, but granted the

AMA Coalition enhanced *amicus curiae* status. The Court further directed the parties to

participate in mediation to address the concerns raised by the PPA and the AMA Coalition in

their respective motions to intervene. *Id.*

The mediation resulted in no changes to the PSA. Instead, the AMA Coalition entered

into a Collaborative Agreement with the City and the DOJ, in which it agreed not to object to

entry of the PSA. Dkt. 55. The PPA entered a Memorandum of Agreement (MOA) with the City

and the DOJ, in which it too agreed to withdraw its objections to the PSA. Dkt. 54, Ex. A.

The Court held a Fairness Hearing in February 2014 to accept public testimony on

whether the PSA is, as a whole, fair, adequate and reasonable. Dkt. 53. The Court then presented

questions to the parties regarding the PSA's provisions and the Court's role following its entry.

Dkt. 61.

At the hearing on the entry of the PSA on March 24th, 2014, the Court indicated that, while the PSA was substantively fair, adequate, and reasonable, the Court found it was not procedurally adequate. Specifically, the Court expressed concern that, if it entered the PSA, more than three years would lapse before it heard from the City and the DOJ regarding its implementation. The Court therefore presented a proposed order to stay the action and hold a hearing at least annually, at which the parties would report to the Court on the implementation of the PSA, and to respond to the Court's questions on any issues.

The AMA expressed its support for the Court's proposal, and further argued that the Court had the authority to order the hearings, despite the objections of the City and the PPA. The DOJ offered an alternative proposal that the Court conditionally dismiss the case and call the parties back for an annual hearing, at which the Court could ask questions. The other parties did not agree to those terms at the hearing, however, and sought more time to present the Court's proposal to their respective clients. The Court therefore allowed the parties additional time to decide whether to accept its proposal, or an alternative proposal, or to submit additional briefing on the issue.

On June 20, 2014, the City, the PPA, and the DOJ filed a motion in support of an alternative proposal that the Compliance Officer/Community Liaison (COCL) appear before the court annually to present documents and answer questions regarding the status of the City's compliance with the PSA, but expressly not allow the participation of the Parties. The AMA objects to the alternative proposal jointly presented by the City, DOJ and the PPA, and thus submits this brief in support of the compromise proposed by the DOJ at the March 24, 2014 hearing.

Specifically, the AMA Coalition supports the alternative proposal that the Court enter the PSA as an order of the Court and order that the case be conditionally dismissed, with the following conditions:

1) that the Court retain jurisdiction to enforce any provision of the PSA, as set forth in the PSA;

2) that the Court retain jurisdiction over the MOA, as set forth in the MOA;

3) that the City provide the final quarterly reports created by the COCL to the Court in a timely fashion;

4) that the Parties and the COCL (by ordering the City of Portland to so direct the COCL) appear before the Court for non-evidentiary status hearings to be held approximately annually, unless otherwise ordered by the Court, to describe to the Court the progress being made toward achieving substantial compliance with all provisions of the PSA and any obstacles or impediments toward that end and to otherwise respond to the Court's questions on those issues.

## II.   DISCUSSION

### A.  The Court Has the Authority To Direct the Parties To Appear for Periodic Hearings.

As stated in the AMA Coalition's brief in response to the Court's questions, should the Court approve the PSA, it has the authority to retain jurisdiction to direct all four Parties to appear for periodic hearings. The City and the DOJ asked the Court to conditionally dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkts. 3, 4. "The language of Rule 41(a) (2) indicates that the dismissal of the action is contingent *both* 'upon order of the court' *and* '"upon such terms and conditions as the court deems proper."' *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) (citing Rule 41(a)(2)). Thus, "the voluntary dismissal

cannot take effect until a court order has been entered and the terms and conditions imposed by the court are complied with. This grants to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous." *Id.*

Here, the DOJ has indicated that it is amenable to the annual hearings proposed by the Court. Specifically, the DOJ's responses to the Court's post-hearing questions state, "[T]he Court has the jurisdiction to direct parties in matters before it to appear for periodic status hearings." Dkt. 63, p. 5. Moreover, at the March 24 hearing, the DOJ expressed to the Court that it supported a conditional dismissal with the inclusion of the Court's proposed condition requiring annual status hearings on compliance. Thus, the Plaintiff does not consider the annual hearings as "too onerous" a condition.

Moreover, the case law regarding dismissal under Rule 41(a)(2) indicates that all parties need not agree before a court may impose conditions on a dismissal. In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court indicated that, under 41(a)(2) "the parties' compliance with the terms of the settlement . . . may, *in the court's discretion*, be one of the terms set forth in the order" whereas, under 41(a)(1), the court could embody the settlement in its dismissal only *if the parties agree.* 511 U.S. 375, 381 (1994) (emphasis added). Thus, under Rule 41(a)(2), the Court has discretion to place conditions on its dismissal of the present suit. *See id.*

### B. The Court Has Subject Matter Jurisdiction to Conduct the Periodic Hearings If It Expressly Retains Jurisdiction in Its Order of Dismissal.

If a court places a condition on dismissal under Rule 41(a)(2), continued jurisdiction exists if the dismissal order includes an express retention of jurisdiction. *See Sea Hawk Seafoods, Inc. v. Alaska*, 439 F.3d 545, 549 (9th Cir. 2006) ("Where a settlement agreement led to the

dismissal of a case, a court has jurisdiction to vindicate its authority or effectuate its decree if the court's dismissal order explicitly retained jurisdiction or incorporated the terms of the settlement agreement.").

