**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**ADRIAN L. BROWN, OSB #05020**
adrian.brown@usdoj.gov
**BILLY J. WILLIAMS, OSB #90136**
bill.williams@usdoj.gov
Assistant United States Attorneys
**DAVID W. KNIGHT**
david.knight@usdoj.gov
Special Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:   (503) 727-1003
Facsimile:    (503) 727-1117


**JOCELYN SAMUELS**
Acting Assistant Attorney General
**JONATHAN M. SMITH**
Chief
**LAURA COON**
Special Counsel
**R. JONAS GEISSLER**
jonas.geissler@usdoj.gov
**MICHELLE JONES**
michelle.jones2@usdoj.gov
Senior Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Telephone:  (202) 514-6255
Facsimile:  (202) 514-4883


Attorneys for Plaintiff, United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:12-cv-02265-SI** |
| **Plaintiff,** | |
| | **UNITED STATES' MEMORANDUM** |
| **v.** | **IN SUPPORT OF AGREED ORDER** |
| | **ENTERING SETTLEMENT** |
| **CITY OF PORTLAND,** | **AGREEMENT OR,** |
| | **ALTERNATIVELY, FOR ENTRY OF** |
| **Defendant.** | **SETTLEMENT AGREEMENT AND** |
| | **SEPARATE ORDER REQUIRING** |
| | **STATUS CONFERENCES** |

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ............................................................................. 1

II. ARGUMENT ............................................................................................................ 2

A. THIS COURT CONTINUES ITS SUBJECT MATTER
JURISDICTION EVEN AFTER A RULE 41(a)(2) DISMISSAL ................... 2

1. The Supreme Court made clear that District Courts may explicitly
retain  jurisdiction during a Rule 41(a)(2) conditional dismissal ................. 4

2. Statutory requirements for appellate jurisdiction dictate that subject
matter jurisdiction remains with this Court .................................................... 7

3. The Parties have all agreed that this Court retains jurisdiction .................... 9

B. THE COURT'S INHERENT AUTHORITY TO MANAGE ITS
DOCKET INCLUDES THE ABILITY TO ORDER PARTIES TO
APPEAR FOR STATUS CONFERENCES .................................................... 10

1. A court's inherent powers include requiring parties to appear
before it ......................................................................................................... 10

2. Requiring annual status conferences does not support a finding
that litigants' rights have been infringed ..................................................... 13

3. A District Court may impose conditions as part of a 41(a)(2)
dismissal that it believes safeguard the fairness of the order ..................... 15

4. Courts routinely require parties to appear for periodic status
conferences for cases that are conditionally dismissed under 41(a)(2) ....... 16

C. THE COURT SHOULD DEFER TO THE EXECUTIVE AGENCY'S
DETERMINATION THAT THE SETTLEMENT AGREEMENT IS
FAIR, REASONABLE, AND ADEQUATE ................................................... 17

III. CONCLUSION .................................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Andersen* v. *United States*, 298 F.3d 804 (9th Cir. 2002) ................................................... 7

*In re Atlantic Pipe Corp.*, 304 F.3d 135 (1st Cir. 2002) ................................................... 13

*Ayers* v. *City of Richmond*, 895 F.2d 1267 (9th Cir. 1990) ............................................. 14

*Brockton Sav. Bank* v. *Peat, Marwick, Mitchell & Co.*, 771 F.2d 5 (1st Cir. 1985) ......... 11

*Burnette* v. *Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993), *aff'd sub nom.*
    *Burnette* v. *Lockheed Missiles & Space Co.,* 72 F.3d 766 (9th Cir. 1995) .................. 16

*Carson* v. *American Brands, Inc.*, 450 U.S. 79 (1981) ....................................................... 7

*Chevron, U.S.A., Inc.* v. *Natural Resource Defense Council, Inc.*, 467 U.S. 837
    (1984) ....................................................................................................................... 17

*Citigroup Global Markets*, 2014 U.S. App. LEXIS 10516 ............................................... 18

*Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949) ...................................... 8

*In re Cuyahoga Equipment Corp.*, 980 F.2d 110 (2d Cir. 1992) ...................................... 17

*Delil* v. *Point Reyes Seashore Lodge*, 254 Fed. Appx. 633 (9th Cir. 2007) ....................... 5

*G. Heilman Brewing Co., Inc.* v. *Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) ......... 11

*Green* v. *Time-Life Libraries, Inc.*, 51 F. App'x 276 (9th Cir. 2002) ................................. 8

*Hagestad* v. *Tragesser*, 49 F.3d 1430 (9th Cir. 1995) ........................................................ 4

*Hale* v. *Arizona*, 993 F.2d 1387 (9th Cir. 1993) ................................................................ 7

