ANIL S. KARIA, OSB No. 063902
E-mail: anil@miketlaw.com
Tedesco Law Group
3021 NE Broadway
Portland, OR  97232
Telephone:  866-697-6015
Facsimile:  503-210-9847
      Attorneys for Intervenor-Defendant
      Portland Police Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>    v.<br><br>**THE CITY OF PORTLAND,**<br>    Defendant.<br>_____ | Civil Case No. 3:12-CV-02265-SI<br><br>**INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND CONDITIONAL DISMISSAL OF ACTION** |

Intervenor-Defendant Portland Police Association ("PPA") submits this brief in support of the Joint Motion to Enter Settlement Agreement and Conditional Dismissal of Action filed by Plaintiff United States, Defendant City of Portland, and the PPA (collectively, the "Parties") on June 20, 2014. (Docket No. 77).

**A.  The Parties Have Sufficiently Addressed The Court's Procedural Concern.**

The Court has held a fairness hearing and has received extensive written and oral argument from the Parties and Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform ("Enhanced Amicus") regarding whether the Settlement

Page 1 –   INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN
          SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND
          CONDITIONAL DISMISSAL OF ACTION

Agreement (Docket No. 4-1) is a fair, adequate, and reasonable resolution to the claims raised in Plaintiff United States' complaint. At the March 24, 2014, oral argument, the Court indicated that the Settlement Agreement is substantively, fair, adequate, and reasonable. However, the Court also indicated its belief that the Settlement Agreement lacked an important procedural step—the ability of the Court to receive information annually regarding implementation of the Settlement Agreement—without which the Court would not approve the Settlement Agreement. *See Officers for Justice v. Civil Service Comm'n, et al.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) (instructing that a court must examine a settlement agreement as a whole for overall fairness).

In their Joint Motion, the Parties have offered a sufficient mechanism to keep the Court apprised of the City of Portland's implementation of the Settlement Agreement. The Parties have agreed that Defendant City of Portland "will direct the Compliance Officer/Community Liaison ('COCL') to appear before the Court in open session approximately annually to make a presentation to the Court on the status of the City of Portland's compliance with the Settlement Agreement and to describe any obstacles or impediments toward that end and to respond to questions from the Court about compliance," subject to certain limitations on the Court's power to order relief and the manner of presentation to the Court. (Docket No. 77-1 at 6).

The Court has expressed its desire that the Parties reach a "meeting of the minds" on the mode of presentation of information to the Court at annual status conferences. (*See* March 24, 2014, Oral Argument Transcript at p. 14). The Parties have agreed that the COCL, a neutral third-party, is best situated to keep the Court apprised of Defendant City of Portland's implementation and compliance with the Settlement Agreement during the period of time that the case remains on the Court's inactive docket. Indeed, the COCL will have expertise in police

Page 2 –   INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN
          SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND
          CONDITIONAL DISMISSAL OF ACTION

practices, community engagement, and crisis intervention methods; will be responsible for gathering public input on the status of implementation; and will issue an annual report containing the key information on the status of implementation that the Court has requested on an annual basis.

The COCL is independent of any City office and the Police Bureau and is accountable to the entire City Council, the public, and the United States. The COCL will synthesize data related to the Police Bureau's use of force, will gather input from the public related to the City's compliance with the Settlement Agreement, and will report its findings to the United States, City Council and the public. The COCL will issue quarterly reports following review and comment by a Community Oversight and Advisory Board ("COAB"). The COCL will present the quarterly report drafts in open town hall meetings where any member of the public, including individuals and organizations associated with Enhanced Amicus, will have the opportunity to comment and raise concerns. During a 30-day comment period, members of the public will also have an opportunity to submit comments to the COAB about the draft report. The COAB is responsible for gathering this input from the public, as well as documenting the comments received at the town hall meeting, and presenting all this input to the COCL along with its comments to the draft report. The COCL will then compile and synthesize all of this information into a final, annual report on compliance, which will be publicly disseminated and may serve as evidence of compliance or non-compliance with the Settlement Agreement. (Settlement Agreement at ¶¶ 160-164).

