*DRAFT*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | **ORDER ENTERING SETTLEMENT AGREEMENT AND STAYING LITIGATION** |
| **CITY OF PORTLAND**, | |
| Defendant. | |

S. Amanda Marshall, United States Attorney; Adrian L. Brown and Billy J. Williams, Assistant United States Attorneys, David W. Knight, Special Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Plaintiff.

Jocelyn Samuels, Acting Assistant Attorney General; Jonathan M. Smith, Chief; Laura Coon, Special Counsel, R. Jonas Geissler and Michelle Jones, Senior Trial Attorneys, Special Litigation Section; Civil Rights Division, United States Department of Justice, 50 Pennsylvania Avenue, NW, Washington, D.C. 20530. Of Attorneys for Plaintiff.

Tracey Reeve, City Attorney; Ellen Osoinach, Deputy City Attorney, Office of the City Attorney, 1221 S.W. Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant.

Anil S. Karia, Tedesco Law Group, 3021 N.E. Broadway, Portland, OR 97232. Of Attorneys for Intervenor-Defendant Portland Police Association.

J. Ashlee Albies, Creighton & Rose, PC, 500 Yamhill Plaza Building, 815 S.W. Second Avenue, Portland, OR 97204; Shauna M. Curphey, Curphey & Badger, P.A., 520 S.W. Sixth Avenue, Suite 1040, Portland, OR 97204. Of Attorneys for Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform.

**Michael H. Simon, District Judge.**

The United States of America ("Plaintiff" or "United States") brought this lawsuit against the City of Portland ("Defendant" or "City of Portland") under 42 U.S.C.

Page 1 – Order Entering Settlement Agreement and Staying Litigation

Exhibit 1
Page 1 of 3

§ 14141. The United States and the City of Portland have entered into a proposed Settlement Agreement ("Settlement Agreement") and have jointly moved the Court to accept the Settlement Agreement and enter the Settlement Agreement as an Order of the Court. Both the United States and the City of Portland agree that entering into the Settlement Agreement, rather than engaging in contested litigation, is the best way to resolve the claims brought by the United States in this matter, which concern policing practices in the City of Portland. Both the United States and the City of Portland further agree that it will likely take several years, possibly as many as five years, for the City of Portland substantially to comply with all of the provisions of the Settlement Agreement. In addition, both the United States and the City of Portland jointly ask the Court to retain jurisdiction over this action for all purposes until the City of Portland substantially has complied with all provisions of the Settlement Agreement and maintained substantial compliance with all provisions for one year.

   The question before the Court is whether the Settlement Agreement, as a whole, is fair, adequate, and reasonable as a means of resolving the claims raised in the Complaint. To assist the Court in answering that question, the Court held a Fairness Hearing on February 18 and 19, 2014, and received both pre-hearing and post-hearing written submissions and oral testimony from the United States, the City of Portland, Intervenor-Defendant Portland Police Association, Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform (collectively the "Parties"), and numerous members of the public.

   After reviewing the Settlement Agreement and considering the views of the Parties and all public comments received, the Court finds that Settlement Agreement is

fair, adequate, and reasonable to address the claims raised in the Complaint and, accordingly, hereby:

ORDERS that the Settlement Agreement shall be and is entered as an Order of the Court;

ORDERS that any further litigation in this action, except as expressly provided in this Order, be STAYED until further order of the Court, subject to the right of any of the Parties to move that the stay be lifted, or the Court doing so on its own motion;

ORDERS that the Court retain jurisdiction, which is not subject to the stay, to enforce any provision of the Settlement Agreement;

ORDERS that the City of Portland direct the Compliance Officer/Community Liaison ("COCL"), a position created under the Settlement Agreement, to provide copies to the Court in a timely fashion of all final quarterly reports, which are referenced in the Settlement Agreement; and

ORDERS the Parties and the COCL (by Ordering the City of Portland to so direct the COCL) to appear before the Court at periodic hearings, which are not subject to the stay, to be held approximately annually, unless otherwise ordered by the Court, to describe to the Court the progress being made toward achieving substantial compliance with all provisions of the Settlement Agreement and any obstacles or impediments toward that end and to otherwise respond to the Court's questions on these issues.

**IT IS SO ORDERED.**

DATED this 24th day of March, 2014.

_____
Michael H. Simon
United States District Judge