IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br><br><br> **CITY OF PORTLAND**, <br><br> Defendant. | Case No. 3:12-cv-02265-SI <br><br> **ORDER ENTERING SETTLEMENT AGREEMENT, CONDITIONALLY DISMISSING LITIGATION, AND SETTING FIRST ANNUAL SETTLEMENT-COMPLIANCE HEARING** |

S. Amanda Marshall, United States Attorney; Adrian L. Brown and Billy J. Williams, Assistant United States Attorneys, David W. Knight, Special Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Jocelyn Samuels, Acting Assistant Attorney General; Jonathan M. Smith, Chief; Laura Coon, Special Counsel; R. Jonas Geissler and Michelle Jones, Senior Trial Attorneys, Special Litigation Section, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, 50 Pennsylvania Avenue, NW, Washington, D.C. 20530. Of Attorneys for Plaintiff.

Tracey Pool Reeve, City Attorney; David Woboril, Senior Deputy City Attorney; Ellen Osoinach, Deputy City Attorney, OFFICE OF THE CITY ATTORNEY, 1221 S.W. Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant.

Anil S. Karia, TEDESCO LAW GROUP, 3021 N.E. Broadway, Portland, OR 97232. Of Attorneys for Intervenor-Defendant Portland Police Association.

J. Ashlee Albies, CREIGHTON & ROSE, P.C., 500 Yamhill Plaza Building, 815 S.W. Second Avenue, Portland, OR 97204; Shauna M. Curphey, CURPHEY & BADGER, P.A., 520 S.W. Sixth Avenue, Suite 1040, Portland, OR 97204. Of Attorneys for Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform.

Page 1 – ORDER ENTERING SETTLEMENT AGREEMENT

**Michael H. Simon, District Judge.**

The United States of America ("Plaintiff" or "United States") brought this lawsuit against the City of Portland ("Defendant" or "City of Portland") under 42 U.S.C. § 14141. The United States and the City of Portland have entered into a proposed Settlement Agreement ("Settlement Agreement") and have jointly moved the Court to accept the Settlement Agreement and enter the Settlement Agreement as an Order of the Court. Both the United States and the City of Portland agree that entering into the Settlement Agreement, rather than engaging in contested litigation, is the best way to resolve the claims brought by the United States in this matter, which concern policing practices in the City of Portland primarily with respect to persons with actual or perceived mental illness. Both the United States and the City of Portland further agree that it will likely take several years, possibly as many as five years, for the City of Portland substantially to comply with all of the provisions of the Settlement Agreement. In addition, both the United States and the City of Portland jointly ask the Court to retain jurisdiction over this action for all purposes until the City of Portland substantially has complied with all provisions of the Settlement Agreement and maintained substantial compliance with all provisions for one year.

At the Court's request, the United States, the City of Portland, Intervenor-Defendant Portland Police Association ("PPA"), and Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform ("AMA Coalition") engaged in mediation. The mediation produced two separate agreements: a Memorandum of Agreement ("MOA") between the United States, the City of Portland, and the PPA; and a

Collaborative Agreement ("CA") between the United States, the City of Portland, and the AMA Coalition.

The question before the Court is whether the Settlement Agreement, as a whole, is fair, adequate, and reasonable as a means of resolving the claims raised in the Complaint. To assist the Court in answering that question, the Court held a Fairness Hearing on February 18 and 19, 2014, and received written submissions and oral testimony from the United States, the City of Portland, Intervenor-Defendant PPA, Enhanced Amicus Curiae AMA Coalition (collectively the "Parties"), and numerous members of the public, pre-hearing, during the hearing, and post-hearing.

Following the Fairness Hearing, the Court directed several questions to the Parties. One question asked by the Court was:

> Question 12: A number of police departments provide officers with "on-officer recording systems" (also known as "body cameras," "body cams," or "cop cams"), which are small, pager-sized cameras that clip onto an officer's uniform or glasses or are worn as a headset. These devices record audio and video of the officer's interactions with the public. Please explain whether requiring these devices would promote the objectives of the Agreement and, if so, why such a requirement was not included.

ECF No. 61, pp. 7-8. In response to this question, the United States stated:

> The United States has not required that all PPB officers wear body cameras, but the Agreement does not prohibit the City from using body cameras. Currently, the City records many of its interactions through mobile video recorders, handheld radio transmissions, and GPS locations. *It is our understanding that the City is willing to engage in use of body cameras to the extent that the technology is dependable and that its use is affordable.* If the City utilizes body cameras, the City must carefully govern their use to protect the rights of subjects and bystanders, *e.g.*, providing *Miranda* warnings when appropriate and respecting reasonable expectations of privacy.
>
> The determination to include or exclude body cameras from the Agreement is driven by a number of factors. While technology

Page 3 – ORDER ENTERING SETTLEMENT AGREEMENT

>> limitations, concerns about privacy rights, and appropriateness of remedy may weigh on such considerations, the ultimate compromise reached in this case is the product of negotiation and subject to settlement privilege.

ECF No. 63, pp. 20-21 (emphasis added). The Court notes that as the technology in this area continues to improve and become more dependable and affordable, more city police departments in the United States are choosing to employ this technology in ways that protect both law enforcement officers and the public they serve. Notwithstanding these positive developments, the fact that the Settlement Agreement does not contain such a requirement does not justify the rejection of the Settlement Agreement.

After reviewing the Settlement Agreement and considering the views of the Parties and all public comments received, the Court finds that the Settlement Agreement, as a whole, is fair, adequate, and reasonable to address the claims raised in the Complaint and, accordingly, hereby:

ORDERS that the Settlement Agreement shall be and is entered as an Order of the Court;

ORDERS that the Complaint is conditionally dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to the terms set forth in this Order, which the Court considers proper, just, and necessary;

ORDERS that the Court retain jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1345, to enforce any provision of the Settlement Agreement, the MOA, or the CA;

ORDERS that the City of Portland direct the Compliance Officer/Community Liaison ("COCL"), a position created under the Settlement Agreement, to provide copies to the Court in a timely fashion, or that the City of Portland do so itself, of all final quarterly reports, which are referenced in the Settlement Agreement;

Page 4 – ORDER ENTERING SETTLEMENT AGREEMENT

ORDERS the Parties and the COCL (by ordering the City of Portland to so direct the COCL) to appear before the Court at periodic hearings, to be held approximately annually, unless otherwise ordered by the Court, to describe to the Court the progress being made toward achieving substantial compliance with all provisions of the Settlement Agreement and any obstacles or impediments toward that end, to respond to the Court's questions on these issues, and to present evidence on these issues as so directed by the Court;

ORDERS that the first post-approval periodic hearing be held on Monday, September 14, 2015, at 9:00 a.m. in Courtroom 13B of the Mark O. Hatfield United States Courthouse, in Portland, Oregon; and

ORDERS that this civil action be placed on the Court's inactive docket, other than for the periodic hearings referenced in this Order or otherwise as may be directed by the Court, and subject to recall to the active docket should the United States move to enforce the Settlement Agreement.

The Parties' Joint Motion to Enter Settlement Agreement (ECF No. 3) and alternative Joint Motion to Enter Settlement Agreement (ECF No. 77) are GRANTED IN PART AND DENIED IN PART, as set forth in this Order.

**IT IS SO ORDERED.**

DATED this 29th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge