```
 1              IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE DISTRICT OF OREGON
 3                       PORTLAND DIVISION
 4
   UNITED STATES OF AMERICA,   )  3:12-cv-02265-SI
 5                             )
           Plaintiff,          )
 6                             )
                  v.           )  March 5, 2013
 7                             )
   THE CITY OF PORTLAND,       )
 8                             )
           Defendant.          )
 9 _____)  Portland, Oregon
10
11
12
13
14               TRANSCRIPT OF PROCEEDINGS
15         BEFORE THE HONORABLE MICHAEL H. SIMON
16           UNITED STATES DISTRICT COURT JUDGE
17
18
19
20
21
22
23
24
25
```

```
 1                            APPEARANCES

 2   FOR THE PLAINTIFF:

 3   Billy Williams
     Adrian Brown
 4   United States Attorney's Office
     1000 SW Third Avenue, Suite 600
 5   Portland, OR  97204

 6   Michelle Jones
     R. Jonas Alexander Geissler
 7   U.S. Department of Justice Civil Rights Division
     950 Pennsylvania Avenue, NW
 8   Washington, DC  20530

 9   FOR THE DEFENDANT CITY OF PORTLAND:

10   Ellen C. Osoinach
     City of Portland
11   Office of the City Attorney
     1221 SW 4th Avenue, Suite 430
12   Portland, OR 97204

13   FOR THE DEFENDANT PORTLAND POLICE ASSOCIATION:

14   Anil Karia
     Tedesco Law Group
15   3021 NE Broadway
     Portland, OR 97232

16

17   FOR ENHANCED AMICUS CURIAE:

18   Shauna M. Curphey
     Curphey & Badger, P.A.
19   520 SW Sixth Avenue, Suite 1040
     Portland, OR  97204
20
     Jessica Ashlee Albies
21   Creighton & Rose, PC
     815 SW Second Avenue, Suite 500
22   Portland, OR  97204

23

24   COURT REPORTER:      Dennis W. Apodaca, RDR, RMR, FCRR, CRR
                          United States District Courthouse
25                        1000 SW Third Avenue, Room 301
                          Portland, OR 97204
```

1                    (March 5, 2013)

2               P R O C E E D I N G S

3          (Open court:)

4          THE COURT:  Good afternoon.

5          COUNSEL:  Good afternoon.

6          THE CLERK:  Your Honor, this is the time set for a status in civil case 12-2265-SI, USA versus City of Portland.  For the record, we have, for the Government, Jonas Geissler and Michelle Jones by phone.  Counsel, in court, would you please identify yourselves for the record.

12         MR. WILLIAMS:  Bill Williams on behalf the United States.

14         MS. BROWN:  Good morning, Your Honor.  Adrian Brown on behalf of the United States.

16         MS. ALBIES:  Good morning.  Ashlee Albies on behalf of enhanced amicus Albina Ministerial Alliance Coalition.

19         MS. CURPHEY:  Shauna Curphey for Albina Ministerial Alliance Coalition.

21         MR. KARIA:  Anil Karia for Portland Police Association.

23         MS. OSOINACH:  Ellen Osoinach on behalf of the City.

25         THE COURT: Very good. Welcome.  I scheduled

1  this primarily to hear a status report on where things
2  stand primarily with respect to my encouragement of the
3  parties to engage in mediation. So let me begin by asking
4  counsel for plaintiff, either Mr. Williams or Ms. Brown.
5            MS. BROWN: Thank you, Your Honor. The
6  United States has conferred with all the parties, and we
7  have reached an agreement on mediation. The United States
8  and all of the parties actually concur in recommending
9  that Judge De Muniz be appointed as our mediator. We have
10 conferred. Also, the parties got to meet with
11 Judge De Muniz, and he agreed to take on this assignment,
12 with the Court's approval, and the parties have actually
13 agreed on the terms of that mediation as well.
14           We would like the Court to acknowledge that and
15 accept our recommendation of Judge De Muniz and request
16 the Court to enter a minute order to that effect and allow
17 the parties to proceed with the terms of the mediation as
18 we proposed.
19           THE COURT: Very good.
20           Anything further from the City?
21           MS. OSOINACH: No. The United States has
22 accurately summarized.
23           THE COURT: Anything from Portland Police
24 Association?
25           MR. KARIA: No, sir.

