ELLEN OSOINACH, OSB# 024985
Senior Deputy City Attorney
Email: ellen.osoinach@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
   *Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S MEMO FOR SECOND STATUS CONFERENCE** |
| **CITY OF PORTLAND,** | |
| **DEFENDANT.** | |

The City made significant progress under the Settlement Agreement during the past year. The City is gratified that in all areas but one, the United States Department of Justice (United States) has recognized that the City is in Substantial or Partial Compliance, and has further noted improvements over the past year in most areas of Partial Compliance.[1]

Despite the progress the City has made under the Settlement Agreement, the past year has also brought its fair share of challenges.  As noted by the United States, despite diligent efforts by a variety of stakeholders, progress in establishing an effective Community Oversight and

---

[1] The City received the United States Department of Justice 2016 Settlement Agreement Compliance Assessment on the afternoon of October 18, 2016, and is filing this Memo on October 19, 2016.  The City is not attempting to respond to the United States 132 page report in this Memo.  The City will be carefully analyzing the Compliance Assessment and communicating with the United States to address any questions or issues in the weeks to come, so the City can continue its work toward full compliance with the Settlement Agreement.

Page  1 – DEFENDANT CITY OF PORTLAND'S MEMO FOR SECOND STATUS CONFERENCE

Advisory Board (COAB) has stalled. The City has faced significant barriers in achieving compliance in this area, but remains committed to working with stakeholders to develop a proposal for changes in this area.

**Crisis Intervention**

The City continues to make significant progress in the key issue underlying the United States' lawsuit and resulting Settlement Agreement, namely providing police services to people experiencing mental illness or crisis. This year three members of the Behavioral Health Unit Advisory Committee (BHUAC) were invited to present at the national Crisis Intervention Training (CIT) conference. They described Portland's unique multi-layered approach to crisis intervention where consumers, advocates, providers, and peers work side-by-side with government. Vanita Gupta, Head of the United States Department of Justice's Civil Rights Division, specifically highlighted the City and BHUAC's extraordinary work in her keynote address to the conference. In a similar vein, the New York Times praised the City's use of de-escalation and tactical dis-engagement as "a playbook for conflicts involving mental illness."

Surveys of Portland officers confirm that this work is in fact changing bureau culture and practices. In October 2015, the COCL released the results of a survey of Portland Officers. Ninety-three percent of members believe that PPB administration has made it a priority to train and deploy Enhanced Crisis Intervention Training (ECIT) officers to mental health situations, with sixty-one percent stating that it is a top priority of the administration. Seventy-eight percent of members personally believe that ECIT training should be a priority. The training curriculum has richly benefitted from the input of consumers, advocates, providers, and peers resulting in a high degree of satisfaction among officers with the training itself.

Page 2 – DEFENDANT CITY OF PORTLAND'S MEMO FOR SECOND STATUS CONFERENCE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

The City and its residents continue to experience challenges with gaps in the state mental health infrastructure.  In July 2016, the United States announced it was concluding its six-year investigation into the statewide mental health system without requiring the State to enter into a judicially enforceable agreement.  Instead, the State voluntarily agreed to adopt a performance plan aimed at keeping people healthy in a community-based setting.  Although the plan describes a generalized commitment to decreasing arrests and law enforcement contacts, the plan deliverables relate only to post-arrest jail diversion.  The City will continue to engage with all stakeholders on diverting medical issues away from law enforcement and into the mental health system.

**Policy Review**

In general, the City and United States have experienced challenges in managing the timelines and multiple phases of review associated with policy adoption.  The City re-organized its policy process to more efficiently utilize policy analysts, subject matter experts, and attorneys.  We expect to see significant progress on policy adoption in the coming year.

**Misconduct Investigations**

The City Council has a package of reforms before it.  The package received widespread public support, with one exception—the recommendation to create a new civilian oversight group combining the review functions of the Police Review Board (PRB) and Citizen Review Committee (CRC).  In a series of public meetings, many advocates asked the City to slow the process down.  In response, the City has convened another task force to report to City Council on four topics: the optimal number of CRC members; public comment at CRC appeal hearings; the feasibility of using panels to hear appeals instead of sitting *en banc*; and community preferences regarding changes to bring the City into compliance with the 180-day mandate.  The first of two

Page  3 – DEFENDANT CITY OF PORTLAND'S MEMO FOR SECOND STATUS CONFERENCE

public meetings will be scheduled for late October. Community engagement in this process takes time, but is necessary for improved trust and legitimacy in this key area.

**COAB**

The COAB has struggled to gain solid footing despite incredibly hard work by the volunteer board members, Board Chairs, police advisors, and City staff. This has occurred for a variety of reasons, including a lack of a defined focus for the board's roles and function, insufficiently comprehensive training and orientation for board members, a disconnect between the City's legally required processes (such as procurement requirements and public meetings requirements) and the board's desire to be "agile, timely and creative in response to the challenges of doing public engagement," and a variety of factors leading to a breakdown in basic civility and civil unrest from some community members. This in turn has resulted in fear on the part of board members, the Chair, and City staff for their safety at COAB meetings. Several Board members have resigned, and several have called for a temporary halt to cope with the dysfunction and disruption to COAB meetings. The COAB also requested that it be restructured and granted administrative independence from the COCL. Ultimately, the City and United States agreed that a sixty-day hiatus in COAB meetings would give everyone some breathing room to determine next steps. During that time, the City interviewed scores of people with widely varying perspectives regarding community involvement in the Settlement Agreement. The City then drafted an outline for a proposal to move forward, which was shared with the parties (including United States, intervenor, and amici) at a recent meeting and following that meeting, discussions are continuing on what the future COAB structure should be. The City and the United States agree that the Settlement Agreement's structure to support the COAB must be reconsidered. The City is currently working to develop a robust proposal with stakeholder input

Page  4 – DEFENDANT CITY OF PORTLAND'S MEMO FOR SECOND STATUS CONFERENCE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

to reformulate the structure and deliverables of a community oversight board, and looks forward to additional technical assistance from the United States to implement that proposal and achieve compliance in this area.

**Conclusion**

The City of Portland and the Portland Police Bureau are well aware that our community (like our country) faces a critical imperative.  The City must continue to build trust and legitimacy with all communities, particularly those experiencing mental illness or mental health crises and those that have, for far too long, experienced disparities in our criminal justice system.  Over the last year, Portlanders and their public safety personnel came together in coffeehouses, public meetings, restaurants, churches, advisory committees, and skate parks to have courageous conversations about policing in Portland—upending conventional wisdom that police and the community they serve are polarized by "us vs them" thinking.  Some of these conversations resulted from Bureau initiatives, such as Coffee with a Cop, Community Peace Collaborative, and Operation Safe Summer.  Other initiatives arose from community, such as the Race Talks, Hand's Up monologues, and dinners at Noho's where men and women of color and police officers communed together over a meal.  The City's achievement of substantial and partial compliance with almost all areas of the Settlement Agreement furthers the City's vision of a positive transformation in police/community relationships.

Dated:  October 19, 2016.

Respectfully submitted,

*/s/ Ellen Osoinach*
ELLEN OSOINACH, OSB # 024985
Senior Deputy City Attorney
Email: ellen.osoinach@portlandoregon.gov
Attorney for Defendant

Page  5 – DEFENDANT CITY OF PORTLAND'S MEMO FOR SECOND STATUS CONFERENCE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089