TRACY REEVE, OSB# 891123
City Attorney
Email: tracy.reeve@portlandoregon.gov
ELLEN OSOINACH, OSB# 024985
Senior Deputy City Attorney
Email: ellen.osoinach@portlandoregon.gov
JUDY PROSPER, OSB# 152214
Deputy City Attorney
Email: judy.prosper@portlandoregon.gov
MARK AMBERG, OSB# 922133
Chief Deputy City Attorney
Email: mark.amberg@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
     *Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM** |
| **CITY OF PORTLAND,** | |
| **DEFENDANT.** | |

**Preliminary Statement**

The City of Portland submits this Memorandum to address two issues which arose at the annual Status Conference held in this matter on October 25, 2016.  The City reaffirms its strong commitment to working collaboratively and constructively with the United States, the intervenor and the enhanced amicus to resolve outstanding issues respecting implementation of the Settlement Agreement.  The City nonetheless has two primary objections to place in the record regarding the conduct of the October 25, 2016 status conference and any proposal to require additional status conferences on any greater than an annual basis.

Page  1 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

First, the City believes that there was no legal basis to allow courtroom observers to participate in the status conference. The Court invited any members of the public who were present in the courtroom to offer non-sworn commentary on any subject of their choosing. The City finds it objectionable that the Court specifically invited a party adverse to the City in another case handled by the Court to speak. It also was objectionable that the Court allowed ad hominem attacks directed at Kathleen Saadat, the recently retired Chair of the Community Oversight and Advisory Board (COAB), Portland Mayor Charlie Hales and Portland City Commissioner Amanda Fritz.

The City is most disturbed about and objects in the strongest possible terms to the Court's allowance of heated attacks against two female attorneys representing the City. These attacks included a reference to "upskirting"[1] one attorney, and an exhortation to the other, a Black Haitian-American woman, that she should "go back to Haiti." This latter direct attack on an attorney appearing in a federal courtroom based on her national origin and race was allowed to go unchallenged and unadmonished by the Court. Filed herewith as Exhibit A to the Declaration of Portland City Attorney Tracy Reeve is a letter to the Court from the City's six elected officials expressing their condemnation that this was permitted to occur.

Second, the Court offered at the status conference to schedule future status conferences upon the request of any of the parties or the amicus. The City objects to the scheduling of any additional status conferences in this matter beyond the annual status conferences negotiated by the parties as part of the settlement of the City's appeal of the Court's original Order approving the Settlement Agreement. *See* Amended Ordering Entering Settlement Agreement, Conditionally Dismissing Litigation, and Setting First Annual Status Conference ("Amended Order"), Docket Order 96.[2] The City is willing to provide the United States, intervenor and

---

[1] "Upskirting" is the practice of surreptitiously photographing underneath a female's dress or skirt. http://definitions.uslegal.com/u/upskirting/

[2] In its post-conference filing, the United States refers to the portion of the Amended Order that provides for "annual status conferences referenced in this Order or otherwise as may be directed by the Court," (Docket No. 96, referred to in error by the United States as Docket No. 99). Nothing in the Amended Order, which the parties heavily negotiated, was intended to allow for

Page  2 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

enhanced amicus with a written progress report within thirty (30) days, and periodically thereafter, but believes that further in-court status conferences prior to the next annual Status hearing to be held on October 5, 2017, would be counterproductive.

**Procedural and Legal Framework**

In 2010, Aaron Campbell, an unarmed black man experiencing a mental health crisis, was shot and killed by a Portland Police Bureau (PPB) officer.  In the aftermath of that tragedy, Portland's then-Mayor Sam Adams and then-Police Commissioner Dan Saltzman invited the United States Department of Justice ("DOJ") to investigate the PPB and make recommendations for improvement of its policies and procedures.  The DOJ conducted a lengthy review of police use of force in Portland, and issued a report asserting that PPB had a policy or practice of unconstitutionally using excessive force on people who either were or were perceived to be mentally ill.  The City of Portland denied, and continues to deny, that any such policy or practice existed.  But the City also was and is committed to improving both the performance and the perceived legitimacy of its Police Bureau.  Desiring an outcome beneficial to all, and most importantly to the community PPB serves, the City embarked on extended negotiations with DOJ to agree on improvements that the City could implement to improve the interactions between the police and people with mental illness, to enhance transparency, and to build trust and legitimacy with the community.

The City's insistence that these results be achieved through a Settlement Agreement between the City and the United States, rather than by a consent decree entered by the Court, was intentional.  An essential feature of the Settlement Agreement, from the City's point of view, was that the parties themselves would be responsible for its progress and enforcement.  The DOJ agreed to this structure, so long as it could file, and then conditionally dismiss, this federal court action in order to ensure that the Court would retain jurisdiction to enforce the Agreement under

---

in-court conferences or hearings more frequently than on an annual basis, in the absence of the invocation by one party or the other of the Court's authority to enforce the Settlement Agreement in accordance with its terms.

