# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>            Plaintiff,<br><br>       v.<br><br>**CITY OF PORTLAND**,<br><br>            Defendant. | Case No. 3:12-cv-2265-SI<br><br>**ORDER** |

Billy J. Williams, United States Attorney; Adrian L. Brown, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Steven H. Rosenbaum, Chief; Laura L. Coon, Special Counsel; R. Jonas Geissler, Senior Trial Attorney; Brian Buehler and Seth Wayne, Trial Attorneys, Special Litigation Section, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530. Of Attorneys for Plaintiff.

Tracey Pool Reeve, City Attorney; Ellen C. Osoinach, Senior Deputy City Attorney; Judy S. Prosper, Deputy City Attorney; Mark P. Amberg, Chief Deputy City Attorney, OFFICE OF THE CITY ATTORNEY, 1221 S.W. Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant.

Anil S. Karia, PUBLIC SAFETY LABOR GROUP, 3021 N.E. Broadway, Portland, OR 97232. Of Attorneys for Intervenor-Defendant Portland Police Association.

Jessica Ashlee Albies, CREIGHTON & ROSE, P.C., Powers Building, 65 S.W. Yamhill Street, Suite 300, Portland, OR 97204; Shauna M. Curphey, CURPHEY & BADGER, P.A., 520 S.W. Sixth Avenue, Suite 1040, Portland, OR 97204; Kristen A. Chambers, KIRKLIN THOMPSON & POPE, LLP, 1000 S.W. Broadway, Suite 1616, Portland, OR 97205. Of Attorneys for Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform.

**Michael H. Simon, District Judge.**

In the Amended Order Entering Settlement Agreement, Conditionally Dismissing Litigation, and Setting First Annual Status Conference (ECF 99), entered on July 30, 2015, the Court Ordered that there shall be "annual status conferences referenced in this Order *or otherwise as may be directed by the Court*." ECF 99 at 5 (emphasis added). No party objected to that text or timely appealed from that Amended Order.

On October 18, 2016, one week before the Court held its Second Annual Status Conference in this case, the United States filed Plaintiff's Notice of Second Periodic Compliance Assessment Report. ECF 124. As an exhibit to that Notice, the United States attached its 2016 Settlement Agreement Compliance Assessment. ECF 124-1. The United States noted in that Compliance Assessment that, in addition to substantial or partial compliance with many aspects of the Settlement Agreement, which the Court commends, the City was in "non-compliance" with regard to its obligations relating to the Community Oversight Advisory Board ("COAB"). ECF 124-1 at p. 2 and pp. 114-125.

The Court held its Second Annual Status Conference on October 25, 2016. At that conference, the United States initially requested that the Court hold an interim status conference after 30 days for the City of Portland to report on its progress in developing a revised plan for the COAB and to hold another interim status conference after 90 days to hear from the Parties regarding any proposed modifications to the Settlement Agreement pursuant to Paragraph 175. After the United States and the City conferred, both parties requested one week to confer further. The Court allowed that and directed the filing of a post-conference status report.

On November 2, 2016, the United States filed Plaintiff's Post Status Conference Status Report. ECF 136. The following day, the City filed its Post Status Conference Memorandum (ECF 138) and a declaration from the City Attorney (ECF 139). The Court has reviewed all of these documents.

The United States reiterates its request for interim status conferences in 30 and 90 days, but offers in lieu of the first conference that the City be required to file a written Supplemental Compliance Report by December 2, 2016, describing the "steps taken to achieve compliance with Section IX of the Settlement Agreement." ECF 136 at 3. The United States further requests that the Court hold an interim status conference on or about January 31, 2017, "for the Parties to report on the obligation of Paragraph 175 of the Settlement Agreement and any stipulated modification." *Id*.

The City objects to the Court holding status conferences on a basis more frequent than annually. ECF 138. Based on the Amended Order Entering Settlement Agreement, Conditionally Dismissing Litigation, and Setting First Annual Status Conference (ECF 99), as well the Court's inherent authority, the Court has the authority to hold status conferences whenever appropriate and will do so.

The Court hereby adopts the Plaintiff's alternative proposal and ORDERS the City to file not later than December 2, 2016, a written Supplemental Compliance Report, describing the steps taken to achieve compliance with Section IX of the Settlement Agreement. The Court further ORDERS that an interim status conference be held on Tuesday, January 31, 2017, at 2:00 p.m. in Courtroom 13B for the Parties to report on the status of any proposed changes to the Settlement Agreement and the appropriate steps to

be taken by the Court when considering any such proposed changes, including the requirements of Paragraph 175 of the Settlement Agreement.

In Plaintiff's Post Status Conference Status Report, the United States further proposes a specific agenda for the Third Annual Status Conference, which is set for Wednesday, October 5, 2017, at 10:00 a.m. The Court will defer providing an agenda for the Third Annual Status Conference until approximately 30 to 60 days before that conference.

Finally, in Defendant City of Portland's Post Status Conference Memorandum and the related Declaration of Tracy Reeve, the City comments on the *non-sworn* commentary offered by members of the public during the Second Annual Status Conference. First, the Court observes that it was the City that originally objected to the Court holding an *evidentiary* hearing as part of its continuing jurisdiction and oversight over this matter. The Parties then requested, and the Court agreed, that the Court will hold status conferences, rather than evidentiary hearings. Second, the Court has the inherent authority to hear comments at a status conference from any *amicus curiae* that the Court considers appropriate. Third, the Court understands and appreciates the concerns expressed by the City regarding the content and tenor or tone of several of the comments voiced during the Second Annual Status Conference by some of the *amici curiae*. The Court will appropriately address these issues in open Court.

## CONCLUSION

The Court ORDERS the City to file not later than December 2, 2016, a written Supplemental Compliance Report, describing the steps taken to achieve compliance with Section IX of the Settlement Agreement. The Court further ORDERS that an interim

status conference be held on Tuesday, January 31, 2017, at 2:00 p.m. in Courtroom 13B for the Parties to report on the status of any proposed changes to the Settlement Agreement and the appropriate steps to be taken by the Court when considering any such proposed changes.

**IT IS SO ORDERED.**

DATED this 10th day of November, 2016.

/s/ Michael H. Simon<br>Michael H. Simon<br>United States District Judge