IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-2265-SI |
| Plaintiff, | |
| v. | **ORDER STRIKING INTERIM STATUS CONFERENCE PENDING DECISION ON DEFENDANT'S PETITION FOR WRIT OF MANDAMUS** |
| **CITY OF PORTLAND**, | |
| Defendant. | |

Billy J. Williams, United States Attorney; Adrian L. Brown, Janice E. Hebert, and Jared Hager, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Steven H. Rosenbaum, Chief; Laura L. Coon, Special Counsel; R. Jonas Geissler, Senior Trial Attorney; Brian Buehler and Seth Wayne, Trial Attorneys, Special Litigation Section, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530. Of Attorneys for Plaintiff.

Tracey Pool Reeve, City Attorney; Mark P. Amberg, Chief Deputy City Attorney; Ellen C. Osoinach, Senior Deputy City Attorney; Judy S. Prosper, Deputy City Attorney; OFFICE OF THE CITY ATTORNEY, 1221 S.W. Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant.

Anil S. Karia, PUBLIC SAFETY LABOR GROUP, 3021 N.E. Broadway, Portland, OR 97232. Of Attorneys for Intervenor-Defendant Portland Police Association.

Jessica Ashlee Albies, CREIGHTON & ROSE, P.C., Powers Building, 65 S.W. Yamhill Street, Suite 300, Portland, OR 97204; Shauna M. Curphey, CURPHEY & BADGER, P.A., 520 S.W. Sixth Avenue, Suite 1040, Portland, OR 97204; Kristen A. Chambers, KIRKLIN THOMPSON & POPE, LLP, 1000 S.W. Broadway, Suite 1616, Portland, OR 97205. Of Attorneys for Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform.

Page 1 – ORDER

**Michael H. Simon, District Judge.**

On December 14, 2016, Defendant City of Portland ("City") filed with the United States Court of Appeals for the Ninth Circuit a Petition for Writ of Mandamus, for a Stay of Proceedings, and for Reassignment on Remand ("Petition"). Among other things, the City requests a stay of the interim status conference that is currently scheduled for January 31, 2017, so that the Ninth Circuit may consider the merits of the City's Petition. In order to facilitate the orderly determination of the City's Petition, this Court hereby strikes the interim status conference scheduled for January 31, 2017, to be rescheduled at a later date, if appropriate, after the Ninth Circuit resolves the City's Petition. The Court also adds the following relevant background for the benefit of the parties.

In the Court's Amended Order Entering Settlement Agreement, Conditionally Dismissing Litigation, and Setting First Annual Status Conference (ECF 99), the Court Ordered that there shall be "annual status conferences referenced in this Order or otherwise as may be directed by the Court." ECF 99 at 5. On October 18, 2016, one week before the Court held its Second Annual Status Conference, the United States filed Plaintiff's Notice of Second Periodic Compliance Assessment Report. ECF 124. As an exhibit to that Notice, the United States attached its 2016 Compliance Assessment. ECF 124-1. The United States noted that, in addition to substantial or partial compliance with many aspects of the Settlement Agreement, the City was in "*non-compliance*" with its Settlement Agreement obligations relating to the Community Oversight Advisory Board ("COAB"). ECF 124-1 at p. 2 and pp. 114-125 (emphasis added).

The Court held its Second Annual Status Conference on October 25, 2016. At that conference, the United States initially requested that the Court hold an *interim* status

Page 2 – ORDER

conference after 30 days for the City of Portland to report on its progress in developing a revised plan for the COAB and to hold a *second interim* status conference after 90 days to hear from the parties regarding any proposed modifications to the Settlement Agreement pursuant to Paragraph 175. After the United States and the City conferred, both parties requested one week to confer further, which the Court allowed. The United States next filed Plaintiff's Post-Status Conference Status Report, stating:

> The United States further requests the Court hold a status conference on or about Tuesday, January 31, 2017 for the Parties to report on the obligations of Paragraph 175 of the Settlement Agreement and any stipulated modifications.

