**KIRKLIN THOMPSON & POPE LLP**
TRIAL LAWYERS

October 20, 2017

*via email*

Tracy Reeve, Mark Amberg, Denis Vannier, Berk Nelson, Andrea Barraclough (City of Portland)

Jonas Geissler, Suzanne Hayden, Laura Cowall, Renata Gowie (US Attorney's Office/Department of Justice)

Anil Karia, Daryl Turner, Steve Jones, Mary Claire Buckley (Portland Police Association)

**Re: 2017 Ninth Circuit mediation in United States of America re City of Portland, Case No. 3:12-cv-02265-SI**

Dear Participants,

As agreed at the mediation on October 6, 2017, this letter memorializes the AMAC's position on articulated at the mediation session.

Two major issues were discussed at the mediation: 1) the AMAC's position regarding the proposed amended Settlement Agreement and PCCEP Plan, and 2) the plan going forward with respect to the City's writ of mandamus, currently pending in the Ninth Circuit. They are each addressed, in turn.

1. *The proposed amended Settlement Agreement and PCCEP Plan*

The AMAC was pleased to see many improvements to the PCCEP Plan since the last mediation session. The AMAC appreciates City Council's willingness to listen and respond to the public's concerns.

With respect to the proposed amended Settlement Agreement, the AMAC's position is as follows:
- The AMAC welcomes the Settlement Agreement amendment removing the CRC from the 180-day deadline and moving appeals from a 21 to a 90 day timeline. S.A. ¶121.
- The AMAC is content with the changes made to the use-of-force directives, although the City has not explained why 48 hours is necessary for involved-officer interviews. S.A. ¶69(c); Directives 1010.10 &1010.00.
- The AMAC would like to give informed input to City Council regarding the stipulated discipline process that is still being negotiated. S.A. ¶131(d).

- The AMAC is okay with the Settlement Amendments involving EIS, with the understanding that such changes allow for a more effective method for tracking incidents and holding supervisors accountable. S.A. ¶117.
- The AMAC appreciates DOJ's intent to make the Compliance Officer reports more accessible to the community by providing more targeted reports on particular issues each quarter. The AMAC looks forward to confirmation from the DOJ that the Compliance Officer's reports will cover all substantive provisions of the Settlement Agreement on an annual basis. S.A. ¶159.

The PCCEP Plan does not embody all aspects and elements that the AMAC believes are very important to successful community oversight of the implementation of the Settlement Agreement. For example, the AMAC believes the current PCCEP Plan provides for far too much Mayoral control, too little involvement from Portland's diverse communities, not enough support for community members, too much privacy, and too little emphasis on outreach to the broader community.

However, as a path going forward for implementation of the goals of the Settlement Agreement and beyond, the AMAC supports the current Settlement Agreement amendments and the PCCEP Plan. The AMAC's support is contingent upon the Mayor putting in writing his August 24, 2017 representations about the intent and interpretation of the Settlement Agreement amendments and PCCEP Plan proposal (detailed below). Furthermore, the AMAC reserves the right to offer comment to the Court at any hearing on consideration of the Settlement Agreement amendments and PCCEP Plan, including specific requests to strengthen or broaden the scope of the terms of the Settlement Agreement, and to advocate against any implementation of the PCCEP Plan that is inconsistent with the terms and purpose of the Settlement Agreement. Consistent with the AMAC's collaborative agreement with the DOJ and City, the AMAC agrees to advocate for the implementation of the Settlement Agreement and PCCEP Plan reforms that AMAC supports, and will oppose any attempts to weaken or dilute the Settlement Agreement and PCCEP Plan reforms that it supports.

Specifically, the Mayor's representations that the AMAC expects to see in writing are:

1. PCCEP members will independently assess the implementation of the Settlement Agreement.
2. PCCEP may report to Judge Simon at all status conferences.
3. Eleven members will be appointed to the initial PCCEP.
4. The City will permit the PCCEP to change its name to something more accurate.
5. The City will hire a community organizer for PCCEP if at all economically feasible.
6. PCCEP will provide written reports and updates to the Mayor, which will be posted on social media and the City's website.
7. PCCEP will not be prohibited from doing work in addition the Community Engagement Plan, at any time.

2. *The Writ of Mandamus Proceeding*

The AMAC has consistently objected to the City's petition for a writ of mandamus, as improper and lacking any legal authority. The AMAC has also strongly objected to the City's use of the Ninth Circuit mediation process to discuss the community engagement component of the Settlement Agreement behind closed doors. Regardless of the DOJ's or the City's intentions, the impact was to shut out the community from the implementation of the Settlement agreement by excluding the AMAC from very important conversations regarding community engagement and by further delaying replacement of the COAB.

While the AMAC strongly opposes the City's position in its writ petition, the AMAC will not oppose its dismissal, and agrees the parties should seek mediation in the future before taking disputed issues before the district court. To elaborate, the AMAC agrees that if any party, including the AMAC, invokes mediation, all parties will be confidentially notified, and all parties will decide whether to mediate and who should be involved. If the parties cannot agree on these issues, the Ninth Circuit mediators will assist. The AMAC also understands that the AMAC will be involved from the beginning in discussions on issues of particular concern to the community, including, but not limited to, racial profiling, use of force, police oversight and accountability, the Community Engagement Plan, and the PCCEP.

The AMAC is willing to sign a stipulated motion to amend the Settlement Agreement that is consistent with AMAC's positions stated herein.

Very truly yours,

KIRKLIN THOMPSON & POPE LLP

Kristen Chambers
kristen@kt-lawyers.com

cc: AMAC Steering Committee
    Claudia Bernard, Ninth Circuit Mediator
    Billy Williams, U.S. Attorney
    Brian Buehler, U.S. DOJ
    Barbara Buono, City of Portland