**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
**JARED D. HAGER, WSB #38961**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Phone: 503.727.1120
Email: jared.hager@usdoj.gov

**JOHN M. GORE**
Acting Assistant Attorney General
Civil Rights Division
**STEVEN H. ROSENBAUM**
Chief
Special Litigation Section
**LAURA L. COON**
Special Counsel
**R. JONAS GEISSLER**
**BRIAN D. BUEHLER**
**KERRY K. DEAN**
Trial Attorneys
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Phone: 202.514.6255
Fax:    202.514.4883
        Attorneys for Plaintiff, United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF THIRD PERIODIC COMPLIANCE ASSESSMENT REPORT |
| **THE CITY OF PORTLAND,** | |
| Defendant. | |

**Page 1 Plaintiff's Notice of Third Periodic Compliance Assessment Report**
  *United States v. City of Portland*, Case No. 3:12-cv-02265-SI

Plaintiff, the United States of America, provides notice to the Court of Attachment 1, our Third Periodic Compliance Assessment Report ("Report"), for the period of August 29, 2016 to August 29, 2017.  During this reporting period, the City of Portland made significant progress in implementing the Settlement Agreement, ECF 4-1, as set forth in detail in our Report.  The Portland Police Bureau ("PPB") and the City's Independent Police Review ("IPR") have undertaken critical policy revisions that address police use of force and the City's administrative investigations of alleged officer misconduct.  PPB has significantly improved its training practices:  the Bureau's Training Division uses the training needs assessment and competency-based evaluations to shape lessons; acts on advice from the Training Advisory Council; and has trained numerous officers on revised use of force policies.  PPB also realized advancements in implementing the Settlement Agreement's feedback mechanisms, such as the re-launch of the Inspector's Force Audit Report in a more accessible format that better presents the Inspector's analyses.  And PPB and the City have taken substantial steps regarding crisis triage and response, including training call takers on crisis triage and implementing data collection mechanisms for calls involving a mental health component.  As spelled out in the Report, the City's progress is commendable, but further work remains.

Importantly, the parties collaborated throughout the reporting period to address barriers to compliance.  This includes working together to refine and submit to the Court a number of stipulated amendments to the Agreement.  The amendments modify certain language that proved unworkable during the implementation phase of the Agreement, while preserving the intent and goals of the Agreement.  The United States looks forward to continuing to work with the City, the Portland Police Association ("PPA"), and the AMA Coalition for Justice and Police Reform on Agreement implementation.

Our executive summary of the Report is as follows:

- **Use of Force:** PPB established a strong foundation for force management with improvements to policies, training, and the quarterly Force Audit Reports.
  - Successes include:
    - Revising use of force policies to include, with limited exceptions, the terms of Section III of the Settlement Agreement;
    - Launching renewed in-service use of force training of officers, using improved scenarios and lesson plans that reflect the revised policies; and
    - Reformatting the quarterly Force Audit Reports to better present patterns in use of force and deficiencies in reporting and administrative reviews.
  - Challenges include:
    - Resolving discrepancies between the Settlement Agreement and PPB's policy on reporting and investigating use of deadly force;
    - Ensuring that supervisors reviewing use of force consistently identify and document any problems concerning policies, training, tactics, and/or equipment, and that the Inspector and Chief address these issues; and
    - Enforcing the Bureau's policy on electronic control weapon ("ECW") deployments, including finding misconduct where officers violate the policy.
- **Training:** The City has significantly advanced training, implemented technical assistance, and adapted in-service training on recently enacted policies.
  - Successes include:
    - Implementing equity training in the spring 2017 in-service training and ethical policing in the fall 2017 in-service training (Pars. 78, 84(a));
    - Utilizing a training needs assessment to shape current in-service training (Par. 79);
    - Implementing ECW training that includes individualized testing and incorporating policy into instruction and practicum (Par. 80);
    - Providing practical instruction on life saving techniques and a duty to render aid (Par. 80);
    - Assessing efficacy of training through competency-based evaluations and scenarios (Par. 80);
    - Incorporating trainer selection criteria into revised PPB Directives (Par. 83); and
    - Utilizing advice from the Training Advisory Council (Par. 86).
  - Challenges include:
    - Informing the training needs assessment and training plan with accurate data from the force and training audits and the post-training performance of officers (Par. 79);

- Using data developed through student surveys of supervisory and specialized training (Par. 80);
- Bringing PPB's new Learning Management System online (Par. 81);
- Implementing a comprehensive supervisory in-service training that incorporates changes to PPB Directives (Par. 84); and
- Implementing a training audit (Par. 85).

