**J. ASHLEE ALBIES, OSB #051846**
E-mail: ashlee@albiesstark.com
ALBIES & STARK, LLC
210 S.W. Morrison Street, Suite 400
Portland, Oregon  97204
Phone:   (503) 308.4770
Fax:     (503) 427.9292

**KRISTEN CHAMBERS, OSB#130882**
E-mail: kristen@ktp-law.com
KIRKLIN THOMPSON & POPE LLP
1000 SW Broadway, Ste. 1616
Portland OR  97205
Phone:   (503) 222-1640
Fax:     (503) 227-5251

*Of Attorneys for Amicus AMA Coalition for Justice and Police Reform*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>       Plaintiff,<br>v.<br><br>**CITY OF PORTLAND**<br><br>       Defendant. | Case No. 3:12-cv-02265-SI<br><br>**ALBINA MINISTERIAL ALLIANCE FOR JUSTICE AND POLICE REFORM'S MOTION FOR FAIRNESS HEARING** |

### I.   CERTIFICATE OF COMPLIANCE WITH LR 7-1

Pursuant to Local Rule 7-1, the parties made a good faith effort to resolve the issues presented in this motion. The United States of America, the City of Portland, and the Portland Police Association do not object to this motion.

PAGE 1 –  AMAC'S MOTION FOR FAIRNESS HEARING

## II. MOTION AND MEMORADUM

The Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) hereby moves the Court for a fairness hearing regarding the proposed amendments to the Settlement Agreement in this matter, jointly submitted to the Court as Dkt. 157.  Should the Court schedule a fairness hearing, the AMAC requests the fairness hearing occur before the status conference and that the format of the fairness hearing be substantially similar to the fairness hearing the Court held in February 2014.  Additionally, the AMAC does not oppose the fairness hearing occcuring on the same day as the annual status conference requested by the parties in Dkt. 157.

### A. A Fairness Hearing is Appropriate and Necessary Because the Parties Have Proposed Numerous Substantive Changes to the Settlement Agreement.

A fairness hearing is essential to give individuals who object to the Settlement Agreement and were not part of the negotiations an opportunity to air their concerns.  The Court must consider those objections before determining the agreement is "fair, adequate, and reasonable." *U.S. ex rel. Lummi Nation v. Dawson*, 328 F. App'x 462 (9th Cir. 2009) (unpublished opinion). Where the parties later propose amendments to a settlement agreement, it is customary for the court to order a second fairness hearing.  *See, e.g., In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 226 F.R.D. 498 (E.D. Pa. 2005); *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Ford Motor Co.*, 2009 WL 2424288 (E.D. Mich. Aug. 6, 2009) (unpublished opinion); *In re Countrywide Fin. Corp. Sec. Litig.*, 2011 WL 13238745 (C.D. Cal. Mar. 4, 2011) (slip copy); *Bowling v. Pfizer*, 144 F. Supp. 3d 945, 953 (S.D. Ohio 2015).

A fairness hearing is especially necessary in this case because the proposed amendments to the Settlement Agreement include significant changes, especially to the community engagement and oversight components.  The proposed amendments before the Court include

complete removal of the Community Oversight Advisory Board (COAB) and creation of the Portland Commission on Community Engaged Policing (PCCEP).  The COAB and PCCEP are distinctly different, with the latter giving less autonomy and authority to the community.  First, the details of the COAB, including its powers, duties, compositions, and selection process, were part of the Settlement Agreement, requiring Court entry of any modifications, *see* Settlement Agreement, Dkt. 157, Ex. 2, Para. 184 (prior 194), whereas the PCCEP details are in a document separate from the Settlement Agreement and thus can be modified without entry into the Court record.  Second, the COAB was a board selected by leaders from different segments of Portland's community, whereas the PCCEP members will be selected entirely by the Mayor.  Third, the COAB was empowered to oversee the implementation of the Settlement Agreement as a major part of its charge, whereas the PCCEP is primarily focused on improving the Portland Police Bureau's engagement with the community.  There are many additional distinctions and changes that affect the community's input and participation, and the Court should accordingly hear from the community -- who will be most impacted -- on these matters. As this Court has recognized, this Settlement Agreement and its impact will remain for years, despite changes in local and federal administrations.

    **B.  A Fairness Hearing is Necessary Because the Community Has Not Been Informed of and Heard on the Proposed Changes to the Settlement Agreement**

Over the AMAC's repeated objections, Portland has now gone 335 days without a meeting of the COAB.  The City has been out of compliance with the community oversight components of the Settlement Agreement for well over a year.  In addition, the AMAC has been unable to inform the community of the status and details of the COAB hiatus and the Settlement Agreement amendments because the City has invoked mediation privilege, which prohibits the AMAC from disclosure. As a result, the community has been left in the dark.  This is especially

problematic because the most significant change to the Settlement Agreement—the replacement of the COAB with the PCCEP—greatly impacts the community's knowledge, power, and voice. The people whose lives will be directly affected by these changes should be informed and afforded an opportunity to weigh in on whether the proposed changes are fair, adequate, and reasonable and within the spirit of the Settlement Agreement's intended impacts.

### C. The Parties Have Already Consented to A Hearing

The parties have consented to any hearing which this Court orders, and have not objected to the AMAC's proposed fairness hearing. The parties' joint motion regarding the proposed amendments to the Settlement Agreement, Dkt. 157, states: "The Stipulators also jointly move this Court to set a date for the Third Annual Status Conference that is within 45 days of the submission of the present Joint Stipulated Motion to this Court, *and to schedule any hearing that this Court requires regarding entry of the Amended Settlement Agreement* for the same date and time as the Third Annual Status Conference." [Emphasis Added].

### D. Conclusion

The AMAC respectfully requests the Court hold a fairness hearing regarding the proposed amendments to the Settlement Agreement, before the annual status conference, with a format substantially similar to the fairness hearing the Court held in February 2014.

DATED: December 27, 2017

Respectfully Submitted,

*s/ J. Ashlee Albies*
J. Ashlee Albies, OSB # 051846
ashlee@albiesstark.com

*s/ Kristen Chambers*
Kristen Chambers, OSB # 130882
kristen@ktp-law.com