TRACY REEVE, OSB# 891123
City Attorney
Email: tracy.reeve@portlandoregon.gov
MARK AMBERG, OSB# 922133
Chief Deputy City Attorney
Email: mark.amberg@portlandoregon.gov
DENIS M. VANNIER, OSB#044406
Senior Deputy City Attorney
Email:  denis.vannier@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 3:12-CV-02265-SI |
| **PLAINTIFF,** | **DECLARATION OF MARK AMBERG** |
| v. | |
| **CITY OF PORTLAND,** | |
| **DEFENDANT.** | |

I, Mark Amberg, being first duly sworn, depose and declare as follows:

1. I am one of the attorneys of record for Defendant City of Portland in the above-captioned matter.

2. I make this declaration in support of the City of Portland's presentation during the Fairness Hearing on the Joint Stipulated Motion to Enter Amended Settlement Agreement and the Third Annual Status Conference set for Thursday, April 19, 2018.

3. On August 24, 2017, the Portland City Council passed Ordinance No. 188570. That ordinance approved proposed amendments to the Settlement Agreement and a plan for the Portland Commission on Community-Engaged Policing (PCCEP).

Page  1 – DECLARATION OF MARK AMBERG

4.     One proposed amendment is a revision to paragraph 131 of the Settlement Agreement that would permit, with restrictions and conditions defined by City ordinance, the City and an officer involved in limited categories of misconduct cases to stipulate to agreed-upon discipline with the oversight of the Independent Police Review, and the approval of the Chief of Police and the Police Commissioner.  As provided in proposed revised paragraph 131(d), cases involving alleged use of excessive force, cases involving alleged discrimination, disparate treatment or retaliation, reviews of officer-involved shootings and in-custody deaths, and cases in which the Chief or the Police Commissioner does not agree to accept the member's proposed stipulation to findings and recommended discipline, would not be eligible for stipulated findings and recommended discipline.

5.     The intent and purpose of stipulated discipline would be to expedite the administrative investigation and review process, to allow for the quick acceptance of responsibility by an involved officer, and to avoid unnecessary use of resources in limited categories of misconduct cases in which the involved officer, the Chief of Police and the Police Commissioner, with the oversight of the Independent Police Review, agree that the misconduct occurred and agree to the appropriate level of discipline to be imposed.

6.     On August 24, 2017, the Portland City Council passed Ordinance No. 188569, approving a revised Portland Police Bureau ("PPB") Directive 1010.10, Deadly Force and In-Custody Death Reporting and Investigation Procedures, which governs PPB's reporting and investigation procedures following a use of deadly force or in-custody death.

7.     Revised Directive 1010.10 requires in almost all cases that officers involved in a use of deadly force or in-custody death event be interviewed as part of an administrative review within 48 hours of the event.

8.     To avoid potential compromise of any criminal investigation arising out of the use of deadly force or in-custody death event, revised Directive 1010.10 requires that any information gathered as part of the administrative review of the event be kept separate from

Page  2 – DECLARATION OF MARK AMBERG

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

any criminal investigation and not shared with criminal investigators.

9. Concerns were raised by prosecutors and others that the required interviews of involved officers as part of an administrative review proceeding before the conclusion of any criminal investigation could potentially compromise the criminal investigation if adequate safeguards are not put into place to ensure that any administrative interviews and other information gathered as part of the administrative review are kept separate from the criminal investigation.

10. To address these concerns, a work group was convened that included representatives from the Multnomah County District Attorney's Office, the United States Attorney's Office, the Portland City Attorney's Office, the Portland Police Association, PPB Detectives Division, and PPB Professional Standards Division.

11. This work group met approximately five times and developed and agreed on a set of Standard Operating Procedures for PPB Operations, PPB Detectives, and PPB Internal Affairs to clarify procedures and safeguards to keep separate from any criminal investigation any interviews and other information gathered as part of an administrative review of a use of deadly force or in-custody death event. True and correct copies of these Standard Operating Procedures are attached to this Declaration as Exhibits 1, 2, and 3.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 18, 2018.

Respectfully submitted,

*/s/ Mark Amberg*
MARK AMBERG, OSB# 922133
Chief Deputy City Attorney
Email: mark.amberg@portlandoregon.gov

Page 3 – DECLARATION OF MARK AMBERG