**EXHIBIT C**

**ORDINANCE No.** 188547

I hereby certify this document to be a complete and exact Copy of the original as the same appears on file and of Record in my office and in my care and custody on this 10th day of April 2018.

Mary Hull Caballero
Auditor of the City of Portland
By _____ Deputy

Amend Independent Police Review Code to revise filing process, investigation and appeal provisions of complaints of police officer misconduct (Ordinance; amend Code Sections 3.21.070, .120 and .160)

The City of Portland ordains:

Section 1. The Council finds:

1. That in order for the community to have confidence in the delivery of police services it must have an accessible and expeditious means of reporting officer misconduct.

2. The City must ensure that every complaint of officer misconduct is documented and appropriately investigated.

3. The settlement agreement between the United States Department of Justice and the City requires that administrative investigations of police officer misconduct, including Citizen Review Committee appeals, take no longer than 180 days.

4. Case File Reviews and Appeal Hearings of the Citizen Review Committee are a critical part of Portland's police accountability system, where all members of the community are welcome and will be treated with respect and dignity.

NOW, THEREFORE, the Council directs:

a. Code Sections 3.21.070, 3.21.120 and 3.21.160 are amended as shown in Exhibit A.

b. The Portland Police Bureau and Independent Police Review shall review and revise their respective directives and protocols to the extent that they conflict with these code provision.

Section 2. Council hereby declares that if any section, subsection, sentence, clause or phrase of this Ordinance, or the code amendments it adopts, is for any reason held to be invalid or unconstitutional, that shall not affect the validity of the remaining portions of the Portland City Code.

Passed by the Council:   AUG 0 9 2017

Auditor Mary Hull Caballero
Prepared by: Constantin Severe, IPR Director
Date Prepared: July 21, 2017

**Mary Hull Caballero**
Auditor of the City of Portland
By _____
               Deputy

1

~~873~~ 894

✓140

Agenda No.

**ORDINANCE NO.** 188547

Title

✓ Amend Independent Police Review Code to revise filing process, investigation and appeal provisions of complaints of police officer misconduct (Ordinance; amend Code Sections 3.21.070, .120 and .160)

| INTRODUCED BY Commissioner/Auditor: **Auditor Mary Hull Caballero** | CLERK USE: DATE FILED  JUL 25 2017 |
|---|---|
| *[signature]* **COMMISSIONER APPROVAL** | Mary Hull Caballero Auditor of the City of Portland |
| Mayor—Finance & Administration - Wheeler | |
| Position 1/Utilities - Fritz | By: *[signature]* |
| Position 2/Works - Fish | Deputy |
| Position 3/Affairs - Saltzman | |
| Position 4/Safety - Eudaly | ACTION TAKEN: |
| **BUREAU APPROVAL** | AUG 0 3 2017 PASSED TO SECOND READING  AUG 0 9 2017 1:00PM |
| Bureau: Auditor Bureau Head: Auditor Mary Hull Caballero | TIME CERTAIN |
| Prepared by: Kelsey Lloyd Date Prepared: 7/28/17 | |
| Impact Statement Completed ☒   Amends Budget ☐ | |
| Portland Policy Document If "Yes" requires City Policy paragraph stated in document. Yes ☐   No ☒ | |
| **City Auditor Office Approval:** required for Code Ordinances | |
| **City Attorney Approval:** required for contract, code, easement, franchise, comp plan, charter | |
| Council Meeting Date  8/3/17 | |

| AGENDA    3 of 3 | FOUR-FIFTHS AGENDA | COMMISSIONERS VOTED AS FOLLOWS: | | |
|---|---|---|---|---|
| | | | YEAS | NAYS |
| **TIME CERTAIN** ☒ Start time: 3:10 Total amount of time needed: **1 hour** (for presentation, testimony and discussion) | 1. Fritz | 1. Fritz | ✓ | |
| | 2. Fish | 2. Fish | ✓ | |
| **CONSENT** ☐ | 3. Saltzman | 3. Saltzman | ✓ | |
| **REGULAR** ☐ Total amount of time needed: _____ (for presentation, testimony and discussion) | 4. Eudaly | 4. Eudaly | ✓ | |
| | Wheeler | Wheeler | ✓ | |

**3.21.070** **Powers and Duties of IPR.**
The Director's powers and duties are the following:

Subsections A. – C. are unchanged.

