TRACY REEVE, OSB# 891123
City Attorney
Email: tracy.reeve@portlandoregon.gov
MARK AMBERG, OSB# 922133
Chief Deputy City Attorney
Email: mark.amberg@portlandoregon.gov
DENIS M. VANNIER, OSB#044406
Deputy City Attorney
Email: denis.vannier@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
    *Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cv-02265-SI |
| PLAINTIFF, | |
| v. | DEFENDANT CITY OF PORTLAND'S RESPONSE IN OPPOSITION TO MENTAL HEALTH ALLIANCE'S MOTION FOR ENHANCED *AMICUS CURIAE* STATUS |
| CITY OF PORTLAND, | |
| DEFENDANT. | |

## I.    INTRODUCTION

The Mental Health Alliance (MHA) is a newly-formed organization comprised of several stakeholders in Portland and Oregon's mental health treatment and advocacy communicates, namely: Disability Rights Oregon, the Mental Health Association of Portland, and Cascadia Behavioral Healthcare. *See* ECF No. 173 at p. 3. MHA has now submitted a Motion for Enhanced *Amicus Curiae* Status approximately six years after the commencement of the underlying lawsuit. *See* ECF No. 1. While the City of Portland (City) appreciates that the MHA did not exist in 2012, its current attempt to gain enhanced *amicus* status is too late.

Page 1 – DEFENDANT CITY OF PORTLAND'S RESPONSE IN OPPOSITION TO MENTAL HEALTH ALLIANCE'S MOTION FOR ENHANCED *AMICUS CURIAE* STATUS

The City would, however, welcome MHA's participation in this case as a traditional *amicus curiae* if the Court determined *amicus* briefing would be useful*, as discussed *infra.* The City appreciates MHA's interest in the important work that has been ongoing for several years pursuant to the Settlement Agreement between the parties.

In addition, while the facts and current procedural posture of this case do not warrant a grant of enhanced *amicus* status, there still will be much work to be done when this case is closed and the City is fully responsible for providing police services to people with mental illness or those in mental health crisis without United States Department of Justice (USDOJ) oversight.  The City looks welcomes the participation and input of the MHA as a community partner.  The City also encourages MHA to make contact with PPB's Behavioral Health Unit (BHU) to assist PPB with its efforts to provide appropriate police services to those with mental illness.

Thus, in order to show in good faith that the City values the expertise of the MHA, while at the same time recognizing the need to move this case forward toward substantial compliance and closure, the City opposes MHA's Motion for Enhanced *Amicus Curiae* Status but does not oppose MHA's participation as a traditional *amicus curiae*.

## II.    RELEVANT PROCEDURAL HISTORY

Prior to the filing of this suit in federal court on December 7, 2012, *see* ECF No. 1, the City and USDOJ negotiated a Settlement Agreement, which was formally executed on December 19, 2012, *see* ECF No. 4, and ultimately entered as amended.  *See* ECF Nos. 86, 96-97, 99.  This Settlement Agreement is not a Consent Decree that would have made the Court responsible for monitoring compliance.  Instead, the USDOJ, with the assistance of a Compliance Officer Community Liaison (COCL), monitors and assesses compliance.  ECF No. 4 at pp. 60-62, ¶¶ 160-164.  Further, the Settlement Agreement contemplates a firm end date—either five years from the date the Settlement Agreement was filed or when the City demonstrates substantial

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

compliance with all terms of the Settlement Agreement and maintains compliance for one full year, whichever is later.  ECF No. 4 at p. 71, ¶ 178(b) and (c).[1]

On or about December 18, 2012, the Portland Police Association (PPA), the union for non-management level police officers, moved to intervene in the lawsuit.  ECF No. 7.  The Court held that PPA was entitled to intervention as of right, and PPA was allowed to become a party to the lawsuit.  *See* ECF No. 32 at p. 11.  The PPA ultimately entered into a Memorandum of Agreement with the other parties accepting the Settlement Agreement.  ECF No. 54.

