IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-2265-SI |
| Plaintiff, | **ORDER APPOINTING** *AMICUS CURIAE* |
| v. | |
| **CITY OF PORTLAND**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On February 19, 2013, when the Court denied the Albina Ministerial Alliance Coalition for Justice and Police Reform's ("AMA") motion to intervene in this case, the Court granted it enhanced *amicus curiae* status under the Court's broad discretion to grant *amicus* status. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). The Court ordered that the AMA could: present briefing to the Court; participate in any oral argument to the same extent as the parties; present from counsel table; participate in the Fairness Hearing to consider the original settlement agreement; participate in any mediated settlement discussions under the authority of the Court; and, essentially, during the remedy phase of this lawsuit, have its issues and concerns considered and have the same opportunity to provide insights and recommendations as the parties.

PAGE 1 – ORDER

The Mental Health Alliance ("MHA") now moves to be appointed as enhanced *amicus curiae* in this matter and have the same status that was granted to the AMA. The MHA argues that as an organization that has expertise in and advocates for persons with mental illness or disability, it is uniquely situated to provide the Court with insight and perspective that none of the parties and current enhanced *amicus* can provide.

Plaintiff United States, Defendant the City of Portland (the "City"), and Intervenor-Defendant the Portland Police Association ("PPA") all object to MHA being granted "enhanced" *amicus* status. The AMA does not object. The United States does not oppose MHA being granted traditional *amicus curiae* status and participating in this case through briefing, participation in Court hearings, and participation in the community engagement process. The City also does not oppose the MHA being granted traditional *amicus* status and submitting briefing. The PPA argues that the MHA already submits public testimony sufficient to have its voice heard and needs no further formal designation to participate.

The Court agrees that enhanced *amicus curiae* status is not necessary under the current circumstances. The Court granted that unique status to the AMA because of the AMA's long history with monitoring police conduct in Portland, the fact that the AMA was the organization that wrote to the United States and triggered the federal investigation into the conduct of the Portland Police that resulted in this lawsuit and the settlement agreement, and the importance of the AMA's perspective in the original Fairness Hearing. In addition, the Court's decision was made at the beginning of this case and after the AMA moved to intervene as a plaintiff, which the Court denied. Although the Court recognizes that the MHA offers a valuable perspective in this case, the MHA did not move to intervene and none of the other facts that compelled the Court to grant the unique status of enhanced *amicus* are present at this time.

The Court believes, however, that the expertise of the MHA will be useful to the Court. The allegations in this case are about how Portland police officers treat persons with actual or perceived mental illness. The Court thus finds that the MHA has "unique information or perspective that can help the court." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005).

The Court appoints the MHA as *amicus curiae* in this case. The MHA shall have the right to file briefs in any matter before the Court in which briefing is sought, the same as the parties. The MHA also shall have the right to present at any Court proceeding, status conference, hearing, or oral argument, including the upcoming six-month interim status conference on October 4, 2018. Counsel for the MHA may sit in front of the bar at the October 4th hearing.

**IT IS SO ORDERED.**

DATED this 1st day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER