**J. ASHLEE ALBIES, OSB #051846**
E-mail: ashlee@albiesstark.com
ALBIES & STARK, LLC
210 SW Morrison Street, Ste. 400
Portland, Oregon  97204
Phone:   (503) 308.4770
Fax:     (503) 427.9292

**KRISTEN CHAMBERS, OSB#130882**
E-mail: kac@wysekadish.com
WYSE KADISH LLP
900 S.W. 5th Avenue, Suite 2000
Portland, OR 97204
Phone:   (503) 228.8848
Fax:     (503) 273.9135

*Of Attorneys for Amicus AMA Coalition for Justice and Police Reform*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | **OCTOBER 2018 STATUS REPORT OF THE ALBINA MINISTERIAL ALLIANCE FOR JUSTICE AND POLICE REFORM** |
| v. | |
| **CITY OF PORTLAND** | |
| Defendant. | |

The Albina Ministerial Alliance Coalition for Justice and Police Reform ("AMA Coalition") hereby submits its status report for the upcoming October 4, 2018 Status Conference, at which the Court will evaluate changes to the Settlement Agreement, at Sections IX and X regarding community engagement and oversight.

PAGE 1 –  AMA COALITION OCTOBER 2018 STATUS UPDATE

**I.    Background**

For the past two years, the City has been in non-compliance with the Settlement Agreement in the area of community oversight. In January of 2017, the City allowed the original oversight body created by the Settlement Agreement, the Community Oversight Advisory Board ("COAB"), to expire. In the year and a half that followed, the City drafted an alternative plan, the Portland Commission on Community Engaged Policing ("PCCEP"), distinctly different from the original COAB. The City invited the AMA Coalition to participate in this process.

The primary distinctions between the two bodies were noted by the AMA Coalition in its motion for a fairness hearing and are briefly reiterated here. *See* Dkt. 159. First, the details of the COAB, including its powers, duties, compositions, and selection process, were part of the Settlement Agreement, requiring Court entry of any modifications, *see* Settlement Agreement, Dkt. 157, Ex. 2, Para. 184 (prior 194), whereas the PCCEP details are in a document separate from the Settlement Agreement and thus can be modified without entry into the Court record. Second, the COAB was a board selected by leaders from different segments of Portland's community and all five City County members, whereas the PCCEP members have been selected entirely by the Mayor. Third, the COAB was empowered to oversee the implementation of the Settlement Agreement as a major part of its charge and in fact that was its main purpose, whereas the PCCEP is primarily focused on improving the Portland Police Bureau's engagement with the community. *Id.*

At the April 19, 2018, Fairness Hearing regarding the Amended Settlement Agreement and Hearing on the parties' Joint Stipulated Motion to Enter Amended Settlement Agreement, the court heard testimony and community input on the proposed changes to the Agreement. On May 5, 2018, the court approved much of the Amendments to the Settlement Agreement, and it

Conditionally Approved changes to Sections IX and X, related to community oversight and engagement. Dkt. 171.

## II.      Steps Taken Since the May 2018 Fairness Hearing

The Collaborative Agreement between the AMA Coalition, the DOJ and the City states, "the AMA Coalition agrees to advocate for the implementation of the Settlement Agreement reforms that the AMA Coalition supports. The AMA further agrees to oppose any attempts to weaken or dilute the Settlement Agreement reforms that the AMA Coalition supports." Dkt. 55, ¶ 8. Since entry of the Agreement, the AMA Coalition has been vocal regarding concerns about implementation of the community oversight and engagement portions of the Settlement Agreement. The AMA Coalition has consistently engaged with the other parties regarding proposed changes to these important pieces of the Settlement Agreement.

Since the May 2018 hearing, the AMA Coalition has continued to meet with the City when invited, to engage on implementation of the PCCEP plan conditionally approved by this court. The AMA Coalition wants to make clear that it has not been included in much of the development of the PCCEP. In addition, the AMA Coalition has met with the City-hired PCCEP facilitators, to give context, background, and input to the new process moving forward, and has agreed to limited participation in the on-boarding of PCCEP members.

