TRACY REEVE, OSB# 891123
City Attorney
Email: tracy.reeve@portlandoregon.gov
DENIS M. VANNIER, OSB#044406
Deputy City Attorney
Email:  denis.vannier@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
          *Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **Case No. 3:12-cv-02265-SI** |
| **PLAINTIFF,** | |
| v. | **CITY OF PORTLAND'S THIRD MEMORANDUM UPDATING STATUS OF PCCEP IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AGREEMENT AMENDMENTS TO SECTIONS IX AND X** |
| **CITY OF PORTLAND,** | |
| **DEFENDANT.** | |

## I.    INTRODUCTION

This is the fourth time the Court has considered the stipulated amendments to Sections IX

and X of the Settlement Agreement between the parties in this case.  ECF 157.  The Court

conditionally approved those amendments following a Fairness Hearing on April 19, 2018.  ECF

171.[1]  The Court again considered the amendments at status conferences on October 4, 2018 and

June 6, 2019.  ECF 170; ECF 192.  At the June 6, 2019 status conference, the Court suggested

that it wanted to see substantial compliance with the conditionally approved amendments before

granting final approval to the amendments.  ECF 208 at 181.

The Compliance Officer and the Department of Justice have now found that the City is in

---

[1] The Court granted final approval to all other amendments at that time.  <u>Id.</u>

substantial compliance with these sections and has been for a number of months.  ECF 211-1, pp. 8-9; ECF 212, pp. 20-29.[2]

The City now respectfully renews its request that the Court grant final approval of the conditionally approved amendments to sections IX and X.

**II.    BACKGROUND**

On August 24, 2017, the Portland City Council unanimously passed Ordinance 188570 approving amendments to the Settlement Agreement between the parties in this case, including amendments to Sections IX and X pertaining to community engagement and oversight.  ECF 169-4.  Council's action followed a lengthy process of discussions between the City, the United States Department of Justice (DOJ), the Compliance Officer/Community Liaison (Compliance Officer or COCL), the Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) and the Portland Police Association (PPA), as well as several public hearings with extensive public testimony resulting in changes to the proposed amendments.  The amendments to Section IX contemplated a new community engagement body, the Portland Committee on Community Engaged Policing (PCCEP), to replace the prior COAB and to be governed by a Plan appended to the amended Settlement Agreement.  ECF 169-8, pp. 54-69; ECF 169-9.[3] Following Council's passage of Ordinance 188570, the amendments approved by the City Council were formally reviewed and approved by the DOJ.  The parties and Enhanced Amicus AMAC then filed a Joint Stipulated Motion to Enter Amended Settlement Agreement on December 26, 2017.  ECF 157.

---

[2] The Court did not identify what period of substantial compliance would be required for the Court to conclude that the conditionally approved amendments should be finally approved, although "about six months" was mentioned as a possibility.  ECF 208, p. 181.  Except for one technical requirement that was met on October 2, 2019 (formal Council approval of the Community Engagement Plan which had previously been finalized by PPB after substantial work with the PCCEP) all compliance obligations were met by August 2019, approximately six months before this status conference.

[3] The amendments to Section X (Agreement Implementation and Enforcement) were largely intended to memorialize the differences in the relationship between the new PCCEP and the prior COAB.  The PCCEP functions separately from the Compliance Officer while the prior COAB reported to the Compliance Officer.

Page  2 – CITY OF PORTLAND'S THIRD MEMORANDUM UPDATING STATUS OF
        PORTLAND COMMITTEE ON COMMUNITY-ENGAGED POLICING IN SUPPORT
        OF FINAL APPROVAL OF SETTLEMENT AGREEMENT AMENDMENTS

The Court held a Fairness Hearing on the amendments on April 19, 2018.[4]  Following that hearing, and pursuant to the parties' and Enhanced Amicus AMAC's stipulated motion, the Court entered an order granting final approval to all amendments except those pertaining to community engagement and oversight.  ECF 171.  After conferring, the parties agreed that they would have no objection to deferring entry of an order granting final approval as to the amendments related to community engagement and oversight, with the only condition being that the parties report back in six months to the Court.  Based on all parties' representations that they had no objection to this approach, the Court entered an order on May 15, 2018:

". . .that the following amendments are CONDITIONALLY APPROVED, pending the Court's further evaluation at a Status Conference set for October 4, 2018, at 9:00 am, and final approval:

1.  Changes to Sections IX and X regarding community engagement and oversight."

ECF 171, p. 2.

