IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND**, <br><br> Defendant. | Case No. 3:12-cv-2265-SI <br><br> **ORDER REGARDING 2021 SCHEDULING AND REQUESTING COMMENTS** |

**Michael H. Simon, District Judge.**

On January 24, 2020, the U.S. Department of Justice, filed Plaintiff's Notice of Interim Compliance Assessment Report. ECF 212. In that report, Plaintiff stated:

> Pursuant to the Agreement, *the City must maintain substantial compliance with all components of all seven sections for one year before the Agreement may be terminated*. See ECF 171, Am. Settlement Agreement, Par. 175. If the City successfully remains in substantial compliance with the Agreement's terms through January 10, 2021, the United States anticipates the parties would jointly ask the Court to terminate the Agreement thereafter.

ECF 212 at 3 (emphasis added). The Court held an interim status conference on February 25, 2020, and scheduled the next status conference for February 25, 2021, at 9:00 a.m. ECF 222.

On December 8, 2020, the City filed the second and third 2020 quarterly reports of the Compliance Officer and Community Liaison (COCL). ECF 226. The latter of these reports covered the period of July 1, 2020 through September 30, 2020. ECF 226-2. In the most recent of these two reports, the COCL stated:

PAGE 1 – ORDER REGARDING 2021 SCHEDULING

> Unfortunately, COCL has concluded that [the Portland Police Bureau] *has not maintained substantial compliance* with Section III of the Settlement Agreement (Use of Force) and Section IV (Training).

ECF 226-2 at 4. of 61 (emphasis added). Accordingly, it does not appear that the Court will be terminating the Settlement Agreement at the next interim status conference.

In addition, the COVID-19 pandemic and related health considerations did not affect public participation at the hearing held in February 2020 but certainly will preclude public participation, at least at the same level and in the same manner as occurred in prior years, if the hearing occurs on February 25, 2021, as currently scheduled. The Court believes that much is gained by having the Court hear and see in person counsel for the parties, the COCL, and all members of the public who wish to provide information. The Court also believes that the parties, the COCL, and the public have much to gain by hearing and seeing in person the perspectives of each other. Accordingly, the Court is giving serious consideration to postponing the next interim status conference from February 25, 2021 to sometime in the summer or even early fall of 2021. The Court's thinking is that by that time everyone who wishes to receive a COVID-19 vaccination will have been able to get one.

If any party (or any other interested person) desires to be heard on this scheduling issue, written comments may be filed not later than January 26, 2021. Shortly thereafter, the Court will issue a final Order setting the date and time of the next interim status conference.

**IT IS SO ORDERED.**

DATED this 12th day of January, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge