**Portland Committee on Community Engaged Policing (PCCEP) Response to Judge Simon Regarding Status of Department of Justice Settlement Agreement with the City of Portland**

**Drafted by Ann Campbell and Elliott Young, Steering Committee, July 22, 2021**

Portland found itself facing a pandemic and unprecedented racial justice protests at the same time in summer 2020.  Unfortunately, the City failed to meet the moment and did not even comply with the minimum mandates of the Department of Justice (DOJ) Settlement Agreement. The Settlement Agreement is a floor not a ceiling.  At PCCEP we encourage the City and the Portland Police Bureau to not merely comply with these legal  requirements and the US Constitution, but to go beyond those so that the community can regain trust in the police and we can develop a new vision of community safety.

The City has been found by the Compliance Officer and Community Liaison (COCL) and the DOJ to be in compliance with many paragraphs of the Settlement Agreement, but they each found the City out of compliance with issues related to force reporting, training, and community engagement.  We broadly agree with these assessments.

The Portland Committee on Community Engaged Policing generally agrees with the findings of the COCL Q4 2020 and Q1 2021 reports and the DOJ findings as articulated in their Annual Compliance Report and the DOJ's letter dated March 23, 2021 that the City fell out of compliance with the Settlement Agreement.

We support the DOJ's suggested remedies  in order for the City to come back into compliance with the Settlement Agreement and to  improve Portland Police Bureau accountability, training, and community engagement. These remedies align with information PCCEP has heard from various community members, town halls and meetings.

- The City should implement body-worn cameras (BWC) for all officers. Recordings should be uploaded to a secure website, and to supervisors who could immediately address issues that arise. Officers must write their After Action Reports (AAR) prior to viewing the BWC recording. Officers can submit a supplemental to their original AAR report after watching their BWC.

- The City should revise Force Data Collection Report (FDCR) and After-Action Review (AAR) forms to better capture information to show required timeliness of completion and review.

- The City should contract with a qualified outside entity to critically assess the City's response to crowd control events in 2020 in a public facing report that includes recommendations to which the City will publicly respond. Additionally, the City should create a "needs assessment" for crowd control training that adequately addresses issues with PPB's response to the 2020 protests, and implement the lessons learned in all future police trainings.

- The City should ensure PPB's budget covers officers' annual required training without relying on overtime.

- The City should appoint a qualified civilian head over PPB's Training Division to ensure consistent and appropriate training based on problem-based learning and other generally accepted adult-learning techniques.
- The City should identify and hold accountable Rapid Response Team (RRT) Lieutenants and above who approved force without adequate justification during the 2020 protests.

- If the City's proposal for addressing timeliness and quality of investigations and effective discipline is the implementation of the new voter-approved Community Police Oversight Board, the City should propose amendments to the Agreement within 90 days and formulate a plan for an orderly transition to and full implementation of the Board in a timely manner.

- The City should issue its 2020 annual report and hold the required public meetings before the end of summer 2021, and do the same in 2022 and any future years during which the Agreement is still in effect.

PCCEP generally supports the COCL Q1 2021 report's finding of the CIty only in partial compliance with the Settlement Agreement's paragraph 144 with regard to PCCEP. In particular, COCL highlights the following areas for improvement:

- Failure to consistently post minutes and videos in a timely manner.

- Lack of consistent responsiveness of the Mayor to PCCEP's recommendations within the mandated 60 day period.

Finally, PCCEP suggests that the City refer to [recommendations](recommendations) made by PCCEP about Body Worn Cameras in 2019 if the City ultimately chooses to pursue this remedy.