**SCOTT ERIK ASPHAUG, OSB #833674**
United States Attorney
**RENATA A. GOWIE, OSB #175273**
Civil Division Chief
**JARED D. HAGER, WSB #38961**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Phone: 503.727.1120
Email: jared.hager@usdoj.gov

**KRISTEN CLARKE**
Assistant Attorney General
Civil Rights Division
**STEVEN H. ROSENBAUM**
Chief
**LAURA L. COWALL**
Deputy Chief
**R. JONAS GEISSLER**
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Phone: 202.514.6255
Fax:     202.514.4883
    Attorneys for Plaintiff United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE AMENDED SETTLEMENT AGREEMENT |
| v. | |
| **THE CITY OF PORTLAND,** | |
| Defendant. | |

**Page 1      Unopposed Motion to Amend the Amended Settlement Agreement**

Plaintiff United States of America (United States), without opposition from Defendant City of Portland (City), moves for the entry of an order amending the Amended Settlement Agreement (Agreement), previously entered in this matter (ECF No. 262). The United States and the City (collectively, the Parties) have agreed to add to the Agreement a new Section XI – Addendum of Additional Remedies, containing eight paragraphs, numbered 188 to 195, which identify actions the City will take to resolve the notice of noncompliance issued on April 4, 2021.[1]

Intervenor Portland Police Association (PPA) does not object to the proposed amendments. Enhanced *Amicus Curiae* Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) does not object to the Court's approval of Section XI. However, the AMAC believes that the Parties should codify particular guidelines for a body-worn camera (BWC) policy in the text of Section XI. *Amicus Curiae* Mental Health Alliance (MHA) does not object to the Court's approval of Section XI's preamble, Paragraphs 188–190, 192–193, and 195. MHA takes no position on Paragraphs 191 and 194, but requests that the Court only conditionally approve these paragraphs pending further developments of policy and implementation and for reasons the MHA will explain in their Fairness Hearing briefing.

As background, on April 2, 2021, the United States issued a notice of noncompliance pursuant to the Agreement's dispute resolution process. Paragraphs 178–183. The bases for noncompliance are laid out in the Fifth Periodic Compliance Assessment Report dated February 10, 2021, ECF No. 236, and a letter dated March 23, 2021. Specifically, the United States found that the City failed to implement the following provisions of the Agreement: Section III – Use of Force, Paragraphs 66, 67, 69, 70, and 73; Section IV – Training, Paragraphs 78 and 84; Section VIII – Officer Accountability,

---

[1] The proposed Amended Settlement Agreement with new Section XI is attached as Exhibit 1. A redline showing the changes from the previous version of the Agreement is attached as Exhibit 2.

Paragraphs 121, 123, and 169; and Section IX – Community Engagement and Creation of Portland Committee on Community Engaged Policing, Paragraph 150.

On May 7, 2021, the City responded pursuant to Paragraph 180. Thereafter, the Parties met to discuss the compliance concerns pursuant to Paragraph 181, and potential additional remedies to resolve the notice of noncompliance. The Parties also met with the PPA and the *amici*, the AMAC and the MHA, to discuss the noncompliance notice and potential additional remedies. On July 15, at a meeting hosted by the Portland Committee on Community Engaged Policing (PCCEP), the United States, City, PPA, AMAC, and MHA discussed with the public some broadly-framed proposed remedies to resolve the noncompliance notice. On July 27, after public comment and deliberation, the PCCEP voted unanimously to approve a recommendation endorsing the additional proposed remedies.

On August 24, 2021, the Court held a status conference and received written and oral submissions from the United States, City, PPA, AMAC, MHA, and numerous members of the public, before and during the hearing, including in relation to the nine proposed remedies. ECF No. 249. Following that status conference, the City expressed general support for the broadly-framed proposed additional remedies to address the compliance concerns of the United States. However, the Parties did not agree on specific language prior to mediation.

Between September and December 2021, the Parties met in mediation, along with the PPA, AMAC, and MHA. *See* ECF Nos. 256, 263, 266, 267, 268, 272. United States Magistrate Judge Stacie Beckerman facilitated the mediation, which focused on refining the broadly-framed remedies into specific language for proposed amendments to the Agreement.

On January 10, 2022, the Parties filed a joint status report notifying the Court of the mediation's proposed outcome to resolve the notice of noncompliance by adding to the Agreement a new Section XI – Addendum of Additional Remedies, which consists of eight paragraphs numbered

188 to 195.  ECF No. 275.  On January 26 and February 9, the City Council held public hearings to consider an ordinance that would approve the proposed amendment.  After receiving written and oral public comment, the City Council voted unanimously to adopt Ordinance 190694, which approves the proposed amendments, as required by Paragraph 184.  *See* City of Portland, City Council Documents, *available at* https://www.portland.gov/council/documents/ordinance/passed/190694 (last visited Feb. 9, 2022).

To resolve the United States' notice of noncompliance, the Parties have agreed to amend the Agreement by adding new Section XI – Addendum of Additional Remedies.  The United States asks the Court to enter the stipulated Amended Settlement Agreement attached as Exhibit 1 to this motion as an order of the Court.  The Parties agree that Section XI is a fair, adequate, and reasonable way to resolve the notice of noncompliance.  In an executive agency's enforcement action, the Ninth Circuit states that "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment," and "[u]nless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved."  *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

The Parties agree that the Court will hold a Fairness Hearing within the next 45 days to determine whether Section XI is fair, adequate, and reasonable.  ECF No. 270, Hr'g Tr. at 15:13–17:7 (Nov. 9, 2021).  After the Court approves Section XI, the United States will periodically assess and report on the City's compliance with Paragraphs 188 to 195 along with the other substantive sections of the Agreement.

**Page 4     Unopposed Motion to Amend the Amended Settlement Agreement**

DATED: February 25, 2022.

Respectfully submitted,

FOR THE UNITED STATES:

SCOTT ERIK ASPHAUG
United States Attorney
District of Oregon

RENATA A. GOWIE
Civil Division Chief

/s/ Jared D. Hager
JARED D. HAGER
Assistant U.S. Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Special Litigation Section Chief

/s/ Laura L. Cowall
LAURA L. COWALL
Deputy Chief

/s/ R. Jonas Geissler
R. JONAS GEISSLER
Trial Attorney