ROBERT TAYLOR, OSB #044287
City Attorney
Email: robert.taylor@portlandoregon.gov
HEIDI BROWN, OSB #922410
Chief Deputy City Attorney
Email: heidi.brown@portlandoregon.gov
SREEVAMSHI C. REDDY, OSB #140560
Deputy City Attorney
Email: vamshi.reddy@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA,**

**PLAINTIFF,**

v.

**CITY OF PORTLAND,**

**DEFENDANT.**

**Case No. 3:12-cv-02265-SI**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE AMENDED SETTLEMENT AGREEMENT**

Defendant City of Portland (the "City") submits this Memorandum in Support of Plaintiff United States of America's Unopposed Motion to Amend the Amended Settlement Agreement ("Plaintiff's Motion"; ECF No. 276). The United States proposed a comprehensive slate of remedies to address its concerns with crowd management events that occurred in Portland in 2020, and the City agreed to the full slate of proposed remedies. In furtherance of that agreement, the City has already made significant progress in the implementation of the additional remedies, including committing over $3.9 million in present funding, with more to follow in the

Page 1 – DEFENDANT'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE AMENDED SETTLEMENT AGREEMENT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

future. Today, the City formally joins the United States in asking the Court to approve the remedies discussed in Plaintiff's Motion.

## I. Relevant Procedural History

On April 2, 2021, the United States issued a notice of noncompliance pursuant to Paragraph 178 of the Amended Settlement Agreement (the "Agreement"; ECF No. 262), finding that the City failed to implement certain provisions of the Agreement as described in Plaintiff's Motion and the Fifth Periodic Compliance Assessment Report (ECF No. 236). The City responded, pursuant to Paragraph 180 of the Agreement, on May 7, 2021. Pursuant to Paragraph 181, the Parties subsequently met on July 13, 2021, and July 22, 2021, to further discuss Plaintiff's compliance concerns and potential additional remedies. On July 14, 2021, the Parties also met with Intervenor-Defendant Portland Police Association ("PPA"), Enhanced *Amicus Curiae* Albina Ministerial Alliance Coalition for Justice and Police Reform ("AMAC"), and *Amicus Curiae* Mental Health Association ("MHA"). On July 15, 2021, the Parties, AMAC, MHA, and PPA discussed the additional remedies, later delineated in the proposed Section XI to the Agreement (the "Section XI Remedies"), in a public meeting hosted by the Portland Committee on Community Engaged Policing (the "PCCEP"). On July 27, 2021, the PCCEP voted unanimously to approve a recommendation for the additional remedies.

The Parties, AMAC, MHA, and PPA thereafter engaged in extensive mediation, facilitated by United States Magistrate Judge Stacie Beckerman, pursuant to Paragraph 182 of the Agreement. The mediation comprised six sessions between September and December 2021 (ECF Nos. 256, 263, 266, 267, 268, 272), and ultimately resulted in the eight proposed Section XI Remedies contained in Paragraphs 188 to 195 (ECF No. 275). On August 24, 2021, and November 9, 2021, the Court held status conferences in which the public, the Parties, AMAC, MHA, and PPA had further opportunity to comment on the proposed additional remedies.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

On November 17, 2021, City Council adopted the FY 2021-2022 Fall Supplemental Budget Ordinance No. 190606, which provided funding to advance several of the proposed Section XI Remedies. On January 26, 2022, and February 9, 2022, City Council held public hearings to receive community feedback on the proposed Section XI Remedies. On February 9, 2022, pursuant to Paragraph 184 of the Agreement, the City Council unanimously passed Ordinance 190694 approving the Section XI Remedies. The ordinance went into effect 30 days after it was passed by City Council, on March 11, 2022.

If adopted by the Court, the Section XI Remedies would resolve Plaintiff's notice of the City's noncompliance.

