**U.S. Department of Justice**

Civil Rights Division

SHR:LLC:RJG:JDH
DJ 207-61-1

*Special Litigation Section – 4CON*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

November 15, 2021
*Via mail and email*

Robert Taylor, City Attorney
Office of the City Attorney
City of Portland, Oregon
1221 SW 4th Avenue, Suite #430
Portland, OR  97204
email:  Robert.Taylor@portlandoregon.gov

Charles Lovell, Chief of Police
Portland Police Bureau
City of Portland, Oregon
1111 SW 2nd Avenue
Portland, OR  97204
email:  Charles.Lovell@portlandoregon.gov

RE:  *United States v. City of Portland*, 3:12-cv-02265-SI
     Requested Body Worn Camera Policy Principles

Dear Mr. Taylor and Chief Lovell:

As monitors of the Amended Settlement Agreement (Agreement) in the above-referenced case, on April 2, 2021, we provided the City of Portland (City) with a notice of noncompliance pursuant to Paragraph 178 of the Agreement.  As we discussed publicly with the Portland Committee on Community Engaged Policing, Settlement Agreement & Policy Subcommittee on July 15, 2021, and the Court on August 24 and November 9, 2021, one of the remedies we believe would address the City's noncompliance with the Agreement is a properly implemented program for the use of body worn cameras (BWCs) by members of the Portland Police Bureau (PPB).  The City has requested that we set forth principles for a policy governing a BWC program that would fairly and adequately remedy the notice of noncompliance.  Accordingly, we write today to provide the requested principles that the United States would seek in a BWC policy that we review pursuant to our policy-review-and-approval provisions of the Agreement.

The United States believes that a BWC policy should be informed by public input, which should be collected as soon as possible and before PPB drafts and adopts a policy.  We also believe that the terms of a BWC policy should adhere substantially to the following principles in order to address the concerns raised by the notice of noncompliance:

    a.    <u>Deployment:</u>  BWCs shall be worn by all on-duty uniformed patrol officers, sergeants, and PPB members who take part in SERT, patrol, traffic, and

    crowd-control operations, regardless of rank. All other PPB employees, including sworn, non-uniformed personnel, may be assigned BWCs according to policy adopted by the City pursuant to the process required by the Agreement.

b. <u>Notice</u>: BWCs shall be conspicuously worn by the PPB members required to wear the BWCs according to policy. Such members shall provide verbal notice at the beginning of an interaction, or as soon as safe and practicable, that the interaction is being recorded.

c. <u>Activation, Deactivation, and Buffering</u>:

1. BWCs shall be subject to automatic activation when a member draws a firearm or ECW, when a member initiates a vehicle pursuit, and in other law enforcement activities established by policy adopted by the City pursuant to the process required by the Agreement.

2. Members shall activate their BWCs in the following situations:

    i. when dispatched to a call for service;

    ii. when engaged in contact with a member of the public based on reasonable suspicion or probable cause that a crime has been, is being, or will be committed as provided by ORS 133.741 and consistent with ORS 181A.250;

    iii. when otherwise engaged in law enforcement activities in contact with a member of the public, except in sexual assault investigations, death notifications, or other law enforcement activities, consistent with state law, including ORS 181A.250 and established by policy adopted by the City pursuant to the process required by the Agreement.

3. Members shall document their BWC activation in their reports.

4. BWCs will be deactivated no sooner than the termination of the member's participation in the contact and otherwise as established by policy adopted by the City pursuant to the process required by the Agreement. BWCs may be deactivated or muted in other activities as established by policy.

5. BWCs will include 30 seconds of video buffering when activated and deactivated.

d. <u>Authorized Uses</u>:

1. The City shall authorize PPB supervisors to review BWC recordings, including live-action footage, for any lawful management purpose.

    2. The City shall authorize the Auditor's Office and IPR or its successor to review BWC recordings for any lawful auditing investigative purposes.

    3. The City may download and access BWC recordings as required for evidentiary purposes, including but not limited to criminal investigations, administrative investigations, training purposes, After Action Reports, and force or critical incident reviews.

    4. BWC recordings may be disclosed without a public records request to comply with obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), to facilitate joint investigations, to evaluate officer performance, for use by the Training Division, and as otherwise provided by policy adopted by the City pursuant to the process required by the Agreement.

  e. <u>Prereview</u>:  When an officer uses force, the officer shall not review any BWC recordings before reporting the force as required by Paragraph 69 and completing all other reports associated with the same incident.  Except in the case of a Category 1 force event, after completing their required reports, a member may review any BWC recording associated with the incident and prepare separate supplemental reports with additional information.  For Category 1 force events, involved and witness members shall not review BWC recordings prior to providing their interviews and obtaining prosecutorial approval.

  f. <u>Control of Video</u>:  BWC recordings in their original form will be maintained by a third-party vendor that the City contracts with to provide BWC services; however, the City will retain ownership and control of all BWC footage, as required by Oregon state law.

  g. <u>Accountability</u>:  Members shall be subject to the disciplinary process for violating the approved BWC policy, consistent with the requirements of this Agreement.

We understand that the City may bargain certain aspects of a BWC policy with its represented employees.  If the City does so, or becomes a party to interest arbitration or a labor-practices action or other challenge, we expect the City to provide the United States notice and keep us apprised of the status of any such negotiation or challenge pursuant to Paragraphs 185 and 186.

* * *

We hope this written guidance is useful to the City and PPB. Please contact us if you would like to discuss these issues further.

Sincerely,

/s/ Jonas Geissler  /s/ Jared D. Hager

R. Jonas Geissler  Jared D. Hager
Senior Trial Attorney  Assistant U.S. Attorney
Civil Rights Division  District of Oregon
Department of Justice

cc: Hon. Stacie F. Beckerman, *SBpropdoc@ord.uscourts.gov*

Vamshi Reddy, Assistant City Attorney, *Vamshi.Reddy@portlandoregon.gov*

Heidi Brown, Chief Deputy City Attorney, *Heidi.Brown@portlandoregon.gov*

Mary Claire Buckley, Inspector General, Portland Police Bureau, *MaryClaire.Buckley@portlandoregon.gov*

Anil Karia, Counsel for Defendant-Intervenor, Portland Police Association, *anil@pslglawyers.com*

Kristen Chambers, Counsel for Enhanced Amicus, AMAC, *kristen@prism-legal.com*

Ashlee Albies, Counsel for Enhanced Amicus, AMAC, *ashlee@albiesstark.com*

Juan C. Chavez, Counsel for Amicus, Mental Health Alliance, *jchavez@ojrc.info*

Franz H. Bruggemeier, Counsel for Amicus, Mental Health Alliance, *fbruggemeier@ojrc.info*

Dennis Rosenbaum, Compliance Officer, *dennisrosenbaum3@gmail.com*

*via email only*