

**PORTLAND CITY AUDITOR**
Mary Hull Caballero

4 November 2022

The Honorable Michael H. Simon
Mark O. Hatfield United State Courthouse, Room 1527
1000 Southwest Third Ave.
Portland, OR 97204

Case No. 3:12-cv-02265-SI
U.S.A. v. City of Portland

Dear Judge Simon,

Before I leave office at the end of the year, I wanted to memorialize with the Court that the Auditor's Office retains an interest in the outcome of Portland Police Bureau's body camera policy and/or procedures as it relates to unfettered access to information and recordings for accountability purposes.

Although Independent Police Review is no longer in the Auditor's Office, two remaining divisions in my office provide police oversight: Audit Services conducts performance audits and fraud, waste, and abuse-of-position investigations, and the Ombudsman's Office investigates community member complaints about the administrative actions of any City bureau, including Portland Police.

The Auditor's Office has Charter authority to access all City information to carry out our work, and statutory authority as a civilian agency conducting police oversight to access unredacted sensitive law enforcement data (with the appropriate safeguards). Even so, express inclusion of direct access for the Auditor's Office in the body-worn camera policy and/or procedures will be an important extra layer of protection from future interference.

I participated in mediation a year ago to ensure our interest was known by all the parties during that process. As you know, the parties ultimately agreed to bargain elements of the body-camera policy rather than include the Justice Department's required principles as an amendment to the settlement agreement. I appreciate that the Justice Department in its Nov. 15, 2021, letter to the City Attorney and Police Chief included in its expectations for the body-worn camera policy that the Auditor's Office would be included among the authorized users.

I also think it prudent to alert the Court of our continuing interest to ensure the City's investment in body-worn cameras fully returns the benefit of improving police accountability. I do so in part because I unfortunately do not have confidence in the City Attorney's Office to protect the interests of the Auditor's Office at the bargaining table or before the Court.

---

City of Portland
1221 SW 4th Avenue, Room 310, Portland, OR 97204
(503) 823-4078
www.portlandoregon.gov/auditor



The City Auditor does not have a seat at the bargaining table, where the terms are being negotiated, so there is a high likelihood that the interest of the Auditor's Office in having unfettered direct access to body-worn camera information and recordings for performance audits and investigations will be overlooked or traded away, despite our Charter authority.

Should that occur, we will waste valuable time and energy repeatedly and unnecessarily wrangling with the Police Bureau and the City Attorney's Office to obtain evidence for audits and investigations conducted by my office, which the public counts on as a source of reliable, independent information.

I am available to provide any clarifying information should the Court request it.

Sincerely,

*Mary Hull Caballero*

Mary Hull Caballero

cc: Senior Trial Attorney R. Jonas Geissler, Justice Department
Assistant U.S. Attorney Jared D. Hager
City Attorney Robert Taylor
Chief Deputy City Attorney Heidi Brown
Deputy City Attorney Vamshi Reddy
Deputy City Attorney Sarah Ames
Attorney Anil Karia, Counsel to Portland Police Association
General Counsel Lisa Howley, Auditor's Office
Audit Services Director KC Jones, Auditor's Office
Mayor Ted Wheeler
Police Chief Charles Lovell
Deputy Police Chief Michael Frome
Inspector General Mary Claire Buckley, Portland Police Bureau
Compliance Officer Dennis Rosenbaum, Rosenbaum & Associates
Attorney Kristen Chambers, Counsel to Albina Ministerial Alliance Coalition
Attorney Ashlie Albies, Counsel to Albina Ministerial Alliance Coalition
Franz H. Bruggemeier, Counsel to Mental Health Alliance