

# League of Women Voters of Portland

PO Box 3491, Portland, Oregon 97208-3491

503-228-1675   •   info@lwvpdx.org   •   www.lwvpdx.org

**Board of Directors**

Debbie Kaye
*President*

Marion McNamara
*1st VP*

Chris Cobey
*2nd VP*

Judy Froemke
*3rd VP*

Adrienne Aiona
*Treasurer*

Anne Davidson
*Secretary*

Debbie Aiona

Carolyn Buppert

Nancy Donovan

Judy Froemke

Trish Garner

Paulina Leperi

Linda Mantel

Amber Nobe

Margaret Noel

Audrey Zunkel-
   deCoursey

**Off Board Leaders**

Betsy Pratt
*Budget*

Ann Dudley
*Nominating*

Mary McWilliams
*Membership*

Philip Thor
*Endowment Fund*

**DATE:**     February 28, 2023

**TO:**         Honorable District Judge Michael Simon

**FROM:**   Debbie Kaye, president
Debbie Aiona, Action Committee chair

**RE:**         Fairness Hearing:  United States of America v.
City of Portland Case No. 3:12-cv-02265-SI

The League of Women Voters of Portland has been involved in issues related to police accountability and police bureau policy for over four decades.  We appreciate the opportunity to participate in the status conference and offer our comments.

**Portland Committee on Community Engaged Policing**

As an organization that promotes active and informed participation in government, we place a high priority on meaningful engagement.  We supported creation of the Community Oversight Advisory Board and its successor, the Portland Committee on Community Engaged Policing (PCCEP).  We regularly attend the monthly full committee meetings and appreciate the access to information related to Settlement Agreement implementation the meetings provide.  At times we have had concerns about lack of city support, unfilled seats, and limits on participation by the general public.

We have observed marked improvement in recent months and are encouraged that the committee is taking the reins, completing important tasks such as the Independent Monitor recommendation, welcoming public participation by using an accessible Zoom format, and encouraging comments and questions.

**Police Accountability Commission**

The League supported the Community Police Oversight Board charter amendment and has a strong interest in seeing the Police Accountability Commission (PAC) succeed in its work to design the new system as outlined in the amendment.  There is an inconsistency, however, in the city's end date and the date set in the addendum to the Settlement Agreement.  According to the city, the work should be completed this June.  The Settlement Agreement, however, sets an October end date, with the possibility of an extension if necessary.

The League raised concerns about this inconsistency at the April Fairness Hearing and, given the magnitude of the project, recommended adoption of the Settlement Agreement time frame.  The PAC has been working diligently.  The volunteers meet two nights a

week and do additional work outside the meetings.  There is a strong interest in producing a well-designed proposal.  A June end date will make that extremely difficult.

The PAC agreed unanimously to ask City Council to align our end date with the October date in the Settlement Agreement addendum, but no action has been taken.  This must be resolved out of consideration for the volunteers who have put so much time and effort into this endeavor.  The League requests the court's intervention in support of the PAC's request for the October end date.

**Independent Monitor**

The League does not have an opinion about whether an independent monitor or compliance officer is the right choice going forward, but we do want to highlight PCCEP recommendations outlined in its memo with which we generally agree.

1. An independent monitor or compliance officer should have a local presence and demonstrate substantial expertise in issues pertaining to mental illness, racial equity, community engagement, and evidence-based police oversight.
2. The public, as represented by the PCCEP, should be closely involved in the selection process from start to finish.
3. Finalists for the position should be introduced at a town hall and respond to community questions.  The public should be invited to offer feedback and share their preferences with the hiring committee.
4. The basis for termination of the Settlement Agreement must continue the requirement for maintaining substantial compliance with all provisions for one year and require new assessments if lapses in compliance occur.

**Rapid Response Team Training Slides**

The city has completed the investigation related to the final problematic slide and imposed discipline on the offending officer.  There are other issues, however, related to the remaining slides that merit investigation with the results shared with the DOJ, court, and the public.

**Body Worn Cameras**

It is disappointing that it is taking so long to conclude the policy discussions related to body worn cameras.  Once the collective bargaining steps are completed, we hope that the DOJ's recommendations on when officers can view footage are implemented by the city.

**Police Review Board**

The DOJ's filing points yet again to shortcomings in the bureau's Police Review Board (PRB) process.  PRB proceedings take place behind closed doors, so the public is not able to observe or recommend improvements.  What is especially troubling is that the OIR Group responsible for analyzing closed cases of police shootings and deaths in custody also has expressed serious concerns in its periodic reports.  The PRB handles the most serious misconduct cases and it is imperative that the city corrects the deficiencies the DOJ and OIR Group have identified.

League of Women Voters of Portland:
*To promote political responsibility through informed and active participation in government.*

2