

**U.S. Department of Justice**

Civil Rights Division

---

SHR:LLC:RJG:JH:AS
DJ 207-61-1

*Special Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

April 20, 2023
*Via email*

Robert Taylor, City Attorney
Office of the City Attorney
City of Portland, Oregon
1221 SW 4th Avenue, Ste. 430
Portland, OR 97204
robert.taylor@portlandoregon.gov

> RE: *United States v. City of Portland*, 3:12-cv-02265-SI
> Approval of Proposed PPB Directive for
> Body-Worn Camera Use and Management Pilot Program

Dear Mr. Taylor:

    We write in response to the request of Defendant City of Portland (City) and Intervenor Portland Police Association (PPA) for our approval of a Portland Police Bureau (PPB) directive to govern the use of body worn cameras (BWCs) in the planned 60-day pilot program.

    We reviewed the attached, proposed directive for Body-Worn Camera Use and Management, which the City and PPA negotiated pursuant to Oregon law. We share the City and PPA's common goal of ensuring that the City implements an effective system for BWCs. We appreciate the efforts of the City and PPA to reach a compromise to implement BWCs, as required by Paragraph 194 of the Amended Settlement Agreement (Agreement). We also appreciate the valuable contributions of Enhanced Amicus Curiae Albina Ministerial Alliance for Justice and Police Reform (AMAC), Amicus Curiae Mental Health Alliance (MHA), and the Compliance Officer to identify provisions of interest to the public.

    We understand that the City and PPA negotiated the directive to govern use of BWCs during the initial pilot period of PPB's use of BWCs, which is set for two months (60 calendar days). That period can be extended without limitation if the City and PPA agree. *See* TA Letter of Agreement for Pilot Period. We also understand that the proposed directive is subject to "mutually agreeable modifications" at the end of the pilot period.

    As you know, DOJ has authority under the Agreement to review and approve certain new and modified PPB directives, including the BWC directive. ECF No. 354-1, Agreement, ¶¶ 154, 166, 194. We consult with a police-practices expert and consider public comments, where available, in exercising that authority.

    In addition, Paragraph 194(d) of the Agreement provides a specific remedy regarding the BWC program that results from collective bargaining:

If collective bargaining or any related arbitration or appeal results in a BWC program that the United States determines, in its sole and absolute discretion, will not adequately resolve the compliance concerns identified in the April 2, 2021 notice of noncompliance, the Parties agree that the United States can seek court enforcement pursuant to paragraph 183, without having to repeat the steps laid out in paragraphs 178 to 182.

Accordingly, because the proposed BWC directive is subject to further collective bargaining after the pilot period, and will not necessarily govern PPB's BWC program for all officers, our action today does not waive the United States' rights under Paragraph 194(d). We will review and evaluate the final BWC program once the City and PPA agree on the terms of a final BWC directive after the pilot period.

We previously responded to the City's request to outline principles for a BWC directive as a specific remedy in this case. See ECF No. 286-4, DOJ Letter to City and PPB (Nov. 15, 2021). The City and PPA negotiated a BWC directive for the pilot period that meets some but not all of these principles. However, we see value in the compromise reached by the City and PPA. In particular, the proposed directive avoids the risk of litigation in state and federal court, potentially conflicting orders, and the resulting delay in implementing the BWC program. Moreover, the City and PPA have advised and we understand that the proposed directive does not reduce or eliminate any existing obligations under the Agreement, specifically the requirements that: (a) PPB members involved in or witness to a use of force provide supervisors with a full and candid account of the event (Par. 69(b)); (b) PPB members complete Force Data Collection Reports by the end of shift for all Category II-IV uses of force (Par. 69(a)); and (c) PPB members involved in or witness to Category I uses of force provide information consistent with Directive 1010.10 (Pars. 69(c), 125, 126).

Subject to the above, we approve the proposed BWC directive, which will govern use of BWCs during the initial 60-day pilot period. We will then assess the final BWC directive after the pilot period—informed by performance during the pilot period—to determine whether the BWC program established in compliance with Paragraph 194 adequately resolves the compliance concerns identified in the April 2, 2021 notice of noncompliance. If the implementation of the BWC directive reveals problems in operational ability, or a conflict with the Agreement, we will work with the City and PPA to resolve such issues. Short of such issues, we do not anticipate seeking to revise this directive during the pilot period. Similarly, PPB should not substantively revise this directive during the Agreement's performance without our prior approval.

Pursuant to Paragraph 167 of the Agreement, we expect this approved pilot-program directive will be posted to PPB's website. We thank the City, PPB, PPA, AMAC, MHA, and the Compliance Officer team for their continued collaboration in revising PPB's directives.

Sincerely,

| /s/ Jonas Geissler | /s/ Jared D. Hager | /s/ Amy Senier |
|---|---|---|
| R. Jonas Geissler | Jared D. Hager | Amy Senier |
| Trial Attorney | Trial Attorney | Trial Attorney |
| Civil Rights Division | Civil Rights Division | Civil Rights Division |
| Department of Justice | Department of Justice | Department of Justice |

Attachments:
    Revised TA BWC Policy in Full (Apr. 20, 2023)
    TA Letter of Agreement re Written Instruction to PPB Members (Apr. 20, 2023)
    TA Letter of Agreement re Pilot Period (Feb. 14, 2023)

cc:    Anil Karia, Counsel for PPA, anil@pslglawyers.com
    Ashlee Albies, Counsel for AMAC, ashlee@albiesstark.com
    Kristen Chambers, counsel for AMAC, kristen@prism-legal.com
    Juan Chavez, Counsel for MHA, jchavez@ojrc.info
    Franz Bruggemeier, Counsel for MHA, fbruggemeier@ojrc.info
    Dennis Rosenbaum, Compliance Officer, dennisrosenbaum3@gmail.com

*via email with attachment*