ROBERT TAYLOR, OSB #044287
City Attorney
Email: Robert.Taylor@portlandoregon.gov
HEIDI BROWN, OSB #922410
Chief Deputy City Attorney
Email: Heidi.Brown@portlandoregon.gov
SARAH AMES, OSB #163350
Deputy City Attorney
Email: Sarah.Ames@portlandoregon.gov
LISA ROGERS, OSB #176519
Deputy City Attorney
Email: Lisa.Rogers@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | **3:12-cv-02265-SI** |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT** |
| CITY OF PORTLAND, | |
| Defendant. | |

The City of Portland (City) submits this memorandum in support of the Parties' joint motion following mediation to amend the Settlement Agreement (ECF 354-1) to provide an independent, court-appointed monitor (Monitor) to assess the City's compliance with the Agreement (ECF No. 390). The proposed amendment follows a year of mediation between the parties before U.S. Magistrate Judge Stacie Beckerman that included Intervenor-Defendant

Page 1 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

Portland Police Association (PPA), enhanced *amicus curiae* Albina Ministerial Alliance Coalition (AMAC), and *amicus curiae* Mental Health Alliance (MHA). *See* ECF Nos. 308, 330, 334, 350, 359, 361, 366.

The City believes that the combination of an independent monitor and the opportunity to terminate discrete subsections of the Agreement with which the City has been in substantial compliance for three years, will allow the City to focus on areas where change is still needed. This approach also is in alignment with United States Attorney General Merrick Garland's memorandum regarding Review of the Use of Monitors in Civil Settlement Agreements and Consent Decrees Involving State and Local Governmental Entities. ECF 356-1. Proposed Amended Settlement Agreement (ECF No. 390-1), is a fair, adequate, and reasonable way to continue our progress toward the ultimate goal of the Agreement, and that it "ought to be approved." *SEC v. Randolp*h, 736 F.2d 525, 529 (9th Cir. 1984).

The proposed amendment would replace the Implementation and Enforcement terms in current Section X with a new Section XII. Section XII is designed to establish an independent monitor structure, replacing the current oversight system under which the Compliance Officer/Community Liaison (COCL) issues quarterly reports and the United States, as both Plaintiff and monitor, produces periodic compliance assessments.

The proposed Section XII includes three important modifications to the Settlement Agreement to help the City achieve full compliance. First, Section XII allows for the appointment of an Independent Monitor to objectively assess the City's efforts to meet the requirements of the Settlement Agreement. Second, Section XII includes provisions to immediately terminate certain obligations under the Settlement Agreement where the City has a demonstrated history of substantial compliance. Third, Section XII creates a process for the remaining obligations that will allow the City to focus its compliance efforts by allowing for self-monitoring and eventual termination of groups of paragraphs of the Agreement on an ongoing basis.

More specifically, the Section XII proposal for an Independent Monitor provides for a team of people with broad expertise to assess the City's compliance with and implementation of the Settlement Agreement. The Monitor shall be selected through a public process, including the joint selection by the Parties of three finalists, after considering input from the PPA, AMAC, and MHA. Representatives of the PPA, AMAC, and MHA, along with the Portland Committee on Community-Engaged Policing will be invited to observe any finalist interviews, and finalists will participate in a town hall forum during a 32-day public comment period. At the conclusion of the public comment period, the Parties will jointly select a candidate for the Court to appoint as the Monitor.

The Monitor's core duties include: developing a Monitoring Plan; conducting semi-annual compliance and outcome assessments; identifying barriers to compliance and providing recommendations to overcome them; and filing semi-annual reports with the Court that detail the City's progress in implementing the Agreement. Under the current Settlement Agreement – unique among all United States consent decrees on policing – the United States Department of Justice itself serves as both Plaintiff and monitor, filing annual compliance assessment reports. In addition, under the current arrangement, a City-hired COCL files quarterly compliance reports and outcome assessments. The proposed Section XII replaces that arrangement with a Monitor, who shall be independent, highly qualified, and free of conflicts of interest, consistent with the United States Attorney General's principles. ECF 356-1 at 3.

