**NATALIE A. WIGHT, OSB #035576**
United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204
Phone:  503.727.1000

**KRISTEN CLARKE**
Assistant Attorney General
Civil Rights Division
**STEVEN H. ROSENBAUM**
Chief
**LAURA L. COWALL**
Deputy Chief
**R. JONAS GEISSLER**
Trial Attorney
**JARED D. HAGER**
Trial Attorney
**AMY SENIER**
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C.  20530
Phone: 202.353.5432
Email: jared.hager2@usdoj.gov

    Attorneys  for Plaintiff United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | STATUS REPORT |
| **CITY OF PORTLAND**, | |
| Defendant. | |

Page 1     Plaintiff United States' Status Report

Plaintiff United States of America submits this Status Report to the Court in preparation for the May 15, 2024 Hearing on the Joint Motion to Appoint the Independent Court Monitor and Interim Status Conference. Our submission in favor of appointing the Monitor was filed on April 15, 2024. ECF 412. In this report we address: (A) the City's implementation of Body Worn Cameras (BWC) for the Portland Police Bureau (PPB), as required by Paragraph 194 of the Amended Settlement Agreement (Agreement), ECF 408-1; (B) mediation conducted pursuant to Paragraph 252 of the Agreement, which covered access to BWC recordings and Portland Street Response (PSR); and (C) our other recent monitoring activity.

### A.     BWCs

Since the Parties jointly submitted a status report to the Court concerning implementation of the BWC remedy (ECF 368), the United States has approved PPB's revised BWC policy and have continued to track implementation of PPB's BWC program. Specifically, we reviewed lesson plans and observed training for the pilot program participants. We requested and received from the City monthly reports on the installation of BWC charging stations and hardware in PPB vehicles. This fall, we anticipate that PPB's in-service training for all officers will include training on both the revised BWC policy and the BWC hands-on use.

### B.     Mediation Pursuant to Paragraph 252

When the Parties agreed to amend the Agreement to provide for a Monitor and a process for partial termination, we could not resolve two disputes over the meaning of the Agreement and instead provided for a 60-day mediation of those issues. The Parties met in mediation on January 10 and January 17, 2024, before U.S. Magistrate Judge Stacie Beckerman. Mediation included Intervenor-Defendant Portland Police Association (PPA), Enhanced Amicus Curiae Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC), and Amicus Curiae the Mental Health Alliance (MHA).

#### 1.     Paragraph 115 and PSR

As the United States described in our Seventh Compliance Assessment Report (ECF 369 at 6-7; ECF 369-1 at 28-30, 36, 39, 41, 47-50), the City's creation of PSR added a new first

responder option to its system of crisis triage. PSR, which is part of Portland Fire & Rescue, is a group of non-police first responders, including qualified mental health professionals, who assist people experiencing mental health and behavioral health crises, with teams that may be directly dispatched to calls meeting certain criteria. We considered PSR in assessing the City's compliance with several obligations under the Agreement, including Paragraph 115's requirement to fully implement crisis triage. The City disagreed with our approach as to Paragraph 115 and the Parties mediated this issue. The Parties did not reach an agreed resolution. Paragraph 252(a)'s 60-day period for mediating this issue has passed. From the United States' perspective, assessing implementation of PSR-related policies remains an appropriate means of assessing compliance with Paragraph 115. Additionally, the Portland Committee of Community Engaged Policing (PCCEP) recently concluded that, "Securing PSR's future is vital to the goals of the Settlement Agreement," and recommended both that the City secure a future funding for PSR and that the Monitor assess "success metrics of PSR when evaluating compliance with the Settlement Agreement." "PCCEP Recommendation to Fund, Stabilize, and Expand Portland Street Response," (April 22, 2024), https://perma.cc/BP4J-WCX4. The City previously has committed to responding to PCCEP recommendations within 60 days. ECF 408-1 at 99 (PCCEP Plan, Sec. VII). We await that response.

The Monitor will develop an independent methodology to assess Paragraph 115. Whether the Monitor will also assess implementation of PSR-related policies will depend on the Monitoring Plan, which will be subject to the Parties' review and, if necessary, mediation. ECF 408-1, Para. 217.

### 2. Paragraphs 240 and 241 and BWC Recordings

Pursuant to Paragraph 252(b), we also mediated whether the Monitor and the United States should receive direct access to BWC recordings and data through *evidence.com*. The Parties began mediation on this issue and agreed to pause further mediation until the Monitoring Team is in place and can lend its insight about the nature and degree of access it needs to discharge its monitoring obligations under the Agreement.

**Page 3     Plaintiff United States' Status Report**

C.  **Monitoring**

Since our last Compliance Assessment Report, the United States has continued to monitor implementation of the Settlement Agreement. This ongoing monitoring includes: attending PCCEP meetings; providing feedback on Agreement-related lesson plans; observing and providing feedback on training; reviewing policy changes; assessing Police Review Boards; ride alongs; and frequent meetings with the City to address issues as they arise. For example, last week, the City provided the United States with a revised draft of changes to City Code to implement a Community Police Oversight Board as required by Paragraph 195. The United States is currently reviewing this revised draft. The Parties must then agree on "corresponding amendments to this Agreement," which will be subject to this Court's approval. ECF 408-1, Para. 195(b).

\*   \*   \*

We will provide additional updates and answer the Court's questions at the status conference on May 15, 2024.

**RESPECTFULLY SUBMITTED FOR THE UNITED STATES:**

| | |
|---|---|
| NATALIE A. WIGHT<br>United States Attorney<br>District of Oregon | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| | STEVEN H. ROSENBAUM<br>Chief, Special Litigation Section |
| | /s/ Laura L. Cowall<br>LAURA L. COWALL<br>Deputy Chief |
| | /s/ R. Jonas Geissler<br>R. JONAS GEISSLER<br>Trial Attorney |
| | /s/ Jared D. Hager<br>JARED D. HAGER<br>Trial Attorney |
| | /s/ Amy Senier<br>AMY SENIER<br>Trial Attorney |