## VIII. OFFICER ACCOUNTABILITY

PPB and the City shall ensure that all complaints regarding officer conduct are fairly addressed; that all investigative findings are supported by a preponderance of the evidence and documented in writing; that officers and complainants receive a fair and expeditious resolution of complaints; and that all officers who commit misconduct are held accountable pursuant to a disciplinary system that is fair and consistent. ~~The City and PPB seek to retain and strengthen the citizen and civilian employee input mechanisms that already exist in the PPB's misconduct investigations by retaining and enhancing IPR and CRC as provided in this Agreement.~~ The City and PPB seek to strengthen the community input mechanisms that already exist in the PPB's misconduct investigations by implementing a Community Board for Police Accountability (CBPA) and Office of Community-based Police Accountability (OCPA, together referred to as the Oversight System as provided in this Agreement). The CBPA will be made up of community members. The OCPA staff will investigate allegations of misconduct within the CBPA's jurisdiction, and the CBPA will make disciplinary decisions for matters within its jurisdiction. IA will investigate allegations of misconduct for which the Oversight System does not have jurisdiction. The City shall maintain the current IPR and IA system until the Oversight System described herein is implemented and starts taking and investigating complaints, and IPR has completed any pending investigations. As they are proposed and before enactment, the Oversight System shall send to the Monitor and DOJ new or revised rules, policies, or procedures regarding systems of officer accountability that are related to the work of the Oversight System. The City, Monitor, and DOJ will use the process in paragraph 243 for resolving any objections about an Oversight System rule, policy, or procedure that is subject to this Agreement.

  A.  **Investigation Timeframe**

  121.  PPB and the City shall complete all administrative investigations of officer misconduct, including but not limited to supervisory investigations, within one-hundred eighty (180) days of receipt of a complaint of misconduct, or discovery of misconduct by other means. For the purposes of this

Exhibit 2

provision, completion of administrative investigations includes all steps from intake of ~~allegations~~complaints through approval of recommended findings by either the CBPA or the Chief, ~~excluding appeals, if any, to CRC. Appeals to CRC should be resolved within 90 days.~~or approval by the Mayor for investigations involving the Chief, as appropriate.

122.   PPB and the Oversight System shall conduct administrative investigations concurrently with criminal investigations, if any, concerning the same incident. All administrative investigations shall be subject to appropriate tolling periods as necessary to conduct a concurrent criminal investigation, or as otherwise provided by law, or as necessary to meet ~~the CRC or PRB recommendation to further investigate.~~any recommendation from the reviewing authority at PPB or CBPA to further investigate.  In addition, PPB and the Oversight System may toll up to 10 business days per investigation when necessary to ensure either the complainant's or involved member's attorney is available to accompany them at an intake or investigatory meeting.

123.   If PPB or the Oversight System is unable to meet these timeframe targets, it shall undertake and provide to the Monitor and DOJ a written review of the ~~IA~~investigation process, to identify the source of the delays and implement an action plan for reducing them.

**B.     On Scene Public Safety Statements and Interviews**

124.   Within 90 days of the Effective Date, the City and PPB shall review its protocols for compelled statements to PSD or the Oversight System and revise as appropriate so that it complies with applicable law and current professional standards, pursuant to *Garrity* v. *New Jersey*, 385 U.S. 493 (1967). The City will submit the revised protocol to DOJ for review and approval. Within 45 days of obtaining DOJ's approval, PPB shall ensure that all officers are advised on the revised protocol.

125.   Separation of all witness and involved officers to lethal force events is necessary in order to safeguard the integrity of the investigation of that event. Immediately following any lethal force event, ~~PPB~~the City shall continue to issue a communication restriction order ("CRO") to all witness and involved officers, prohibiting direct or indirect communications between those officers

Exhibit 2

regarding the facts of the event. The CRO will continue, unless extended further, until the conclusion of the Grand Jury or, if no Grand Jury is convened, until a disposition is determined by the District Attorney.

126. PPB shall continue to require witness officers to lethal force events to give an on-scene briefing to any supervisor and/or a member of the Detective Division to ensure that victims, suspects, and witnesses are identified, evidence is located, and provide any information that may be required for the safe resolution of the incident, or any other information as may be required.

127. In agreement and collaboration with the Multnomah County District Attorney, PPB shall request that involved officers in lethal force and in-custody death events provide a voluntary, on-scene walk-through and interview, unless the officer is incapacitated.

C. Conduct of ~~IA~~ Investigations

128. ~~Currently, both IPR~~ IA and ~~PPB's PSD have authority to conduct administrative investigations, provided that IPR interview of PPB Officers must only be conducted jointly with IA. Within 120 days of~~ the ~~Effective Date,~~ Oversight System shall collaborate to determine which entity has jurisdiction over the ~~City will develop~~ investigation and ~~implement a plan~~ to ~~reduce time and effort consumed in the~~ ensure there is not redundant interview of witnesses by both ~~IPR~~ the Oversight System and IA~~, and enable meaningful independent investigation by IPR, when IPR determines such independent investigation is necessary~~.

