ROBERT TAYLOR, OSB #044287
City Attorney
Email: Robert.Taylor@portlandoregon.gov
HEIDI BROWN, OSB #922410
Chief Deputy City Attorney
Email: Heidi.Brown@portlandoregon.gov
SARAH AMES, OSB #163350
Deputy City Attorney
Email: Sarah.Ames@portlandoregon.gov
LISA ROGERS, OSB #176519
Deputy City Attorney
Email: Lisa.Rogers@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND,<br><br>Defendant. | 3:12-cv-02265-SI<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT** |

The City of Portland (City) submits this memorandum in support of the Parties' Joint Motion to Amend the Further Amended Settlement Agreement (Agreement), previously filed in this matter (ECF 431). The amendments to Agreement Section VIII – Officer Accountability, will maintain the City's adherence to the principles, standards and requirements related to investigations into police conduct and officer accountability, while transferring some accountability duties to a

Page 1 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

new Community Police Oversight Board (Oversight System). The Oversight System will be made up of the Community Board for Police Accountability (CBPA) and the Office for Community-based Police Accountability (OCPA). The OCPA staff will investigate allegations of misconduct and the CBPA will assess the investigation, determining whether there has been a violation of Portland Police Bureau (PPB) policy, and if so, imposing corrective action. The Oversight System will replace the current Independent Police Review and Citizen Review Committee, and, as delineated in the jurisdictional section of the proposed changes to Portland City Code, will also assume responsibilities that are currently assigned to the Portland Police Bureau's Internal Affairs Division. The City believes that the amendments embody the City's commitment to the terms of the Settlement Agreement and to faithfully implement the Portland City Charter Amendment, which created the framework for the Oversight System.

      Portland voters in November 2020 approved creation of the Oversight System, whose mission is "to independently investigate Portland Police Bureau sworn employees and supervisors thereof promptly, fairly, and impartially, to impose discipline as determined appropriate by the Board, and to make recommendations regarding police practices, policies and directives to the Portland Police Bureau and with a primary focus on community concerns." Portland City Charter Section 2-1001.[1] If these Section VIII amendments are adopted, City Council will adopt a new City Code chapter that implements and further details the City's Charter language. By City Charter, the Oversight System will investigate all deaths in custody and police uses of deadly force; all complaints of force that result in injury; complaints of discrimination against a protected class;

---

[1] The full Portland City Charter Article 10 – Community Police Oversight Board is available at https://www.portland.gov/charter/2/10.

Page 2 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

violations of federal or state constitutional rights; and other types of misconduct as the Oversight System deems fit or as mandated by City Code. Portland City Charter 2-1008. The Parties agreed to amend the Settlement Agreement to incorporate the changes warranted by the establishment of the Oversight System. See Section XI – Addendum of Additional Remedies as Paragraph 195 (ECF 408-1).

The Section VIII amendments before the Court are the result of an extensive process since the amendments to City Charter, one that has engaged the broader community. The Portland City Council in 2021 appointed a 20-member Police Accountability Commission. Those community volunteers met through August 2023, developing detailed recommendations for the new Oversight System and for draft city code. The City used the work product from the Police Accountability Commission to develop a code proposal for City Council's consideration. On November 15, 2023, City Council voted unanimously to propose amendments to Section VIII of the Agreement[2] and a new chapter of Portland City Code to create the new oversight system. The City posted the proposals on its website, both before and after the Council vote, provided an extended period for written community comment, as well as holding two Town Halls, and considered and made some changes based on this feedback. The City met with the Portland Police Association (PPA) for bargaining and came to agreement on both the amendments to Section VIII and the changes to City Code. The City also met with DOJ and obtained their feedback and ultimate approval of both the amendments and City Code changes.  It is those Section VIII amendments that the City now asks the Court to enter as fair, adequate and reasonable, thereby allowing the City to move forward to establish the community-led police oversight board the Portland voters approved in 2020.

---

[2] A document comparing the Section VIII amendments filed with the Court to those proposed by Council in November is filed herewith as Attachment A.

Page 3 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

In drafting and reviewing the amendments, the City was mindful of maintaining the current accountability standards and practices while transitioning to the new Oversight System. Obligations for complaint taking, investigation, and imposing discipline for new cases within the Oversight System's jurisdiction will, once established and staffed, instead of being handled by the current Independent Police Review (IPR), Citizen Review Committee (CRC), Police Review Board (PRB) and Police Chief, thereafter be handled by the Oversight System..[3] Operationalizing the new Oversight System thus required substantial revisions to the named investigatory bodies and decisions makers in Section VIII, but maintained substantive provisions and standards established in the current requirements of Section VIII.[4]

The introductory paragraph to Section VIII, as amended, lays out the new Oversight System. It requires the City to maintain the current system until the Oversight System is taking and investigating complaints, and, in a revision made since November, also requires the Oversight System to seek approval from the Monitor and DOJ for any new or revised rules, policies or procedures regarding police accountability. The remaining paragraphs transfer specified obligations – with some clarifications – from the current system to the Oversight System, as necessary to carry out the voter-approved Charter amendment.[5]

For example, the proposed amendment maintains the 180-day timeline for PPB and the City to complete all administrative investigations of officer misconduct, with a clarification that those

---

[3] As is the case today, the Police Bureau's Internal Affairs Division will continue to investigate complaints outside the Oversight System's jurisdiction, with the Chief deciding and imposing discipline in those cases.

