**NATALIE A. WIGHT, OSB #035576**
United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Phone:  503.727.1000

**KRISTEN CLARKE**
Assistant Attorney General
Civil Rights Division
**STEVEN H. ROSENBAUM**
Chief
**R. JONAS GEISSLER**
Trial Attorney
**JARED D. HAGER**
Trial Attorney
**AMY SENIER**
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C.  20530
Phone: 202.353.5432
Email: jared.hager2@usdoj.gov
     Attorneys  for Plaintiff United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO AMEND THE SETTLEMENT AGREEMENT |
| **THE CITY OF PORTLAND,** | |
| Defendant. | |

Plaintiff United States of America (United States) submits this brief to support the Joint Motion (ECF No. 431) asking the Court to approve amendments to Section VIII of the Settlement Agreement (Agreement) entered in this case (ECF No. 408-1). The amendments are proposed in accord with Paragraph 247 of the Agreement and are intended to enable the City of Portland (City) to implement its new Civilian Police Oversight Board for investigating alleged misconduct by sworn members of the Portland Police Bureau (PPB), consistent with the requirements of Agreement Paragraph 195. ECF No. 408-1, ¶ 195.

The proposed amendments are consistent with the Agreement, which empowers the Parties to "jointly stipulate to make changes, modifications, and amendments," subject to the Court's review and approval. ECF No. 408-1, ¶ 247. This flexible approach aligns with Supreme Court guidance. *See Horne v. Flores*, 557 U.S. 433, 450–51 (2009); *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 & n.7 (1992). In addition, Paragraph 195, which the Court approved in 2022 (ECF No. 262), requires that the City propose amendments to implement a voter-mandated Community Police Oversight Board. The Court previously approved amendments to the Agreement on three occasions (ECF Nos. 171, 354, 401). The amendments to Section VIII likewise merit approval.

## THE PROPOSED AMENDMENTS

The proposed changes to Section VIII are consistent with the Agreement's accountability goals.[1] Most of the changes simply substitute the new oversight system for the prior one. To summarize:

- **Section VIII, Preamble.** Changes describe the new civilian oversight system that will replace portions of the prior accountability system. The Parties agreed that the rules,

---

[1] The redline changes are contained in Exhibit 2 to the Joint Motion to Amend (ECF No. 431-2).

**Page 2**   Plaintiff's Brief in Support of the Motion to Amend the Settlement Agreement

policies, and procedures for the new oversight system will be subject to review and approval by the Monitor and the United States, consistent with Paragraph 243 of the Agreement.

- **Subsection A, Investigative Timeframe (¶¶ 121–123).** Changes refer to the agency or entity that will conduct administrative investigations. Investigative timeframes remain limited to 180 days, but now would toll for up to 10 days to enhance notice to the complainant.

- **Subsection C, Conduct of IA Investigations (¶¶ 128–133).** Changes replace the City's Office of Independent Police Review with the new civilian oversight system. Similar criteria for screening volunteers will apply to the new civilian oversight system as currently apply for volunteers on the Citizen Review Committee, the current civilian appellate body that will be replaced.

- **Subsection E, Discipline (¶ 137).** Changes incorporate an obligation to follow a new state law concerning the binding effect of negotiated disciplinary guides.

## DISCUSSION

The Court should grant the Joint Motion because the Section VIII amendments are a fair, reasonable, and adequate means of bringing to fruition the accountability system as called for in Paragraph 195.

In a federal agency's enforcement action, the Ninth Circuit advises district courts to "pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment," and "[u]nless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved." *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). The proposed amended Agreement meets the approval standard for three reasons.

First, the proposed amendments to Section VIII are stipulated changes that are another step toward the City implementing Paragraph 195's requirements. The Court found those requirements fair, adequate, and reasonable (ECF No. 354). Because the amendments are a step toward the City's substantial compliance with Paragraph 195, and consistent with the Agreement's accountability goals, the amendments are fair, adequate, and reasonable. *See Randolph*, 736 F.2d at 529.

Second, the Section VIII amendments are not the product of fraud or collusion. *See United States v. Oregon*, 913 F.2d 576, 586 (9th Cir. 1990) (holding that the district court's role in reviewing the fairness of an agreement between two governments is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties"). The proposed amendments are the product of substantial deliberation, including by:

- The Police Accountability Commission (PAC), a 20-member volunteer group,[2] appointed by City Council, that held numerous public meetings over 18 months and then, on August 31, 2023, recommended to City Council specific terms for the new oversight body and corresponding changes to City Code, as required by Paragraph 195(b) of the Agreement;

- City Council, which considered the PAC's recommendations in public meetings, before voting to approve changes to the City Code and to the Agreement within 60 days of receiving the PAC's final report, as required by Paragraph 195(b); and

- The City and the two unions that represent PPB members, Intervenor-Defendant Portland Police Association (PPA), which represents officers and sergeants, and the Portland Police

---

[2] The PAC included members of both amici groups in this case. *See* https://www.portland.gov/police-accountability/pac-members .

**Page 4    Plaintiff's Brief in Support of the Motion to Amend the Settlement Agreement**

Commanding Officers Association (PPCOA), which represents lieutenants, negotiated over the proposed terms of the new oversight body pursuant to existing collective-bargaining agreements, as contemplated by Paragraph 195(c).

Such deliberation favors finding the Section VIII amendments fair, reasonable, and adequate. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1292 (9th Cir. 1992) (upholding settlement as fair, adequate, and reasonable in part because it resolved complex issues and "was not hastily arrived at"). For the Parties to reach an agreement that is broadly acceptable to the PPA and the amici shows that the Section VIII amendments are a reasonable compromise free of fraud and collusion. *See Oregon*, 913 F.2d at 586. Even if the compromise is not completely acceptable to all interested stakeholders, the City's process, as well as this Court's, provided ample opportunity for stakeholders' diverse interests, which are sometimes incompatible, to be heard and factored into the final compromise.

Third, the proposed amendments to Section VIII advance the interests of the Parties to fairly and efficiently address compliance concerns. *See Wygant v. Jackson Bd. of Educ.*, 476 U.S. 267, 290 (1986) (O'Connor, J., concurring) ("The value of voluntary compliance is doubly important when it is a public employer that acts, both because of the example its voluntary assumption of responsibility sets and because the remediation of governmental [wrongdoing] is of unique importance"). The stipulated amendments advance the general interests of both Parties to avoid the potential risks and the certain costs and delay of disagreement. *See Class Plaintiffs*, 955 F.2d at 1292. The proposed amendments to Section VIII will allow the City to implement the voter-approved Community Police Oversight Board within the framework of the Agreement, including semi-annual assessments from the Monitor and reports at periodic Status Conferences. *See Randolph*, 736 F.2d at 529.

**Page 5     Plaintiff's Brief in Support of the Motion to Amend the Settlement Agreement**

## CONCLUSION

For the foregoing reasons, this Court should grant the joint motion and approve the proposed amendments to Section VIII as fair, adequate, and reasonable.

DATED: August 22, 2024.

Respectfully submitted,

FOR THE UNITED STATES:

| | |
|---|---|
| NATALIE A. WIGHT<br>United States Attorney<br>District of Oregon | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>STEVEN H. ROSENBAUM<br>Special Litigation Section Chief<br><br>*/s/ R. Jonas Geissler*<br>R. JONAS GEISSLER<br>Trial Attorney<br><br>*/s/ Jared D. Hager*<br>JARED D. HAGER<br>Trial Attorney<br><br>*/s/ Amy Senier*<br>AMY SENIER<br>Trial Attorney |