**J. ASHLEE ALBIES, OSB #051846**
E-mail: ashlee@albiesstark.com
ALBIES & STARK
1500 S.W. First Ave., Suite 1000
Portland, Oregon 97201
Phone: (503) 308.4770
Fax:    (503) 427.9292

**RIAN PECK, OSB #144012**
Email: rian@visible.law
VISIBLE LAW LLC
333 SW Taylor St., Ste. 300
Portland, Oregon 97204
Phone: (503) 773.0103

*Attorneys for Amicus AMA Coalition for Justice and Police Reform*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>　　　Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**,<br><br>　　　Defendant. | Case No. 3:12-cv-02265-SI<br><br>**AUGUST 2024 FAIRNESS HEARING REPORT OF THE ALBINA MINISTERIAL ALLIANCE COALITION FOR JUSTICE AND POLICE REFORM** |

**Introduction**

　　　The Albina Ministerial Alliance Coalition for Justice and Police Reform ("AMA Coalition") hereby submits its report for the upcoming August 29, 2024, Fairness Hearing, where the community and parties can give feedback for the Court to assess whether the City of Portland and United States Department of Justice (USDOJ)'s proposed amendments to Section VIII of the Settlement Agreement are fair, adequate, and reasonable.

PAGE 1 –  AUGUST 2024 FAIRNESS HEARING REPORT OF THE ALBINA MINISTERIAL ALLIANCE
　　　　　　COALITION FOR JUSTICE AND POLICE REFORM

The AMA Coalition continues to affirm the City's progress on many of the issues before the Court and in the Settlement Agreement. However, the AMA Coalition believes that we have still not achieved a 21st Century community police force that offers public safety and trust to the most vulnerable citizens in our City. The AMA Coalition's primary focus for this fairness hearing is celebrating movement towards a more independent Community Board for Police Accountability—which Portland voters approved by overwhelming majority in 2020—while reiterating the concerns it has raised to this Court, the City, and the USDOJ.

The AMA Coalition holds concerns about several provisions in the Section VIII Amendments, as well as the process by which those Amendments were reached.

### A. Mandatory ride-alongs will deter community participation.

Paragraph 131 a.iii. mandates that Community Board members go on ride-alongs with PPB patrol and participate in PPB's Community Academy. As pointed out several times to the City and USDOJ, many people who would otherwise be interested in serving on the Community Board have approached the AMA Coalition to share that, while they would feel comfortable undergoing training to serve in that role, they simply do not feel comfortable riding or walking along with armed police officers or participating in Community Academy. Those potential Community Board members expressed that their discomfort with participating in those activities arises from their past experiences with police, or from their concerns about the impact it could have on the community members they are supposed to be serving in this exciting new role. The AMA Coalition has noted that the exact nature of Community Board member trainings need not be listed in the Agreement or in the City Code. If they are listed, however, language should be included to provide "or alternative educational opportunities." The City declined to take AMA Coalition's feedback. As a result, willing and qualified community members who could bring an important perspective to the Community Board will now be excluded from this opportunity.

B.  "Bias for or against the police" is too vague and susceptible to (mis)interpretation.

The AMA Coalition strongly believes the prohibition on "bias for or against the police" in Paragraph 131 b.vii. is inappropriate. More precise language requiring Community Board members to "exercise independent judgment" and be "fair, reasonable, objective, and act consistent with applicable laws, rules, policies, and procedures" is more appropriate; such language is already used in the proposed City code definition of "Independent Judgment" at [proposed] Portland City Code 35A.020. The AMA Coalition is concerned that the current bias language may invite litigation about whether removing someone for purportedly having bias violates the First Amendment. Similar litigation arose in Boulder, Colorado. *See* https://boulderreportinglab.org/2024/03/11/boulder-police-oversight-panel-lawsuit-city-argues-free-speech-limits-on-panel-member-were-justified-in-new-motion/.

C.  Concerns with City Code Implementation

Relatedly, the AMA Coalition strongly advocates that the Community Board should not be stacked with people unwilling to hold police accountable, or who are not fair, just, or reasonable. While the current City Charter prohibits current and former law enforcement and their families from serving, the City Code implementing the Oversight System provides for no fewer than three police designees on the nominating committee, which will change the makeup of the community-led system. The AMA Coalition prefers there not be three police designees on the nominating committee but believes that, regardless of the makeup of that committee, the Independent Court Monitor should observe the deliberations for nominations for both Community Board membership and nomination of the Director.

Similarly, the City Code does not, but should, provide for *all* cases involving community members to be investigated by the new system. The DOJ's initial findings report critiqued the

current "byzantine" system for confusion caused by "bifurcating" complaints to IPR and Internal Affairs. This is a chance to improve community perception and relationships, and it will be difficult to expand the Community Board's jurisdiction later if, early on, people avoid the new system due to the perception that their complaints are not being handled independently of the Police Bureau. Because the Charter allows the Community Board to review cases "as they see fit," the new Board should not have to go to the City Council to expand its jurisdiction. This will also be seen as a weakening of the system and an opening for City Council to interfere with the judgment of the Community Board.

## Conclusion

As the AMAC noted in its November 2023 status report, the Police Accountability Commission ("PAC") proposed a comprehensive framework for the new oversight system, which the City significantly altered—without appropriate deference to, and without conversation with, the PAC. The AMA Coalition expressed deep concern about dilution of the PAC's proposed framework and the oversight board itself. The AMA Coalition will continue to support transformative change within the Portland Police Bureau that will lead to safety of all community members and the building of community trust and the creation of a truly 21st Century Portland Police Bureau. We will continue to work and collaborate with the USDOJ, City, PPA, MHA and community stakeholders to create a police force that is fair and just for all the Citizens of Portland.

DATED: August 26, 2024        Respectfully submitted,

/s/ J. Ashlee Albies
J. Ashlee Albies, OSB # 051846
ashlee@albiesstark.com

/s/ Rian Peck
Rian Peck, OSB #144012
rian@visible.law