

Katherine McDowell
McDowell Rackner Gibson PC
419 SW 11th Ave, Suite 400
Portland, Oregon 97205

August 26, 2024

Via Email—Mary_Austad@ord.uscourts.gov

Honorable Michael Simon
Mark O. Hatfield United States Courthouse
Room 1527
1000 Southwest Third Avenue
Portland, Oregon 97204-2944

Re:    Fairness Hearing on Settlement Agreement Provisions re Measure 26-217/Police Oversight

Dear Judge Simon:

I am a former member of the Police Accountability Commission (PAC). To ensure full implementation of Measure 26-217, the Court should approve the Settlement Agreement amendments relevant to police oversight and accountability subject to the following conditions.

**The Settlement Agreement Amendments Should be Approved Only to the Extent that they Support Full Implementation of Measure 26-217**

The City Council constituted the PAC and asked it to produce a detailed roadmap for implementing the charter changes enacted by Measure 26-217, codified at Chapter 2, Article 10 of the Portland City Charter. The PAC followed this charge faithfully over the course of nearly two years and submitted a 90-page proposal to the City. Without any consultation with the PAC, the City eliminated many of the PAC's recommendations, adopting only those recommendations unequivocally mandated by the charter language. Otherwise, the City's revised code provisions either maintain some version of the status quo—an oversight system that virtually all stakeholders agree is ineffective and overly complex—or punt key implementation details to the new Oversight System, adding additional delays and uncertainty. The City seeks to implement a barebones version of Measure 26-217, instead of the more robust version the PAC recommended after extensive research into best practices and input from key stakeholders and community members.

Under the City's approach, many important aspects of the implementation of Measure 26-217 will be left to the Community Board for Police Accountability (CBPA) and the Office of Community-based Police Accountability (OCPA). **It is therefore critical that the Court approve the relevant Settlement Agreement**

**amendments with the express proviso that they should be interpreted and applied to facilitate full implementation of the Measure 26-217**. This will prevent the City or other parties from later asserting that the terms of Settlement Agreement prevent the CBPA/OCPA from expanding its jurisdiction, issuing rules, or taking other steps to actualize the mandates of Measure 26-217, or that such actions require Department of Justice pre-approval.

### CBPA/OCPA Jurisdiction

The PAC proposed that the new Oversight System, consisting of the CBPA and the OCPA, hear all police misconduct complaints from the community members, while Internal Affairs hear all complaints from Portland Police Bureau (PPB) members. The PAC designed its proposal to eliminate the redundancy and confusion in the current system and set a clear and easily understood demarcation between the new Oversight System and PPB Internal Affair's jurisdiction.

Under the City's proposal, the CBPA will hear only the types of cases specifically listed in the charter, with the balance of community complaints going to Internal Affairs. The complaints the City has assigned to Internal Affairs are very serious, including those alleging criminal conduct, sexual harassment or misconduct, untruthfulness, intimidation, corruption, official misconduct, and membership in hate or white supremacist groups. By maintaining redundant oversight functions in the new Oversight System and Internal Affairs, the City's code proposal decreases the effectiveness of the oversight system and increases its total costs.

Acknowledging that Measure 26-217 expressly gives the CBPA/OCPA the authority to determine the scope of its own jurisdiction, the City's proposal allows the CBPA/OCPA to go back to the City Council and request Code changes allowing it to hear a broader range of cases, a request that the City would have to grant.

Draft amended Section VIII of the Settlement Agreement describes a system in which Internal Affairs will retain jurisdiction over a significant number of types of misconduct complaints. **It is important that this provision be expressly interpreted as reflecting only the starting point in the implementation process of Measure 26-217, one subject to change without Department of Justice approval if the CBPA/OCPA elects to expand its jurisdiction to the full extent allowed under Measure 26-217.**

### CBPA/OCPA Rulemaking Authority

The City has explained that many of the PAC's recommendations are helpful, but they belong in rules, not in the City Code. The City contends that, once constituted, the CBPA/OCPA can adopt rules to implement the many PAC recommendations the City omitted from its revised code proposal.

The PAC spent a significant amount of time researching and gathering community feedback on its recommendations and expects that the CBPA/OCPA will adopt many PAC recommendations through rulemaking. **For this reason, the Court should be clear that the Settlement Agreement does not require Department of Justice approval for the issuance of rules by CBPA/OCPA that are consistent with the mandates of Measure 26-217.**

### CBPA/OCPA Nominating Committee

Measure 26-217 stresses the independence of the new Oversight System by disallowing CBPA membership to people currently employed by law enforcement and their immediate families, as well as

people previously employed by law enforcement. *See* City Charter Section 2-1003.  It also requires the CBPA to "make provisions" to ensure diverse membership of the CBPA. *Id.* To select members of the CBPA, the PAC's proposal contemplated that a Transition Team appointed by City Council make the initial set of CBPA nominations to City Council, with the CBPA providing later nominations.

Without *any* authorizing language in Measure 26-217, the City's code revisions undermine the Measure's guiding principle of independence by creating a nominating committee that includes several law enforcement members. While law enforcement certainly can provide input to the City Council on nominees offered by the CBPA, the City's proposal that law enforcement members sit on a CBPA nominating committee is contrary to the requirement of Section 2-1006 that the Board operate independently of law enforcement. Similarly, mandating that the nominating committee with law enforcement members propose candidates for the OCPA's Director usurps the provisions of Measure 26-217 requiring the CBPA to appoint the Director. *See* Section 2-1005. **The Court should make approval of the Settlement Agreement amendments contingent on the City's removal of its proposed CBPA nominating committee.**

### Bias

Both the PAC and the City recommended that CBPA members be capable of making fair and impartial decisions based on the evidence presented to them. The City's revised proposal adds an additional provision, again without any authorizing language in Measure 26-217, that precludes anyone with a demonstrated bias for or against police from sitting on the CBPA. This language is unnecessary and could prove detrimental to meeting Measure 26-217's express goal of creating an independent authority whose members cannot be retaliated against or removed except for cause. See Section 2-1006.

This concern over the City's proposed anti-bias language is based in part on the recent experience of the Boulder Police Oversight Panel. A similar anti-bias provision led to litigation over the discharge of a member for perceived anti-police bias earlier this year, which caused the panel to temporarily stop reviewing complaints pending resolution of governance issues. In October 2023, the City of Boulder enacted a new ordinance which "repeals a prohibition on panelists who demonstrate any 'real or perceived bias' and replaces the provision with a requirement that they have 'the ability to be fair-minded, objective, and impartial.' Panel members are also prohibited from having certain ties to the city's police department." Details here:  https://boulderreportinglab.org/2023/10/23/boulder-city-council-approves-overhaul-of-police-oversight-panels-rules-and-appointments/. **For these reasons, the Court's approval of the Settlement Agreement amendments should be contingent on the City eliminating its proposed anti-bias provision.**

Thank you for considering these comments and recommendations to ensure full implementation of Measure 26-217.

Sincerely,

Katherine McDowell