Hello, I am Je Amaechi, Organizing Director at Unite Oregon & former member of the Police Accountability Commission,

Your Honor,

I'm here today to express deep concern about the proposed amendments to the police oversight system. These changes fall short of the robust accountability mechanism Portland voters envisioned when they approved Measure 26-217. The amendments, as they stand, do not meet the criteria of being fair, adequate, or reasonable.

One problem lies in the proposed language regarding panel sizes. The amendments suggest panels of "three or more members" for the Community Board for Police Accountability (CBPA). A panel of just three members cannot possibly represent the rich tapestry of experiences and viewpoints in our city. Not only that, but it potentially reduces the range of perspectives in decision-making. This approach risks creating an oversight body that lacks the depth and breadth necessary for comprehensive review.

Not to mention, while not specified in the amendments themselves, the proposed city code suggests panels of eleven members for critical incidents like deadly force cases. This swing to the other extreme is equally concerning because it could overburden board members with extensive case files and it risks slowing down the review process significantly. We don't want to risk discouraging participation due to the immense time commitment required.

A more balanced approach to panel sizes would ensure thorough, diverse representation without creating logistical nightmares or risking member burnout.

Another problem is the proposed division of investigative responsibilities between the Office of Community-based Police Accountability (OCPA) and the Internal Affairs division which undermines the very essence of independent oversight. By allowing the police to retain jurisdiction over serious complaints, including those alleging criminal conduct or bias, we're perpetuating a system where the police largely police themselves. This arrangement:

- Erodes public trust in the complaint process
- Creates confusion about where to file complaints
- Potentially discourages reporting of serious misconduct

True accountability requires a clear, unified system where all complaints are handled by an independent body.

Another deeply concerning aspect of the proposed system is the requirement for oversight board members to participate in police ride-alongs. This mandate is not only unnecessary but potentially harmful and counterproductive. It has already been stated that requiring community

members, especially those who have experienced police violence, to participate in ride-alongs could be traumatizing. But the claim that ride-alongs are necessary because panel members will need to watch potentially traumatizing body camera footage is illogical. If exposure to the realities of police work is the goal, why not simply require members to watch body camera footage instead?

Ride-alongs are not necessarily representative of typical police activities. Officers might inadvertently alter their behavior when accompanied by oversight board members, potentially providing a skewed perspective of day-to-day policing. Body camera footage would likely provide a more accurate and comprehensive view of police work. It captures the dynamic and complex nature of policing without the artificial environment created by a ride-along.

This requirement appears to be an unnecessary barrier to participation in the oversight process. It risks excluding valuable voices, particularly from communities most impacted by policing issues. Instead of mandating ride-alongs, we should focus on comprehensive training that includes review of body camera footage amongst other strategies.

Lastly, I'm very concerned about the inclusion of anti-bias language, which, while well-intentioned, opens a Pandora's box of potential issues. This provision:

- Could be weaponized to exclude members with legitimate critiques of policing practices
- Ignores the reality that many community members have had negative experiences with law enforcement
- May deter qualified candidates from serving, fearing scrutiny of their past statements or activism

Instead of fostering impartiality, this provision risks creating a board that lacks diverse perspectives and lived experiences crucial for effective oversight.

Portland residents voted for a transformative change in police accountability. The current amendments represent a watered-down version of that vision.

In conclusion, Your Honor, I urge you to recognize that these amendments, as proposed, are not fair, adequate, or reasonable. They represent a missed opportunity to create a truly independent, effective, and trusted police accountability system. The residents of Portland deserve better. They deserve a system that lives up to the promise of real reform and genuine accountability.

Thank you for your consideration.