Office of the City Attorney
Attn: Chief Deputy City Attorney Heidi Brown
1221 SW 4th Avenue, Suite 430
Portland, Oregon   97204                                                                    September 10, 2024

I am writing to you today in my personal capacity as Chair of the Citizen Review Committee. Although I am not speaking on behalf of that body, this letter is informed by my three and a half years of service on the Citizen Review Committee and by conversations with our members in public session, as well as my time as a former member of the Police Accountability Commission.

I wish to formally note my opposition to the delay imposed by Judge Michael Simon at the August 29, 2024 Fairness Hearing with regards to the implementation of a Community Police Oversight Board. I urge the City to file a motion to reconsider and take any other steps they deem appropriate to expedite the implementation of the new oversight system and the seating of a nominating committee without delay. It is my contention that this delay is neither just, nor practical, nor capable of being born safely by the current system.

Let us first consider the practical considerations. While at face value four months may not appear to be a substantial delay, one must consider both the cumulative or "downstream" effects of this delay.

At present, the City stands ready to implement the new system swiftly and deliberately. These proposals have been debated, bargained, and subsequently vetted both by the Department of Justice and the Court. Once implemented, the City intends to seat a nominating committee, conduct recruitment, and both vet and recommend the initial slate of Community Board for Police Accountability (CBPA) and a candidate for Director of the Office of Community-based Police Accountability (OCPA). All of this was intended to take place before January 1, 2025. The CRC has already appointed their designees to the nominating committee, and recruitment is underway for a staff coordinator for the board volunteer recruitment process.

Under Judge Simon's timeline, none of this work will even be contemplated until after January 1. While this would be a galling delay in the best of circumstances, we must consider that it will fall to our new system of government - and a newly seated city council - to take up this task, comprehend what is being asked of them, and begin to implement it. This council will need to determine a means by which each district's representative on the nominating committee will be chosen and they will need to arrive at a consensus on who that representative will be. This may take some time, as the process for this is not discussed in code and it is likely that there will be more pressing issues for the new council to navigate as they attempt to surmount the relatively steep learning curve of elected office in a new and untested form of government. Once the nominating committee is impaneled, the city must run the recruitment process, vet and select a slate of candidates for the CPBA and forward their names to City Council for consideration, along with a nominee for OCPA Director. Once those parties are in place, the CPBA will need to adopt bylaws and the OCPA Director will need to recruit and train a staff to begin accepting

Exhibit 1

cases by the implementation deadline, which I understand to be around this time next year. A needless delay in implementation coupled with a rapidly approaching deadline is to doom this process to failure before it even begins. The City will be forced to choose between attempting to implement this system with reckless speed or falling out of compliance almost immediately; I fear it will end up doing both.

Even if the City is able to miraculously navigate the timeline it has been given, we must still wait for all existing cases to be adjudicated. Review of an Officer Involved Shooting often takes between 18-24 months to matriculate through our current system. Although IPR's case handling time may improve as it ceases to intake new cases, that is the shortest part of the process. I have no reason to think that the Grand Jury process or review by the Training Division will suddenly improve during this transition; if anything, case times will likely increase as the Body Worn Camera program is fully implemented throughout the Portland Police Bureau. Given these considerations, it is foreseeable that IPR, the CRC, and the Police Review Board apparatus would need to remain in place until the fall of 2027 - a full seven years after voters determined that this system should be replaced.

While I believe Judge Simon's decision was made in good faith and with good intentions, this decision further imperils an already precarious system. For twelve years, we have balanced the integrity of police oversight in this city upon the knife edge of our volunteer system - counting on the good will and tenacity of unpaid volunteers to underpin one of the most important legal settlements in the City's history. While the government of the United States would contend that the efficacy of this system is the responsibility of the City, in practice, this burden is borne by the volunteers of the Citizen Review Committee and the Police Review Board, as well as the professional staff of the Independent Police Review.

I was recruited to be part of the "last" Citizen Review Committee - I was appointed in 2021 with the understanding that the CRC would be replaced by the new police accountability system. I am now the most senior person on the CRC, along with three of my peers. In April of this year, the four of us were reappointed for a second term, and it appears that even that will not be enough: that term will be up in April 2027 and we will be "term-limited" from sitting on Police Review Boards around the same time. As of today, we have appointed a total of 14 members to a condemned institution - people who agreed to serve in a system they believed to be flawed in the hopes of ushering in a more equitable form of police oversight. In good conscience, I cannot ask my current members or prospective (and likely needed) future members to continue living with that moral dissonance indefinitely.

