**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Amanda Lamb**, OSB #222284
Email: alamb@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-328-3982

Attorneys for *Amicus Curiae* Mental Health Alliance

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PORTLAND,<br><br>Defendant. | Case No. 3:12-cv-02265-SI<br><br>BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION |

*Amicus Curiae* Mental Health Alliance ("MHA"), by and through their Counsel Juan C. Chavez, submits this brief in response to the Defendant City of Portland's Motion for Reconsideration. Dkt. 461. MHA supports this Motion with the Declarations of Counsel and of Jason Renaud.

MHA opposes the relief sought by the Defendant.

**STANDARDS OF REVIEW**

Defendants bring their motion pursuant to Fed. R. Civ. P. 54(b), which governs

reconsideration on preliminary judgements. Courts grant reconsideration "only in very limited circumstances." *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). A motion for reconsideration fails when "it is based on arguments and evidence that could have previously been raised with the Court." *Complete Distribution Servs., Inc. v. All States Transp., LLC*, 2015 WL 6739125, at *1 (D. Or. Nov. 2, 2015).

"Reconsideration may be appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice." *Id.* at *2 (D. Or. Nov. 2, 2015), *citing Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he major grounds that justify reconsideration involve an intervening of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation and quotation marks omitted) (alteration in original)). "Arguments and evidence that could have been included when litigating the original motion are not proper grounds for reconsideration." *Id.* (internal citations omitted).

## DISCUSSION

MHA opposes the relief sought by the City for two reasons:

1. The City has raised neither new evidence in its motion nor evidence that it could not have been raised prior to the Court's determination at the August 2024 fairness hearing on Paragraph 195.

2. Reversing the Court's order would not prevent manifest injustice, as the City was the architect of its own delay in implementing Paragraph 195.

The City had an obligation to fulfill the will of the voters when it passed Resolution No. 37527, adopting Measure 26-217, in December 2020. *Chavez Dec.*, *Exhibit 2*. As evinced by Mr.

Renaud's declaration, the City did not begin the serious work of standing up the Police Accountability Commission until well into 2021. *Renaud Dec.*, ¶ 11. In the months following its first meetings in December 2021, PAC had to spend valuable time settling its own governance and attending trainings. *Id.*

By January 2022, the City Auditor had already identified that "[City] Council has rejected several proposals from the Auditor to stabilize Independent Police Review during the transition years and has not offered a viable plan of its own." *Chavez Dec.*, Exhibit 3, p. 4. The Auditor also states that the City's expectation was that the CBPA would not be "operation until December 2026." *Id.* at p. 3. The Auditor stressed the same points raised by Mr. Caldwell in his declaration, Dkt. 462-2, arguing that the City could lose IPR staffing in the uncertainty of timing. *Chavez Dec.*, Exhibit 3, p. 3.

When PAC completed its work after over a year of diligence and hard work, and after some ridicule of its recommendations by City Council, PAC presented its recommendations to the City. *Renaud Dec.*, ¶¶ 15-16. The City spent many more precious months negotiating away components of PAC's recommendations with the Defendant-Intervenor Portland Police Association. *Renaud Dec.*, ¶¶ 16-17. It was not until the summer of 2024 when the Plaintiff was in receipt of the City's proposed code change, well past the 60 days required by Paragraph 195(b). Finally, the Court held its fairness hearing on the matter and approved the CBPA amendments in August 2024.

This course of events could have been avoided at a number of junctures between December 2020 and August 2024. It had known since at least 2022 that delays could affect the retention of IPR staff and could have addressed those concerns with a robust plan. Instead, as the Court heard from the public during the fairness hearing, we were presented a plan that the public

felt undermined their wishes and had delayed the operational date of the CBPA.

In a public statement Mayor Wheeler invoked the specter of Senate Minority Leader Mitch McConnell in comparing the Court's actions with that of the blocking of Supreme Court nominee and now Attorney General Merrick Garland.[1] That analogy would be more availing had the City proposed an amendment to the City code in March of 2024 and the Court purposefully avoided setting a hearing date until after the November election. Rather, it was the *City* that avoided bringing this matter to the Court *until* the eve of a transformative November election.

The Court in its wisdom balanced the fairness to the parties with the needs of public and rendered a decision that was peaceable and prudent. The Court should not further disrupt the City's transformation into a better, more just place. It should allow the next City Council to do the work that the voters will send them to do, since the previous City Council failed to do so in a timely manner.

## CONCLUSION

Based on the foregoing, the Court should **DENY** the City's motion.

DATED: September 26, 2024

>   /s/ *Juan C. Chavez*
>   Juan C. Chavez, OSB 136428
>   Of Counsels to *Amicus* Mental Health Alliance

---

[1] Maxine Bernstein, *Portland Mayor Ted Wheeler blasts judge for delaying new police oversight board: Short-sighted and politically driven*, The Oregonian (Sep. 1, 2024), available at https://www.oregonlive.com/crime/2024/08/portland-mayor-ted-wheeler-blasts-judge-for-delaying-new-police-oversight-board-short-sighted-and-high-handed.html