**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Amanda Lamb**, OSB #222284
Email: alamb@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

Attorneys for *Amicus Curiae* Mental Health Alliance

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PORTLAND,<br><br>Defendant. | Case No. 3:12-cv-02265-SI<br><br>DECLARATION OF JASON RENAUD |

I, Jason Renaud, submit the following declaration:

I am a member of the Mental Health Alliance, and I make this declaration in support of our Response Brief to City's Motion for Reconsideration for the purpose of providing factual background to MHA's brief, and identify exhibits. My statements are true to the best of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

DECLARATION OF JASON RENAUD
Page 1 of 4

1. I have been a member of the Mental Health Alliance since 2018, when it first formed to seek *amicus* status in the above-captioned case. I have been a noted advocate for a new community oversight system, as embodied in Ballot Measure 26-217, and was appointed a member of the Police Accountability Commission ("PAC") for some period of its work. I am writing this declaration to assist the court by providing a timeline of events regarding the PAC, Settlement Agreement Paragraph 195, and the formation of the new Community Board for Police Accountability ("CBPA").

2. On July 30th, 2020 the Portland City Council voted to refer a Charter Amendment to the voters of Portland that would authorize the creation of a new police oversight system.

3. On September 8, 2020, Measure 26-217 was filed. *See Chavez Dec.* **Exhibit 1**.

4. On November 3, 2020, Measure 26-217 was approved by 82% of Portland voters.

5. On December 16, 2020, Measure 26-217 was adopted and effectuated by Portland City Council. *See* Resolution No. 37527. *Id.* at **Exhibit 2**.

6. On February 2021, Applications for Police Accountability Commission (PAC) members closed.

7. Brian Hunzeker, president of the Portland Police Association, accused the city of misleading voters on a ballot measure approved last year that calls for creating an independent civilian police oversight board.[1]

8. In July 2021, PAC members were first contacted by city staff.

9. In November 2021, the City hired staff to assist PAC.

---

[1] https://www.wweek.com/news/city/2020/11/05/portland-police-union-files-a-grievance-against-the-city-challenging-reform-measure-that-voters-passed-overwhelmingly/

DECLARATION OF JASON RENAUD
Page 2 of 4

10. In November 2021, MHA met with City staff, counsels for the Defendant City of Portland, and counsels for the Plaintiff United States to express concerns about the lengthy delay between the adoption of Resolution No. 37527 and the start of PAC's work.

11. In December 2021, PAC members were finally seated and convened their first meeting. No governance rules were made available, so members were required to determine and write their own bylaws, which delayed proceedings for several weeks.

12. On January 26, 2022, in then-Portland City Auditor Mary Hull Caballero's office's 2022-2023 proposed budget, the Auditor announced her office's intention to move the Independent Police Review ("IPR") out of the Auditor's office. Auditor Hull Caballero stated her concern that IPR would not survive the transition to the new oversight board. "Council has rejected several proposals from the Auditor to stabilize Independent Police Review during the transition years and has not offered a viable plan of its own." The Auditor also stated that the then current estimate was that the CBPA would not be "operational before December 2026." *Id.* at **Exhibit 3**.

13. For the bulk of 2022, PAC members separated into committees and received extensive online training about city rules and suggestions for public meetings and records.

14. In late 2022 and through 2023, PAC members began to meet with stakeholders and accumulate recommendations.

15. In August 2023, after 2000 hours of meetings, the PAC completed its recommendations.

16. In September 2023, PAC presented its recommendations to City Council, who did not take immediate action on adopting the recommendations. At this hearing, City Council members expressed their displeasure that the police did not have a greater say on the board, and also pushed for a requirement of "ride alongs" with police officers.

17. In November 2023, the City attorney presents a second set of recommendations that incorporated City Council's demand for more police power on the CBPA. City Council voted to accept these recommendations.

18. By May 2024 when the parties convened for a status conference in this case, the City had yet to present a code change to the Plaintiff United States, despite timelines for doing so having elapsed. The City had been bargaining with the PPA throughout this time period.

**19.** As raised in MHA and AMAC's joint status report on ¶ 195, during this time PPA had also been seeking signatures to place a counter ballot measure designed to undermine the CBPA.

**20.** We did not return to the Court for a fairness hearing on the CBPA code change until August 2024, just over two months away from a consequential election that will change the face of Portland City governance.

**I hereby declare that above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: September 26, 2024

*Jason Renaud*
Jason Renaud (Sep 26, 2024 10:15 PDT)