IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| **CITY OF PORTLAND**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On August 29, 2024, the Court held a fairness hearing on whether to approve the joint motion of the United States and the City of Portland (the "City") (ECF 431) further to amend the amended settlement in this matter. The Court received and considered both written and oral comments from the parties, several *amici curiae*, and members of the public who asked to be heard. Among other comments, *Amicus Curiae* Mental Health Alliance "requested that the Court not grant the Parties' proposed settlement agreement amendments." ECF 450 at 6. As a compromise and to promote the likelihood of public acceptance of the proposed amendments, the Court approved the proposed amendments effective January 2, 2025. ECF 458.

Now before the Court is the City of Portland's motion for reconsideration, invoking both the Court's inherent powers and Rule 54(b) of the Federal Rules of Civil Procedure. ECF 461. The United States does not oppose the City's requested relief. ECF 463. In response to the City's motion, *Amicus Curiae* Albina Ministerial Alliance Coalition for Justice and Police Reform stated:

> The Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) appreciates the Court's thoughtful ruling on pausing appointment of the selection of the police oversight committee. The AMAC also appreciates that the pause gives the City time to reflect on the weighty issues involved. The AMAC therefore will continue to respect the Court's ruling, whatever it may be.

ECF 464 at 1. In addition, in response to the City's motion for reconsideration, *Amicus Curiae* Mental Health Alliance opposes the relief sought by the City (ECF 465) and attached two supporting declarations (ECF 466 and ECF 467). The City did not file a reply in support of its motion.

Rule 54(b) provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The rule, however, does not address the standards that a district court should apply when reconsidering interlocutory orders, and the Ninth Circuit has not established a standard of review. However, "Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b)." Stephen S. Gensler & Lumen N. Mulligan, 2 *Fed. R. of Civ. P., Rules and Commentary*, Rule 54 (2022).

Page 2 – ORDER DENYING MOTION FOR RECONSIDERATION

Under Rule 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (emphasis in original) (citation and quotation marks omitted)).

Because the City has not shown any of the three factors typically required under Rule 59(e) to amend a judgment, the Court DENIES the City's Motion for Reconsideration (ECF 461).

**IT IS SO ORDERED.**

DATED this 30th day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

Page 3 – ORDER DENYING MOTION FOR RECONSIDERATION