ROBERT TAYLOR, OSB #044287
City Attorney
Email: Robert.Taylor@portlandoregon.gov
HEIDI BROWN, OSB #922410
Chief Deputy City Attorney
Email: Heidi.Brown@portlandoregon.gov
SARAH AMES, OSB #163350
Deputy City Attorney
Email: Sarah.Ames@portlandoregon.gov
LISA ROGERS, OSB #176519
Deputy City Attorney
Email: Lisa.Rogers@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | JOINT STIPULATED MOTION TO AMEND SETTLEMENT AGREEMENT |
| v. | |
| **THE CITY OF PORTLAND,** | |
| Defendant. | |

Plaintiff United States of America (United States) and Defendant City of Portland (City) (collectively, the "Parties") jointly move this Court for the entry of an order amending the Further Amended Settlement Agreement (Agreement), previously entered in this matter (ECF No. 458). The Parties seek to have three minor revisions entered. The first revision corrects the timeline for the Monitor's preliminary draft semi-annual report. The second revision clarifies that references in the Agreement to the Compliance Officer/Community Liaison (COCL) apply to the

Page 1 – JOINT STIPULATED MOTION TO AMEND SETTLEMENT AGREEMENT

Monitor. The third revision reflects that the Office of Independent Police Review (IPR) has not been under the purview of the City Auditor since July 2022.[1]

The Parties first request that the Court correct a scrivener's error. Under the Amended Settlement Agreement, the City prepared a status report within 45 days of the close of each then-quarterly compliance review period. *See* ECF 354-1, Par. 173. The COCL then had 45 days after receiving the City's status report to provide the Parties with its preliminary draft compliance assessment report. *Id.* This effectively gave the COCL a total of 90 days from the close of the review period to complete its preliminary draft compliance assessment report. Section XII of the Further Amended Settlement Agreement intended to give the Monitor the same 90-day timeframe in which to complete its preliminary draft compliance assessment reports. But mistakenly, Section XII provides the Monitor only "45 business days after the close of the review period" to do so. ECF 458, Par. 227. The Parties propose that Paragraph 227 be amended to reflect the Parties' initial intent and read: "The Monitor will provide a copy of reports to the Parties in draft form within **90** 45 business days after the end of each reporting period." (Amended text is underlined and bolded.)

The second revision clarifies that the Monitor assumes duties previously assigned to the COCL in the Settlement Agreement. When drafting Section XII, the Parties inadvertently omitted a provision clearly substituting the Monitor for the COCL in relation to those duties. The Court resolved the Parties' drafting error by ordering that "provisions in Agreement Sections IV, V and VII that refer to the Compliance Officer Community Liaison ("COCL") shall apply to the Monitor established under Section XII." ECF 458 at 3. The Parties now move to have that order directly incorporated into Paragraph 201 by the following amendment:

---

[1] The proposed amended Further Amended Settlement Agreement is attached as Exhibit 1. A redline of the amended Further Amended Settlement Agreement showing the changes from the current version is attached as Exhibit 2.

Page 2 – JOINT STIPULATED MOTION TO AMEND SETTLEMENT AGREEMENT

> 201. An Independent Monitor (Monitor) shall assess the City's compliance with, and implementation of, this Agreement. The Monitor will include a team of people with expertise in policing, civil rights, data analysis and auditing, project management, behavioral health, emergency dispatch, and writing about complex matters succinctly in plain language intended for a general audience. The Monitor will work with the Parties to identify and address any barriers to substantial compliance and report regularly on the City's progress. **All references to the COCL in this Agreement outside this Section XII shall be read to mean the Monitor.**

(Added text is underlined and bolded.)

Finally, the Parties move to amend Paragraph 36's definition of the IPR to reflect that, since July 2022, it has not been under the direct oversight of any individual elected official:

> 36. "IPR" means the Independent Police Review Division, an independent, impartial office, readily available to the public, ~~**responsible to the City Auditor,**~~ empowered to act on complaints against sworn PPB members for alleged misconduct, and recommend appropriate changes of PPB policies and procedures toward the goals of safeguarding the rights of persons and of promoting higher standards of competency, efficiency, and justice in the provision of community policing services, governed by Portland City Code Chapter 3.21.

(Deleted text is bolded and struck.)

The Parties have consulted with Intervenor Portland Police Association (PPA), enhanced *Amicus Curiae* Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC), and *Amicus Curiae* Mental Health Alliance (MHA). All have responded that they have no objection to these proposed amendments.

Paragraph 247 of the Agreement provides that after considering input from the PPA,

Page 3 – JOINT STIPULATED MOTION TO AMEND SETTLEMENT AGREEMENT

AMAC, and MHA, the Parties may jointly stipulate to make amendments to the Agreement which, absent further action from the Court, shall be effective 45 days after a joint motion has been filed with the Court. The Parties respectfully request that the Court enter these minor, unopposed amendments before the first compliance review period ends December 31, 2024. ECF 458, Par. 238. See Proposed Order, Exhibit 3.

DATED: December 16, 2024

**FOR THE CITY OF PORTLAND:**

| | |
|---|---|
| *s/ Robert Taylor* <br> ROBERT TAYLOR <br> City Attorney | *s/ Heidi Brown* <br> HEIDI BROWN <br> Chief Deputy City Attorney |
| *s/ Sarah Ames* <br> SARAH AMES <br> Deputy City Attorney | *s/ Lisa Rogers* <br> LISA ROGERS <br> Deputy City Attorney |

**FOR THE UNITED STATES:**
NATALIE K. WIGHT
United States Attorney
District of Oregon

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REGAN RUSH
Chief Special Litigation Section

*s/ Laura L. Cowall*
LAURA L. COWALL
Deputy Chief

*s/ R. Jonas Geissler*
R. JONAS GEISSLER
Trial Attorney

JARED D. HAGER
Trial Attorney

*s/ Amy Senier*
AMY SENIER
Trial Attorney

Page 4 – JOINT STIPULATED MOTION TO AMEND SETTLEMENT AGREEMENT

**FOR THE PORTLAND POLICE ASSOCIATION:**

*s/ Anil S. Karia*
ANIL S. KARIA
Attorney for PPA


**FOR THE ALBINA MINISTERIAL ALLIANCE COALITION FOR JUSTICE AND POLICE REFORM:**

| | |
|---|---|
| *s/ J. Ashlee Albies* | *s/ Rian Peck* |
| Attorney for AMAC | RIAN PECK |
| | Attorney for AMAC |

**FOR THE MENTAL HEALTH ALLIANCE:**

*s/ Juan Chavez*
JUAN CHAVEZ
Attorney for MHA