Case 3:12-cv-02265-SI   Document 499   Filed 07/24/25   Page 1 of 5

ROBERT TAYLOR, OSB #044287
City Attorney
Email: Robert.Taylor@portlandoregon.gov
HEIDI BROWN, OSB #922410
Chief Deputy City Attorney
Email: Heidi.Brown@portlandoregon.gov
SARAH AMES, OSB #163350
Deputy City Attorney
Email: Sarah.Ames@portlandoregon.gov
LISA ROGERS, OSB #176519
Deputy City Attorney
Email: Lisa.Rogers@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | JOINT STIPULATED MOTION TO ENTER FURTHER AMENDED SETTLEMENT AGREEMENT |
| v. | |
| **THE CITY OF PORTLAND,** | |
| Defendant. | |

Plaintiff United States of America (United States) and Defendant City of Portland (City) (collectively, the "Parties") jointly move this Court for the entry of an order amending the Further Amended Settlement Agreement (Agreement) previously entered in this matter (ECF No. 486). The Parties propose limited amendments: to Paragraph 212, reflecting the City's new form of government; to Paragraph 251, clarifying the effect of partial termination of discrete subsections of the Agreement; and to Paragraph 254, clarifying how discrete sections become subject to self-monitoring.

Page 1 – JOINT STIPULATED MOTION TO ENTER FURTHER AMENDED SETTLEMENT AGREEMENT

The Parties engaged in a lengthy negotiation over Section XII, which established the independent court-appointed monitor ("Monitor") in this case. On November 30, 2023, this Court entered the resulting Section XII, spanning more than 30 pages. ECF No. 401. In implementing Section XII, the Parties have discovered certain areas in the Agreement that would benefit from greater clarity. The Court previously made three clarifications and corrections through amendment, ECF No. 476, and the Parties now move for three further such amendments, to Paragraphs 212, 251, and 254.

The proposed amendment revises Paragraph 212 to allow "the appropriate City official" to approve any request to exceed the annual amount in the Monitor's budget, rather than designating the City Council. The new form of government brought new delineations of authority between the Council, as the legislative branch with budget authority, and the Mayor and City Administrator, as the executive with operational authority. This minor update allows the Settlement Agreement to remain consistent with the City Charter.

The proposed amendment to Paragraph 251 aligns the language of the Agreement with the Parties' intention around the impact of partial termination of a discrete section. The paragraph states, in part, that "the requirements under the discrete section are no longer part of this Agreement." The Parties understood this to mean that once terminated the Monitor would do nothing further related to the issues in the discrete section. The Parties recognized that Paragraph 251, as drafted, did not unambiguously convey the Parties' understanding that terminated subsections would not be subject to *any* monitoring, which includes outcome assessment. The Parties propose the following amendment to clarify their intent:

> 251. A discrete section that is terminated is no longer subject to enforcement, monitoring **(including outcome assessment informed by data related to the section)**, or self-

monitoring, and the requirements under the discrete section are no longer part of this Agreement.

(Amended text is underlined and bolded.)

Finally, the proposed Amendment to Paragraph 254 clarifies the Parties' determination of the discrete subsections subject to self-monitoring following the Monitor's first report, reflecting the Parties' intent in drafting:

> 254.   Going forward, within seven days of the Monitor filing each semi-annual compliance report, the Parties will **determine** ~~identify~~ whether additional discrete sections are subject to self-monitoring. A discrete section will become subject to self-monitoring if**, for each paragraph within the section**: (a) the Monitor's first report and DOJ's Seventh Periodic Compliance Assessment Report (ECF 369) found the City in substantial compliance ~~with the discretion section~~; (b) the Monitor's first report and COCL's final two quarterly assessment reports found the City in substantial compliance ~~with the discretion section~~; or (c) the Monitor finds the City in substantial compliance ~~with the discretion section~~ for two consecutive reports.

The Parties herewith file the proposed Agreement, Exhibit 1, a redlined copy of the Agreement highlighting the proposed amendments, Exhibit 2, and a proposed order for the Court's consideration, Exhibit 3.

The Parties have consulted with Intervenor Portland Police Association (PPA) and non-party enhanced *Amicus Curiae* Albina Ministerial Alliance Coalition for Justice and Police Reform (AMAC) and non-party *Amicus Curiae* Mental Health Alliance (MHA) about the proposed amendments to Paragraphs 212 and 251. Counsel for the PPA responded that they had no objection to the proposed amendments, and Counsel for AMAC and for the MHA responded

that their organizations did not take a position. The need for clarification of Paragraph 254 arose only after the Monitor filed the compliance report June 30 and, due to the calendar, has not been subject to consultation with PPA, AMAC and MHA.

The Parties respectfully request that the Court timely enter these amendments to conform the Agreement to Portland's new form of government, to clarify that terminated paragraphs are not subject to the Monitor's outcome assessment, and to allow the City to file all self-monitoring status reports to the Monitor on schedule, on August 15.

DATED July 24, 2025.

**FOR THE CITY OF PORTLAND:**

| | |
|---|---|
| *s/ Robert Taylor* | *s/ Heidi Brown* |
| ROBERT TAYLOR | HEIDI BROWN |
| City Attorney | Chief Deputy City Attorney |
| | |
| *s/ Sarah Ames* | *s/ Lisa Rogers* |
| SARAH AMES | LISA ROGERS |
| Deputy City Attorney | Deputy City Attorney |

**FOR THE UNITED STATES:**

| | |
|---|---|
| WILLIAM M. NARUS | HARMEET K. DHILLON |
| United States Attorney | Assistant Attorney General |
| District of Oregon | Civil Rights Division |
| | |
| | R. JONAS GEISSLER |
| | Deputy Assistant Attorney General |
| | Civil Rights Division |
| | |
| | ANDREW DARLINGTON |
| | Acting Chief |
| | |
| | *s/ Laura L. Cowall* |
| | LAURA L. COWALL |
| | Deputy Chief |
| | |
| | JARED D. HAGER |
| | Trial Attorney |
| | |
| | *s/ Jeffrey Murray* |
| | JEFFREY MURRAY |
| | Trial Attorney |

Page 4 – JOINT STIPULATED MOTION TO ENTER FURTHER AMENDED SETTLEMENT AGREEMENT

                                          *s/ Catherine Yoon*
                                          CATHERINE YOON
                                          Trial Attorney
                                          Special Litigation Section
                                          Civil Rights Division
                                          United States Department of Justice