IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR STAY** |
| **CITY OF PORTLAND**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On October 14, 2025, the United States of America, Plaintiff, in this matter moved for a stay of the deadline for the Parties to comment on the Monitor's draft second semi-annual compliance report and other related deadlines in this case. ECF 517. As explained by Plaintiff, "the continuing resolution that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The Department does not know when such funding will be restored by Congress." *Id.* Plaintiff also notes: "Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.' 31 U.S.C. § 1342." *Id.*

Plaintiff represents that "Opposing counsel has authorized counsel for the Government to state that Defendant has no objection to this motion." *Id.*

"[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Among the competing interests a court must consider in weighing whether to grant a stay are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Notwithstanding the fact that Defendant does not oppose Plaintiff's motion for an indefinite stay that may last for a substantial period, the Court has an independent duty to monitor the settlement and ensure compliance with its terms, with the assistance of the Court's Independent Monitor. Further, the Court believes that the actions required under the settlement affect "the safety of human life [and] the protection of property." Accordingly, the Court DENIES the motion of the United States for a stay of the deadlines in this case. ECF 517.

**IT IS SO ORDERED.**

DATED this 15th day of October, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

Page 2 – ORDER