**HARMEET K. DHILLON**
Assistant Attorney General
Civil Rights Division
**R. JONAS GEISSLER**
Deputy Assistant Attorney General
**PATRICK MCCARTHY**
Chief
**JEFFREY R. MURRAY**
**CATHERINE YOON**
Trial Attorneys
Special Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Phone: (202) 305-3229

Attorneys  for Plaintiff United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| | STATUS REPORT |
| v. | |
| **CITY OF PORTLAND,** | |
| Defendant. | |

Plaintiff United States of America submits this Status Report to the Court in preparation for the January 6, 2026 Interim Status Conference. In the United States' appearance before this Court on January 7, 2025, the United States expressed concern for access to Body Worn Camera (BWC) recordings and the City's failure to timely complete Paragraph 192 investigations of supervisors regarding 2020 protests. At that status conference, the United States noted that the City had agreed to a limited provision of BWC recordings—i.e., providing any upon request rather than unlimited access to *evidence.com*. We also explained regarding the 2020 crowd control investigations: (1) that the City had not identified all of the people that should have been identified within the requirements of Par. 192, and (2) the investigations had not been resolved to provide accountability or the opportunity to learn and grow. Those same issues continue to exist and bear directly the City's current management of the Portland Police Bureau (PPB).

Contrast those issues with the City's status report of December 24, 2025. ECF No. 530. The City represented that in the summer PPB "successfully used dialogue policing strategies to help maintain public order near the U.S. Immigration and Customs Enforcement facility while respecting individuals' rights to lawful assembly and expression of speech." *Id.* at 6. The Monitor has not evaluated this representation. The City's representation remains untested and stands at odds with the United States' previously expressed concerns about the missed opportunity to grow from accountability for the 2020 crowd control failures. And the City's refusal to provide direct access to BWC recordings prevents assessing the City's representation to this Court. The United States is currently engaged in an effort to ensure the City's compliance with Paragraph 245 in relation to the same events about which the City recently reported to this Court.

The Independent Court Monitor submitted his second report on December 17, 2025. ECF No. 526-1. In his report, which covers the First and Second Quarters of 2025, the Monitor found

that the City demonstrated substantial compliance with 17 of the 22 directly monitored provisions of the Amended Settlement Agreement (Agreement). ECF 526-1 at 17. The Monitor found the City to be in partial compliance with five provisions, indicating additional work is needed to reach substantial compliance. Those provisions relate to Compliance Audits Related to Use of Force (Paragraphs 75-76); and three Additional Remedies (Paragraphs 192 (accountability), 194 (body worn cameras), and 195 (Community Police Oversight Board)).

With regard to the 33 provisions that are subject to self-monitoring by the City, the Monitor found that the City had demonstrated substantial compliance with all but two: Paragraphs 123 and 148. *Id.* at 68. Paragraph 123 relates to timelines for misconduct investigation timelines and requires the PPB to provide the Monitor and Department of Justice with a written review identifying the reason and a plan for addressing the delay for any investigation that fails to meet timeframe targets. The Monitor noted a lack of clarity in PPB's documentation and identified several areas where the methodology and assessments could be improved. Paragraph 148 requires PPB to document demographic data of the subjects of police encounters, including race, age, sex and perceived mental health status and to provide a report of this data to the Portland Commission on Community Engaged Policing (PCCEP). The Monitor noted that PPB did not formally provide the required information to PCCEP after learning some of its members had accessed it in a report that had been posted on the City's website. The Monitor also identified other concerns with the

quality of the data, specifically the use of "N/A" regarding whether the reports included ages and sexes of individuals.

DATED: January 5, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney
District of Oregon

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

R. JONAS GEISSLER
Deputy Assistant Attorney General

PATRICK MCCARTHY
Chief
Special Litigation Section

/s/ Jeffrey R. Murray
JARED D. HAGER
JEFFREY R. MURRAY
CATHERINE YOON
Trial Attorneys
Special Litigation Section
Civil Rights Division
United States Department of Justice

Attorneys for Plaintiff United States