**Robert Taylor, OSB No. 044287**
City Attorney
Email: robert.taylor@portlandoregon.gov
**Heidi Brown, OSB No. 922410**
Chief Deputy City Attorney
Email: heidi.brown@portlandoregon.gov
**Sarah Ames, OSB No. 163350**
Deputy City Attorney
Email: sarah.ames@portlandoregon.gov
**Lisa Rogers, OSB No. 176519**
Deputy City Attorney
Email: lisa.rogers@portlandoregon.gov
**PORTLAND CITY ATTORNEY'S OFFICE**
1221 SW Fourth Ave., Room 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089

Attorneys for Defendant City of Portland

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND,** <br><br> Defendant. | Case No. 3:12-cv-02265-SI <br><br> **JOINT STIPULATED REPLY TO JOINT** *AMICUS* **BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96** |

**REPLY**

The United States of America ("United States") and the City of Portland ("City") (together, the "Parties") jointly provide this reply to *Amici*'s Joint Brief in Opposition to Dismissal of Section V and Paragraphs 95 and 96.

### I.  INTRODUCTION

On February 4, 2026, the Parties filed a Joint Stipulated Motion to Terminate Discrete

Page 1 –  JOINT STIPULATED REPLY TO JOINT *AMICUS* BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96

Sections of the Settlement Agreement Pursuant to Paragraph 257. Dkt. No. 537. On February 26, 2026, Enhanced *Amicus* Albina Ministerial Alliance Coalition for Justice and Police Reform ("AMAC") and *Amicus* Mental Health Alliance ("MHA") (together, "*Amici*") filed a joint opposition to the Parties' Motion, arguing that the City has not met its obligations under the Community-Based Mental Health Services discrete section (Paragraphs 88–90).[1] Joint *Amicus* Br. in Opp'n to Dismissal of Section V and Paragraphs 95 and 96 ("*Amicus* Br."), Dkt. No. 543, at 11–12. Contrary to *Amici*'s argument, that section does not place any responsibility on the City to make drop-off or walk-in mental health centers available. In any event, *Amici* fail to demonstrate that Unity Behavioral Health Center ("Unity Center") does not meet the expectations described in the Settlement Agreement. Accordingly, the Court should grant the Parties' Motion.

## II.  ARGUMENT

### A.  *Paragraphs 88 and 89 do not require the City to establish drop-off or walk-in centers.*

Although Paragraph 89, as informed by Paragraph 88, describes the United States' expectation regarding drop-off/walk-in centers, the Parties did not intend the City to be responsible for making such centers available. Paragraph 89 expressly states that "[t]he United States expects that *the local [Community Care Organizations ("CCOs")] will establish*, by mid-

---

[1] *Amici* also briefly note that they "cannot condone" terminating the Behavioral Health Unit Advisory Committee discrete section (Paragraphs 94–96) because the Committee's meetings are not public and *Amici* do not know whether the Committee has utilized the Committee's recommendations under Paragraph 96. *See* Dkt. No. 543, at 3. Absent an evidentiary basis for *Amici*'s objection, the Parties simply reiterate that the Monitor has evaluated and agreed with the City's self-monitoring assessment of substantial compliance in both semi-annual reports, Dkt. No. 490-1, at 82–85; Dkt. No. 526-1, at 77–78, and that the Parties agree that this discrete section should be terminated under Paragraph 257. Also, the Parties note that *Amici*'s articulation of Paragraph 96 is not exactly correct; that paragraph requires the Portland Police Bureau, rather than the Committee, to use the Committee's recommendations.

**Page  2 –    JOINT STIPULATED REPLY TO JOINT *AMICUS* BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96**

2013, one or more drop-off center(s) for first responders and public walk-in centers for individuals with addictions and/or behavioral health service needs." Settlement Agreement ("Agreement"), Dkt. No. 499-2, ¶89; Dkt. No. 506 (emphasis added). Further, Paragraph 88 states that "[t]he United States acknowledges that this Agreement only legally binds the City to take action." Agreement, ¶88.

Consistent with this position, in 2014, the Parties explained to the Court that they did not intend the City to establish drop-off/walk-in centers. United States' Post-Hr'g Mem. in Supp. of Acceptance of Settlement Agreement and Resp. to Questions from the Ct., Dkt. No. 63, at 13; City's Post-Hr'g Br., Dkt. No. 67, at 6.

Therefore, the Monitor's assessment that no City obligations remain under Paragraphs 88 and 89 is proper, and termination of the relevant discrete section is appropriate.

