**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cv-2265-SI |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF PORTLAND, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Pending before the Court are three joint stipulated motions to terminate discrete sections of the Settlement Agreement, as amended, pursuant to Paragraph 257. After considering the views of the parties and the *amici curiae*, the Court rules as follows:

1.      Based on the stipulation of the United States and the City of Portland (ECF 536) and the finding of the Court that it is fair, just, and reasonable to do so, the Court hereby terminates Paragraph 191 of the Settlement Agreement, as amended.

2.      Based on the stipulation of the United States and the City of Portland (ECF 537) and the finding of the Court that it is fair, just, and reasonable to do so, the

Court hereby terminates Paragraphs 88-90 and 94-96 of the Settlement Agreement, as amended.[1]

3.      Based on the stipulation of the United States and the City of Portland (ECF 546) and the finding of the Court that it is fair, just, and reasonable to do so, the Court hereby terminates Paragraphs 141-144 and 151-152 of the Settlement Agreement, as amended.

## CONCLUSION

The Court GRANTS the three joint stipulated motions filed by the United States and the City of Portland. ECF 536, ECF 537, and ECF 546. The Court hereby terminates

---

[1] *Amici curiae* AMA Coalition for Justice and Police Reform and the Mental Health Alliance oppose the termination of Paragraphs 88-90 and 95-96 of the Settlement Agreement, as amended. ECF 543. The *amici* argue that relying on the Unity Center for Behavioral Health ("Unity Center") "to fulfill the role of a walk-in/drop-off center undermines progress" under the Settlement Agreement. *Id.* at 9. As the *amici* explain, the Unity Center "is a psychiatric hospital in Portland, Oregon, that provides acute care to people experiencing behavioral health crises, offering immediate triage and access to psychiatric emergency services and inpatient care for both adults and adolescents." *Id.* The *amici* add that although the Unity Center "provides emergency psychiatric services, it is not a 'walk in' center as envisioned by the Settlement Agreement." *Id.* In a joint reply, the United States and the City argue that Paragraphs 88 and 89 do not require the City to establish a drop-off or walk-in centers and that they "did not intend the City to be responsible for making such centers available." ECF 547 at 2. As the reply notes, "Paragraph 89 expressly states that '[t]he United States expects that the local [Community Care Organizations ("CCOs")] will establish, by mid-2013, one or more drop-off center(s) for first responders and public walk-in centers for individuals with addictions and/or behavioral health service needs." *Id.* at 2-3. In addition, the reply states that "[w]hen serving as the monitor, the United States determined in every report in which it assessed the City's compliance with Paragraph 89 that Unity Center provides the services that Paragraph 89 describes." *Id.* at 3. The reply adds: "Similarly, as *Amici* acknowledge, the Compliance Officer/Community Liaison ('COCL') concurred that Unity Center satisfies the expectation for drop-off/walk-in services under Paragraph 89." *Id.* at 3-4. Finally, as the reply observes: "Unity Center's own website states that it provides the relevant services: 'Unity Center offers emergency as well as inpatient mental health treatment for adults, including walk-in or drop-off services.'" *Id.* at 4. For these reasons, the Court does not have a sufficient basis to disagree with the common understanding and joint interpretation of Paragraphs 88 and 89 by Plaintiff and Defendant.

Paragraphs 88-90, 94-96, 141-144, 151-152, and 191 of the Settlement Agreement, as amended. The Court further ORDERS the Parties jointly to submit a further amended Settlement Agreement that reflects the termination of these Paragraphs and incorporates the amendments previously entered by the Court on July 29, 2025. ECF 506.

**IT IS SO ORDERED.**

DATED this 13th day of March, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge