**HARMEET K. DHILLON**
Assistant Attorney General
Civil Rights Division
**R. JONAS GEISSLER**
Deputy Assistant Attorney General
**PATRICK MCCARTHY**
Chief
**JEFFREY R. MURRAY**
**CATHERINE YOON**
Trial Attorneys
Special Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Phone: (202) 305-3229

      Attorneys  for Plaintiff United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:12-cv-02265-SI |
| Plaintiff, | |
| v. | PLAINTIFF UNITED STATES' STATUS REPORT |
| **CITY OF PORTLAND,** | |
| Defendant. | |

Page 1     Plaintiff United States' Status Report
         *United States of America v. City of Portland*, 3:12-cv-02265-SI

Plaintiff United States of America submits this Status Report to the Court in preparation for the July 28, 2026 Interim Status Conference. The Independent Court Monitor has submitted his third report. Dkt. No. 554-1. In his report, which covers the Third and Fourth Quarters of 2025, the Monitor found that the City of Portland and the Portland Police Bureau (PPB) had demonstrated substantial compliance with 10 of the 15 directly monitored provisions of the Amended Settlement Agreement (Agreement). *Id.* at 16. Also, the Monitor found that the City had demonstrated substantial compliance with the section of the Agreement addressing PPB's Employee Information System for the second consecutive report, meaning that section may now move into self-monitoring.

Two paragraphs changed compliance status in this report: Paragraph 73 slipped from substantial to partial compliance while Paragraph 75 improved from partial to substantial compliance. *Id.* As a result, the number of paragraphs in partial compliance remains unchanged at five in this report, meaning additional work will be necessary to achieve substantial compliance. The partially compliant provisions fall under Use of Force Supervisory Investigations and Reports (Paragraph 73); Compliance Audits Related to Use of Force (Paragraph 76); and three of the Additional Remedies (Paragraphs 192 (accountability for 2020 protest response), 194 (body worn cameras), and 195 (Community Police Oversight Board)).

The report also indicates that the City self-monitored 27[1] provisions during this period and that the Monitor found the City had demonstrated substantial compliance with all but one: Paragraph 86. *Id.* at 62. The Monitor found that the City's self-monitoring failed to demonstrate

---

[1] The United States believes this total should be 26. Although the Monitor's report lists Paragraph 245 as being subject to self-monitoring by the City, the Monitor never monitored the provision, meaning it never satisfied the requirements of Paragraph 254 to be eligible for self-monitoring. In addition, the City has provided no evidence that it has self-monitored the provision.

Page 2      Plaintiff United States' Status Report
            *United States of America v. City of Portland*, 3:12-cv-02265-SI

it had sustained compliance with two of Paragraph 86's requirements pertaining to the work of the Force Inspector. The first is that the Force Inspector coordinate with the Professional Standards Division (PSD) to identify problematic use of force patterns and training deficiencies. The Monitor's report explains that the City offered no evidence that the Force Inspector coordinated with PSD. The second is that the Force Inspector present data and analysis of use of force patterns and trends on a quarterly basis to the Chief of Police, the Training Division, and the Training Advisory Council (TAC). The report states that the City provided evidence of the Force Inspector conducting only one of the two quarterly presentations to the TAC during the six-month period. The City has asserted to the United States that the Force Inspector actually made four quarterly presentations to the TAC in 2025, but that coordinating the third presentation with the cadence of the TAC's bi-monthly meetings resulted in an early third quarterly presentation, which took place near the end of the second quarter of 2025. Standing alone, a scheduling variance such as this should not be enough to deny substantial compliance on its own. However, the Monitor's finding noting a lack of evidence of coordination between the Force Inspector and PSD serves as an independent basis for finding the City had not demonstrated sustained compliance. The United

States is unaware of the City producing evidence to contradict this element of the Monitor's finding.

The Parties have been discussing the potential for partial termination of the following four discrete sections based on the Monitor's finding that the City's self-monitoring efforts have demonstrated sustained compliance for two consecutive reports pursuant to Paragraph 257:

    a. Force Principles (Paragraphs 66 and 67);

    b. Training Principles (Paragraphs 78-79, 81, 84, and 190);

    c. Crisis Triage (Paragraph 115); and

    d. On-scene Public Safety Statements and Interviews (Paragraphs 124-27).

The Parties disagree about the eligibility for partial termination of a fifth discrete section: Discipline and Accountability (Paragraphs 137 and 245). The Monitor's report indicates that the section is now in substantial compliance for the second consecutive report. However, neither the Monitor nor the City has ever assessed compliance with Paragraph 245. The Monitor has refused to do so despite the United States' requests. As written, the Settlement Agreement mandates that the Monitor review Paragraph 245.

The United States believes that the Monitor must assess compliance with Paragraph 245 because it is a substantive provision of the Agreement. Indeed, the United States previously sought compliance with that same provision—then labeled Paragraph 169—for the City's accountability failures, and the Court ordered additional remedies that resolved the United States' notice of noncompliance. Both amici supported the additional remedies at the time. As an ultimate remedy for the United States' assessment of noncompliance, the Parties, the amici, and this Court all agreed to the appointment of a Court Monitor. The Monitor's refusal to assess the very paragraph that gave genesis to his appointment is both confounding and unacceptable. Not only

did the Parties intend for the Monitor to assess Paragraph 245 by the Agreement's plain terms, the Monitor's assessment of Paragraph 245 is consistent with the Parties' agreement to the appointment of the Monitor in response to the United States finding prior noncompliance with that very provision. Subsequent failures to comply with this provision also highlight the ongoing need to assess the provision. The Department of Justice and the Portland Compliance Officer/Community Liaison (COCL) assessed that provision and found the City had still not achieved substantial compliance.

Further, Paragraph 245 has not met the explicit requirements of Paragraphs 254 to 257, which require substantial compliance findings by the Monitor in two consecutive reports, followed by confirmation by the Monitor that the City's self-monitoring has demonstrated substantial compliance in two consecutive reports, before a section is eligible for termination. Given these conditions, partial termination of the provision at this time would be inappropriate. With the hope of bringing resolution to this impasse, the United States is considering filing a motion to compel the Monitor to assess compliance with Paragraph 245. And the United States intends to oppose the City's anticipated motion to terminate the section including Paragraph 245.

Finally, some issues discussed during the status conference of January 6, 2026, remain unresolved. The City's investigations under Paragraph 192 into specific concerns arising from its 2020 protest response remain unresolved as we pass the six-year anniversary of those events. The issue of whether and how to address the perceived gap in monitoring in the summer of 2024 during the transition to the start of the Independent Monitor also remains unresolved. The United States suggests that, at a minimum, the Monitor look back to ascertain whether officers completed after action reports consistent with PPB policy.

DATED: July 27, 2026.

Page 5    Plaintiff United States' Status Report
          *United States of America v. City of Portland*, 3:12-cv-02265-SI

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney
District of Oregon

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

R. JONAS GEISSLER
Deputy Assistant Attorney General

PATRICK MCCARTHY
Chief
Special Litigation Section

*/s/ Jeffrey R. Murray*
JEFFREY R. MURRAY
CATHERINE YOON
Trial Attorneys
Special Litigation Section
Civil Rights Division
United States Department of Justice

Attorneys for Plaintiff United States