**Robert Taylor, OSB No. 044287**
City Attorney
Email: robert.taylor@portlandoregon.gov
**Heidi Brown, OSB No. 922410**
Chief Deputy City Attorney
Email: heidi.brown@portlandoregon.gov
**Lisa Rogers, OSB No. 176519**
Deputy City Attorney
Email: lisa.rogers@portlandoregon.gov
**PORTLAND CITY ATTORNEY'S OFFICE**
1221 SW Fourth Ave., Room 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
        *Attorneys for Defendant City of Portland*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND**, <br><br> Defendant. | Case No. 3:12-cv-02265-SI <br><br> **DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259** |

### L.R. 7-1(a) CERTIFICATION

The City of Portland (City) and Department of Justice (DOJ) (collectively, the Parties) conferred by following the process required under Paragraph 259 of the Settlement Agreement. On June 1, 2026, the City emailed DOJ to formally notify it in writing of the grounds for partial termination. On June 3, 2026, the City sent to DOJ the documents to support its position that the Discipline and Accountability discrete section was appropriate for partial termination. The Parties attended mediation on June 22, 2026, which did not resolve the dispute. The filing of this

**Page 1 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

motion is 45 days after the start of mediation. The Parties continue to be unable to resolve the dispute.

## MOTION

The City moves the Court to terminate the Discipline and Accountability discrete section (Paragraphs 137 and 245) of the Amended Settlement Agreement (Agreement) under Paragraph 259 (Dkt. No. 552).

## I.    INTRODUCTION

When the Court adopted Section XII[1], the City agreed to hire an Independent Court-Appointed Monitor, and the DOJ agreed to terms that allowed for partial termination of discrete sections of the Agreement. Paragraphs 137 and 245, labeled "discipline and accountability," compose one of 35 defined discrete sections. ¶ 249(b)(26), Dkt. No. 552. DOJ has informed the City it objects to the termination of Paragraph 245. The Monitor reported on the Discipline and Accountability section and found the City in substantial compliance for two consecutive periods. Independent Court Appointed Monitor's Compliance Report (Q1 2025 – Q2 2025) (Monitor's Second Report) at 87, Dkt. No. 526-1 (Dec. 17, 2025); Independent Court Appointed Monitor's Compliance Report (Q3 2025 – Q4 2025) (Monitor's Third Report) at 84, Dkt. No. 554-1 (June 16, 2026).

DOJ would not stipulate to terminate this discrete section, contending that it is not subject to partial termination because the Monitor determined that Paragraph 245 is not an assessed

---

[1] Contrary to DOJ's assertion that the Independent Monitor was appointed as a remedy for the United States' notice of noncompliance (Plaintiff United States' Status Report at 4, Dkt. No. 564 (July 27, 2026)), the Parties mutually agreed to amend the Agreement, without any finding or admission by either, by adding Section XI in April 2022; however, the amendments adding an Independent Court-Appointed Monitor were added in November 2023, over a year and a half later. These amendments were unrelated to the notice of noncompliance.

**Page 2 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

Paragraph. The City now files a contested motion pursuant to the process laid out in Paragraph 259.

## II.   STATEMENT OF FACTS

*History of assessment by DOJ and COCL.* Paragraph 245, part of the Agreement Implementation and Enforcement Section, now Section XII, contains one sentence: "PPB shall apply policies uniformly and hold officers accountable for complying with PPB policy and procedure." Agreement ¶ 245, Dkt. No. 552. DOJ has not consistently assessed the City's compliance with this Paragraph. In DOJ's first two compliance assessments as Monitor, together covering January 2014 through August 2016, DOJ provided no analysis of the City's compliance with Paragraph 245 (then-Paragraph 172),[2] simply stating: "See Accountability section, above." Department of Justice's First Periodic Compliance Assessment Report (DOJ's First Report) at 90, Dkt. No. 105-1 (Sept. 29, 2015), Department of Justice's Second Periodic Compliance Assessment Report (DOJ's Second Report) at 129, Dkt. No. 129 (Oct. 18, 2016). Thus, at least initially, DOJ did not regard this Paragraph as imposing any additional or unique obligations from those imposed in Section VIII.

The Compliance Officer/Community Liaison (COCL) followed the same path as DOJ and also did not assess Paragraph 245 as imposing enforceable requirements separate from the preceding sections of the Settlement Agreement. In the COCL's first report, the assessment of Paragraph 245 (then 172) stated, "Our evaluation of Par. 172 is found within various provisions assessed in previous sections." COCL Compliance Report for Third and Fourth Quarters of 2015

---

[2] The identical language has appeared in the Implementation and Enforcement Section throughout the life of the Agreement, but as the Agreement was amended, the Paragraph was renumbered, from 172 to 169 within Section X, and now as 245 in Section XII. For simplicity, this motion will refer to the paragraph by its current number.

