**INDEPENDENT COURT-APPOINTED MONITOR**
Mark P. Smith, Lead Monitor
Direct Email: mark.p.smith@portlandpolicemonitor.com
Team Email: info@portlandpolicemonitor.com
Website: http://www.portlandpolicemonitor.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 3:12-cv-02265-SI** |
| **PLAINTIFF,** | |
| v. | **STATEMENT OF INDEPENDENT COURT-APPOINTED MONITOR – SETTLEMENT AGREEMENT PARAGRAPH 245** |
| **CITY OF PORTLAND,** | |
| **DEFENDANT.** | |

The Independent Court-Appointed Monitor (ICAM) has reviewed the United States' Motion to Compel Paragraph 245 Compliance Assessments (ECF No. 574) and Defendant City of Portland's Motion to Terminate a Discrete Section of the Settlement Agreement Pursuant to Paragraph 259 (ECF No. 575) as well as the declarations associated with those motions that were filed with the Court. The ICAM submits this statement for the Court's consideration, with the intention of avoiding any misunderstanding about the ICAM's position regarding Paragraph 245 of the Settlement Agreement.

The ICAM believes there is a significant lack of clarity with respect to the subject and scope of Paragraph 245's requirements as well as an inconsistent history of assessments of the City's compliance with it at various times throughout the life of the Settlement Agreement.[1] This lack of clarity and consistency regarding Paragraph 245 has formed the basis of the ICAM's decision not to assess the City's compliance with it up to the present time.

Despite this perspective, the ICAM would have no objection to conducting assessments of the City's compliance with Paragraph 245 should the United States and the City of Portland (the Parties) jointly clarify what is subject to such assessment.[2,3] Similarly, the ICAM would have no objection to conducting assessments of the City's compliance with Paragraph 245 pursuant to any further instructions that might be ordered by the Court.

In contrast to the assertion made by the United States in ECF No. 574 that the ICAM "refuses" to assess the City's compliance with Paragraph 245, the ICAM believes more clarity

---

[1] The ICAM has previously communicated this belief, and numerous reasons for it, to the United States and the City of Portland—including at the last Status Conference in this case on July 28, 2026. At the Court's discretion, the ICAM is prepared to present the reasoning that led to this belief.

[2] The ICAM communicated this lack of an objection—conditioned on the indicated clarification being made—to the Parties prior to the filing of their respective motions with the Court under ECF Nos. 574 and 575.

[3] For the purpose of minimizing potential misunderstandings, and in the interest of transparency, the ICAM believes it is critical that any such clarification be documented in writing.

Statement of Independent Court-Appointed Monitor – Settlement Agreement Paragraph 245    p.2

with respect to the subject and scope of that paragraph's requirements is warranted before such assessments can be conducted. Given clarification jointly reached by the Parties or further instructions ordered by the Court, the ICAM would have no objection to conducting such assessments. Absent either of these developments, however, the ICAM believes that the decision not to assess the City's compliance with Paragraph 245 up to the present time is reasonable, justified, and appropriate.

Dated: August 11, 2026.

Respectfully submitted,

*s/Mark P. Smith*

Mark P. Smith
Lead Monitor
INDEPENDENT COURT-
APPOINTED MONITOR