Moreover, that retention of jurisdiction is effective even if the court conditionally dismisses the action with prejudice. *RE/MAX Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 643-645 (6th Cir. 2001) (court had jurisdiction to enforce settlement agreement, despite previous dismissal with prejudice, where dismissal order contemplated retention of jurisdiction); *Gilbert v. Monsanto Co.,* 216 F.3d 695, 698 (8th Cir. 2000) (court's order dismissed the action with prejudice but retained jurisdiction to enforce the settlement); *Kelly v. Wengler,* 2013 U.S. Dist. LEXIS 157230 (D. Idaho July 12, 2013) (district court had jurisdiction to order discovery and a contempt hearing, despite dismissing the action with prejudice, because compliance with the settlement agreement was part of the court's order for dismissal); *see also* Denlow, M., *Federal Jurisdiction in the Enforcement of Settlement Agreements: Kokkonen Revisited,* 2003 FED. CT. L. REV. 2 (2003) (discussing case law on whether courts can retain jurisdiction after dismissing the underlying action with prejudice). Thus, here, the Court may conditionally dismiss the action with prejudice (as requested by the City and the DOJ in their joint motion, Dkt. 3) and maintain jurisdiction to conduct that periodic hearings, and to enforce the PSA.

### C.    The Periodic Hearings Do Not Alter the Settlement Agreement.

The Agreement allows for this Court's continued participation in the implementation of the PSA. The Agreement requires that the DOJ and the City ask the Court to conditionally dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2), PSA at ¶ 178, rather than seek dismissal under Rule 41(a)(1), which governs dismissal by joint stipulation and does not require court approval. *See* Fed. R. Civ. Proc. 41(a). Rule 41(a)(2) explicitly states "an action

may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 42(a)(2). Thus, by invoking Rule 41(a)(2), the Agreement contemplates that the Court may impose conditions on the dismissal.

In addition, the Agreement itself provides that it is void if the Court does *not* retain jurisdiction, PSA ¶ 178, it does not state it is void if the Parties are required to report to the Court. Moreover, the Agreement states "[t]he Court shall retain jurisdiction of this action *for all purposes* until the City has substantially complied with all provisions of this Agreement." PSA, ¶ 178(b) (emphasis added). In light of the foregoing, the PPA's position that the periodic hearings alter the PSA, Dkt. 64, pp. 13-14, is untenable.

**D.      The Periodic Hearings Do Not Alter the MOA.**

The PPA also lacks support for its argument that the periodic hearings would nullify the MOA. The PPA claims that it detrimentally relied on the terms of the existing PSA when it entered the MOA, such that the proposed periodic hearings will undermine the MOA and "force the PPA, the City and the United States back to the table to negotiate a new resolution." *Id. at* 14. The PPA's purported reliance, however, is not thwarted, because the PSA, by its terms, requires Court approval, and the MOA does not address actions the Court might take in that regard. Rather, the MOA focuses on "the mandatorily negotiable decisions/impacts of actions that the *City undertakes* to implement the Settlement Agreement which . . . the PPA knew or reasonably should have known would occur." Dkt. 54-1, p. 2 (emphasis added).

More importantly, the MOA provides that if the PPA, the City and the DOJ are unable to resolve a disagreement over its meaning, any one of those parties may file a motion in this Court to enforce the MOA. Dkt. 54-1 at p. 3. Thus, should the PPA claim that the periodic hearings undermine the MOA, and it is not able to resolve that issue with the City and the DOJ, this Court

will be the final arbiter of that disagreement.

       **E.**      **The Periodic Hearings Are Essential to the Legitimacy of the PSA.**

As explained above, the AMA Coalition believes the Court has the authority to conditionally dismiss this action with prejudice and to hold annual hearings to review compliance with the terms of the PSA. The AMA Coalition has, throughout this process, advocated to make the PSA more effective.  In the wake of mediation, it executed a Collaborative Agreement to ensure the other parties that it would not object to the entry of the PSA, and secured its role as a continuing advocate for reform of the PPB.

As the Court and parties heard at the Fairness Hearing, the community at large remains concerned about the PSA, and its implementation and oversight. The Court's proposed order, and the more limited DOJ proposal, allow for a consistent review by a neutral third party. A neutral, public hearing to answer questions on the status of compliance is essential to the community's faith in, and hence the public legitimacy of, this very process. And, as the Court itself pointed out at the March 24 hearing, the Court will retain some measure of consistency while the DOJ, City and PPA leadership and priorities are subject to change. This system of checks and balances, which the Court recognized as central to a working democracy, is a measured and appropriate approach to ensure the Court of the fairness, adequacy, and reasonableness of the PSA.

      **III.**     **CONCLUSION**

For the reasons stated above, the AMA Coalition respectfully asks the Court to exercise its discretion under Federal Rule of Civil Procedure 41(a)(2), and enter an Order adopting the PSA, conditionally dismissing this action with prejudice, and requiring that the Parties appear for periodic hearings on the status of compliance, as described herein.

DATED: June 20, 2014

Respectfully Submitted,

       *s/ J. Ashlee Albies*         
J. Ashlee Albies, OSB # 051846
ashlee@civilrightspdx.com

  s/ *Shauna Curphey*        
Shauna Curphey, OSB # 063063
scurphey@curpheylaw.com