*Hudson Engineering Co.* v. *Bingham Pump Co.*, 298 F. Supp. 387 (S.D.N.Y.
    1969) ....................................................................................................................... 15

## TABLE OF AUTHORITIES (cont'd)

Page(s)

*Kokkonen* v. *Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994) .......... 1, 4, 16

*Landis* v. *N. America Co.*, 299 U.S. 248 (1936) ................................................................ 12

*Link* v. *Wabash R. Co.*, 370 U.S. 626 (1962) ............................................................ 10, 11

*In re NLO, Inc.*, 5 F.3d 154 (6th Cir. 1993) ....................................................................... 10

*National Distribution Agency* v. *Nationwide Mutual Insurance Co.*, 117 F.3d 432
 (9th Cir. 1997) .......................................................................................................... 7, 8

*Natural Gas Pipeline Co. of America* v. *Energy Gathering, Inc.*, 2 F.3d 1397 (5th
 Cir. 1993) .............................................................................................................. 11, 14

*New Hampshire* v. *Maine*, 532 U.S. 742 (2001) .................................................................. 9

*In re Novak*, 932 F.2d 1397 (11th Cir. 1991) ...................................................... 11, 12, 13

*Official Airline Guides, Inc.* v. *Goss*, 6 F.3d 1385 (9th Cir. 1993) ................................... 14

*Ex parte Peterson*, 253 U.S. 300 (1920) ..................................................................... 13, 14

*Orlando Residence, Ltd.* v. *Nelson*, 13-1402, 2014 WL 1345975 (4th Cir. Apr. 7,
 2014) ........................................................................................................................ 4, 16

*Pitman* v. *Brinker International, Inc.*, 216 F.R.D. 481 (D. Ariz. 2003) .......................... 14

*Roadway Express, Inc.* v. *Piper*, 447 U.S. 752 (1980) ...................................................... 11

*S.E.C.* v. *Citigroup Global Mkts., Inc.*, 11-5227, 2014 U.S. App. LEXIS 10516
 (2nd Cir. June 4, 2014) ................................................................................................ 17

*S.E.C.* v. *Randolph*, 736 F.2d 525 (9th Cir. 1984) ............................................................ 17

*Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85 (1983) ............................................................. 3

*Spangler* v. *Pasadena City Board of Education*, 519 F.2d 430 (9th Cir. 1975) ............... 12

# TABLE OF AUTHORITIES (cont'd)

Page(s)

*In re Stone*, 986 F.2d 898 (5th Cir. 1993) ........................................................ 12

*TVA* v. *Hill*, 437 U.S. 153, 98 S. Ct. 2279, 57 L. Ed. 2d 117 (1978) ............................... 17

*United States* v. *City of Arcata*, 629 F.3d 986 (9th Cir. 2010) .............................................. 3

*United States* v. *Commonwealth of Puerto Rico*, 3:12-cv-2039 (D.P.R. 2012) ............ 6, 16

*United States* v. *Franklin County*, 2:10-cv-644 (S.D. Ohio 2010) ..................................... 6

*United States* v. *Georgia*, 1:10-CV-249 (N.D. Ga. 2010) ............................................. 5, 16

*United States* v. *Georgia, N.D. Ga.*, Civil Action No. 12,972 (Order entered July 23, 1973) .................................................................................................. 13

*United States* v. *State of Hawaii*, 08-cv-00585 (D. Haw. 2008) ....................................... 16

*United States* v. *Hudson*, 7 Cranch 32 (1812) ............................................................. 4, 11

*United States* v. *Jose*, 519 U.S. 54 (1996) .......................................................................... 7

*United States* v. *Morros*, 268 F.3d 695 (9th Cir. 2001) ..................................................... 3

*United States* v. *Town of East Haven*, 3:12-CV-1652 (D. Conn. 2012) ............................ 5

*United States* v. *U.S. District Court for N. Mariana Islands*, 694 F.3d 1051 (9th Cir. 2012) ............................................................................................. 12, 14

*Wilson* v. *KRD Trucking W.*, 2:10-C 2013 WL 836995 (D. Nev. Mar. 6, 2013) .............. 15

*Zucker* v. *Maxicare Health Plans Inc.*, 14 F.3d 477 (9th Cir. 1994) ................................ 18

## TABLE OF AUTHORITIES (cont'd)

<u>Page(s)</u>

### FEDERAL STATUTES

28 U.S.C. § 1291 ................................................................................................ 7

28 U.S.C. § 1292 ................................................................................................ 7

28 U.S.C. § 1331 ............................................................................................. 2, 3

28 U.S.C. § 1345 ................................................................................................ 3

42 U.S.C. § 14141 .............................................................................................. 2

### RULES

Fed. R. Civ. P. 41(a)(2) .............................................................................. passim

### MISCELLANEOUS

13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 3521 (3d ed. 1998) ...................................................................................... 11

## I.    <u>SUMMARY OF ARGUMENT</u>

This Court has already found the proposed Settlement Agreement substantively fair, reasonable, and adequate.  The Court, however, has questioned:  (1) whether the Court would have subject matter jurisdiction following conditional dismissal to conduct status conferences, (2) whether the Court's authority includes ordering annual status conferences, even if the parties have not included a provision for them in the Settlement Agreement, and (3) whether the absence of a provision for annual conferences precludes an order finding that the Settlement Agreement is fair, adequate, and reasonable.