Having the COCL appear annually and share information with the Court on the status of the City's compliance will satisfy the Court's procedural concern as to the fairness, adequacy, and reasonableness of the Settlement Agreement. The annual COCL appearances before the

Page 3 –   INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN
            SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND
            CONDITIONAL DISMISSAL OF ACTION


Court will keep it timely informed of the progress of implementation, any obstacles or impediments to achieving substantial compliance, and the broad range of public sentiment regarding implementation.

    **B. The Court May Not Compel The Parties To Annual Hearings, As Enhanced Amicus Argue.**

Enhanced Amicus does not support the Parties' resolution to the Court's procedural concerns. Instead, Enhanced Amicus asserts that the Court is empowered to order the Parties to annual status conferences under Fed. R. Civ. P. 41(a)(2) over the Parties' objections, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). (Enhanced Amicus Brief at 5, Docket No. 79). Neither Fed. R. Civ. P. 41(a)(2) nor *Kokkonen* stand for so strong of a proposition.

Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In *Kokkonen*, the Supreme Court instructed that under Fed. R. Civ. P. 41(a)(2), "the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order." 511 U.S. at 381. However, the Supreme Court did not indicate that Fed. R. Civ. P. 41(a)(2) empowers this Court to unilaterally place conditions on dismissal of a suit beyond compliance with the Settlement Agreement. Nor did the Supreme Court indicate that Fed. R. Civ. P. 41(a)(2) empowers this Court to insert new terms into the Settlement Agreement without the Parties' consent. Court-imposed annual appearances by the Parties before the Court would amount to a new, material term in the Settlement Agreement. Enhanced Amicus effectively asks this Court to unilaterally impose this term into the Settlement Agreement over the objections of the City of Portland and

the PPA. The Parties did not bargain for an agreement with that material term, and *Kokkonen* does not empower this Court to impose such a requirement as a precondition to dismissal under Fed. R. Civ. P. 41(a)(2). *See Kokkonen*, 511 U.S. at 377 (warning that federal courts should not expand their jurisdiction by judicial decree); *see also Officers for Justice*, 688 F.2d at 630 (instructing that a court may not "delete, modify or substitute certain provisions" in a settlement agreement).

Rather, *Kokkonen* simply instructs that this Court may require compliance with the Settlement Agreement as a precondition to dismissal under Fed. R. Civ. P. 41(a)(2). Indeed, the Parties already have agreed in the Settlement Agreement that the City of Portland must substantially comply with the Settlement Agreement before this Court may dismiss the case under Fed. R. Civ. P. 41(a)(2). And the Parties have further agreed in their Proposed Stipulated Order to have the COCL appear annually before this Court to report on the status of implementation. (Docket No. 77-1). As the Court desired, the Parties have presented a "meeting of the minds" to address the Court's procedural concern.

Enhanced Amicus does not explain why the COCL's annual appearance before this Court is insufficient. Enhanced Amicus implores that, "A neutral, public hearing to answer questions on the status of compliance is essential to the community's faith in, and hence the public legitimacy of, this very process." (Enhanced Amicus Brief at 8, Docket No. 79). Under the Settlement Agreement, the COAB and COCL will hold quarterly, public hearings on the City of Portland's compliance with the Settlement Agreement. Further, under the Parties' stipulation, the COCL will appear before this Court annually to report on the status of compliance. These public hearings will more than satisfy the need for public input and accountability. The Court wishes to be kept apprised of the City of Portland's compliance with the Settlement Agreement, and the

COCL is best equipped to provide the Court with that information. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) and *United States v. Oregon*, 913 F.2d 576, 580-81 (9th Cir. 1990) (instructing that a settlement agreement need not be perfect, nor must it achieve the optimal outcome for all parties; rather, the settlement agreement must only achieve "a reasonable factual and legal determination").