1          THE COURT:  Anything from Albina Ministerial
2  Alliance Coalition for Justice and Police Reform?
3          MS. ALBIES:  No, Your Honor.
4          THE COURT:  All right.  Let me state that I
5  think the agreement of the parties' selection of former
6  Chief Justice Paul De Muniz is an outstanding idea.  I
7  think that his abilities, his knowledge, his reputation,
8  his integrity, his expertise are all superb.  I commend
9  all four parties for both coming with that idea and
10 reaching agreement on the selection of
11 Chief Justice De Muniz.
12         I also have been handed a copy, shortly before
13 taking the bench, of what I understand is the draft or
14 proposed mediation agreement.  I have read it.  It looks
15 excellent to me.  I have no suggested changes to it
16 whatsoever.  So I will enter the minute order, Ms. Brown,
17 that you have suggested immediately after this hearing.
18         I do want to talk briefly with you about an
19 appropriate schedule and get your opinions on that and
20 also share with you the following views that are entirely
21 consistent with the opinion and order that I issued on
22 February 19th.  That's Docket 32.
23         Just so there is no misunderstanding, I wanted
24 to share with you some key interpretations of that and
25 give anyone an opportunity who wished to ask for further

1  clarification if you thought clarification would be
2  necessary.
3           I am going to speak primarily to the issues
4  raised in the collective bargaining agreement between the
5  Portland Police Association and the City of Portland.  As
6  I have discussed, I think extensively in that opinion and
7  order, one of the threshold legal questions for me that
8  this case has presented to me, without any amendments to
9  the proposed settlement agreement, is I need to decide
10 whether or not the proposed settlement agreement, if
11 adopted, as currently proposed, would modify any rights
12 that already exist between the City of Portland and the
13 Portland Police Association under the collective
14 bargaining agreement, because if it would, then we need to
15 address whether or not I have the legal authority to do
16 that by means of approving a settlement agreement.
17          As I articulated in my previous opinion, I'm
18 skeptical that I can effect a change in the Portland
19 Police Association's rights, as set forth in the
20 collective bargaining agreement, merely by approving a
21 settlement agreement entered into by the United States and
22 the City of Portland.  I believe there is both
23 United States Supreme Court precedent and Ninth Circuit
24 precedent that call that into doubt, at least.  I'm not
25 making a final decision.  But if that is a realistic

1  possibility, that there may be such a conflict, we will
2  need to brief it further, and I will need to make some
3  decisions on that.
4           However, that only applies to the settlement
5  phase that we're talking about here.  If it turns out to
6  be that the proposed settlement agreement would abrogate
7  rights under the collective bargaining agreement, and if
8  it turns out that I'm not allowed to do that by approval
9  of a settlement agreement, then it seems that where we
10 would go from there is we would need an adjudication on
11 the merits.  Whether that would be by a trial, in which
12 case the plaintiff presents its evidence, either the
13 defendant or the defendant-intervenor presents defenses,
14 and then the Court enters an adjudication on the merits,
15 or perhaps even by summary judgment.  Perhaps there might
16 be certain areas that there is no disputes of fact on, and
17 that would permit the Court to enter an adjudication on
18 the merits.
19          But from what I have seen, and, again, I'm not
20 making final decisions here, but I want to share with you
21 my thoughts.  If there is no settlement, and if a
22 settlement were not approved, but, instead, we were to go
23 to an adjudication on the merits, whether by trial or by
24 summary judgment, then from what I've read so far, the
25 Court has the full authority to enter whatever equitable

1  relief the Court finds appropriate and lawful and just,
2  even if that relief would impose certain burdens either on
3  the City or on the members of the Portland Police Bureau,
4  the members of the Portland Police Association, and even
5  if those burdens were in violation of the collective
6  bargaining agreement.
7           In other words, I think I do have the authority
8  to modify and abrogate the collective bargaining
9  agreement, but only if done after an adjudication on the
10 merits, but I think not as part of a settlement process.
11          That's how I currently am viewing things.  To
12 whatever extent a party thinks I may be inaccurate,
13 incorrect, if and when we need to get there, I will give
14 everyone full and fair opportunity for briefing on that
15 question, and then I will reach some final decisions, but
16 I wanted to share with everyone that is my thinking and
17 analysis at this stage.
18          Let me ask, does anyone have any questions about
19 that or seek any clarification?  I am going to go in the
20 same order we have been receiving.  I will start with the
21 United States.
22          MS. BROWN:  No, Your Honor.  It is very clear.
23 Thank you.
24          THE COURT:  The City?
25          MS. OSOINACH:  No, Your Honor.