Page  3 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

specific circumstances. Those circumstances are set forth at paragraphs 181 through 186 of the Settlement Agreement. Short of invocation of that process by the DOJ, however, the Settlement Agreement was never intended to involve the active, independent participation by the Court in its monitoring or implementation. As agreed by the parties, DOJ filed this action and moved to enter the Settlement Agreement and to dismiss the case.

The Court proposed to hold a "fairness hearing" before determining whether to approve the Settlement Agreement. The parties consented to that process. The Portland Police Association (PPA) was allowed to intervene in the case, and the Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) was granted "enhanced amicus" status. After the fairness hearing, the Court entered an "Order Entering Settlement Agreement, Conditionally Dismissing Litigation, And Setting First Annual Settlement-Compliance Hearing," Docket No. 86. As part of its Order, the Court directed "periodic hearings, to be held approximately annually, unless otherwise ordered by the Court, to describe to the Court the progress being made toward achieving substantial compliance with all provisions of the Settlement Agreement and any obstacles or impediments toward that end, to respond to the Court's questions on these issues, and to present evidence on these issues as so directed by the Court." *Id*. The City objected to the breadth of this provision. Specifically, the City objected to being required to attend status hearings more than once per year, and to evidence-taking by the Court other than to receive reports from the United States, the City (to include the Compliance Officer and Community Liaison (COCL) and COAB), the Portland Police Association and the AMAC on the progress of implementation of the Settlement Agreement.[3] The City appealed the Order, and, on appeal, reached a mediated agreement with the other parties that resulted in the Court's entry of its Amended Order, Docket No. 96. The Amended Order calls for "annual status conferences

---

[3] The Order and the Amended Order contemplate annual status conferences to report on three agreements: the Settlement Agreement between the United States and the City; the Memorandum of Agreement between the City and the Portland Police Association; and the Collaborative Agreement between the City and the AMAC. For ease of reference they are collectively referred to as the "Settlement Agreement."

Page  4 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

to describe to the Court the progress being made toward achieving substantial compliance with all provisions of the Settlement Agreement and any obstacles or impediments toward that end and to respond to the Court's questions on those issues." Importantly, the Amended Order calls only for "annual" status conferences, and does not contemplate participation by anybody other than the parties, the amicus, the COAB and the COCL at those annual status conferences.

**The October 25, 2016 Status Conference**

The Second Annual Status Conference held on October 25, 2016, demonstrated starkly the foreseeable and counter-productive consequences of the Court's inserting non-parties into the implementation process. The parties expected that this status conference would be conducted in accordance with the Amended Order, as the First Annual Status Conference (held on September 14, 2015) had been. Specifically, the parties expected that the Court would hear from the United States, the City, a member of the COAB and the COCL on "the progress being made toward achieving substantial compliance with all provisions of the Settlement Agreement and any obstacles or impediments toward that end and to respond to the Court's questions on these issues;" would hear from "the United States, the City and the PPA. . . to describe to the Court the status of the MOA;" and would hear from "the United States, the City and the AMA . . . to describe to the Court the status of the CA and to respond to any questions by the Court…." Amended Order, Docket No. 96.

To the City's surprise, in addition to the anticipated reports from the parties, amicus, the COAB member and the COCL, the Court invited all members of the public in attendance to speak including an invitation by name to a party adverse to the City in another case recently before the Court. The result was a series of commentaries from a collection of individuals (many of whom routinely disrupt City Council and COAB meetings) which included ad hominem attacks on the City's elected officials and volunteers and racist and sexist comments directed toward the City's lawyers.[4] These unwarranted diatribes were extremely disturbing to the people

---

[4] After the conclusion of the status conference, the city attorneys who appeared in Court, along with two representatives of the Police Bureau, were followed, filmed and verbally insulted and

Page  5 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE
MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

at whom they were directed, and were inappropriate for any setting, much less a United States District Court. The Court did not prevent, admonish or limit this behavior. The Court's tolerance of ad hominem attacks and explicit disparaging references to one attorney's national origin was not in keeping with its obligations under Canon 3.A(3) of the Code of Conduct for United States Judges: "A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct of those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process."

All six of the City of Portland's elected officials are offended that the Court allowed such conduct to occur. See Exhibit A to Reeve Declaration filed herewith. It is not reasonable, as the Court appeared to suggest at the status conference, to expect the City and its representatives "to have a conversation about having conversations" with people who behave in this manner. City staff and volunteers should not be expected to have a conversation about how to listen to verbal abuse or how to tolerate the threat of physical violence. The City of Portland has an obligation to those who work for it or on its behalf not to acquiesce in their exposure to the kind of behavior that this Court permitted at the October 25, 2016, hearing.