ECF 136 at 3 (footnote reciting Paragraph 175 omitted). The Court granted the request of the United States and set an interim status conference for January 31, 2017, at 2:00 p.m., over the City's objection. ECF 140.

      Three points raised by the City in its Petition deserve further mention by the Court. First, on pages 8-9 of its Petition, the City remarks on the Court thanking persons who made what the City describes as "disparaging comments" during the portion of the Second Annual Status Conference that the Court opened to members of the public who sought to provide their views regarding the City's lack of compliance with the Settlement Agreement. On page 9 of its Petition, the City specifically quotes from Mr. Davis's comments. At the time that Mr. Davis was speaking, the Court considered Mr. Davis merely to be offering political commentary, indeed hyperbole, with his references to a "dictator" from Haiti (referring to former President Jean-Bertrand Aristide), to the Office of the Portland City Mayor being a "dictatorship," and to a lawyer working in the Portland City Attorney's Office (who had just made a presentation during this hearing defending the City's position) previously having been employed by the government of

Page 3 – ORDER

Haiti. At no time did the Court consider Mr. Davis's remarks to be racial, and nor would the Court ever tolerate racially disparaging remarks in a court proceeding or elsewhere.

Second, at page 9 of its Petition, the City states "the District Court appeared to be inviting the United States to give [the City] a 'hammer.'" Although the City quotes from the Court's remarks, the City did not provide, for context, the specific remark to which the Court was responding. Rev. Dr. T. Allen Bethel was providing comments to the Court at the request of the Albina Ministerial Alliance Coalition for Justice and Police Reform. As shown on page 104, lines 7-12 of the hearing transcript (ER 192), Dr. Bethel stated:

> But for 60 days they [the City] were out of compliance [with the Settlement Agreement], even though I know they got the agreement with the DOJ to do that.
>
> Since the 21st of October, there has still been nothing that has happened. *So I still think I want to ask you to drop the hammer on this non-compliance*.

ER 192 (Hearing Transcript 104:7-12) (emphasis added). The Court then explained:

> THE COURT: If I can interrupt you for one second to make sure we are on the same page. Under the settlement agreement, I do not have a hammer yet. . . .

*Id*. (Tr. 104:13-15). The Court's reference to a "hammer," thus, was the Court merely using the words of Dr. Bethel and explaining to the witness how matters needed to proceed under the Settlement Agreement and, specifically, why the Court would not, and could not, act in the absence of a formal motion made by the United States, as Plaintiff, pursuant to the terms of the Settlement Agreement.

Finally, the City states on page 10 of its Petition that the Second Annual Status Conference lasted more than six hours. As shown in the transcript, the bulk of this time was taken by presentations from counsel for the parties and from others whom counsel

Page 4 – ORDER

requested to make presentations to the Court. *See* ER 89-215 (Tr. 1-127). Only after these presentations were concluded did the Court invite members of the public who wished to comment on the status of the City's compliance or non-compliance with the Settlement Agreement to be heard as additional *amicus curiae*. The transcript from the hearing shows that these public comments consumed less than one-third of the total hearing time. *See* ER 215-280 (Tr. 127-192). Moreover, during the public comments received in open court, one person who expressed a desire to be heard—and who was heard—was Portland City Commissioner Amanda Fritz. Her comments appear at ER 270-280 (Tr. 182-192). Excluding Commissioner Fritz's comments, the remaining comments from the public consumed less than 30 percent of the hearing time as measured by the transcript.[1]

## CONCLUSION

The interim status conference that was scheduled at the request of the United States for January 31, 2017, at 2:00 p.m. is hereby stricken. If appropriate, the Court will reschedule a new interim status conference after the Ninth Circuit resolves the City's pending Petition for Writ of Mandamus.

**IT IS SO ORDERED.**

DATED this 14th day of December, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] In addition, approximately 30 minutes of the hearing was consumed by the Court watching a video presentation at the request of the City, which included comments from Portland police officers and others, which are not reflected in the transcript because the City separately submitted its video for the record. These comments, as well as comments from the public, all provided valuable information to the Court concerning the status of the City's progress toward complying with the Settlement Agreement.

Page 5 – ORDER