- **Community-Based Mental Health Services:** The City has supported the establishment of the Unity Center, a psychiatric emergency services facility, which provides acute psychiatric services for persons in crisis and links individuals to community-based treatment and supports prior to discharge. The City continues to work with service system partners as the State implements its plan to increase the availability of community-based treatment and supports (Pars. 88-90).

- **Crisis Intervention:** PPB's Behavioral Health United ("BHU") continues to operate mobile crisis prevention teams (now called Behavioral Health Response Teams, or BHRTs) and a service coordination team ("SCT"), and oversee the work of the patrol-based Enhanced Crisis Intervention Team ("ECIT") officers. With the guidance and support of its Advisory Committee, the efforts of BHU have successfully elevated the services that PPB provides to individuals with mental illness or in crisis. Further work remains to collect and analyze data to demonstrate and enhance the effectiveness of the unit.

  o PPB's successful BHRT model, in which a Project Respond Service provider is paired with a specially trained patrol officer to follow-up with individuals with mental illness who have had repeated contacts with law enforcement, continues to function as contemplated by the Agreement (Pars. 106-09).

  o The City's Bureau of Emergency Communication ("BOEC," or 911) has revised its protocols and trained its call takers and dispatchers on crisis triage, tracking PPB's hybrid model of crisis intervention. BOEC is now implementing a fully operational crisis triage system, and the success of its new protocols and training will be evaluated going forward (Pars. 113-15).

  o Portland's hybrid crisis response model differs from the Memphis Model because the specialized crisis response team, comprised of officers who have received Enhanced Crisis Intervention Training, is dispatched only to a specific subset of calls for service with a mental health component. PPB is successfully collecting data about its crisis intervention model through a Mental Health Template. Data from the Template and BOEC are being used to inform outcome measures that are intended to demonstrate the effectiveness of Portland's model, as required by the provisional approval granted by the Department of Justice (Par. 99).

- **Employee Information System ("EIS"):** PPB's EIS has improved but still not proven capable of "effectively identify[ing] at-risk employees, supervisors and teams to address potentially problematic trends in a timely fashion." (Par. 116).

- o Successes include:
    - Implementing a standard operating procedure to provide the EIS administrator consistent guidance on the processing of EIS alerts (Par. 116).
- o Challenges include:
    - Ensuring that supervisors timely complete performance reviews, utilizing the EIS (Par. 116); and
    - Gathering data about the effective use of alerts for officers within the units (Par. 116).
- **Accountability:** PPB and IPR are in the midst of formalizing a change in the way the City conducts administrative investigations of alleged officer misconduct.  In the period covered by this compliance assessment report, PPB and IPR have made significant progress in tracking and handling allegations of misconduct.
    - o Successes include:
        - Implementing weekly meetings regarding investigative deadlines to ensure more timely investigations (Pars. 121, 123);
        - Helpful analysis from IPR about public statements made during concurrent criminal and administrative investigations (Par. 122);
        - Issuing Communication Restriction Orders ("CROs") when required (Par. 125);
        - Utilizing witness officers' walk-throughs of critical incidents (Par. 126);
        - Seeking voluntary, contemporaneous interviews of officers involved in critical incidents (Par. 127); and
        - Completing a fulsome internal investigation after a civil liability finding (Par. 133).
    - o Challenges include:
        - Achieving consistency in the policies, training, and investigator skill sets for IPR and IA investigations (Par. 128);
        - Ensuring appropriate administrative investigations for all after-action reviews that identify uses of force that may be beyond existing policy (Par. 129); and
        - Completing a revised retaliation policy and implementing it to fully address allegations of retaliation or discouragement of complaints (Par. 130).
- **Community Engagement:**  During 2016, it became apparent that the Community Oversight Advisory Board ("COAB") framework was not achieving the goals of the Agreement.  Accordingly, the City ceased efforts to maintain COAB and instead proposed a new framework for community engagement:  the Portland Committee on Community-Engaged Policing ("PCCEP").  DOJ, PPA, and the AMAC have approved the City's proposal to substitute PCCEP for COAB, and it is now pending with the Court.  Key provisions of PCCEP include:

- PCCEP will be comprised of a smaller group of volunteers than COAB. The members will be appointed by the Mayor and chosen through a more centralized vetting and selection process. New PCCEP members will also receive more extensive and formalized training.

- Beyond administrative support and training, the PCCEP plan lays out other duties and responsibilities of the City, such as seeking the services of an organizational development consultant to structure board orientation, and providing resources for member training as needed.

- The City designed PCCEP to endure beyond the life of the Settlement Agreement.

- PCCEP will have the responsibility to hold public meetings, but the power to conduct some work in private.

- PCCEP will have authority to "independently assess the Settlement Agreement." *See* City of Portland Plan for Portland Committee on Community-Engaged Policing, Section II.

Our Report uses the following color-coded compliance status levels to indicate our current assessment of PPB's progress in complying with each provision of the Settlement Agreement. Like last year, we added some notations to provide additional information to compliance status levels that did not change.[1] The color coding is as follows:

• Blue: compliance rating pending or not measured. This level indicates that either the provision does not have a specific measurement to assess, or that the United States has not yet fully assessed compliance, either due to insufficient documentation provided for assessment, or because the United States must complete additional analysis/observation of how the specific provision is being implemented.

• Green: substantial compliance with an ongoing obligation. This level indicates that the City has implemented the specific provision as required by the Settlement Agreement, and that

---

[1] For simplicity, we removed from our compliance ratings the phrase "ongoing obligation." All provisions of the Settlement Agreement are ongoing obligations until final dismissal.

**Page 6 Plaintiff's Notice of Third Periodic Compliance Assessment Report**
   *United States v. City of Portland*, Case No. 3:12-cv-02265-SI

the City has an ongoing obligation to continue such action to remain in compliance.

•   Yellow: partial compliance with an ongoing obligation.  This level indicates that while there has been progress made with implementation, specific areas need further attention in order to reach substantial compliance.

•   Red: non-compliance.  This level indicates that we have recognized barriers to achieving implementation of the provision that must be addressed to achieve compliance.

Our analysis and technical assistance provided with this Report are intended both to acknowledge the City's accomplishments thus far and to advise the City on certain actions that will help achieve compliance.

At the annual status conference, we anticipate presenting the Court with an overview of our Report and answering questions that the Court may have concerning this matter.

DATED this __ day of December, 2017.

Respectfully submitted,

| | |
|---|---|
| BILLY J. WILLIAMS<br>United States Attorney District<br>of Oregon<br><br>JANICE E. HÉBERT<br>Chief, Civil Division<br><br>*/s/ Jared D. Hager*<br>JARED D. HAGER<br>Assistant U.S. Attorney | JOHN M. GORE<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>STEVEN H. ROSENBAUM<br>Chief, Special Litigation Section<br><br>*/s/ Laura L. Coon*<br>LAURA L. COON<br>Special Counsel<br>*/s/ R. Jonas Geissler*<br>R. JONAS GEISSLER<br>Trial Attorney<br>*/s/ Brian D. Buehler*<br>BRIAN D. BUEHLER<br>Trial Attorney<br>*/s/ Kerry K. Dean*<br>KERRY K. DEAN<br>Trial Attorney |

**Page 8 Plaintiff's Notice of Third Periodic Compliance Assessment Report**
  *United States v. City of Portland*, Case No. 3:12-cv-02265-SI