 **D.** Initiate, monitor and conduct investigations. IPR is authorized to initiate, monitor and conduct administrative investigations. IPR is authorized to identify complaints or incidents involving members that are of community concern which merit additional involvement of the Director and to review evidence and IAD investigation efforts, participate in investigations with IAD investigators, or conduct the investigations in conjunction with or independent of the Bureau.

  **1.** <u>For investigations conducted by IPR, investigation reports will include recommended findings.</u>

  **2.** <u>The Bureau shall notify the Director that it intends to conduct an administrative investigation into misconduct before initiating the investigation.</u> ~~IPR will conduct these investigations in accordance with Human Resources Administrative Rules regarding process and investigation of complaints of discrimination.~~

 **E.** Compel review. In accordance with the procedures of Code Section 3.20.140, the Director may compel review by the Police Review Board of any ~~recommended findings of or recommendation for discipline by an RU Manager or Commanding Officer~~ <u>RU Manager's or Commanding Officer's proposed findings and discipline</u> resulting from a Bureau or IPR administrative investigation of a member. The Director may compel review by the Police Review Board on the basis of recommended discipline whether or not discipline was recommended as a result of the investigation.

Subsections F. – P. are unchanged.

**3.21.120** **Handling Complaints.**
To ensure appropriateness and consistency in handling complaints the Director shall work with the Committee to establish procedures for taking action based upon the characteristics of the complaint.

Subsections A. – B. are unchanged.

 **C.** Initial Handling and Investigation of Type I Complaints

  **1.** Once IPR receives a Type I complaint regarding alleged misconduct of a member during an encounter involving a community member, IPR will:

   **a.** Gather information about the complaint through an intake interview;

   **b.** Assign an IPR/IAD Case Number;

188547

  c.  Make a case handling decision; and

  d.  Send a letter to the complainant summarizing the complaint and the Director's case handling decision.

2. If IPR determines an investigation is appropriate, IPR will identify the complainant's allegations and either:

  a.  Recommend that the Bureau/IAD conduct an investigation

    IPR shall gather information from the complainant and forward it to the Bureau/IAD. IPR shall monitor the on-going Bureau investigation. The Director may determine that a Bureau/IAD investigation should also involve IPR personnel. When forwarding the complaint to the Bureau/IAD the Director shall notify the Captain of IAD of the extent that IPR personnel must be included in the investigation. Bureau/IAD personnel shall schedule interviews and other investigative activities to ensure that IPR personnel can attend and participate.

    IPR personnel shall have an opportunity to review and comment on draft reports regarding a Bureau/IAD investigation to ensure accuracy, thoroughness, and fairness. The investigation cannot be closed or sent to the RU manager without IPR's determination that the investigation is complete.

    To facilitate review, IAD shall tape record all interviews with witnesses, including members of the Bureau, conducted during an IAD investigation and shall make those tapes, or accurate copies, available during a review of an IAD investigation.

    In carrying out its functions, the IPR may visit IAD offices, examine documents, reports and files and take such other actions as the Director deems necessary and consistent with the purposes of this Chapter. To maintain the security of IAD documents, reports or files, the Chief may require that the examinations be conducted in the IAD offices.

  b.  IPR may conduct an independent investigation.

    The Director shall have discretion to initiate and conduct an independent investigation of alleged member misconduct. The Director may conduct an independent investigation whether or not the alleged misconduct involves an encounter with a community member.

    IPR investigations shall be conducted in conformance with legal and collective bargaining provisions. The Director shall notify the

188547

> Captain of IAD that IPR has undertaken an investigation and the reason.
>
> To facilitate review, IPR shall tape record all interviews with witnesses, including members of the Bureau, conducted during an investigation and shall make those tapes, or accurate copies, available during a review of an investigation.
>
> The Director shall provide the Captain of IAD and the Police Chief with a report on the investigation, <u>including recommended findings,</u> and present the IPR investigation<u>, with recommended findings</u> to the RU manager for preparation of ~~findings and proposed discipline.~~ <u>RU Manager's proposed findings and discipline.</u> At the completion of the investigation and any appeal process the records of the investigation shall be transferred to the IAD offices for retention.