On or about January 9, 2013, the Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) also filed a Motion to Intervene.  ECF No. 19.  AMAC's Motion to Intervene, both as of right and permissively, was denied by the Court.  *See* ECF No. 32 at pp.12, 16-17.  However, in lieu of grating intervenor status, the Court granted to the AMAC an enhanced *amicus curiae* status.  *See* ECF No. 32 at p. 17.  The Court set forth as the specific reasons for its decision that the AMAC had a long history of community outreach, an understanding of the underlying police use-of-force cases that prompted the USDOJ lawsuit, and perspective to bring to the table that was unique from any other party.  *Id*.  The AMAC ultimately entered into a Collaborative Agreement with the other parties to accept the Settlement Agreement.  ECF No. 55.

Though the City is not under a Consent Decree, the parties nonetheless agreed to a Fairness Hearing (similar to ones which have been conducted under cases involving Consent Decrees, *see United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990)).  *See* ECF No. 23.  The Court held the Fairness Hearing on February 18 and 19, 2014, to determine whether it would be fair, adequate, and reasonable for the parties to enter the Settlement Agreement.  *See* ECF Nos. 59, 60.  In advance of that hearing, the public submitted written summaries of their opinions

---

[1] The Complaint has been conditionally dismissed pursuant to FRCP 41(1)(2) of the Federal Rules of Civil Procedure and placed on the Court's inactive docket, other than for annual status conferences referenced in the Order or otherwise may be directed by the Court, and subject to recall to the active docket should the United States move to enforce the Settlement Agreement.  ECF No. 99.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

regarding both the fairness of the Settlement Agreement and implementation of its proposed terms thus far.  *See* ECF No. 58.

Jan Friedman of Disability Rights Oregon (one of the three groups now affiliated with MHA) submitted comments for the Court's consideration, noting overall support for the Settlement Agreement.  *See id*. at p. 3.  Jason Renaud of Mental Health Association of Portland (the second of the three groups now affiliated with MHA) also provided comments for the Court's consideration regarding the formation of what would ultimately become the Unity Center.  *See id*. at p. 12.  Other mental health advocates provided comment as well.  *See id*. at p. 9 (Reentry & Mental Health Action Team); pp. 11, 14, 16 (NAMI Multnomah); and p. 12 (Behavioral Health Advisory Committee).  Accordingly, mental health advocates, including two of MHA's three constituent organizations, already provided advice to the Court at the original Fairness Hearing.  Thus, this Court has already taken into account the voices that MHA represents without the need to grant enhanced *amicus* status.

After several revisions, the Court entered a final amended order adopting the Settlement Agreement on July 13, 2015.  *See* ECF Nos. 86, 96-97, 99.  In September of 2015, the USDOJ issued its first annual compliance report.  ECF No. 105.  The Court held a public status hearing on October 21, 2015.  *See* ECF No. 107.  The community engagement body in existence at the time, the COAB, testified at the hearing.  *See* ECF No. 116 at pp. 88-101.  The COAB noted that it had a subcommittee called the Mental Health and Crisis Response Subcommittee.  *See id*. at p. 92.  The subcommittee was comprised of persons who were medical and mental health professionals and persons with lived mental health experience.  *Id*.  COAB's presenter noted that this subcommittee had successfully forwarded recommendations to PPB related to trauma-informed training and cultural competence training.  *Id*. at p. 93.  Again, the voices of mental health advocates have already made it to the ears of the Court without the need for enhanced *amicus* status.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

In October of 2016, USDOJ issued its second annual compliance report.  ECF No. 124. A public status conference was held on October 25, 2016.  *See* ECF No. 130.  In lieu of a formal presentation by COAB, which was on hiatus due to internal issues, the Court invited testimony from the public.[2]  Members of MHA had the ability at that time to address the Court.