The AMA Coalition gave feedback on the proposed process, advocating for meaningful public input and feedback from non-PCCEP community members, and for a process in which the PCCEP members would hear from community members before deciding or voting on particular issues. The AMA Coalition thanks the City for agreeing to require that the PCCEP hear in-person testimony from the public, before they vote on anything and for adding publicly open subcommittee meetings.  The AMA Coalition also advocated for a broad array of community

groups to be included in PCCEP's outreach plan and believes the PCCEP should participate in quarterly town halls with the Community Oversight/Community Liaison ("COCL").[1] The AMA Coalition testified at the City Council hearing regarding adoption of the PCCEP plan, emphasizing the importance for the community to have a live voice at the meetings, not solely via electronic means. The AMA Coalition encouraged the PCCEP to have clear protocols to review the settlement agreement per their charge, and it urged the COCL to hold a community forum to discuss the reports, particularly prior to presentation to this court.

**III.    AMA Coalition Concerns**

The AMA Coalition greatly appreciates the City's and the DOJ's continued engagement with the AMA Coalition and the community on the creation and implementing of the PCCEP Plan, and the extensive steps undertaken to implement the plan. As described above, the AMA Coalition has consistently highlighted its serious concerns regarding the lack of open meetings and public participation in PCCEP meetings. The AMA Coalition believes it is critical for the community to have a live voice at the meetings, not solely via electronic means, and that decisions are not made before public comment. The AMA Coalition is concerned that community input not be a meaningless endeavor by delaying it until after opinions and conclusions have been made in the minds of the PCCEP members.

An additional related point that the AMA Coalition feels strongly about is the PCCEP's ability to exclude the public due to "safety concerns." The AMA Coalition is concerned this language could be interpreted too broadly. For example, a few times a COAB member said they were afraid, because a member of the public read aloud the names of people shot by police. The AMA Coalition wants this language limited to legitimate threats to safety, and it has suggested

---

[1] The current PCCEP plan allows for town halls but does not require them.

PAGE 4 – AMA COALITION OCTOBER 2018 STATUS UPDATE

that "safety concerns" be replaced with "an actual threat of physical harm to another person."

Consistent with the terms of the Collaborative Agreement, the AMA Coalition maintains concerns about the timing of the City's announcements to the public about important community engagement events. As a recent example, the City announced a meeting about "Addition and the Criminal Justice System" just over 24 hours before the meeting was set to begin, making the accompanying requirement that childcare requests be made four days in advance impossible. Pursuant to the Collaborative Agreement, the City is supposed to give public notice of public meetings related to the Settlement Agreement three weeks in advance, in order to allow effective public participation in these meetings. *See* Dkt. 55, ¶ 13.

In addition, the AMA Coalition continues to request the City provide information to it in a timely manner, instead of its practice of providing written information the day before or the day of a meeting, in order to allow AMA Coalition Steering Committee members to read, process, and discuss substantive documents before meetings, rather than during the meetings. Many changes to the PCCEP protocol since the last hearing have been provided to the AMA Coalition with a very short turn-around time. Similarly, the AMA Coalition needs adequate advance notice of meetings and events relevant to the Settlement Agreement. For example, though the Coalition appreciates the opportunity to participate, the City did not extend an invitation to discuss its role in training PCCEP members until four days before the training began.

The AMA Coalition also notes there does not appear to be a process for selection of alternates, though it understands alternates were proposed to the Mayor. The COAB process went through all the designated alternates, without a backup plan when the alternates were exhausted. It is critically important to have a transparent process for replacement for any PCCEP

PAGE 5 –  AMA COALITION OCTOBER 2018 STATUS UPDATE

members who must step back for any reason, including an order by which alternates are selected, training for alternates, and a requirement and procedure for the alternate pool to be replenished. Likewise, while a selection committee will aid the Mayor in picking new members, there should be a requirement that the committee meet annually, with enough lead time to prepare replacement members before terms expire.

Finally, the AMA Coalition notes that facilitator continuity is important for this process to succeed. Should the current facilitators step back or be replaced, much work and momentum would be lost, setting back any progress made.

In conclusion, the AMA Coalition remains committed to bringing a community voice to this very important process.

DATED: October 2, 2018

Respectfully Submitted,

*s/ J. Ashlee Albies*
J. Ashlee Albies, OSB # 051846
ashlee@albiesstark.com

s/ *Kristen Chambers*
Kristen Chambers, OSB # 130882
kristen@ktp-law.com