Prior to the October 4, 2018 status conference, the City filed its Memorandum Updating Status of Portland Committee on Community-Engaged Policing in Support of Final Approval of Settlement Agreement Amendments (City's First PCCEP Memo) setting forth in detail the extensive process it had undertaken to select and form the PCCEP pursuant to the terms of the (conditionally approved) amendments to Section IX of the Settlement Agreement.  ECF 183.  At the hearing on October 4, 2018, the parties provided additional information regarding the formation of the PCCEP and renewed their stipulated motion to amend Sections IX and X. October 4, 2018 Transcript at pp. 9, 52-53 and 120, ECF 193.  Enhanced Amicus AMAC took the position that it would be preferable for the Court to defer final approval for six months:

---

[4]It remains the City's legal position that the amendments do not require, and should not be subjected to, an additional court process to determine that they are fair, adequate and reasonable. The amendments were made utilizing the process set forth in the original Settlement Agreement at paragraph 194 which was already found by the Court to be fair, adequate and reasonable. Under that process (now set forth in paragraph 184 of the amended Settlement Agreement), amendments are effective 45 days after the filing of a joint motion with the Court and do not require any further Court approval or action to become effective.

Page  3 – CITY OF PORTLAND'S THIRD MEMORANDUM UPDATING STATUS OF
PORTLAND COMMITTEE ON COMMUNITY-ENGAGED POLICING IN SUPPORT
OF FINAL APPROVAL OF SETTLEMENT AGREEMENT AMENDMENTS

"[T]he AMAC feels strongly that we need to see how the PCCEP is actually functioning and that if we were to wait six months and see how the PCCEP is actually operating, that the Court would be in a much better position to fully approve the plan." Id. at p. 40.   The Court accepted this position, stating:  "I am hopeful that when we all get back together again there will [be] much more information that I have and have received and that that information will be sufficiently positive that I will feel comfortable that the amendments are consistent with the criteria set forth in the settlement agreement, including any amendments that have already been approved." Id. at p. 125.

The Court set that further status conference for June 6, 2019.  Id. at p. 127.  At that time, the Court reviewed the evidence and briefing of the parties and received feedback from the amici and the community.  The Court noted that great progress had been made, but declined to grant final approval to the conditionally approved amendments to Sections IX and X.  The Court stated that before granting final approval to the amendments, "… I want to see that the PCCEP structure is in substantial compliance.  I want to see that it has been in substantial compliance for an appropriate amount of time."  ECF 208 at p. 176.

## III.    THE PCCEP STRUCTURE HAS BEEN IN COMPLIANCE FOR FOURTEEN MONTHS AND THE CITY HAS ACHIEVED SUBSTANTIAL COMPLIANCE WITH SECTIONS IX AND X

The PCCEP has been operating in full compliance with the structure set forth by the Settlement Agreement and the PCCEP Plan since it began meeting in December 2018.  As demonstrated in the City's First PCCEP Memo (ECF183) the PCCEP was successfully formed and seated in accordance with paragraphs 141 and 142 of the amended Settlement Agreement before October 4, 2018.  As demonstrated in the City's Second PCCEP Memo (ECF 199) the PCCEP received the extensive training required by the Settlement Agreement and PCCEP Plan, has been meeting monthly since December 2018 and has complied with all requirements set forth in the Settlement Agreement and PCCEP Plan.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

At the last status conference on June 6, 2019, the City was not yet in full substantial compliance with all of Section IX, only because PCCEP, PPB and the City had not *completed* all of the work they were required to undertake under the Settlement Agreement and the PCCEP Plan (nor was that expected to have occurred within the first year of PCCEP's existence). Rather, it was contemplated by the PCCEP Plan that PCCEP's work over its first year would focus on the development of PPB's Community Engagement Plan. *See* ECF 184-1 at p. 88 (*"PCCEP will spend the first year gathering information from the public and compiling recommendations for PPB's Community Engagement Plan…."*) and pp. 88-89 (*'The Chief's Office shall consult with the PCCEP and shall consider and utilize to the extent practicable PCCEP's recommendations in developing and implementing the Community Engagement Plan. The Chief's Office shall present the final proposed Community Engagement Plan (with implementation timeline) to the PCCEP for its review and comment within 45 days of receiving PCCEP's recommendations. The recommended Community Engagement Plan shall be considered by the City Council in a public hearing, leading to the Council's adoption of the Plan after review and amendments if indicated."*). All of this has now occurred.