## II. Legal Standard

The standard of review to be applied by a district court in reviewing a settlement agreement such as the one in the instant matter is whether such agreement is fundamentally "fair, adequate, and reasonable" and conforms to applicable laws. *United States v. Oregon*, 913 F.2d 576, 580-581 (9th Cir. 1990); *see also United States ex rel. Lummi Nation v. Dawson*, 328 F. App'x 462 (9th Cir. 2009) (unpublished) (affirming district court's finding that settlement agreement was fundamentally fair, adequate, and reasonable) (citing *United States v. Oregon*, 913 F.2d at 580).

The Court has discretion to approve or reject a proposed settlement. *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (citations omitted). "This discretion is not unbridled, however. Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved." *Id*. If the proposed settlement is "the product of good faith, arms-length negotiations, a negotiated decree is presumptively valid." *United States v. Oregon*, 913 F.2d at 581. The Court "need only be satisfied that the decree represents a reasonable factual and legal determination." *Id*. (citations and internal quotation marks omitted). In addition, a "flexible modification standard in institutional reform litigation" is "often essential to achieving the goals

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

of reform litigation." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 368 (1992) (citations omitted). "[A] district court should exercise flexibility in considering requests for modification of an institutional reform consent decree." *Id*. at 383.

The proposed Section XI meets these standards. The Section XI Remedies are the product of good faith, arms-length negotiations, including several mediation sessions facilitated by Judge Beckerman, between Plaintiff, the City, AMAC, MHA, and PPA that took place over the course of several months. The community was given an opportunity to discuss the proposed additional remedies with Plaintiff, the City, MHA, AMAC, and PPA at a meeting hosted by the PCCEP, as well as directly with the City Council at two public hearings. The Court likewise received written and oral submissions, many related to the additional remedies, from the Parties, AMAC, MHA, PPA, and numerous community members both before and during the status conferences in August and November 2021. The public will have further opportunity to discuss the Section XI Remedies at the Fairness Hearing scheduled for April 29, 2022. In addition, the Parties are in agreement that Section XI is fair, adequate, and reasonable because the remedies contained therein are specifically tailored to resolve Plaintiff's notice of the City's noncompliance with the Agreement.

## III. Status of Implementation of Proposed Remedies

The City has put considerable effort and resources behind the negotiated Section XI Remedies in a good-faith and comprehensive effort to resolve the compliance concerns of 2020. So far, the City has committed over $3.9 million in funding to implement these Remedies, and more will be spent in the future. The following are the proposed additional remedies, as well as the status of their implementation to date:

**FDCR & AAR Forms:** Paragraph 188 requires the City to revise the Force Data Collection Report ("FDCR") and the After-Action Review ("AAR") forms to capture information showing timeliness of completion and supervisory review. This remedy necessitates

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

full implementation of Office 365 by the Portland Police Bureau ("PPB"), which is ongoing, with Phase 1 expected to be completed by August 2022 and Phase 2 by early 2023. The City has allocated $433,000 for this expense. As an interim step, the FDCR form has been revised to require PPB members to note the date, time, and author of initial submissions.

**2020 Critical Assessment:** Paragraph 189 requires that the City retain a "qualified outside entity" to conduct a critical assessment of the City's response to the 2020 protests (the "2020 Critical Assessment"), which would include a public report, follow-on review, and training needs assessment. The City Council approved initial funding of $300,000 for the 2020 Critical Assessment on November 17, 2021. The Parties jointly drafted a comprehensive Statement of Work, and the City solicited proposals from well-regarded consultants in this highly specialized field of crowd management analysis. The proposals received suggest the total cost of this Assessment will be over $500,000. The City interviewed the finalists, presenting two candidates to Plaintiff for approval, which was provided. The City is in the process of finalizing a contract with the selected finalist, and is gathering reports and data to provide to the consultant upon execution of the contract.

**Training Overtime:** Paragraph 190 requires that the City separately budget overtime expenses for PPB's annual required training. The City has included a separate line item for PPB training-related overtime expenses in its current budget and commits to doing so in subsequent budgets for the duration of the Agreement.