Second, proposed Section XII provides for immediate termination of 40 of 96 Settlement Agreement paragraphs upon approval by the Court. The paragraphs subject to immediate partial termination are those with which the City has demonstrated substantial compliance for at least three years. However, in the interest of compromise, the City agreed not to immediately terminate some obligations that otherwise qualify for immediate termination These paragraphs include Section V - Pars. 88 to 90, and Par. 148, which will instead be subject to self-monitoring as described below. The obligations identified for immediate partial termination have been the

Page 3 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

subject of considerable discussion in mediation, and the City believes they represent a reasonable approach to focusing the City's attention on issues where the City has not sustained substantial compliance over a significant period.

Third, the proposed Section XII provides for the remaining obligations to be subject to a two-part process designed to allow the City to demonstrate its capacity to sustain reforms. First, select paragraphs will move into immediate self-monitoring, under which the City shall create a self-monitoring plan, in consultation with the Monitor, to report semi-annually on its continued compliance. These paragraphs were selected based on the City's work to create systemic change in these areas, but where there was not yet a demonstration of substantial compliance over a sufficient period. Additional provisions will move into self-monitoring after a Monitor's report finding continued substantial compliance. Second, once the City maintains substantial compliance with a grouping of paragraphs for two consecutive self-monitoring reports, the grouped paragraphs will be subject to partial termination.

Under the terms of the proposal, fifteen paragraphs will immediately move into self-monitoring upon approval of Section XII. The remaining grouped paragraphs would move into self-monitoring only after the City evidences at least one full year of substantial compliance for each grouped set of paragraphs. That would occur after the Monitor finds substantial compliance in two consecutive semi-annual reports, or after the Monitor's first report if either the DOJ's final compliance assessment, or the final two reports by the COCL, also found substantial compliance.

The partial termination and self-monitoring provisions recognize the City's efforts and progress on many fronts, while allowing the City, United States and the Monitor to focus their attention on the work that remains. As the U.S. Attorney General's guidance states, "A consent decree cannot last forever, and success should be measured not only by the substantive reforms that have been made but also by the jurisdiction's ability to engage in reform and monitor itself long after the decree has ended." ECF 356-1 at 10.

Page 4 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

Finally, of note, the current Agreement requires only the participation of the Parties for potential mediation of compliance issues. Under Section XII, future mediation would, at the mediator's discretion, include the PPA, AMAC, and MHA.

The City publicly released the proposed amendments on Thursday, November 2, 2023. On that Thursday, the City again shared the proposed amendments with Intervenor-Defendant Portland Police Association (PPA), enhanced *amicus curiae* Albina Ministerial Alliance Coalition (AMAC), and *amicus curiae* Mental Health Alliance (MHA), who engaged in mediation sessions and who had received a copy of the proposed amendments in mid-September, at the time the Parties agreed to recommend them for their clients' final approval. Also on Thursday, November 2, 2023, the proposal was shared with members of the Portland Committee on Community Engaged Policing. On Friday, November 3, 2023, the City posted the proposed amendments as an attached exhibit to the City Council agenda. On November 8, 2023, the Council held a public hearing on the proposed amendments, and after hearing public testimony, unanimously approved the proposed amendments.

The City files this Memorandum as promised in the Parties' joint motion and looks forward to a fairness hearing to be scheduled by the Court. If adopted by the Court, this proposed Section XII will start an expedited process, including community involvement, to select and propose a Monitor for Court appointment.


//
//
//
//
//
//
//
//
//

Page 5 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

DATED: November 16, 2023

Respectfully submitted,

**FOR THE CITY OF PORTLAND:**


*/s/ Robert Taylor*
ROBERT TAYLOR
City Attorney

*/s/ Heidi Brown*
HEIDI BROWN
Chief Deputy City Attorney


*/s/ Sarah Ames*
SARAH AMES
City Attorney

*/s/ Lisa Rogers*
LISA ROGERS
City Attorney