129. The City ~~and PPB~~ shall ensure that all allegations of use of excessive force are subject to full and completed ~~IA~~ investigations resulting in findings, unless there is clear and convincing evidence to ~~IPR~~ the Oversight System that the allegation has no basis in fact~~.~~ in which case the matter will be administratively closed. In addition, a matter may be administratively closed, subject to reopening based on additional evidence, in the following circumstances: 1) a full investigation is not feasible without additional information from the Complainant and the Complainant cannot be reached or refuses to participate; or 2) the involved officer cannot be identified after reasonable steps to identify

Exhibit 2

the involved officer.  Prior to administratively closing any matter under this paragraph, the investigating entity shall document the investigative efforts undertaken and explain why closure meets the requirements of this paragraph.

130.    [Terminated Nov. 30, 2023, ECF 401] ~~The City and PPB shall continue to expressly prohibit all forms of retaliation, including discouragement, intimidation, coercion, or adverse action, against any person who reports misconduct, makes a misconduct complaint, or cooperates with an investigation of misconduct.~~

131.    The City ~~and PPB~~ shall ~~retain Police Review Board procedures currently utilized~~ adopt an Oversight System to perform administrative investigations for ~~purposes of investigation and making recommended~~ matters under their jurisdiction, make findings and conclusions on administrative complaints~~, except~~ under their jurisdiction, and impose corrective action as ~~outlined below~~ applicable under any binding disciplinary rules.  If the City Charter changes the Parties will return to Court for changes necessary to the Settlement Agreement.

    ~~a.    Currently, seven voting members of the PRB review use of force incidents, including two citizen members. When PRB reviews uses of force case, one of the two citizen member slots shall be drawn from the Citizen Review Committee members.~~

    ~~b.    The CRC slot on the PRB in use of force cases will rotate among the CRC membership so that different CRC members participate on the PRB. Within 60 days of the Effective Date, the Auditor shall develop a membership rotation protocol.~~

    ~~c.    All members participating in the PRB must maintain confidentiality and be able to make thoughtful, unbiased, objective recommendations to the Chief of Police and Police Commissioner that are based on facts, consistent with PRB city code provisions and "just cause" requirements set forth in Portland City Charter, City rules, and labor agreements.~~

    ~~d.    Cases in which the member elects, with the concurrence of the Chief and the Police~~

Exhibit 2

~~Commissioner, to accept the investigative findings and recommended discipline. This option will only be available to a member following implementation of code language which shall require at a minimum a full investigation of the alleged misconduct, issuance of the investigative findings, and concurrence with the findings by the Independent Police Review, the Professional Standards Division and the member's Branch Chief. The scope of cases eligible for stipulated discipline shall be identified in the authorizing code, and cases involving alleged used of excessive force, cases involving alleged discrimination, disparate treatment or retaliation, reviews of officer involved shootings and in-custody deaths, and cases in which the Chief or the Police Commissioner does not agree to accept the member's proposed stipulation to findings and recommended discipline shall not be eligible for stipulated findings and recommended discipline.~~

a.  ~~e.~~  ~~All community members and CRC~~All CBPA members must meet the following qualifications ~~to participate on the PRB~~:

   i.  Pass a background check performed by an entity other than the ~~Bureau.~~PPB;

   ~~ii. Participate in Bureau training to become familiar with police training and policies, including the PRB process.~~

   i.  Receive training about the Bureau's history, procedures, policy development process, and PPB's training on de-escalation, equity, bias-based policing, and crisis intervention, as well as training on the Oversight System's history, internal structure, and processes (including bylaws, rules, and procedures;~~)~~.

   ii. Sign a confidentiality agreement~~.~~;

   iii. Participate in a ride-~~alongs~~along and PPB Community Academy to maintain sufficient knowledge of police patrol procedures~~.~~; and

   iv. ~~f.~~ ~~Current city code provides that the City Auditor and the Chief have authority to recommend to~~ Other qualifications as determined appropriate by

Exhibit 2

City Council.

b. City Council ~~the removal of citizen members from the PRB pool. Likewise, the City Auditor or Chief~~ shall have authority to ~~recommend to City Council removal of a CRC member from serving on the PRB. The Chief or the City Auditor may recommend that City Council~~ remove a ~~community member or~~ member of the ~~CRC from the pool~~CBPA for cause, including, but not limited, to the following reasons:

   i. Unexcused absences, failure to participate, or inactivity;

   ii. Excessive excused absences;

   iii. Failure to ~~attend training~~timely disclose an actual conflict of interest;

   ~~ii. Failure to read Case Files;~~

   ~~iii. Objective demonstration of disrespectful or unprofessional conduct;~~

   ~~iv. Repeated unavailability for service when requested;~~

   iv. Official misconduct (See ORS 162.405-162.415);

   v. Breach of confidentiality;

   vi. Objective demonstration of bias for or against the police; ~~or~~

   vii. Other bases as determined appropriate by City Council; or

   viii. Objective demonstration of conflict of interest.