[4] Provisions that have been partially terminated by the Court remain terminated: CRC Appeals (Paragraphs 134–136), and Communication with Complainant and Transparency (Paragraphs 138–140). ECF 401.

[5] The proposed Section VIII amendments maintain the current paragraph numbering to allow for consistent tracking of the City's obligations under the Agreement (ECF 408-1).

Page 4 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

include, but are not limited to, supervisory investigations (Paragraph 121). Paragraph 122 continues to require administrative investigations be concurrent with criminal investigations, if any, concerning the same incident. That paragraph also clarifies the tolling allowed: for the criminal investigation (for example, pending the grand jury on officer-involved shootings); as otherwise provided by law (for example, while the officer is on protected leave); as necessary to further investigate; or, for up to 10 business days, to ensure the complainant or officer's attorney is able to accompany them to an intake or investigatory meeting. Consistent with the current obligation, cases that take longer than the 180-day target timeframe must be explained, to the Monitor and DOJ, to identify the source of delays and to implement an action plan to reduce them (Paragraph 123). Paragraphs 124 to 127 remain unchanged, and require on-scene public safety statements and interviews, separation of witness and involved officers, and communication restriction orders.

As amended, Paragraph 129 still requires that the City ensure all allegations of use of excessive force are subject to full and complete investigation,[6] unless there is clear and convincing evidence to the Oversight System (not IPR) that the allegation has no basis in fact, in which case the matter will be administratively closed. The proposed amendments add parameters for when such an administrative closure is permissible and require documentation of the closure.

Paragraph 131, which laid out the Police Review Board procedures and qualification of community volunteers serving on PRBs and Citizen Review Board, would be amended to establish qualifications, training, and cause for removal for the volunteers serving on the CBPA. Essential requirements (sometimes with wording revised) remain for: training about PPB and police

---

[6] The Charter grants jurisdiction to the Oversight System to investigate "All deaths in custody and uses of deadly force" and "[a]ll complaints of force that result in injury." Charter Section 2-1008 (a), (b).

Page 5 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

accountability processes; a confidentiality agreement; participation in a police ride-along (and as proposed, also a PPB Community Academy) to maintain sufficient knowledge for police patrol procedures; preparation for and attendance at proceedings; and removal of a member for breach of confidentiality, objective demonstration of bias for or against the police, or objective demonstration of conflict of interest. For the sake of clarity, the proposed amendment adds an explanation that if the City Charter changes, the Parties will return to Court for any further necessary changes to the Agreement.

Under the proposed amendments, panels of CBPA members may request prompt additional investigation, thus paralleling the existing ability of the Police Review Board (Paragraph 132), and the City must continue to take specific steps to follow up on cases where an officer's use of force gives rise to a finding of liability in a civil trial (Paragraph 133). And finally, Paragraph 137 maintains the requirement that binding rules "ensure that discipline for sustained allegations of misconduct is based on the nature of the allegation and defined, consistent, mitigating and aggravating factors and to provide discipline that is reasonably predictable and consistent." Due to changes in state law that may apply prospectively to the City, the proposed amendment adds that the City must follow any state-law mandated disciplinary standards.

Over the last nine months, the City has invited, and received, community comment on both the Section VIII amendments and the Council's proposed Code. Few comments concerned the Section VIII amendments, however, with two significant exceptions: Some would like to remove the requirement that community volunteers participate in a ride-along with police to better understand patrol practices, and they also do not want as a basis for removal an "objective demonstration of bias for or against police.". The City believes that both an understanding of police practices and a lack of demonstrated bias are critical to create a fair, impartial, and informed

Page 6 - MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

community-led Oversight System that issues defensible discipline. Both requirements exist now in Section VIII for CRC and PRB community volunteers, and the City and DOJ have agreed to support maintaining the requirements in this amended Section VIII.

The City files this Memorandum in support of the Parties' Joint Motion, and eagerly anticipates the fairness hearing scheduled by the Court on August 29, 2024. Contingent on the Court's approval of the Section VIII amendments, the City has scheduled a time certain Council session for September 4, 2024, to adopt the changes to provide for the Oversight System in City Code. While the process to get to the fairness hearing has taken time, the City believes the steps taken have produced a well-thought-out and defensible community-led discipline system, and looks forward to the next steps in establishing the voter-approved City Charter changes and continuing its compliance with the Settlement Agreement.

DATED: August 19, 2024

Respectfully submitted,

**FOR THE CITY OF PORTLAND:**

*/s/ Robert Taylor*
ROBERT TAYLOR
City Attorney

*/s/ Heidi Brown*
HEIDI BROWN
Chief Deputy City Attorney

*/s/ Sarah Ames*
SARAH AMES
Deputy City Attorney

*/s/ Lisa Rogers*
LISA ROGERS
Deputy City Attorney