This dissonance grows even louder when you consider the hardworking staff of the Independent Police Review: dedicated public servants who have put their careers on hold to remain in positions that they know will go away someday soon, but not soon enough. The members of the CRC are volunteers at least - they are bound to this task only by their dedication to the city. But to ask civil servants to consign their very livelihoods to a purgatory of indeterminate length is a cruelty that I do not wish to be part of. I will call out Director Caldwell and Deputy Director Lloyd specifically in this calculus - the continued existence of police oversight in this City is, at some

Exhibit 1

level, dependent on whether or not we can keep those positions staffed long enough to stand up the new system.

That Judge Simon's decision does not seem to account for the precarity of our current situation is surprising to me.

As a former member of the Police Accountability Commission, I stand behind the recommendations we made to City Council a year ago. A co-author of that proposal, I obviously would prefer that the current code package hew as closely to our original recommendations as possible. But I fail to see how a delay in implementing this amended code package serves the interests of the people of Portland. What I can see is that a delay will further imperil our efficacy. Moreover, I am forced to consider that every day we delay, we increase the likelihood that someone will die in an encounter with police in 2025 and - whether that action be justified or not - we will be forced to adjudicate it using a process that was deemed woefully inadequate by voters over half a decade prior. In my estimation, this is unjust.

With grave concern,

Yume Delegato, Chair
Citizen Review Committee


cc:     Deputy City Attorney Sarah Ames
        Ross Caldwell - Director, Independent Police Review

Exhibit 1

## Support for Reconsideration……

**Brian Butler** <brian@brownandcarter.com>

Thu 9/12/2024 10:02 AM

To: Blanco Chapin, Amaya <Amaya.BlancoChapin@portlandoregon.gov>
Cc: Ames, Sarah <Sarah.Ames@portlandoregon.gov>

Hi Amaya,

As a member of the CRC, I would like to personally add my name in support of the letter our Chair of the CRC, Yume Delegato wrote on September 10, 2024.

Best wishes,
--

**Brian Butler**
Partner (he/him)
Brown and Carter Management Group
[www.brownandcarter.com](www.brownandcarter.com)

Exhibit 1

## Re: Statement to court

**Chris Piekarski <chrispiekarski@gmail.com>**

Thu 9/12/2024 12:07 PM

To:Brown, Heidi <Heidi.Brown@portlandoregon.gov>
Cc:Yume Delegato <yumepdx@gmail.com>;Griffin, Gregg <gregg.gagriffin@comcast.net>;Pappas, Kyra <kyra.pappas@icloud.com>;Katz, Jessica <jkatz7856@gmail.com>;Michael Walsh <mykwalsh@gmail.com>;Nate Kuhn <nathanaellkuhn@gmail.com>;Nate Holton <nfholton@gmail.com>;Brian Butler <brian@brownandcarter.com>;Noah Truesdale <noatrues@gmail.com>;Ames, Sarah <Sarah.Ames@portlandoregon.gov>;CRC Mail <crc@portlandoregon.gov>;Blanco Chapin, Amaya <Amaya.BlancoChapin@portlandoregon.gov>

I would like to add my name in support of the letter written on September 10, 2024, from Yume Delegato.

Thank you!
_____
Chris Piekarski

**Exhibit 1**

Adding my name to letter

Michael Walsh <mykwalsh@gmail.com>
Thu 9/12/2024 12:37 PM
To:Blanco Chapin, Amaya <Amaya.BlancoChapin@portlandoregon.gov>
Cc:Brown, Heidi <Heidi.Brown@portlandoregon.gov>;Ames, Sarah <Sarah.Ames@portlandoregon.gov>

Hello Amaya,

I'm writing to indicate my desire to add my name in support of the letter written on September 10, 2024, from Yume Delegato.

Many thanks,

Mike

--
**Michael Walsh he|his -- personal email**
**Citizen Review Committee Member -- City of Portland, OR**
**971-563-9379**

Exhibit 1

# CRC Letter

**Noah Truesdale <noatrues@gmail.com>**

Thu 9/12/2024 9:33 AM

To:Blanco Chapin, Amaya <Amaya.BlancoChapin@portlandoregon.gov>
Cc:Brown, Heidi <Heidi.Brown@portlandoregon.gov>;Yume Delegato <yumepdx@gmail.com>

Good morning Amaya,

My name is Noah Truesdale, and I'm one of the newer members of the CRC. Per Heidi's instructions, I'd like to include my name on CRC Chair Delegato's letter to be included with the Motion for Reconsideration.

Thanks,
Noah

**Exhibit 1**