### B.  *Unity Center satisfies the expectation for drop-off/walk-in centers.*

*Amici* have not shown that Unity Center does not meet the expectation that CCOs establish drop-off/walk-in centers. When serving as the monitor, the United States determined in every report in which it assessed the City's compliance with Paragraph 89 that Unity Center provides the services that Paragraph 89 describes. *See* United States' Third Report (Dec. 26, 2017), Dkt. No. 158-1, at 37; United States' Fourth Report (May 4, 2019), Dkt. No. 195-1, at 31–32; United States' Fifth Report (Feb. 10, 2021), Dkt. No. 236-1, at 29–30; United States' Sixth Report (June 30, 2022), Dkt. No. 292-1, at 36; United States' Seventh Report (Aug. 8, 2023), Dkt. No. 369-1, at 27; *see also* United States' First Report (Sept. 29, 2015), Dkt. No. 105-1, at 34–35 (anticipating that Unity Center, when established, would fulfill the expectation for services under Paragraph 89); United States' Second Report (Oct. 18, 2016), Dkt. No. 124-1, at 61–62 (same). Similarly, as *Amici* acknowledge, the Compliance Officer/Community Liaison ("COCL") concurred that Unity Center satisfies the expectation for drop-off/walk-in services

**Page  3 –     JOINT STIPULATED REPLY TO JOINT *AMICUS* BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96**

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

under Paragraph 89. *See, e.g.*, COCL Quarterly Report for 2019 Q4 (June 11, 2020), Dkt. No. 224-2, at 23.[2]

Despite *Amici*'s contention that Unity Center does not satisfy Paragraph 89, *Amicus* Br. at 11–12, Unity Center's own website states that it provides the relevant services: "Unity Center offers emergency as well as inpatient mental health treatment for adults, including *walk-in or drop-off services*." Unity Center for Behavioral Health, "A Compassionate Approach to Mental Health Emergencies," available at https://unityhealthcenter.org/ [https://perma.cc/T5ZF-E2ZP] (last visited Mar. 10, 2026) (emphasis added).

Therefore, Unity Center has satisfied the United States' expectation for drop-off/walk-in services as described in Paragraph 89.

### III.   CONCLUSION

Simply put, *Amici* seek to impose obligations on the City that the Parties did not intend. *Amici*'s argument is not new: *Amici* acknowledge that MHA has raised its concerns at all but one status conference since 2019. *Amicus* Br. at 9. However, *Amici* have not prevailed on this point in the past seven years, and there is no reason for them to prevail now.

For all the reasons stated above and in the Parties' Joint Stipulated Motion, the Parties respectfully request the Court to either: (1) enter an Order for partial termination of both the Community-Based Mental Health Services section (Paragraphs 88–90) and the Behavioral Health Unit Advisory Committee section (Paragraphs 94–96); or (2) allow for the Parties' Joint Stipulated Motion to take effect as an Order of the Court 45 days after the Motion's filing, as Paragraph 257 provides.

---

[2] All COCL reports are available at www.portlandcocl.com. All COCL reports are also filed with the Court and available through the Court system.

Page  4  –   JOINT STIPULATED REPLY TO JOINT *AMICUS* BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**FOR THE CITY OF PORTLAND:**

| | |
|---|---|
| *s/ Robert Taylor* | *s/ Heidi Brown* |
| ROBERT TAYLOR | HEIDI BROWN |
| City Attorney | Chief Deputy City Attorney |
| | |
| *s/ Sarah Ames* | *s/ Lisa Rogers* |
| SARAH AMES | LISA ROGERS |
| Deputy City Attorney | Deputy City Attorney |

**FOR THE UNITED STATES:**

| | |
|---|---|
| SCOTT E. BRADFORD | HARMEET K. DHILLON |
| United States Attorney | Assistant Attorney General |
| District of Oregon | Civil Rights Division |
| | |
| | R. JONAS GEISSLER |
| | Deputy Assistant Attorney General |
| | Civil Rights Division |
| | |
| | PATRICK MCCARTHY |
| | Chief |
| | |
| | *s/ Jeffrey R. Murray* |
| | JEFFREY R. MURRAY |
| | Trial Attorney |
| | |
| | *s/ Catherine Yoon* |
| | CATHERINE YOON |
| | Trial Attorney |
| | Special Litigation Section |
| | Civil Rights Division |
| | United States Department of Justice |

Page 5 –   JOINT STIPULATED REPLY TO JOINT *AMICUS* BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96

## CERTIFICATE OF SERVICE

      I hereby certify that on March 12, 2026, I served or caused to be served a true and correct copy of the foregoing **JOINT STIPULATED REPLY TO JOINT *AMICUS* BRIEF IN OPPOSITION TO DISMISSAL OF SECTION V AND PARAGRAPHS 95 AND 96** on the interested parties in this action as follows:

| | |
|---|---|
| Anil Karia<br>Email: anil@pslglawyers.com | Attorney for Intervenor-Defendant, Portland Police Association |
| J. Ashlee Albies Rian Peck<br>Email: ashlee@albiesstark.com<br>Email: rian@visible.law | Attorneys for Enhanced-Amicus Curiae, Albina Ministerial Alliance Coalition for Justice and Police Reform |
| Juan Chavez<br>Email: jchavez@ojrc.info | Attorney for Amicus Curiae, Mental Health Alliance |
| Mark P. Smith<br>Email: mark.p.smith@portlandpolicemonitor.com | Independent Court-Appointed Monitor |

☒    by **electronic service** via the Court's CM/ECF electronic filing system for registered users.

DATED: March 12, 2026.

PORTLAND CITY ATTORNEY'S OFFICE<br><br>By: <i>/s/Heidi Brown</i><br>    Robert Taylor, OSB No. 044287<br>    Heidi Brown, OSB No. 922410<br>    Sarah Ames, OSB No. 163350<br>    Lisa Rogers, OSB No. 176519<br>Of Attorneys for Defendant City of Portland

Page 1 –     CERTIFICATE OF SERVICE