**Page 3 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

at 87, Dkt. No. 120 (June 27, 2016). Later COCL reports repeated the same opening sentence, referring to previous sections of the Agreement. See, e.g., COCL Compliance Report for First and Second Quarters of 2016 at 94-95, Dkt. No. 127 (Oct. 19, 2016); COCL Compliance Report for Third and Fourth Quarters of 2016 at 108, Dkt. No. 155-2 (Aug. 24, 2017).

In DOJ's third compliance assessment, issued December 2017, without any amendment to the Agreement, DOJ pulled its assessment of Paragraph 245 to the start of the Section VIII – Officer Accountability portion of their report. *See, e.g.*, Department of Justice's Third Periodic Compliance Assessment Report (DOJ's Third Report) at 58, Dkt. No. 158-1 (Dec. 26, 2017). DOJ's Third Report asserted that the unnumbered paragraph at the start of Section VIII required the City's accountability system meet four criteria, the fourth of which is "that all officers who commit misconduct are held accountable pursuant to a disciplinary system that is fair and consistent." *Id*. ("[Now Paragraph 245] addresses the fourth criterion."). This maneuver, in effect, was an attempt by DOJ to read into Paragraph 245 other requirements not enunciated there. DOJ's subsequent reports continued to assess Paragraph 245 in the Section VIII – Accountability part of their assessments. *See*, *e.g.*, Department of Justice's Fourth Periodic Compliance Assessment Report (DOJ's Fourth Report) at 55, Dkt. No. 195-1 (May 4, 2019); Department of Justice's Fifth Periodic Compliance Assessment Report (DOJ's Fifth Report) at 50, Dkt. No. 236-1 (Feb. 10, 2021).

Despite the DOJ's grafting of Paragraph 245 onto Section VIII, the COCL continued not to view the paragraph as imposing or enforcing any independent requirements on the City. *See* COCL Compliance and Outcome Assessment Report for January through September of 2017 at 134, Dkt. No. 182-1 (Sept. 26, 2018) (discussing assessments of the Use of Force and Accountability sections in finding partial compliance with the paragraph); COCL Compliance

**Page 4 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

and Outcome Assessment: All Sections with Remaining Compliance Issues at 47, Dkt. No. 197-1

(assessing the "introductory paragraph" of Section VIII, but providing no assessment at all of

Paragraph 245).

Only in late 2022, almost five years after DOJ changed course, did COCL follow DOJ's

lead, providing only a minimal explanation for its own reversal:

> The COCL team has, historically, not assessed compliance with the requirements of Par. 169 as it is housed within Section X (Agreement Implementation and Enforcement). However, in their most recent report, DOJ argued that, given the direct relationship to the subject matter of Section VIII (Officer Accountability), Par. 169 "can and should be assessed." We agree and will continue to incorporate Par. 169 into future reports.

COCL Compliance and Outcome Assessment Report: Quarter 2 Updates and Analysis at 172,

Dkt. No. 328-1 (Dec. 2, 2022). The COCL proceeded to assess Paragraph 245 in relation to the

specific requirements of Section VIII through its final filed report. *See, e.g.*, COCL Quarterly

Report: Quarter 4 Updates and Analysis at 79–80, Dkt. No. 425-1 (June 12, 2024).

*The Independent Monitor's determination.* In the Monitor's first report, covering July

through December of 2024, the Monitor found the City in substantial compliance with the

requirements of Paragraph 137 and shared his reasoning not to assess the City's compliance with

Paragraph 245. Independent Court Appointed Monitor's Compliance Report (Q3 2024 – Q4

2024) (Monitor's First Report) at 79-80, Dkt. No. 490-1. The Monitor's First Report noted the

inconsistent history of assessment of this Paragraph by both DOJ and COCL. *Id.* at 79. The

Monitoring Team concluded they did not agree with DOJ or the COCL's later reasoning for

assessing the Paragraph:

> The Monitoring Team chooses to reverse that course. Recognizing that Paragraph 245 is located within a section of the Settlement Agreement that includes provisions detailing procedural aspects of the agreement's implementation and enforcement such as selecting a Monitor, modifying the Settlement Agreement, and terminating the Settlement Agreement, and further recognizing that no other paragraphs from this section of the report were monitored by the COCL in its most recent report, the Monitoring Team does not believe

**Page 5 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

that Paragraph 245 should be included among its semi-annual compliance assessments and chooses not to do so.