This Court has the well established authority to enter the Settlement Agreement as a condition of dismissal under Federal Rule of Civil Procedure 41(a)(2), while retaining subject matter jurisdiction for all purposes, including conducting status conferences.

- The United States Supreme Court has unanimously and definitively stated that when, as here, "the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), . . . the parties' compliance with the terms of the settlement contract (**or the court's 'retention of jurisdiction' over the settlement contract**) may, in the court's discretion, be one of the terms set forth in the order." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (emphasis added).  As set forth below, numerous cases, statutes, and the terms of the Settlement Agreement all support this Court's retention of subject matter jurisdiction following the entry of a Rule 41(a)(2) conditional dismissal.

- The Court also has the authority to require the Parties and counsel in matters before the Court to appear for annual status conferences.  As set forth below, this is an inherent power of the Court that it may exercise on its own after entry of the Settlement Agreement.  Other courts routinely exercise such power, even in Rule 41(a)(2) cases.  Alternatively, the Court has independent authority pursuant to Rule 41(a)(2) to set proper conditions for dismissal, which could include procedural status conferences.

Page 1 –    **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

- The Court should grant some deference to the executive agency's determination that the Settlement Agreement is fair, reasonable, and adequate, even without the specific provision of annual status conferences in the language of the Agreement.

The United States respectfully asks this Court to act expeditiously to enter the Settlement Agreement. There are two means by which the Court may elect to enter the Settlement Agreement.

First, the Court may choose to enter the proposed agreed order (D.E. 77) that the City, the United States, and the Portland Police Association ("PPA") filed on June 20, 2014. This option presents a distinct advantage, namely, avoiding the possibility of appeal by either the City or the PPA.

Second, the Court could grant the original joint motion that the City and the United States filed December 17, 2012 (D.E. 3), with the consent of the PPA (D.E. 54) and the AMA Coalition (D.E. 55). The Court could then separately exercise its inherent power to ensure the procedures necessary for the proper implementation of this Court's Order, *e.g.,* including status conferences at such intervals as the Court deems necessary to exercise its jurisdiction over the Settlement Agreement.

## II.    ARGUMENT

### A.    THIS COURT CONTINUES ITS SUBJECT MATTER JURISDICTION EVEN AFTER A RULE 41(a)(2) DISMISSAL

This Court's subject matter jurisdiction in this case arose on two bases: 28 U.S.C. § 1331, i.e., a case concerning a question of federal law—here, 42 U.S.C. § 14141 and

Page 2 –    **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

the Fourth Amendment, and 28 U.S.C. § 1345, i.e., a case in which the United States is a

party.

> Congress has, by statute, provided the district courts with original
> jurisdiction over "all civil actions, suits or proceedings commenced by the
> United States."  28 U.S.C. § 1345; *see also United States* v. *Morros*, 268
> F.3d 695, 702-03 (9th Cir. 2001) ("[T]he United States was the plaintiff in
> the case. Therefore, *regardless of the outcome of federal question
> jurisdiction*, the district court has independent subject matter jurisdiction
> under 28 U.S.C. § 1345." (emphasis added)).  In this case, the government
> brought suit and invoked § 1345 in its complaint.

> The district court also had federal question jurisdiction over the case
> pursuant to 28 U.S.C. § 1331, which provides the district courts with
> "original jurisdiction of all civil actions arising under the Constitution,
> laws, or treaties of the United States."  The government's complaint posed
> a federal question in its own right because it sought invalidation of the
> ordinances under federal law.  *See Shaw* v. *Delta Air Lines, Inc.*, 463 U.S.
> 85 (1983).

*United States* v. *City of Arcata*, 629 F.3d 986, 990 (9th Cir. 2010) (emphasis in original).