### C. The Far-Reaching Repercussions Of A Rejected Settlement Agreement.

Hanging in the balance is a Settlement Agreement and a Memorandum of Agreement ("MOA") that resolves the claims raised in Plaintiff's complaint. In the Settlement Agreement, Plaintiff and Defendant City of Portland have provided a substantively fair, adequate, and reasonable resolution to Plaintiff's claims of constitutional violations. Further, Plaintiff, Defendant City of Portland, and the PPA have negotiated a MOA that addresses the PPA's collective bargaining rights that are affected by the Settlement Agreement. The MOA is premised on the existence of the Settlement Agreement. Without the Settlement Agreement, there is no MOA. *See Chang v. Pacificorp,* 212 Or. App. 14 (2007) (under which the rejection of the Settlement Agreement would frustrate the purpose of the MOA); *Oregon Southwest, LLC v. Kvaternik,* 214 Or. App. 404 (2007) (under which the approval of the Settlement Agreement is a condition precedent to the existence of the MOA). If the Settlement Agreement fails, so does the MOA.

Further, if the Settlement Agreement is rejected, the Parties' attention will shift from ongoing implementation of the Settlement Agreement to trial preparations. Contested litigation will deprive the community and the City's police officers of the Parties' continued implementation of the Settlement Agreement. Instead of focusing on policing practices, the Parties will be focused on trial strategy and presentation. The Parties are certainly prepared for

Page 6 –   INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN
            SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND
            CONDITIONAL DISMISSAL OF ACTION

such an outcome, but the community and the City's police officers deserve a resolution in the form of a Settlement Agreement that the Court has already determined to be substantively fair, adequate, and reasonable.

### D. Conclusion.

The Court's sole concern is one of procedure. The Parties have agreed upon a mechanism to keep the Court apprised of the City's compliance with the Settlement Agreement in the form of annual COCL appearances before the Court. With the Court's sole procedural concern sufficiently addressed, the Court should grant the Parties' Joint Motion to Enter Settlement Agreement and Conditional Dismissal of Action (Docket No. 77) and approve the Settlement Agreement (Docket No. 4-1).

DATED this 24th day of June, 2014.

TEDESCO LAW GROUP

By: */s/ Anil S. Karia*
ANIL S. KARIA, OSB No. 063902
3021 NE Broadway
Portland, OR  97232
Telephone:  866-697-6015
Facsimile:  503-210-9847
E-mail: anil@miketlaw.com
  Attorneys for Intervenor-Defendant
  Portland Police Association
Page 7 –   INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND CONDITIONAL DISMISSAL OF ACTION

CERTIFICATE OF SERVICE

      I hereby certify that I served the INTERVENOR-DEFENDANT PORTLAND POLICE ASSOCIATION'S BRIEF IN SUPPORT OF JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AND CONDITIONAL DISMISSAL OF ACTION on:

| | |
|---|---|
| S. Amanda Marshall<br>Adrian L. Brown<br>Billy J. Williams<br>United States Attorney's Office<br>District of Oregon<br>1000 SW Third Ave., Ste 600<br>Portland, OR 97204-2902<br>  Attorneys for Plaintiff United States | Thomas J. Morse<br>R. Jonas Geissler<br>Michelle Jones<br>David W. Knight<br>Civil Rights Division<br>U.S. Department of Justice<br>50 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br>  Attorneys for Plaintiff United States |
| Tracy Pool Reeve<br>Ellen Osoinach<br>David Woboril<br>City Attorney's Office<br>1221 SW Fourth Ave., Ste 430<br>Portland, OR 97204<br>  Attorney for Defendant City of Portland | Shauna M. Curphey<br>Curphey & Badger. P.A.<br>520 SW 6th Ave., Suite 1040<br>Portland, OR 97204<br>  Attorneys for Amicus Albina Ministerial<br>  Alliance Coalition for Justice and Police<br>  Reform |

Jessica Ashlee Albies
Creighton & Rose, PC
815 SW Second Ave, Suite 500
Portland, OR 97204
  Attorneys for Amicus Albina
  Ministerial Alliance Coalition for
  Justice and Police Reform

by service electronically pursuant to LR 100.7.

    DATED this 24th day of June, 2014.

                            TEDESCO LAW GROUP

                            By: */s/ Anil S. Karia*
                            ANIL S. KARIA, OSB No. 063902
                                Attorneys for Intervenor-Defendant
                                Portland Police Association