1           THE COURT:  Portland Police Association.
2           MR. KARIA:  No, sir.  It's very clear.  Thank
3  you.
4           THE COURT:  Albina Coalition?
5           MS. ALBIES:  No, Your Honor.  Thank you.
6           THE COURT:  Now, my last order, when I
7  recommended a period of 45 days for mediation, that was
8  really just a suggestion.  As part of that, I asked the
9  parties to let me know by a joint status report not later
10 than April 8th, 2013 where things stood, and then we could
11 decide where to go after that.
12          Does that still look like a reasonable time
13 frame for everyone?
14          United States?
15          MS. BROWN:  Yes, Your Honor.  At this point in
16 time, that appears reasonable.  We are hoping that with
17 our contracting requirements that we are able to get
18 started on mediation with Judge De Muniz by early next
19 week.  Then depending on the schedules of the parties, we
20 just would like some flexibility in determining, as the
21 mediation proceeds and scheduling issues and meetings
22 amongst separate groups or, as a whole, that we are able
23 to come back to the Court and let the Court know how
24 things are going, even maybe before April 8, to determine
25 whether or not we may need additional time.

1  THE COURT: Does anyone else wish to be heard on
2 that point?
3  MR. KARIA: No, sir.
4  THE COURT: That sounds fine with me. Why don't
5 we plan on this, then: Feel free to send in a joint
6 status report whenever you all agree would be appropriate,
7 but in no event later than April 8th, 2013, unless you all
8 agree to ask for a modest extension of that date, in which
9 case I will be inclined to grant it.
10  Feel free to let me know how things are going,
11 whenever you think is the right time to let me know how
12 things are going. Then depending upon how things go, we
13 will talk about where we go from here.
14  All right. Is there anything else that anyone
15 wishes to raise or discuss during this status conference?
16  First, the United States?
17  MS. BROWN: I don't think so, Your Honor. Thank
18 you.
19  THE COURT: The City?
20  MS. OSOINACH: Just to clarify, if, during the
21 course of our mediation, some of the parties feel that we
22 need more time and others don't, and somebody objects, how
23 would you like us to handle that prior to April 8th?
24  THE COURT: In the first instance through your
25 mediator, Chief Justice De Muniz. Ask him about his views

1    on this.  But if you do reach a final impasse on
2    something, although I prefer to receive a joint status
3    report from all four parties, if anyone needs the
4    assistance from the Court on anything, I will make myself
5    available for any party in this matter.  By "party," I
6    mean all four of you.  I am referring to the Albina
7    Coalition as a party, as I indicated in my order.  If
8    anyone needs assistance from the Court, I will make this a
9    priority, and I will give it very prompt attention.
10            Let me know if you need something from me.  In
11   the meantime, I think you should work through any issues
12   as best you can with your mediator, Chief Justice
13   De Muniz.
14            MS. OSOINACH:  Thank you.
15            THE COURT:  Anything from anyone else?
16            I commend the parties on an excellent choice of
17   mediator, what I understand is an agreed-upon mediation
18   agreement.  I think this is showing a very good -- it is
19   not a beginning, because you have done so much work on
20   this case before it ever arrived at my desk.  I recognize
21   that.  But since this case has been filed in court, I
22   think that it is now going in a very positive direction.
23   I encourage the parties to keep it up.
24            I think we all recognize that this is a very,
25   very important issue to the City, to the region, to the

1  country, and I commend all parties for what they have done
2  so far.
3           Good luck.
4           COUNSEL:  Thank you, Your Honor.
5           (Court adjourned.)

1
2                              --oOo--
3
4         I certify, by signing below, that the foregoing
5  is a correct transcript of the record of proceedings in
6  the above-entitled cause.  A transcript without an
7  original signature, conformed signature, or digitally
8  signed signature is not certified.
9
10 /s/ Dennis W. Apodaca                      December 30, 2014
   DENNIS W. APODACA, RDR, RMR, FCRR, CRR              DATE
   Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25