**The Community Engagement Area of Noncompliance**

In determining how to restructure the community engagement process to optimize the goals shared by the City, the DOJ, amicus and the community, the City is committed to considering informed input and recommendations from all voices – small, individual, collective and powerful, and to dedicating the resources necessary to achieve the goals of the Settlement Agreement in this area. The City is immensely grateful to the volunteer Community Oversight and Advisory Board members, both past and present who have dedicated countless hours – well beyond that which was expected when they agreed to serve – to work on a very important

---

harassed all the way back to City Hall by a group of individuals who attended the status conference, including the individual who made the sexist and discriminatory insults to the two city attorneys at the status conference. See Declaration of Tracy Reeve at ¶¶ 4-5.

Page  6 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

experiment in direct community participation in police reform.

It is painfully clear that there have been several obstacles in the way of COAB's ability to be successful at its stated tasks and goals, and that amendments to the Settlement Agreement will be necessary to achieve the objectives of meaningful community engagement. All parties – amicus and intervenor included – agree that the Settlement Agreement's structure to support the COAB must be reconsidered. Despite substantial efforts by many parties, and the dedication of significant resources by the City, COAB meetings devolved to the point where the COAB Chair, COAB members and City staff faced the type of behavior that was on display at the Status Conference on October 25, 2016, and worse, from some of the same individuals. The "civil unrest" at COAB meetings referred to by DOJ in its compliance assessment resulted in COAB members, the Chair, City employees and members of the public expressing concern for their physical safety at meetings and facing reputational harm due to verbal attacks both in person and electronically.

The COAB has requested independence from the COCL and the COCL has requested to be relieved of its obligation to chair the COAB. Given all of this, and as DOJ pointed out in its compliance assessment, the effort to keep the COAB functioning began to require a disproportionate amount of time and resources, with mixed results at best in actually achieving the outcomes envisioned by the Settlement Agreement.

In sum, all parties agree that the Settlement Agreement's structure to support the COAB must be reconsidered. All have agreed to continue working to develop an updated proposal and necessary amendments. The City is dedicated to moving forward and acknowledges that there are areas where it needs to do better, including providing more training and support for community members who agree to serve and a better delineation of the work to be accomplished. The City renews its commitment and dedication to improving and ensuring intentional and well-informed community engagement with the police bureau. The City looks forward to continuing to work with DOJ, amicus and others to address the issues that have prevented success to date in

Page  7 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

achieving community engagement as contemplated under the Settlement Agreement.  The City is willing to be fully accountable to the DOJ and the public as the parties collectively consider modifications to the Settlement Agreement to ensure meaningful community engagement.  And DOJ, of course, retains the ability to invoke this Court's jurisdiction under the Settlement Agreement should it determine that the City is in breach and that the breach cannot be resolved through the mechanisms set forth in the Settlement Agreement.

Short of that, however, the City is neither willing nor obligated to participate in court status conferences beyond the annual status conferences set forth in the Amended Order entered by this Court.  This issue has already been the subject of an appeal in this case.  When this Court entered the parties' Settlement Agreement, it also issued an order mandating "periodic hearings" to "present evidence … as so directed by the court" to be held whenever "ordered by the court."  The City objected to the breadth of that order and to this Court's assumption of the power to unilaterally call hearings and direct the taking of evidence independently of the parties.  On appeal, the parties (including the AMAC and the PPA) reached a mediated agreement providing only for annual, non-evidentiary status conferences at which specified entities (the City, the United States, the PPA, the AMAC, the COCL and the COAB) would participate.  There was no provision for participation at the annual status conference by members of the public.  This Court signed the parties' proposed amended order to that effect.  It is the City's position that unless and until the United States invokes the process set forth in paragraphs 181 through 185 of the Settlement Agreement to secure compliance without success, and files a motion to enforce compliance under paragraph 186 of the Agreement, the Court has no legal basis to schedule any proceedings until the next annual status conference which is scheduled for October 5, 2017.

**Conclusion**

The City of Portland remains committed to working collaboratively and constructively with the United States, the intervenor and the enhanced amicus to resolve outstanding issues respecting implementation of the Settlement Agreement.  To that end, the City is agreeable to

Page  8 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

providing a written report to the United States, the intervenor and the enhanced amicus in thirty (30) days, regarding efforts to address the community engagement aspects of the Settlement Agreement, and periodically thereafter.

Dated:  November 3, 2016.

Respectfully submitted,

*/s/ Tracy Reeve*
TRACY REEVE, OSB # 891123
City Attorney
Email: tracy.reeve@portlandoregon.gov
Of Attorneys for Defendant

Page  9 – DEFENDANT CITY OF PORTLAND'S POST STATUS CONFERENCE MEMORANDUM

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089