3. Referral. IPR may refer a complaint regarding quality of service or other rule violations that likely would not result in discipline according to the Bureau. The Director may refer the complainant to another bureau in the City or another agency that would be more appropriate to address the complaint.

4. ~~Dismissal~~ <u>Administrative Closure</u>. After an initial investigation, IPR may decline to take further action on a complaint. ~~If IPR declines a complaint~~ <u>If there is an administrative closure,</u> IPR will ~~send a dismissal letter~~ <u>provide notification</u> to the complainant. IPR will also notify the involved officer(s) and their commanding officer within 30 calendar days of the ~~dismissal.~~ <u>administrative closure.</u> The Director may ~~dismiss the~~ <u>administratively close a</u> complaint for the following reasons:

   a. Another remedy exists that would resolve the complainant's issue.

   b. The complainant delayed too long in filing the complaint to justify present examination;

   c. Even if all aspects of the complaint were true, no act of misconduct would have occurred;

   d. The complaint is trivial, frivolous or not made in good faith;

   e. Where there is clear and convincing evidence that the involved member did not engage in misconduct.

   f. The complainant withdraws the complaint or fails to complete necessary steps to continue with the complaint.

   g. IPR was unable to identify the involved member.

3

   h. Lack of jurisdiction.

D. Initial Handling and Investigation of Type II Complaints

  1. If a Type II complaint is filed with IPR, IPR will gather information about the complaint and make a case handling decision. When appropriate, IPR will assign an IPR/IAD case number. Before disposing of a complaint of alleged misconduct or initiating an investigation, IPR shall notify the Bureau in writing how it intends to process the complaint and whether it intends to refer the case to the Bureau/IAD to conduct an investigation or conduct an independent investigation as set forth below. IPR will make an entry regarding the allegations in the Administrative Investigation Management (AIM) or other appropriate database which can be reviewed by the Director.

  2. If a Type II complaint is filed within the Bureau, Bureau/IAD staff will create an intake worksheet and assign an IPR/IAD case number for use by IAD. Before disposing of a complaint of alleged misconduct or initiating an investigation, the Bureau/IAD shall notify the Director in writing how it intends to process each complaint and whether it intends to conduct an internal investigation. In addition, the Bureau/IAD will make an entry regarding the allegations in the Administrative Investigation Management (AIM) database or other appropriate database which can be reviewed by the Director.

  3. Bureau/IAD Investigation. If the Type II complaint is filed with IPR, IPR shall gather information from the complainant and forward it to the Bureau/IAD. IPR shall monitor the on-going investigation. The Director may determine that a Bureau/IAD investigation should also involve IPR personnel. When forwarding the complaint to the Bureau/IAD, the Director shall notify the Bureau/Captain of IAD of the extent that IPR personnel must be included in the investigation. Bureau/IAD personnel shall schedule interviews and other investigative activities to ensure that IPR personnel can attend and participate.

   IPR personnel shall have an opportunity to review and comment on draft reports and recommended findings regarding a Bureau/IAD investigation to ensure accuracy, thoroughness, and fairness. The investigation can not be closed or sent to the RU manager without IPR's determination that the investigation is complete.

   To facilitate review, IAD shall tape record all interviews with witnesses, including members of the Bureau, conducted during an IAD investigation and shall make those tapes, or accurate copies, available during a review of an IAD investigation.

    In carrying out its functions, the IPR may visit IAD offices, examine documents, reports and files and take such other actions as the Director deems necessary and consistent with the purposes of this Chapter. To maintain the security of IAD documents, reports or files, the Chief may require that the examinations be conducted in the IAD offices.

  4. IPR independent investigation. The Director shall have discretion to initiate and conduct an independent investigation of alleged member misconduct. The Director may conduct an independent investigation whether or not the alleged misconduct involves an encounter with a community member. The IPR investigations shall be conducted in conformance with legal and collective bargaining provisions. The Director shall notify the Bureau/Captain of IAD that IPR has undertaken an investigation and the reason.

    To facilitate review, IPR shall tape record all interviews with witnesses, including members of the Bureau, conducted during an investigation and shall make those tapes, or accurate copies, available during a review of an investigation.