In 2017, two years had passed since entry of the Settlement Agreement, and per its terms, the parties were allowed to amend the Settlement Agreement if necessary to achieve its purposes. ECF No. 4 at p. 70, ¶ 175.  The parties filed a Joint Motion to Enter Amendments to the Settlement Agreement on December 26, 2017.  ECF No. 157.  At the same time, the USDOJ filed its third annual compliance report.  ECF No. 158.  AMAC requested a Fairness Hearing to address the amendments, which was ultimately granted.  *See* ECF Nos. 159, 163.  A dual Fairness Hearing and Status Conference was scheduled for April 19, 2018.  ECF No. 164.  Prior to the hearing, the Court accepted an email from the Mental Health Association (one of the MHA partners) as testimony, setting forth that entity's view of compliance.  *See* Exhibit 1, attached. Also, as before, the Court allowed public testimony and members of the MHA had the opportunity to state their opinion on compliance to the Court.[3]

Importantly, at the conclusion of the Fairness Hearing on the amendments to the Settlement Agreement, the Court granted the amendments as to all but one proposed group of amendments.  Specifically, the Court approved the amendments as to use-of-force reporting, the Employee Information System, the Citizens Review Committee, the stipulated discipline process, and COCL reporting.  The only amendments that were not approved outright were those changing the COAB to the Portland Committee on Community Engaged Policing (PCCEP);

---

[2] An ECF entry is not yet available for the transcript, as entry into the Court record is awaiting the redaction deadline.  *See* ECF No. 176.

[3] An ECF entry is not yet available for the transcript, as entry into the Court record is awaiting the redaction deadline.  *See* ECF No. 175.  Nonetheless, the unofficial citations can be found in Exhibit 2, at 9:15-10:1, 223:13-16.

Page  5 – DEFENDANT CITY OF PORTLAND'S RESPONSE IN OPPOSITION TO MENTAL HEALTH ALLIANCE'S MOTION FOR ENHANCED *AMICUS CURIAE* STATUS

those amendments were conditionally approved.  A later Status Conference on just these

amendments is set for October 4, 2018.  ECF Nos. 170, 171.[4]

The only issue before the Court at the upcoming status conference is whether the

conditionally approved amendments to Sections IX and X of the Settlement Agreement related to

the COAB transitioning to PCCEP should now be given unconditional approval (or be rejected).

*Id*.  The upcoming Status Conference is not a Fairness Hearing, nor is it an annual status

conference where public comment is invited to discuss general Settlement Agreement

compliance.  Since *amicus* status does not allow *amici* to raise issues or arguments, *see Manago*

*v. Rosario*, 91 F. App'x 9, 10 (9th Cir. 2004) (*citing United States v. City of Los Angeles*, 288

F.3d 391, 400 (9th Cir.2002), MHA's comments must be limited to the PCCEP, and the City has

no objection to MHA's participation as a commenter if the Court permits public comment, as

discussed *infra*.

## III.    ARGUMENT

### A.    The Court Should Deny Enhanced *Amicus* Status

#### 1.    MHA is factually distinguishable from AMAC.

Importantly, enhanced *amicus curiae* status is not a status contemplated in the Federal

Rules of Civil Procedure (FRCP) or the Local Rules of the US District Court of Oregon (LR);

rather, the rules only contemplate a general *amicus curiae* status to file briefs that may assist a

court in resolving a matter.  That said, the AMAC in this case was granted the very unique status

of "enhanced" *amicus* with more than the ability to file *amicus* briefs alone due to its long and

significant history in Portland's police accountability efforts and its integral role in contacting

the USDOJ to investigate PPB in the first instance.  *See* ECF Nos. 19, 32.

---

[4] An ECF entry in not yet available for the transcript, as entry into the Court record is awaiting the
redaction deadline.  *See* ECF No. 175. Nonetheless, the unofficial citations can be found in Exhibit 2, at 138:23-
140:17, 182:21-183:1, 220:19-222:11.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

MHA does not have the same lengthy existence or the same involvement in or insight into historical policing efforts, nor did it move to intervene as a party at the outset of the case. Accordingly, its position is factually distinguishable from AMAC's. There is no basis to grant MHA the unique enhanced *amicus* status created for AMAC, and its motion should be denied.