PCCEP and the City have thus been in compliance with the requirements of the Settlement Agreement and PCCEP Plan regarding the *structure and operation* of the PCCEP for over 14 months. During that time, they have continued to move toward substantial compliance with the substantive work required by the Settlement Agreement and PCCEP Plan by collaborating in the development of PPB's Community Engagement Plan. Now PCCEP and the City have also completed that key "deliverable." On October 2, 2019 the Portland City Council formally approved that plan, the final step in achieving substantial compliance with Sections IX and X of the Settlement Agreement. With this milestone, both the Compliance Officer and the Department of Justice have now found that the City is in substantial compliance with Sections IX and X. ECF 212, pp. 20-29; ECF 211-1, pp. 8-9. In other words, the City and the PCCEP have now fulfilled all of the requirements set forth in the Settlement Agreement and the PCCEP Plan

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

for substantial compliance.  Of course, the City must maintain that substantial compliance for one year under the terms of the Settlement Agreement.

## IV. PCCEP WILL EXIST AS A CITY COMMISSION BEYOND THE LIFE OF THE SETTLEMENT AGREEMENT

The (conditionally approved) amendments to Sections IX and X of the Settlement Agreement, and the PCCEP Plan itself, were intended to create a structure with enough flexibility to allow PCCEP to continue its work beyond the life of the Settlement Agreement.  As the DOJ noted in its most recent report filed with this Court, "The Community Engagement Plan is designed to evolve over time.  The Plan anticipates the PCCEP's continued involvement to annually assess and improve on the initial iteration.  PPB and the PCCEP have established a productive working relationship sufficient to enable an ongoing collaboration."  ECF 212 at p. 24.

In addition, the PCCEP Plan itself anticipates that the PCCEP will continue to exist beyond the life of the Settlement Agreement:  "After the City is found to be in compliance with the Settlement Agreement and the Court, DOJ and COCL are no longer involved, PCCEP will provide recommendations to the Mayor/Police Commissioner regarding continued assessments of the City's progress, generally, and community engagement."  PCCEP Plan attached as Ex. 1 to the Declaration of Tracy Reeve in Support of Final Approval of Settlement Agreement Amendments at p. 5, n. 2.

## V.  THE COURT SHOULD GRANT FINAL APPROVAL OF THE AMENDMENTS TO SECTIONS IX AND X

The City renews its Motion to Enter Amended Settlement Agreement (ECF  157) and renews, adopts, and incorporates by reference the City's and the United States' arguments in favor of that motion made at pages 11-25 of the transcript of the hearing on that motion held on April 19, 2018.  ECF 175.  The City also renews, adopts, and incorporates by reference the arguments in favor of that motion (ECF 157) made in the City's Memorandum in Support of

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

Final Approval of Settlement Agreement Amendments (ECF 183) and the City's and the United States' arguments in favor of that renewed motion made at pages 9-39 and 120-124 of the transcript of the hearing held on October 4, 2018.  ECF 193.  Finally, the City renews, adopts, and incorporates by reference the arguments in favor of the renewed motion (ECF 157) made in the City's Second Memorandum in Support of Final Approval of Settlement Agreement Amendments (ECF 199) and the City's and the United States' arguments in favor of that renewed motion made at pages 9-18, 20-27, and 167-170 of the transcript of the hearing held on June 6, 2019.  ECF 208.

## VI.  CONCLUSION

The Court has ample evidence before it to determine that the amendments to Sections IX and X of the Settlement Agreement are fair, adequate and reasonable, assuming that such a finding is required.  The Court should enter an order approving those amendments based on the parties' stipulated motion.

Dated:  February 18, 2020.

Respectfully submitted,

*/s/ Tracy Reeve*
TRACY REEVE, OSB# 891123
City Attorney
Email: tracy.reeve@portlandoregon.gov
Of Attorneys for Defendant

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089