**Civilian Dean of Training:** Paragraph 191 requires the City to appoint a qualified civilian (the "Police Academic Dean" or "Dean") to direct all educational aspects of PPB's Training Division in order to ensure consistent and appropriate training, based on generally accepted adult-learning principles and techniques, for all PPB members. The Dean will work closely with the Captain of PPB's Training Division to oversee the delivery of all PPB trainings, including Advanced Academy, In-Service (officer, command, and supervisory), crisis

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

intervention, critical incident management, use of force, crowd management, ABLE ("Active Bystandership for Law Enforcement"), Community Academy, Procedural Justice, and specialty unit trainings. The Dean will also be responsible for the approval of PPB trainings delivered by other entities, evaluating courses, reviewing and approving curricula and lesson plans, conducting training needs assessments and surveys, developing academic programs and the annual training calendar, and managing the Learning Management System, performance evaluations, officer involved shooting training reviews, and instructor selection, training, and evaluation.

On November 17, 2021, the City funded three FTEs in the PPB Training Division, at an ongoing budget level of $401,057, for the Dean position and two additional staff. The position was posted on January 10, 2022, and closed on February 7, 2022. The City screened 18 candidates meeting the minimum qualification requirements listed in the position description. Six finalists were selected and five[1] will be interviewed on April 19 and 20, 2022. The first interview panel consists of representatives from PPB, including PPB's Equity Manager, the Bureau of Human Resources, the Training Advisory Council, the Mayor's Office, and two other City Council offices. The second interview panel, expected to take place in early May 2022, will be led by Chief of Police Charles Lovell. The successful candidate will then be required to pass a background check and is expected to begin in their new role as Dean in Summer 2022.

**Investigations of Crowd Control Training and Response:** Paragraph 192 requires that the City initiate Independent Police Review ("IPR") investigations into: (a) whether PPB Lieutenants and above provided inaccurate crowd control and use of force trainings to the Rapid Response Team; (b) whether Incident Commanders provided incorrect authorization to use force during crowd management events, and whether Incident Commanders properly completed reports; and (c) whether Commanders and above failed to timely and adequately clarify

[1] One candidate withdrew from consideration.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

misunderstandings or misapplication of PPB policy governing crowd management. Paragraph 192 requires that the Police Commissioner and Chief of Police hold accountable those members at a rank of Lieutenant and above determined to have violated PPB policy, and also affirms the obligation of IPR and PPB to investigate any sworn member of any rank if information is discovered that such member may have violated PPB policy.

In preparation for these "Paragraph 192 Investigations," IPR has already delineated an investigatory methodology and plan and has begun coordinating with PPB's Records Unit to gather the necessary records (training records, police reports, FDCRs, AARs, Incident Action Plans). IPR submitted various records requests to PPB on February 17, 2022, and received thousands of pages of responsive documents in March and April 2022. Once IPR reviews the relevant materials, they will begin scheduling interviews with involved members and witnesses.

**PPB Annual Reports & Precinct Meetings:** Paragraph 193 requires that PPB issue and present its Annual Report at precinct and City Council meetings, as set forth in Paragraph 150, before September 20th of each year. The City commits to satisfying these requirements for the duration of the Agreement. In 2021, the draft Annual Report was sent to PCCEP for review in June 2021, the final report was sent to City Council in August 2021, and a City Council hearing, where Chief Lovell publicly presented the Report, occurred on August 18, 2021. The Annual Report was also presented to the community at meetings in North Precinct on August 17, 2021, East Precinct on August 18, 2021, and Central Precinct on August 19, 2021. The City received positive feedback from the community regarding these presentations. As for 2022, the draft Annual Report will be circulated to the Chief's Office for comment this month, and then to PCCEP afterwards for their review and comment before the Annual Report is finalized and released publicly, as required by Paragraph 150. Once the Report is finalized and released to the public, the City Council hearing and precinct meetings, where both the Chief of Police and the Precinct Commander will present, will be scheduled.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