~~g. Removal from participation in the PRB shall not affect CRC membership.~~

~~h. Like current PRB citizen members, CRC members serving on the PRB may serve in that capacity for no more than three (3) years.~~

~~i. A CRC member who participates in a PRB review shall recuse himself/herself during any later appeal of the same allegation(s) to the CRC.~~

132. By majority vote, ~~the PRB may request that~~ of a panel of three or more CBPA members, Oversight System administrative investigations of misconduct of PPB sworn members and supervisors thereof within the jurisdiction of the Oversight System may be returned to ~~its investigating~~

Exhibit 2

entity, i.e. PSD or IPR, to complete thethe OCPA investigator to perform further investigation as to factual matters necessary to reach a finding regarding the alleged misconduct. The investigating entity must make reasonable attempts to conduct the additional investigation or obtain the additional information within 10 business days or provide a written statement to the PRBCBPA explaining why additional time is needed.

133.    If an identified PPB officer's use of force gives rise to a finding of liability in a civil trial, PPBthe City shall:  (1) enterensure PPB enters that civil liability finding in the EIS; (2) reevaluate the officer's fitness to participate in all current and prospective specialized units ; (3) if no IA investigation has previously been conducted based upon the same allegation of misconduct and reached an administrative finding, conduct a full IA investigation with the civil trial finding creating a rebuttable presumption that the force used also violated PPB policy, which presumption can only be overcome by specific, credible evidence by a preponderance of evidence; (4) if an IA investigation has already concluded based upon the same allegation of misconduct and failed to reach a sustained finding, identify whether any new evidence exists in the record of the civil trial to justify the reopening of the IA investigation, and if so, reinitiate an IA investigation; and (5) if an IA investigation has already concluded based upon the same allegation of misconduct and failed to reach a sustained finding, and no new evidence from the civil trial justifies reopening the IA investigation, the investigative entity will work with IPR to identify the reason why the administrative finding was contrary to the civil trial finding and publish a summary of the results of the inquiry.

**D.    CRC Appeals**

134.    [Terminated Nov. 30, 2023, ECF 401] The City shall expand the membership of the CRC to 11 members, representative of the many and diverse communities in Portland, who are neutral, unbiased, and capable of making objective decisions. The quorum of CRC members necessary to act may remain at its existing level.

135.    [Terminated Nov. 30, 2023, ECF 401] The City and PPB agree that the CRC may find

Exhibit 2

~~the outcome of an administrative investigation is unreasonable if the CRC finds the findings are not supported by the evidence.~~

136.   [Terminated Nov. 30, 2023, ECF 401] ~~In its review process for purposes of the appeal, the CRC may make one request for additional investigation or information to the investigating entity, i.e. PSD or IPR at any point during its review. The investigating entity must make reasonable attempts to conduct the additional investigation or obtain the additional information within 10 business days or provide a written statement to the CRC explaining why additional time is needed. The request for additional investigation or information may contain multiple points of inquiry, but no follow-up requests will be permitted. The additional request be voted on by a quorum, the members voting must have read the Case File in order to vote, and any request with multiple points of inquiry must be prioritized.~~

**E.   Discipline**

137.   Within 60 days of the Effective Date, PPB and the City shall ~~develop and implement a~~ensure there are binding discipline ~~guide~~rules to ensure that discipline for sustained allegations of misconduct is based on the nature of the allegation and defined, consistent, mitigating and aggravating factors and to provide discipline that is reasonably predictable and consistent. In all instances, the City shall follow any statutorily mandated disciplinary standards.

**F.   Communication with Complainant and Transparency**

138.   [Terminated Nov. 30, 2023, ECF 401] ~~Within 180 days of the Effective Date, the City shall enhance its existing website to ensure that a complainant can file and track his or her own complaint of officer misconduct.~~

139.   [Terminated Nov. 30, 2023, ECF 401] ~~Within 120 days of the Effective Date, the City shall review its protocols to ensure that the City shares with complainants requested documentation about his or her own complaint to the extent permitted by law.~~

140.   [Terminated Nov. 30, 2023, ECF 401] ~~The City shall ensure that IPR provides each~~

Exhibit 2

~~complainant a tracking number upon receipt of the complaint, informs each complainant of the complaint classification, assignment (precinct or IA) and outcome of the complaint (sustained, unproven, etc.) in writing (whether mail, email/text, or fax), including information regarding whether the City took any corrective action. The City Attorney's Office shall determine whether disclosures regarding corrective action are required on a case-by-case basis consistent with Oregon's Public Records Law.~~

**Exhibit 2**