*Id*. at 80.

The Monitor provided further explanation for this independent decision at the recent status conference on July 28, 2026, noting the provision on its face is so broad that the Monitoring Team determined they could not make an effective assessment. Their decision also considered the placement of Paragraph 245 within the procedural Agreement Implementation and Enforcement section as supporting their conclusion.

*Self-Monitoring of the Discrete Section.* Based on the compliance ratings in the Monitor's First Report, the Parties determined that five discrete sections, including the Discipline and Accountability discrete section (Paragraphs 137 and 245), would move into self-monitoring. On July 1, 2025, Laura Cowall, Deputy Chief for DOJ Civil Rights Division, responded to a City email agreeing that the Discipline and Accountability discrete section should move to self-monitoring: "Thank you for doing the review and compiling the sections that now meet the requirements of Paragraph 254. That list looks correct to us, so we agree that those sections should proceed to self-monitoring." *Declaration of Heidi Brown (Brown Decl.),* Ex. 1 at 1. The City subsequently developed a self-monitoring plan for this discrete section in consultation with the Monitor and produced an associated score card for the first and second quarters of 2025. *Brown Decl.*, Ex. 2. For the third and fourth quarters of 2025, the City, again in consultation with the Monitor, developed an updated self-monitoring plan for this discrete section and produced an associated score card. *Brown Decl.*, Ex. 3.

In November 2025, the DOJ filed its Motion to Enforce, attempting to expand the Agreement's scope by using Paragraph 245 to cover alleged viewpoint discrimination by the City in policing protests at the federal Immigration and Customs Enforcement (ICE) facility in

**Page 6 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

South Portland. *See* United States' Motion to Enforce the Settlement Agreement, Dkt. No. 520 (Nov. 24, 2025); Defendant City of Portland's Response to Plaintiff's Motion to Enforce the Settlement Agreement, Dkt. No. 523 (Dec. 8, 2025); Plaintiff's Reply in Support of Motion to Enforce the Settlement Agreement, Dkt. No. 529 (Dec. 22, 2025).

The Monitor issued his second report in December 2025, indicating the Monitoring Team similarly chose not to include Paragraph 245 amongst its evaluations of the City's self-monitoring efforts. Independent Court Appointed Monitor's Compliance Report (Q1 2025 – Q2 2025) (Monitor's Second Report) at 66-67, Dkt. No. 526-1 (Dec. 17, 2025). Regarding the Discipline and Accountability discrete section, "the Monitoring Team's evaluation of PPB's compliance report found that PPB has adequately demonstrated that it has maintained Substantial Compliance with the section." *Id*. at 87.

The Monitor's third report again found PPB had adequately demonstrated substantial compliance with the discrete section, an assessment that rendered the section subject to termination under Paragraph 257. Independent Court Appointed Monitor's Compliance Report (Q3 2025 – Q4 2025) (Monitor's Third Report) at 84, Dkt. No. 554-1 (June 16, 2026).

## III.    LEGAL STANDARD

In interpreting the Settlement Agreement, the rules of contract interpretation apply, including the requirement to read a contract as a whole. Contractual provisions must not be read in isolation, but rather, the provisions must be read in the context of the entire agreement. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), *opinion amended on denial of reh'g*, 203 F.3d 1175 (9th Cir. 2000) ("A written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations.").

Paragraph 229 of the Agreement states that the Parties "may not direct the Monitor's

**Page 7 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

conduct or findings, shall respect the Monitor's independence, and will give deference to the expertise of the Monitor. DOJ will not issue monitoring reports." Agreement ¶ 229, Dkt. No. 552.

The Agreement sets out the requirements for eligibility for termination. To become eligible for termination, a discrete section must initially meet the requirements for moving into self-monitoring. This occurs when the Monitor finds the City in substantial compliance with the discrete section for two consecutive reports. Agreement ¶ 254(c), Dkt. No. 552. Once the parties determine that a discrete section is subject to self-monitoring, Paragraph 255 requires that the City create a self-monitoring plan for each discrete section subject to self-monitoring and Paragraph 256 requires that the Monitor evaluate the City's semi-annual reports to determine whether the City has maintained substantial compliance in accordance with the self-monitoring plan. Agreement ¶¶ 255, 256, Dkt. No. 552. Pursuant to Paragraph 257 of the Agreement, once the Monitor's evaluations find that the City has adequately demonstrated that it has maintained substantial compliance with a discrete section in self-monitoring for two consecutive Monitor's semi-annual reports, the discrete section is eligible for partial termination. Agreement ¶ 257, Dkt. No. 552.