It cannot be disputed, then, that the subject matter jurisdiction currently exists based on

the United States' Complaint (D.E. 1, Par. 2).  Rather, this Court has questioned whether

the Court would divest itself of subject matter jurisdiction by entering an order of

conditional dismissal pursuant to Rule 41(a)(2).  The Court would not.  This Court would

continue to have subject matter jurisdiction because:  (1) the Supreme Court made clear

that a District Court may explicitly retain jurisdiction during a Rule 41(a)(2) conditional

dismissal; (2) statutory requirements for appellate jurisdiction dictate that subject matter

jurisdiction remains with this Court; and (3) the Parties have all agreed that this Court

retains jurisdiction.

Page 3 –    **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER
ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR
ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER
REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case
No. 3:12-cv-02265-SI

**1.    The Supreme Court made clear that District Courts may explicitly retain jurisdiction during a Rule 41(a)(2) conditional dismissal.**

In *Kokkonen*, the diversity jurisdiction on which the underlying action was based ended with prejudice and without condition pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Without a conditional dismissal, the court did not have a basis to exercise jurisdiction for enforcement of the settlement.

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. . . . When the dismissal is pursuant to **Federal Rule of Civil Procedure 41(a)(2)**, which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (**or the court's "retention of jurisdiction"** over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order."

*Kokkonen*, 511 U.S. at 381 (emphasis added). *See also Hagestad* v. *Tragesser*, 49 F.3d 1430 (9th Cir. 1995) (applying *Kokkonen*). Other Circuits support this same understanding of *Kokkonen*. *See, e.g.*, *Orlando Residence, Ltd.* v. *Nelson*, 13-1402, 2014 WL 1345975 (4th Cir. Apr. 7, 2014) (applying *Kokkonen*; when the parties did not meet the conditions antecedent for a conditional dismissal with prejudice, the court retained jurisdiction). The Ninth Circuit has specifically recognized the conditional dismissal distinction from an outright dismissal. "*Kokkonen* did not involve a conditional order and

Page 4 –    **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

has no application to this case." *Delil* v. *Point Reyes Seashore Lodge*, 254 Fed. Appx. 633 (9th Cir. 2007).

Accordingly, where, as here, the Parties have jointly moved to conditionally dismiss pursuant to Rule 41(a)(2) (D.E. 3); specifically asked the Court to enter the Settlement Agreement as an Order of the Court (D.E. 3-1); and specifically asked the Court to retain jurisdiction for all purposes (Settlement Agreement Par. 178(b)), the unanimous Supreme Court has made clear that the District Courts may retain subject matter jurisdiction.

This Court would not be alone in retaining subject matter jurisdiction in a Rule 41(a)(2) conditional dismissal. Other courts in institutional and police reform cases brought by the United States have similarly retained jurisdiction while the parties implement settlement pursuant to a Rule 41(a)(2) conditional dismissal. *See, e.g.*, *United States* v. *Georgia*, 1:10-CV-249 (N.D. Ga. 2010), at 31, para. VII.A, *available at* http://www.justice.gov/crt/about/spl/ documents/georgia/US_v_Georgia_ ADAsettle_10-19-10.pdf ("The joint motion shall request that the Court enter the Settlement Agreement pursuant to Federal Rule of Civil Procedure 41(a)(2), conditionally dismiss the complaint in this action, and retain jurisdiction to enforce the Settlement Agreement"); *United States* v. *Town of East Haven*, 3:12-CV-1652 (D. Conn. 2012), at 52–53, para. N.224, *available at* http://www.justice.gov/crt/about/spl/documents/ ehpdsettle_11-20-12.pdf ("The joint motion shall request that the Court enter the Agreement pursuant to Federal

Page 5 –   **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

Rule of Civil Procedure 41(a)(2), conditionally dismiss the complaint in this action, and retain jurisdiction to enforce the Agreement"); *United States* v. *Franklin County*, 2:10-cv-644 (S.D. Ohio 2010), at 2, para. 7, *available at* http://www.justice.gov/crt/about/spl/documents/franklin_settle_2-4-11.pdf ("Now, therefore, pursuant to Fed. R. Civ. P. 41(a)(2), the parties hereby agree to file this Agreement in the United States District Court for the Southern District of Ohio, together with a motion to conditionally dismiss the Complaint under the conditions set forth in this Agreement.  The parties further agree that this case will remain on the Court's inactive docket during the term of, and subject to, this Agreement, and that, from time to time, the Court may hold, at the request of either party, status conferences for the sole purpose of assisting the parties to informally resolve disputes, if any, until this Agreement terminates.  The Court will retain jurisdiction only to resolve disputes between the parties, in accordance with the dispute resolution provisions set forth in Section IV of this Agreement"); *United States* v. *Commonwealth of Puerto Rico*, 3:12-cv-2039 (D.P.R. 2012), at 98, para. P.292, *available at* http://www.justice.gov/crt/about/spl/documents/prpd_agreement_7-17-13.pdf ("The Parties shall ask the Court to approve this Agreement and enter an Order of Dismissal pursuant to Fed. R. Civ. P. 41(a)(2), dismissing the case and retaining jurisdiction to enforce this Agreement in accordance with its own terms and applicable law").  This Court would be on solid ground, therefore, in joining its fellow judges across the country—and in following the admonition of unanimous Supreme Court Justices—by

entering the Settlement Agreement as an Order of the Court and conditionally dismissing

the action while retaining subject matter jurisdiction until final dismissal after full

implementation of the Settlement Agreement.