    The Director shall provide the Captain of IAD and the Police Chief with a report on the investigation, <u>including recommended findings</u> and present the IPR investigation <u>with recommended findings</u> to the RU manager for ~~preparation of findings and proposed recommended discipline~~ <u>preparation of RU Manager's proposed finding and discipline</u>. At the completion of the investigation the records of the investigation shall be transferred to the IAD offices for retention.

  5. Referral. IPR may refer a complaint regarding quality of service or other rule violations that likely would not result in discipline according to the Bureau. The Director may refer the complainant to another bureau in the City or another agency that would be more appropriate to address the complaint.

Subsections E. – F. are unchanged.

G. Type I, II, III & IV Post-Investigative Case Handling Procedures:

  1. Adequacy of investigation. When an investigation of any type of complaint is conducted by IAD or other designated PPB division, after the investigation, including ~~recommended findings~~ <u>RU Manager's proposed finding and discipline</u>, is complete, IAD will provide the Director with a copy of and provide unrestricted access to the entire investigation file. Upon review of the file, the Director or designee must determine whether or not the investigation is adequate, considering such factors as thoroughness, lack of bias, objectivity, and completeness. If the Director determines that the investigation is not adequate, the investigation shall be

5

returned to the IAD or other designated division within the Bureau explaining the determination and providing direction. Such direction shall include, but not limited to, rewriting portions of the summary, gathering additional evidence, conducting additional interviews, or re-interviewing officers or civilians. The investigation can not be closed or sent to the RU manager without IPR's determination that the investigation is complete. Upon receipt of IPR's determination that the investigation is complete, IAD shall send the investigation to the appropriate RU Manager.

2. Submission of recommended findings ~~or proposed discipline~~ to RU Manager. The RU manager will review the investigation and recommended finding for any type of complaint when the investigation is conducted by IAD, other designated PPB division or IPR and submit ~~recommended findings and proposed discipline to the supervising Assistant Chief.~~ the RU Manager's proposed finding and discipline to the Captain of IAD. ~~The supervising Assistant Chief will circulate the recommended findings and proposed discipline to the Director and the Captain of IAD.~~ The Captain of IAD will circulate the RU Manager's proposed finding to the Director and the Supervising Assistant Chief. After receipt of ~~the recommended findings and proposed discipline~~ the RU Manager's proposed finding and discipline, the supervising Assistant Chief, the Director or the Captain of IAD may controvert the RU Manager's ~~recommended findings and/or proposed discipline~~ proposed finding and/or discipline. All controverts shall be documented in a memo that clearly articulates that the reviewer wishes to controvert and provides an adequate explanation for the writer's basis for disagreeing with the recommended finding or discipline.

   a. If the RU Manager determines that an investigation by IAD or IPR is not adequate, the RU Manager may return the investigation to the investigating entity for further investigation explaining the determination and providing direction for further investigation. Such direction shall include, but not be limited to, investigating additional allegations of misconduct, gathering additional evidence, conducting additional interviews, re-interviewing officers or civilians, or requesting factual errors within the investigative report be corrected.

   b. If the RU Manager disagrees with the recommended finding by IA or IPR the RU Manager will document their disagreement, based on the evidentiary record, with the investigative entity in the RU's proposed finding and discipline.

3. Police Review Board meeting. If the RU Manager's ~~recommended~~ proposed findings and/or proposed discipline are controverted, the Bureau shall schedule a Police Review Board meeting on the complaint. As specified in Code Section 3.20.140, the Police Review Board shall also hold a meeting for review of a case if it involves an officer-involved shooting,

physical injury caused by an officer that requires hospitalization, an in-custody death, a less lethal incident where the recommended finding is "out of policy" or if the investigation resulted in a ~~recommended~~ proposed sustained finding and the proposed ~~recommended~~ discipline is suspension without pay or greater.