> 2.    Case law on *amicus* status should inform the Court regarding the timeliness of MHA's motion for enhanced *amicus* status.

While the City does not oppose MHA submitting traditional *amicus* briefing whenever briefing in the case is called for should the Court choose to receive such briefing, a designation of MHA as enhanced *amicus* is inappropriate where MHA does not even meet the standard for general *amicus* status.

There is no inherent right to file an *amicus curiae* brief with the court; it is a matter entirely left to the discretion of the court. *Long v. Coast Resorts, Inc*., 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (citing *Fluor Corporation and Affiliates v. United States*, 35 Fed.Cl. 284, 285 (1996)). "An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all." *Id*. *Amicus curiae* briefs should not be duplicative of arguments presented in other briefs. *Id*. The Court is not helped by an *amicius* whose purpose is to "express[ ] a 'strongly held view' about the weight of the evidence." *Id*. (citing *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1064 (7th Cir.1997)).

A grant of leave to appear as *amicus* should only be given when the information to be provided by the proposed *amicus* is "timely and useful." *Id*. (citing *Waste Management of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). *Amicus* briefs from non-parties are useful where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Rocky Mountain Farmers Union v. Goldstene*, No. CVF092234LJODLB, 2010 WL 1949146, at *2 (E.D. Cal. May 11, 2010)[5] (citing *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272

---

[5] All citations to unpublished opinions and orders are permissible per FRAP 32.1(a), which allows attorneys practicing in any court to cite to a federal appellate opinion or order that is otherwise unpublished if the

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

F.Supp.2d 919, 925 (N.D.Cal.2003) (quotations omitted).  "*Amicus* briefs which are unhelpful or fail to present unique information or which raise issues not addressed by the parties may be disregarded".  *Hazlin v. Botanical Labs., Inc*., No. 13CV0618-KSC, 2015 WL 11237634, at *4 (S.D. Cal. May 20, 2015) (citing *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n. 10 (9th Cir. 2003)).

Untimeliness of a motion for *amicus* status is not outlined in the FRCP or the LR; however, case law suggests that a motion for *amicus* is untimely where the issues the *amicus* party seeks to address have already been resolved.  *See Bushong v. Paramount Equity Mortg., Inc*., No. CIV 09-1080-AC, 2010 WL 3945256, at *6 (D. Or. Oct. 6, 2010) (holding an *amicus* brief untimely and not useful where the court had already made findings and recommendations on a motion).

a.    MHA's interests are already represented.

The USDOJ and the City rely heavily on the COCL to assess and present evidence to the Court regarding the City's compliance with the terms of the Settlement Agreement related to mental health.  The COCL has presented testimony to the Court at every annual status conference.  Further, the USDOJ has evaluated the City's efforts at reducing the force used against people with mental illness and has presented its findings in three annual status reports.  Both the USODJ and COCL offer technical assistance to help the City further improve its provision of police services to people with mental illness and those in mental health crisis.  *See* ECF Nos. 124, 158.  Accordingly, the interests of the MHA in ensuring the City's compliance with reducing force against those with mental illness or those in mental health crisis are already being represented by existing parties.

Still further, two of the three members of MHA are already directly involved in this case; Disability Rights Oregon and the Mental Health Association of Portland are member

---

opinion or order was issued on or after January 1, 2007.

Page  8 – DEFENDANT CITY OF PORTLAND'S RESPONSE IN OPPOSITION TO MENTAL HEALTH ALLIANCE'S MOTION FOR ENHANCED *AMICUS CURIAE* STATUS

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

organizations of the AMAC.  *See* ECF No. 21, Decl. of Dr. Leroy Haynes, p. 2, ¶ 3.  Thus, MHA

needs not further representation when AMAC counsel can already speak on behalf of these

organizations.