**Body-Worn Cameras:** Paragraph 194 requires the City to implement body-worn cameras ("BWCs"). On November 17, 2021, the City allocated funds in the amount of $2.6 million during the FY 2021-2022 Fall Budget Monitoring Process to initiate a BWC Program. On January 23, 2022, the Compliance Officer/Community Liaison ("COCL") and the PCCEP hosted a well-attended community forum on BWCs, and COCL later issued a report describing community input through the forum and a concurrent survey. On February 9, 2022, the City Council unanimously authorized a request for proposal process ("RFP") to select a vendor for a pilot BWC Program followed by full implementation. The BWC RFP was released on February 18, 2022, closed on March 25, 2022, and received a number of proposals from vendors. The City has an extensive group of internal and external subject matter experts scoring the proposals and providing input to the internal scorers. In addition, the City has drafted a comprehensive workplan that includes launching a pilot program in late Fall or early Winter of 2022. The City and PPA also started back in mediated bargaining on April 12, 2022, to discuss the mandatory subjects of a BWC Policy. The City remains committed to the bargaining process in the hopes of reaching an agreement with PPA that is in the interest and welfare of the public.

**Continued Operation of IPR & Transition to New Oversight Board:** Paragraph 195 has three components. Paragraph 195(a) requires that the City ensure the continued operation of IPR, currently housed within the Office of the City Auditor (the "Auditor's Office"), during the transition to the new voter-approved Community Police Oversight Board (the "Oversight Board"). Paragraph 195(b) provides timelines for establishing and implementing the Oversight Board. Paragraph 195(c) requires that the City comply with any collective bargaining obligations related to the Oversight Board.

Under the terms of Paragraph 195(a), the City and Auditor's Office were each required to present transition plans for IPR to Plaintiff, which the City did on January 28, 2022. The City's plan was subsequently revised after the Auditor's Office withdrew consent to house IPR during

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

the transition to the Oversight Board. Thereafter, the City proposed to amend Portland City Code to remove IPR from the Auditor's Office and establish IPR as an office independent of City Council and other City Bureaus. Under the City's proposed plan, all IPR employees will remain employees of the City, and the Director of IPR will be appointed by a majority vote of City Council and may only be removed upon a finding of cause by a super majority (four or more votes) of City Council. The City's transition plan also provides that, upon the completion of IPR's work, non-represented IPR employees may transfer to an equivalent or suitable position offered by the City, and permits the City to negotiate with AFSCME for represented IPR employees to help ensure their retention to complete IPR's work.

Under the terms of Paragraph 195(b), the City is required to establish a Commission to provide recommendations to City Council regarding the structure of the Oversight Board within 18 months from the date Section XI is entered as an order of the Court. The Police Accountability Commission (the "PAC"), charged with defining the structure and processes of the new Oversight Board, has met regularly since December 2021.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089

## IV. Conclusion

For the foregoing reasons, the City respectfully requests that the Court approve the proposed Section XI Remedies as a fair, adequate, and reasonable resolution of Plaintiff's notice of the City's noncompliance.

Dated: April 15, 2022

Respectfully submitted,

*/s/ Robert Taylor*
ROBERT TAYLOR, OSB #044287
City Attorney
Email: robert.taylor@portlandoregon.gov
HEIDI BROWN, OSB #922410
Chief Deputy City Attorney
Email: heidi.brown@portlandoregon.gov
SREEVAMSHI C. REDDY, OSB #140560
Deputy City Attorney
Email: vamshi.reddy@portlandoregon.gov
*Of Attorneys for Defendant*

Page 10 – DEFENDANT'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE AMENDED SETTLEMENT AGREEMENT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
PHONE: (503) 823-4047
FAX: (503) 823-3089