IV.    **ARGUMENT**

   a. **Termination of the Discipline & Accountability Discrete Section Is Appropriate under Paragraph 259**

The plain language and context of Paragraph 245 support an interpretation of it as a general provision that does not establish any additional obligations beyond those set forth and enforced elsewhere. Given this, the City has met the requirements for partial termination.

   i.    <u>The Plain Language of the Agreement Demonstrates Paragraph 245's Aspirational Intent</u>

The language of Paragraph 245 establishes that it was intended as a catch-all provision that does not impose additional requirements on the City. The overly broad and vague language lacks sufficient clarity to enable monitoring, which supports this interpretation of this Paragraph. This conclusion is consistent with the Monitor's determination of Paragraph 245 and is also

**Page 8 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

supported by the history of the compliance assessments for this Paragraph.

The paragraph does not delineate which policies it covers. DOJ agreed with this and emphasized the point in its Motion to Enforce. *United States' Motion to Enforce*, Dkt. No. 520, at 18. Given this, the Monitor would need to determine if the Bureau applied any of its over one hundred and ninety (190) policies differently to some Bureau members than others, a requirement so expansive it ceases to impose any meaningful compliance standard. DOJ has also never applied such a sweeping interpretation of this paragraph, as this would mean reviewing and holding officers accountable to *all* PPB policies, which is beyond the scope of the Agreement and has not occurred.

The broad and vague language of Paragraph 245 clearly reflects its role as a general, not substantive, provision.

> ii. The Context of Paragraph 245's Placement within the Agreement Supports that it is a General, not Substantive, Provision

The placement of a provision within a particular section also informs its meaning. *See Klamath*, 204 F.3d at 1210. Here, Paragraph 245 is located within the Implementation and Enforcement section. No other provision in this section or Paragraph 245's subsection is assessed by the Monitor. Although DOJ eventually restructured its compliance reports to address this provision within the actively monitored provisions of Section VIII, DOJ never negotiated such restructuring of the Agreement itself. Thus, construing Paragraph 245 within the context of the Agreement as a whole supports the conclusion that the Paragraph was not intended to impose unique requirements upon the City.

Further, the history of assessment of this Paragraph supports the Monitor's conclusions. The rationales provided in DOJ's and COCL's earlier reports are more likely to reflect the original intent of the drafters given their temporal proximity to the negotiation of the Settlement Agreement. As discussed, DOJ's first two reports did not analyze this paragraph as requiring independent obligations outside of those imposed by Section VIII. COCL did not meaningfully assess this paragraph until 2022 and, even then, assessed it as a reflection of the requirements of

**Page 9 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

Section VIII.

Importantly, upon creation of the Monitorship, the parties adopted the new framework of discrete sections. With this amendment, Paragraph 245 was severed from all but one of the Section VIII provisions and should be assessed independently of those provisions. *See* Agreement ¶ 249(a), Dkt. No. 552. It is now grouped with only Paragraph 137, which requires, among other things, that the City provide discipline that is reasonably predictable and consistent. To require that all of Section VIII's requirements must be met before Paragraph 245 may be terminated would be to read Paragraph 169 into multiple other discrete sections where it is absent.

The context of Paragraph 245 further supports the conclusion that it is a general, not substantive, provision.

### iii. The City has Satisfied the Requirements for Termination of the Discipline and Accountability Discrete Section

The City has met the requirements for self-monitoring of the Discipline and Accountability discrete section. Paragraphs 255 through 257 refer to the Monitor's assessment of *discrete sections*, not individual paragraphs. After the Parties determined this discrete section, inclusive of Paragraph 245, was eligible for self-monitoring, the City, in consultation with the Monitor, developed a self-monitoring plan for the entire discrete section, as required by Paragraph 255. Given the Monitor's determination regarding Paragraph 245, the self-monitoring plan for this discrete section focused on Paragraph 137. The Monitor then found the City's self-monitoring reports for this discrete section in substantial compliance with its self-monitoring plan for two consecutive compliance reports. As such, upon the substantial compliance rating for this discrete section in the Monitor's Third Report, the Discipline and Accountability section is eligible for termination.