> ### 2.   Statutory requirements for appellate jurisdiction dictate that subject matter jurisdiction remains with this Court.

This Court will continue to have subject matter jurisdiction because a conditional

dismissal does not does not equate to a final judgment that would remove jurisdiction to

the appellate level.[1]  Pursuant to 28 U.S.C. § 1291, subject matter jurisdiction does not

accrue to an Appellate Court until finality of the District Court action.  28 U.S.C. § 1291

("The courts of appeals … shall have jurisdiction of appeals from all final decisions of

the district courts of the United States"); *see also United States* v. *Jose*, 519 U.S. 54, 57

(1996) (requiring finality); *Andersen* v. *United States*, 298 F.3d 804, 807 (9th Cir. 2002)

("Generally, we may review only final orders of the district court."); *Nat'l Distribution*

*Agency* v. *Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (dismissing an

appeal for lack of appellate jurisdiction when the order issued by the trial court was not

final) (citing *WMX Technologies, Inc.* v. *Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en

banc)); *Hale* v. *Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) ("[W]e lack jurisdiction

over the Fuller plaintiffs' claim for prospective relief . . . because the district court in

---

[1]   Pursuant to 28 U.S.C. § 1292, a denial of the Settlement Agreement would give rise to a basis for interlocutory appeal because it would effectively deny injunctive relief, cause irreparable consequences, and could only be effectively challenged by immediate appeal. *Carson* v. *American Brands, Inc.*, 450 U.S. 79 (1981).

Page 7 –   **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

Fuller did not enter final judgment as to that claim and retained jurisdiction as to it"). A District Court order is final only when it is clear that the judge intended it to be the court's final act in the matter. *Nat'l Distribution Agency*, 117 F.3d at 433. Where judgment is not fully consummated, but is "steps towards final judgment in which they will merge," there is not finality to move a matter from purview the District Court to the Appellate Court. *Cohen* v. *Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

In this case, there is a contingency before reaching final judgment. The City must comply with the terms of the Settlement Agreement. When such a condition precedent remains before final judgment, there is no finality to move the subject matter jurisdiction from the District Court to the Appellate Court. *Zucker* v. *Maxicare Health Plans Inc.*, 14 F.3d 477, 481 (9th Cir. 1994) (the contingent nature meant that the District Court had to take action, not simply execute the judgment); *Green* v. *Time-Life Libraries, Inc.*, 51 F. App'x 276 (9th Cir. 2002) (judgment was not final when the parties did not comply with a required action for a judgment to become final).

Here, if the Court approves the Settlement Agreement and conditionally dismisses the case pursuant to Rule 41(a)(2), this Court nonetheless retains jurisdiction. There would be no finality of judgment until after implementation of the Settlement Agreement. Accordingly, the well established law would leave this matter subject to the District Court's jurisdiction.

Page 8 –   **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

**3.     The Parties have all agreed that this Court retains jurisdiction.**

Though the Parties cannot create subject matter jurisdiction by agreement, the City and the PPA's assertions to the Court to this point judicially estop them from disputing the Court's subject matter jurisdiction. *See generally New Hampshire* v. *Maine*, 532 U.S. 742, 749 (2001) (describing the effect of judicial estoppel). The City and the United States have asked the Court to enter the Settlement Agreement as an order of the Court, and to conditionally dismiss this action, pursuant to Rule 41(a)(2), subject to the Court retaining jurisdiction to enforce the Settlement Agreement, followed by final dismissal with prejudice upon performance of the Settlement Agreement (D.E. 3). The Settlement Agreement specifically states that the "Court shall retain jurisdiction of this agreement **for all purposes** until the City has substantially complied with all provisions . . . ." Settlement Agreement para. 178 (emphasis added). The PPA and the AMA Coalition have specifically and irrevocably waived their objections to the entry of the Settlement Agreement (D.E. 55; D.E. 55). Accordingly, the City, the PPA, and the AMA Coalition are bound by their statements and concede the Court's continuing subject matter jurisdiction over this action until final judgment.