4. Notification and Appeals of Type I and III complaints without Police Review Board meeting. In Type I cases, and Type III cases where the alleged misconduct occurred during an encounter involving a community member, if the ~~recommended~~ <u>RU Manager's proposed</u> findings <u>and discipline</u> are not sent to the Police Review Board for a meeting, the Director shall send a letter to the complainant explaining the disposition of the complaint and add any appropriate comment regarding the reasoning behind the decision. <u>Both the complainant and involved member will be notified of the investigative entity's recommended finding.</u> IPR will notify the complainant that they have a right to request a review of the Bureau's ~~recommended~~ proposed findings to the Committee and provide an appeal form. The Bureau will notify the involved member regarding the disposition of the complaint. The Bureau will notify the involved member of the right to request a review of the ~~recommended~~ proposed findings to the Committee. The Bureau will be responsible for providing the member and union representative with the appeal form. A copy of the communications sent by IPR and IAD will be placed into the AIM database or other appropriate database for both IPR and IAD review.

5. Notification and Appeals of Type I and III complaints after Police Review Board hearing. In Type I cases and Type III cases where the alleged misconduct occurred during an encounter with a community member and the ~~recommended~~ <u>RU Manager's proposed</u> findings <u>and discipline</u> are sent to the Police Review Board for a meeting, the Director shall send a letter to the complainant explaining the disposition of the complaint and add any appropriate comment regarding the reasoning behind the decision. <u>Both the complainant and involved member will be notified of the investigative entity's recommended finding.</u> IPR will notify the complainant that they have a right to request a review of the ~~recommended findings~~ <u>proposed findings</u> to the Committee and provide an appeal form. The Bureau will notify the involved member regarding the proposed findings of the Police Review Board. The Bureau will notify the involved member of the right to request a review of the ~~recommended~~ proposed findings to the Committee. The Bureau will be responsible for providing the member and union representative with the appeal form. A copy of the communications sent by IPR and IAD will be placed into the AIM database or other appropriate database for both IPR and IAD review.

6. No appeal of Type II and certain Type III complaints. In Type II cases and Type III cases that involve alleged member misconduct that does not occur

7

188547

during an encounter involving a community member, the recommended findings may not be appealed to the Committee.

7. Nothing in this section prohibits the Bureau from terminating the employment of a probationary officer without following the procedures of this Section.

8. The Police Commissioner and the City Auditor shall be notified and provided with explanatory information in all cases where an administrative investigation exceeds 129 days, and the information posted on the City's website.

### 3.21.160    Hearing Appeals.

A. An Appeal Hearing shall be conducted after a majority vote of the Committee to hold such a hearing at the case file review or other meeting of the full Committee. Public comment will be allowed before the Committee has made its recommendation to the Bureau.

   1. At the Appeal Hearing the Committee shall decide by majority vote:

      a. To recommend further investigation by IAD or IPR; or

      b. If the finding is supported by the evidence. In a case where the majority of the voting members of the Committee affirms that the Bureau's ~~recommended~~ proposed findings are supported by the evidence, the Director shall close the complaint; or

      c. If the finding is not supported by the evidence. In a case where a majority of the voting members of the Committee challenges one or more of the Bureau's ~~recommended~~ proposed findings by determining that one or more of the findings is not supported by the evidence, and recommends a different finding, the Director shall formally advise the Bureau in writing of the Committee recommendation.

         (1) If the Bureau accepts the recommendation, the Bureau shall formally advise the Director in writing, and the Director shall close the case.

         (2) If the Bureau does not accept the recommendation, the Bureau shall formally advise the Director in writing, and the Director shall schedule the case for a conference hearing.

            (a) At the conference hearing, if the Committee, by a majority vote, is able to reach an agreement with the Bureau on the ~~recommended~~ proposed findings, the Director shall close the case.

8

188547

      **(b)**    If, by majority vote, the Committee can not reach an agreement with the Bureau on the ~~recommended~~ <u>proposed</u> findings, the Committee shall vote whether to present the appeal to City Council.

      **(c)**    If, by majority vote, the Committee decides to present the appeal to City Council, the Director and the Committee Chair will schedule an appeal hearing before City Council. The Committee shall appoint one of its members to present its recommended findings during the appeal to City Council.

**2.**    In its hearing the Council shall decide:

    **a.**    If the finding is supported by the evidence. The Director shall inform the complainant, member, IAD and the Chief of the Council's decision and close the complaint; or

    **b.**    If the finding is not supported by the evidence. The Council shall decide what the finding is. The Director shall inform the complainant, member, IAD and the Chief of the Council's decision and close the complaint.

Remainder of Section is unchanged.