                         b.          At this time, MHA's involvement as an "enhanced" *amicus*
                                      is not timely or useful.

Even if this Court were to find that the current parties do not adequately represent the

interest of those with mental illness, all the major legal decisions in this case (with the exception

of the Court's final approval of the PCCEP-related amendments to the Settlement Agreement)

have been resolved.  Changes to use-of-force policy and reporting have already been accepted by

the Court and put into action by the City.  The parties offered no significant amendments

affecting other terms related to mental health.  Further amendments to the Settlement Agreement

are not contemplated.  *See* ECF Nos. 4, 171.  Thus, other than conducting annual status

conferences, the Court has no legal issues pending that require "enhanced" *amicus* participation.

Hence, there are not likely to be any further arguments needing clarification, such that MHA's

involvement would be useful to the Court.[6]

                         c.          The MHA perspective is not unique and can be addressed
                                      in other ways.

Importantly, two organizational members of the MHA have already communicated their

opinions to the Court in two different proceedings and history suggests they will continue to do

so.  Thus, the MHA would not present any more of a unique voice than its individual member

organizations.  To the extent this Court were to find the MHA's potential input useful, the City

would have no objection to the individual member organizations, or even the MHA collectively,

continuing to provide feedback and opinions to the Court by way of public testimony (whenever

---

[6] As stated *infra*, should the USDOJ ever move this Court for relief based an argument that the City has not complied with the Settlement Agreement, the City would not oppose MHA seeking one-time leave to file an *amicus curiae* brief.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

the Court allows public testimony), as these entities have done in the past.  Similarly, the City
has no objection to the submission of a traditional *amicus* brief by MHA on any legal issue.
Enhanced *amicus* status is not required for MHA to be part of this Court's tradition of accepting
public comment.

In sum, MHA does not legally qualify for *amicus* status, let alone enhanced *amicus*
status.  Thus, except for participating in yearly status conferences, which MHA already has done
and can continue to do through public comment, and *amicus* briefing to which the City does not
object, there are no outstanding issues in this case left to resolve that would benefit by granting
MHA's enhanced *amicus* requests.  Accordingly, this Court should deny the Motion for
Enhanced *Amicus Curiae* Status on the grounds that it is untimely and not useful.

> **B.**     **Even Though the Motion Should be Denied as a Matter of Law, the City
> Does Not Oppose Certain of MHA's Requests Expressed Therein**

MHA requests enhanced *amicus* status so that it may have the ability to: 1) present
briefing to the Court; 2) engage in oral argument before the court; 3) sit at counsel table during
hearings; 4) participate in the Fairness Hearing to the same extent as other parties; and 5) be
invited to attend mediations.

> **1.**     **Briefing**

The City has communicated to MHA's counsel that it would not oppose MHA's
participation through filing traditional *amicus* briefing with the Court whenever briefing is called
for.

> **2.**     **Oral Argument (Public Comment)**

This Court has historically offered citizens and organization representatives the ability to
submit oral and written comment to the Court regarding the City's compliance with the
Settlement Agreement.  The City did not oppose this general practice during the last Fairness
Hearing and will not do so at future hearings to the extent public comment periods are time-
managed and absent personal or derogatory remarks.  MHA is welcome to submit oral or written

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

comment to the Court (whenever the Court decides to allow such public comment).  They do not require enhanced *amicus* status to do so.

>   3.    Sitting at Counsel Table

MHA has indicated no reason for a need to sit at counsel table.  Given that three parties, plus the AMAC, and all their lawyers already makes for a crowded well during hearings before the Court, the City respectfully submits that MHA's request to sit at counsel table be denied.

>   4.    Participate in the Fairness Hearing

Although MHA indicated their wish to speak as an enhanced *amicus* at the October 4, 2018 Status Conference, MHA did not submit a Request for Expedited Hearing along with its Motion seeking enhanced *amicus* status per LR 7(g).  Thus, the briefing schedule continues to be governed by LR 7(e)(2), such that the briefing on this motion will not conclude until 14 days from the date of filing, which is October 9, 2018.  Given that schedule, this particular enhanced *amicus* request will be rendered moot.