DOJ asserts the Agreement requires the Monitor to provide a substantial compliance rating specific to Paragraph 245. However, DOJ did not make such arguments regarding the termination of the Community-based Mental Health Services discrete section (Paragraphs 88-

**Page 10 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

90). Both DOJ and COCL previously assessed the Paragraphs in that discrete section as substantive provisions. *See, e.g.,* Department of Justice's Seventh Periodic Compliance Assessment Report (DOJ's Seventh Report) at 26-30, Dkt. No. 369-1; COCL Quarterly Report: Quarter 1 2023 at 98-101, Dkt. No. 386-1 (Aug. 31, 2023) (providing compliance ratings for all three paragraphs while noting summative nature of Paragraph 88). Yet, the Independent Monitor declined to evaluate the City's compliance with these paragraphs, instead determining the City had no obligations under this discrete section. Monitor's First Report at 81; Monitor's Second Report at 68 (providing the same notation for all three paragraphs: "No City Requirements"). Nonetheless, DOJ joined the City in moving the Court to dismiss this discrete section. DOJ did not raise any concern that the Monitor's decision not to assess the City's self-monitoring efforts made the discrete section ineligible for termination.

Further, the timing of DOJ's concerns related to Paragraph 245 suggests this an attempt to expand the Agreement into areas that are outside its scope. DOJ has been aware of the Monitor's interpretation of Paragraph 245 since the Monitor's First Report. Instead of objecting to the Monitor's determination, DOJ agreed that the discrete section was eligible to move into self-monitoring. Indeed, DOJ's objection only arose after the events at the Portland ICE Facility and DOJ's attempts to access records related to protests at the facility to evaluate PPB for alleged viewpoint discrimination. As noted in the Court's recent decision denying DOJ's Motion to Enforce, the purpose of the Agreement set out in DOJ's Complaint was the use of force against persons who have or are perceived to have mental illness and people in mental health crisis. Opinion and Order Denying United States' Motion to Enforce Settlement Agreement at 11, Dkt. No. 563 (July 24, 2026). DOJ's continued emphasis on Paragraph 245 in the context of protest actions appears to be related to their enforcement effort, which the Court denied and is not an appropriate basis to object to termination. DOJ should not be permitted to stall the City's progress on the eve of termination.

**Page 11 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259**

V.    CONCLUSION

For these reasons, partial termination of the Discipline and Accountability discrete

section (Paragraphs 137 and 245) is warranted and the City's motion should be granted.

**FOR THE CITY OF PORTLAND:**

*s/ Robert Taylor*                                  *s/ Heidi Brown*
ROBERT TAYLOR                                 HEIDI BROWN
City Attorney                                         Chief Deputy City Attorney


*s/ Lisa Rogers*
LISA ROGERS
Deputy City Attorney

**Page 12 – DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A
DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO
PARAGRAPH 259**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I served or caused to be served a true and correct copy of the foregoing **DEFENDANT CITY OF PORTLAND'S MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259** on the interested parties in this action as follows:

| | |
|---|---|
| Harmeet K. Dhillon,<br>Assistant Attorney General<br>Civil Rights Division<br>R. Jonas Geissler,<br>Deputy Assistant Attorney General<br>Patrick McCarthy,<br>Chief<br>Jeffrey R. Murray and<br>Catherine Yoon,<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>Email: jonas.geissler@usdoj.gov<br>Email: jeff.murray@usdoj.gov<br>Email: catherine.yoon@usdoj.gov | Attorneys for Plaintiff,<br>United States of America |
| Anil Karia<br>Email: anil@pslglawyers.com | Attorney for Intervenor-Defendant,<br>Portland Police Association |
| J. Ashlee Albies and Rian Peck<br>Email: ashlee@albiesstark.com<br>Email: rian@visible.law | Attorneys for Enhanced-Amicus Curiae,<br>Albina Ministerial Alliance Coalition for<br>Justice and Police Reform |
| Juan Chavez<br>Email: jchavez@ojrc.info | Attorney for Amicus Curiae,<br>Mental Health Alliance |
| Mark P. Smith<br>Email: mark.p.smith@portlandpolicemonitor.com | Independent Court-Appointed Monitor |

**Page 1 - CERTIFICATE OF SERVICE**

☒    by **electronic service** via the Court's CM/ECF electronic filing system for registered users.

DATED:  August 7, 2026.

PORTLAND CITY ATTORNEY'S OFFICE

By: */s/Heidi Brown*
    Robert Taylor, OSB No. 044287
    Heidi Brown, OSB No. 922410
    Lisa Rogers, OSB No. 176519
    Of Attorneys for Defendant City of Portland

**Page 2 - CERTIFICATE OF SERVICE**