Moreover, if subject matter jurisdiction exists for enforcement, it exists for all other purposes. The Settlement Agreement specifically permits the United States or the City to file a motion with this Court to enforce compliance with the terms of the Agreement or to seek a declaration of the meaning of the Settlement Agreement. *See*

Settlement Agreement para. 186. All concede that the Court may enforce the Settlement Agreement. This Court has acknowledged that it has continuing jurisdiction because it will resolve enforcement actions. Given that subject matter jurisdiction is a necessary prerequisite for any such enforcement action, this Court cannot be said to divest itself of subject matter jurisdiction.

**B.    THE COURT'S INHERENT AUTHORITY TO MANAGE ITS DOCKET INCLUDES THE ABILITY TO ORDER PARTIES TO APPEAR FOR STATUS CONFERENCES**

A District Court may order status conferences in any action on the court's docket as an exercise of the inherent power to manage the court's affairs.

**1.    A court's inherent powers include requiring parties to appear before it.**

District Courts have substantial inherent power to manage and control their calendars, and to manage "their dockets" or "their own affairs." *Link* v. *Wabash R. Co.*, 370 U.S. 626 (1962). *See also, e.g.*, *In re Atl. Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002) ("[e]ven apart from positive law, district courts have substantial inherent power to manage and control their calendars. . . . This inherent power takes many forms. . . . By way of illustration, a district court may use its inherent power to compel represented clients to attend pretrial settlement conferences, even though such a practice is not specifically authorized in the Civil Rules"); *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) ("[d]istrict courts unquestionably have substantial inherent power to manage their dockets" but this power must "be exercised in a manner that is in harmony with the

Page 10 –   **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

Federal Rules of Civil Procedure"); *Brockton Sav. Bank* v. *Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir. 1985) ("the inherent power is said to be 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of their cases'"); *G. Heilman Brewing Co., Inc.* v. *Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir. 1989) ("In *Link*, the Supreme Court noted that a district court's ability to take action in a procedural context may be grounded in inherent power . . . necessarily vested in courts to manage their own affairs" (internal quotations omitted)); *Natural Gas Pipeline Co. of Am.* v. *Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting the same "necessarily vested" language); *In re Novak*, 932 F.2d 1397 (11th Cir. 1991).

Federal courts are imbued with inherent powers, which "are [those powers] necessary to the exercise of all others." *Roadway Express, Inc.* v. *Piper*, 447 U.S. 752, 764 (1980) (citing *United States* v. *Hudson*, 7 Cranch 32, 34 (1812)). Federal courts always have had various inherent powers derived from the common law, and while "not articulated in the Constitution or statutes, these powers assist the federal courts in exercising their enumerated judicial powers, such as managing their dockets and courtrooms." 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3521 (3d ed. 1998).

The Ninth Circuit similarly recognizes that "the district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants." *United States* v. *U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012), *as amended* (Oct. 16, 2012) (internal citations omitted) (arising in context of Rule 16 orders and holding that the District Court had power to order a representative with settlement authority to attend all settlement conferences) (citing *Landis* v. *N. Am. Co.,* 299 U.S. 248, (1936)); *see also In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993) ("subject to the abuse-of-discretion standard, district courts have the general inherent power to require a party to have a representative with full settlement authority present—or at least reasonably and promptly accessible—at pretrial conferences"); *In re Novak*, 932 F.2d at 1405, 1407; *G. Heileman Brewing Co., Inc.*, 871 F.2d at 653.

Courts do not distinguish between the inherent power to manage a case on active versus inactive dockets. Even when a case is on a judge's inactive docket, the matter is still within the court's jurisdiction and subject to the exercise of the court's inherent power. *See, e.g.*, *Spangler* v. *Pasadena City Bd. of Educ.*, 519 F.2d 430, 438 n.10 (9th Cir. 1975), *vacated on other grounds*. As the Ninth Circuit noted in another civil rights matter, they knew of no case "in which a District Court, acting upon a request for dissolution of a detailed desegregation injunction, has relinquished jurisdiction entirely." *Id*. Rather, "[t]he procedure that has uniformly been followed when an initial and specific regulatory desegregation injunction has been dissolved has been the reduction of the controversy to an inactive status on the court's docket. The matter may then be re-

activated on proper application by any party, or on the court's own motion, should it appear that further proceedings have definitely become necessary." *Id.* (citing *United States* v. *Georgia*, N.D. Ga., Civil Action No. 12,972 (Order entered July 23, 1973); *United States* v. *Cnty. Sch. Bd. of Sussex Cnty.*, E.D. Va., Civil Action No. 606-R (Order filed July 5, 1973); *United States* v. *Cnty. Sch. Bd. of Sussex Cnty.*, E.D. Va., Civil Action No. 224-69-R (Order filed July 5, 1973)).