Even if the Court were to shorten the briefing schedule and decide this matter without oral argument in time for the October 4th Status Conference, MHA can only comment on the subject of the Status Conference: the community engagement body amendments to the Settlement Agreement.  All other amendment matters are fully resolved.  *See* ECF Nos. 170, 171.

To the extent MHA wants to be heard on the status of the PCCEP, the City does not oppose them having an opportunity to comment during the anticipated public comment period.[7] MHA does not need enhanced *amicus* status to do so.

>   5.    Participating in Mediation

At this point in time, no mediations are scheduled or contemplated.  There is no basis to grant MHA the right to participate in any future mediations, particularly given that it is uncertain whether any future mediations will occur, let alone what the subject matter might be.  The issue

---

[7] An ECF entry in not yet available for the transcript, as entry into the Court record is awaiting the redaction deadline.  *See* ECF No. 175.  Nonetheless, the unofficial citations can be found in Exhibit 2, 182:21-183:1.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

of participation in mediations is thus not ripe for the Court's consideration.

The Ninth Circuit Court of Appeals Mediation Program previously provided mediation services and offered the current parties, plus AMAC, the option of participating in the Ninth Circuit in the future with the mediator who was already familiar with the case, should further issues require mediation.[8]  The Court had some concern at the last Fairness Hearing about whether it had jurisdiction to grant a standing order back to the Ninth Circuit Mediation program,[9] and thus decided to defer consideration of the matter of mediation unless and until *all* the parties plus AMAC indicated a need for it.

Should the Court ultimately grant a referral back to the Ninth Circuit program, and if the issue being mediated is one that directly concerns mental health (without binding any other party or the AMAC), the City represents it would not object to the MHA meeting with the mediator in a private caucus to provide the mediator with appropriate context, information, or perspective on the issue at hand. At this time, however, MHA's request for an order that it be allowed to participate in any mediation should be denied.  MHA is not a party to this action.

C.    Conclusion[10]

The City appreciates and welcomes MHA as a newly formed advocacy organization dedicated to assisting those with mental illness and those in mental health crisis and welcomes its participation in these proceedings as a traditional *amicus curiae* should the Court find their legal

---

[8] An ECF entry in not yet available for the transcript, as entry into the Court record is awaiting the redaction deadline.  *See* ECF No. 175.  Nonetheless, the unofficial citations can be found in Exhibit 2, 12:11-18, 219:6-220:4.

[9] An ECF entry in not yet available for the transcript, as entry into the Court record is awaiting the redaction deadline.  *See* ECF No. 175.  Nonetheless, the unofficial citations can be found in Exhibit 2, 184:1-6, 219:22-220:4.

[10] The MHA stated as a ground for the motion the recent officer-involved shooting of John Elifritz.  *See* ECF No. 173 at p. 8.  Because the Internal Affairs investigation into that matter is not yet concluded, the City can make no comments as to the alleged factual allegations in MHA's motion.  However, Mr. Elifritz was the subject of public comment during the last Fairness Hearing, *see* Exhibit 2 at 67:20-68:5, 69:7-13; 134:23-135:4, 190:4-7; thus, the Court has already been acquainted with concerns of the citizenry and mental health community regarding PPB's implementation of use-of-force policies. The October 4, 2018 Status Conference should not reopen subject matter to which testimony has already been taken.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

briefing of an issue useful.  For the reasons stated above, however, the City opposes MHA's

Motion for Enhanced *Amicus Curiae* Status.

      Dated:  September 24, 2018.

                                        Respectfully submitted,

                                        */s/ Tracy Reeve*

                                        TRACY REEVE, OSB# 891123
                                        City Attorney
                                        Email: tracy.reeve@portlandoregon.gov
                                        Of Attorneys for Defendant

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089