The ability to call parties before the court, a central part of a court's jurisdictional power, cannot be circumscribed without the court losing its essential function. The parties in this case have requested that the Court retain jurisdiction and place the case on its inactive docket. The Court would, therefore, continue to have the inherent authority to manage matters concerning this case.

### 2. Requiring annual status conferences does not support a finding that litigants' rights have been infringed.

A court's inherent power necessarily includes the ability to order parties to appear, even when that party objects. *See In re Atlantic Pipe Corp.*, 304 F.3d 135 (1st Cir. 2002) (Court has the inherent power to order non-consensual mediation; Court has the inherent power to appoint people unconnected with the court to aid judges in discharging their duties (citing *Ex parte Peterson*, 253 U.S. 300, 312 (1920))); *In re Novak*, 932 F.2d 1397 (court has the inherent power to direct parties before them to produce individuals with full settlement authority at pretrial settlement conferences); *G. Heileman Brewing Co., Inc.*, 871 F.2d 648 (court has inherent authority to order represented parties to appear at

Page 13 –  **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

pretrial settlement conferences); *Natural Gas Pipeline Co. of Am.*, 2 F.3d 1397 (federal court might well have inherent powers to order party to produce pertinent documents); *In re Peterson*, 253 U.S. 300 (1920) (federal courts have inherent power to order a preliminary hearing before an auditor in an action at law, with a view to determining what matters are in dispute, and to require the auditor to express an opinion on the matters in dispute).

For instance, in the context of Rule 16 pre-trial conferences, it is generally recognized that a court has the inherent authority to compel parties with full settlement authority to appear. *See generally U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051 (stating that generally, requiring an individual with full settlement authority to appear is proper, though the government is different and the court may abuse its discretion in requiring a government agent with full settlement authority to appear). *See also Ayers* v. *City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference); *Official Airline Guides, Inc.* v. *Goss*, 6 F.3d 1385 (9th Cir. 1993) (no abuse of discretion in imposing sanctions on defendant for failure to obey court order to have someone with settlement authority available at settlement conference); *Pitman* v. *Brinker Int'l, Inc.*, 216 F.R.D. 481 (D. Ariz. 2003) (permitting sanctions when a defendant did not bring a representative of defendant's insurer having full authority to discuss and settle case to the settlement conference) *amended on reconsideration in part sub nom. Pitman* v. *Brinker Int'l*, CV02-

Page 14 –   **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

1886PHX DGC, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003); *Wilson* v. *KRD Trucking W.*, 2:10-CV-00163-KJD, 2013 WL 836995 (D. Nev. Mar. 6, 2013) (sanctioning a litigant who appeared at a settlement conference without a representative with settlement authority up to the full amount of the claim or the last demand made and instead appearing with a representative with limited authority).

This Court has expressed an interest in requiring the parties in this case to appear in court for annual status conferences after the Settlement Agreement has been entered and the case is placed on the Court's inactive docket. As the Court has the inherent power to manage its docket, which includes the power to require parties in cases before it to appear, the Court is well within its rights to order the parties to appear for these conferences at whatever interval the court deems appropriate.

### 3. A District Court may impose conditions as part of a 41(a)(2) dismissal that it believes safeguard the fairness of the order.

In addition to a court's inherent right to manage the cases on its docket, Rule 41(a)(2) empowers District Courts "in all instances to condition the grant of a dismissal so as to safeguard the rights of all of the parties to the suit." *Hudson Eng'g Co.* v. *Bingham Pump Co.*, 298 F. Supp. 387, 388-89 (S.D.N.Y. 1969). As one District Court in the Ninth Circuit observed, "Rule 41(a)(2) motions required three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed."

Page 15 – **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

*Burnette* v. *Godshall,* 828 F.Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom.*
*Burnette* v. *Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995).

While courts frequently condition dismissal on terms designed to reduce
inconvenience to the defendant, such as requiring the plaintiff to pay costs and fees, the
court may set any number of conditions for the dismissal, including conditioning
dismissal upon compliance with the terms of the settlement agreement. *See generally*
*Kokkonen*, 511 U.S. 375. *See also Orlando Residence*, 2014 WL 1345975 (dismissal was
conditioned upon substantive terms; the judge did not enter final order to dismiss and
thereby dispose of the case). Therefore, if the Court enters the agreement as an Order and
explicitly retains jurisdiction over the case, as the parties requested, there is no question
that the Court can impose procedural conditions that it deems proper and necessary to
enforce the Settlement Agreement.

### 4. Courts routinely require parties to appear for periodic status conferences for cases that are conditionally dismissed under 41(a)(2).

Numerous courts presiding over Civil Rights Division cases that are conditionally
dismissed under 41(a)(2) have required the parties to appear for periodic status
conferences. *See, e.g.*, *United States* v. *Georgia*, 1:10-CV-249 (N.D. Ga. 2010); *United*
*States* v. *King County* (D. Wash. 2009); *United States* v. *Commonwealth of Puerto Rico*,
3:12-cv-2039 (D.P.R. 2012). *See also United States* v. *State of Hawaii*, 08-cv-00585 (D.
Haw. 2008) (conducting status conferences in a Rule 41(a)(1) dismissal case). This
Court similarly has the authority to require the parties to attend annual status conferences

Page 16 – **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER
ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR
ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER
REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case
No. 3:12-cv-02265-SI

either pursuant to its inherent authority to manage the cases on its docket or by conditioning dismissal of the suit on compliance with the Settlement Agreement and the parties' appearance at those conferences.

**C.   THE COURT SHOULD DEFER TO THE EXECUTIVE AGENCY'S DETERMINATION THAT THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE.**

As the United States set forth in its prior memorandum (D.E. 4), the Settlement Agreement is a fair, reasonable, and adequate resolution of the United States' Complaint. In an executive agency's enforcement action, the Ninth Circuit has stated that "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment," and "[u]nless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved." *S.E.C.* v. *Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).  Indeed, the Second Circuit recently held that the District Court abused its discretion by not deferring to the agency's settlement determination.  *See S.E.C.* v. *Citigroup Global Mkts., Inc.*, 11-5227, 2014 U.S. App. LEXIS 10516 (2nd Cir. June 4, 2014).

> [F]ederal judges—who have no constituency—have a duty to respect legitimate policy choices made by those who do. The responsibilities for assessing the wisdom of such policy choices and resolving the struggle between competing views of the public interest are not judicial ones:  "Our Constitution vests such responsibilities in the public branches."
>
> *Chevron, U.S.A., Inc.* v. *Natural Res. Def. Council, Inc.*, 467 U.S. 837, 866 (1984) (quoting *TVA* v. *Hill*, 437 U.S. 153, 195, 98 S. Ct. 2279, 57 L. Ed. 2d 117 (1978)); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 118

Page 17 –  **UNITED STATES' MEMORANDUM IN SUPPORT OF AGREED ORDER ENTERING SETTLEMENT AGREEMENT, OR, ALTERNATIVELY, FOR ENTRY OF SETTLEMENT AGREEMENT AND SEPARATE ORDER REQUIRING STATUS CONFERENCES**; *United States v. City of Portland*; Case No. 3:12-cv-02265-SI

(2d Cir. 1992) ("Appellate courts ordinarily defer to the agency's expertise and the voluntary agreement of the parties in proposing the settlement.").

*Citigroup Global Mkts.*, 2014 U.S. App. LEXIS 10516, *27.

In this case, the Court has already found that the Settlement Agreement is substantively fair, reasonable, and adequate, but has questioned procedural adequacy for want of status conferences. The United States supports this Court's authority to require status conferences. The United States, however, has not determined that status conferences were necessary to make the Settlement Agreement, as negotiated, an acceptable means of vindicating civil rights. While the United States welcomes status conferences—and the Court has the inherent authority to require them—the United States does not believe that their absence of mention in the Settlement Agreement makes the Settlement Agreement unfair, unreasonable, or inadequate.

## IV.    CONCLUSION

The United States requests that the Court rely upon its prior finding that the Settlement Agreement is substantively fair, adequate, and reasonable in resolving the allegations in the United States' Complaint, and that the Court enter the Agreement as proposed as an Order of the Court. The United States suggests that the use of the newly submitted agreed order (D.E. 77) would best accomplish this approval while mitigating the risk of appeal by the City or PPA. Alternatively, the United States requests that the Court enter the Settlement Agreement as an Order of the Court and then exercise the

Court's inherent authority to manage its cases by separately ordering the Parties to appear for status conferences.

  Respectfully submitted this 24th day of June, 2014.

For the United States:

| | |
|---|---|
| S. AMANDA MARSHALL<br>United States Attorney<br>District of Oregon<br><br><br><br>*/s/ David W. Knight*  <br>DAVID W. KNIGHT<br>Special Assistant U.S. Attorney<br>ADRIAN L. BROWN<br>BILLY J. WILLIAMS<br>Assistant U.S. Attorneys | JOCELYN F. SAMUELS<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>JONATHAN M. SMITH<br>Chief, Special Litigation Section<br><br>*/s/ Laura L. Coon*  <br>LAURA L. COON<br>Special Counsel<br><br>*/s/ R. Jonas Geissler*  <br>R. JONAS GEISSLER<br><br>*/s/ Michelle A. Jones*  <br>MICHELLE A. JONES<br>Senior Trial Attorneys |