**Robert Taylor, OSB No. 044287**
City Attorney
Email: robert.taylor@portlandoregon.gov
**Heidi Brown, OSB No. 922410**
Chief Deputy City Attorney
Email: heidi.brown@portlandoregon.gov
**Lisa Rogers, OSB No. 176519**
Deputy City Attorney
Email: lisa.rogers@portlandoregon.gov
**PORTLAND CITY ATTORNEY'S OFFICE**
1221 SW Fourth Ave., Room 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Attorneys for Defendant City of Portland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**CITY OF PORTLAND,**

Defendant.

Case No. 3:12-cv-02265-SI

**DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PARAGRAPH 245 COMPLIANCE ASSESSMENTS**

**MEMORANDUM OF LAW**

## I. INTRODUCTION

The City of Portland (City) respectfully submits the following response to the United States Department of Justice (DOJ) Motion to Compel Paragraph 245 Compliance Assessments (Motion to Compel), Docket Number 574. In the Monitor's first report, the Monitor validly determined, after consideration of previous compliance assessments by DOJ and the Compliance

Officer/Community Liaison (COCL), that Paragraph 245[1] does not set forth separate nor sufficient monitorable provisions to facilitate compliance assessment. DOJ now challenges that determination and asserts it amounts to a failure to perform the Monitor's duties. On the contrary, the Monitor has properly carried out his obligations as Independent Monitor under the Amended Settlement Agreement (Agreement) and correctly utilized the discretion to determine a provision is not monitorable as granted therein. *See* Agreement, Dkt. No. 552 (May 8, 2026). Therefore, the City respectfully asks this Court deny the Motion to Compel.

## II. STATEMENT OF FACTS

The City relies on its Statement of Facts as set out in its Motion to Terminate a Discrete Section of the Settlement Agreement Pursuant to Paragraph 259 (Motion to Terminate), Docket Number 575, which, at a high level, shows that the paragraph is not appropriate for monitoring, DOJ did not raise any objections to the lack of assessment by the Monitor until issues arose at the Portland U.S. Immigration and Customs Enforcement Facility (Portland ICE Facility), and there has not been a consistent approach to the assessment of Paragraph 245 by either the DOJ or the Compliance Officer/Community Liaison (COCL). *See* Motion to Terminate at 3-5, Dkt. No. 575.

*The Inconsistent History of Paragraph 245 Compliance Assessments.* In DOJ's initial compliance assessments as monitor, DOJ did not analyze compliance with Paragraph 245 except to write, "See Accountability section, above." *See* Department of Justice's First Periodic Compliance Assessment Report (DOJ's First Report) at 90, Dkt. No. 105-1 (Sept. 29, 2015),

[1] The identical language has appeared in the Implementation and Enforcement Section throughout the life of the Agreement, but as the Agreement was amended, the Paragraph was renumbered, from 172 to 169 within Section X, and now as 245 in Section XII. For simplicity, this motion will refer to the paragraph by its current number.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Department of Justice's Second Periodic Compliance Assessment Report (DOJ's Second Report) at 129, Dkt. No. 129 (Oct. 18, 2016). In DOJ's third compliance assessment, DOJ moved its assessment of Paragraph 245 to the start of the Section VIII – Officer Accountability portion of their report and asserted that the Paragraph assessed requirements found in the Section's introductory paragraph. *See* Department of Justice's Third Periodic Compliance Assessment Report (DOJ's Third Report) at 58, Dkt. No. 158-1 (Dec. 26, 2017).

COCL took a different approach. Despite DOJ's shifting interpretations of Paragraph 245, it was not until late 2022 that COCL elected to assess Paragraph 245. COCL Compliance and Outcome Assessment Report: Quarter 2 Updates and Analysis at 172, Dkt. No. 328-1 (Dec. 2, 2022).

*DOJ's Response to the Monitor's Decision Regarding Paragraph 245*. The City's Statement of Facts also outlines DOJ's initial acquiescence to the Monitor's decision regarding Paragraph 245. In the Motion to Compel, DOJ omits that their comments to the Monitor's first report raised no objection to the Monitor's decision and that both DOJ and the City jointly agreed that the Discipline and Accountability discrete section was eligible to move to self-monitoring under Paragraph 254. *Decl. of Heidi Brown*, Ex. 1 at 1, Dkt. No. 575-1 (Aug. 7, 2026). It was not until DOJ's comments to the Monitor's Second Report that DOJ raised concerns. The timing for raising these concerns was suspect: it was around the same time that the City filed litigation objecting to the United States' attempt to send the National Guard to Portland and approximately thirteen days after DOJ's initial letter announcing its attempt to expand the Agreement to cover alleged viewpoint discrimination at the Portland ICE Facility.

*The Genesis of the Independent Monitor*. DOJ previously stated that the addition of a Court Monitor was a result of adoption of the Section XI remedies. *See* Plaintiff United States'



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Status Report at 4, Dkt. No. 564 (July 27, 2026). While DOJ does not make this statement quite as directly here, there appears to be a suggestion that Section XI and the addition of the Monitor are related. *See* Motion to Compel. This does not accurately reflect the facts.

In November 2023, following a year of mediation, the parties filed a Joint Motion to amend the Amended Settlement Agreement by adding in place of Section X the new Section XII. Joint Motion to Amend the Amended Settlement Agreement (Joint Motion), Dkt. No. 390 (Nov. 3, 2023). That Joint Motion did not reference DOJ's notice of noncompliance, Paragraph 245, or the Section XI remedies.[2] *Contrast* Joint Motion at 2, Dkt. No. 390 ("The Parties believe that Section XII is a fair, adequate, and reasonable way *to move the settlement agreement forward*." (italics added)); *with* Plaintiff's Unopposed Motion to Amend the Amended Settlement Agreement at 4, Dkt. No. 276 (describing the Section XI amendments as a "fair, adequate, and reasonable way *to resolve the notice of noncompliance*." (italics added)).

## III. ARGUMENT

DOJ cannot establish that the Monitor has failed to perform an obligation required under the Agreement; therefore, this Court should deny DOJ's Motion to Compel. First, the text and the context of Paragraph 245 show that it is a broad, aspirational provision, supporting the Monitor's interpretation and conclusion that it does not impose requirements for assessment. Second, the Agreement grants the Monitor the discretion to determine when a provision lacks

[2] Further, the City Council Ordinance approving the Section XII amendments explained the impetus was DOJ and the City's motivation to explore the application to Portland's case of then-U.S. Attorney General Merrick Garland's 2021 guidance for the use of monitors in civil settlement agreements. City of Portland, Ordinance No. 191519 (2023). That guidance emphasized, among other things, that monitors should be independent and free of conflicts of interest, principles that DOJ could not display as both Plaintiff and monitor. *Id*. Further, the Ordinance noted that "[c]ommunity members, organizations designated as *amici* by the Court, the Portland Committee on Community-Engaged Policing, and the Court have all long urged the Parties in this case to amend the Agreement to provide for an Independent Monitor to assess the City's compliance with the Agreement's requirements." *Id*.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

specificity such that it is not measurable. Third, DOJ cannot force the Monitor to assess unfounded allegations that this Court already determined are outside of the scope of this Agreement. Fourth, the Monitor has fulfilled his assessment obligations regarding officer accountability pursuant to the Agreement. As such, the Court should deny DOJ's Motion.

**A. The Text and Context of Paragraph 245 Support the Monitor's Interpretation**

As set forth in the City's Motion for Termination, the plain language and context of Paragraph 245 show that it is a broad, aspirational provision that is not appropriate for monitoring. Paragraph 245 reads, "PPB shall apply policies uniformly and hold officers accountable for complying with PPB policy and procedure."

This imprecise, vague plain language supports the interpretation that Paragraph 245 is not intended as a substantive provision and is not suitable for assessment. In contrast, none of DOJ's multiple interpretations could rightly apply to the current, post-Section XII, iteration of the Paragraph. First, it cannot simply be a reflection of all of Section VIII because the parties did not group it into a discrete section that contains all the paragraphs in Section VIII. *See* Agreement, Dkt. No. 552. Second, the introductory paragraph to Section VIII is no longer monitored or grouped into a discrete section. *Id*. Third, the parties have never interpreted the Agreement as applying to all PPB Directives.[3]

Thus, the Monitor's interpretation of the Paragraph as a broad provision that does not state specific requirements capable of assessment is the most reasonable interpretation. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), *opinion amended on denial of reh'g*, 203 F.3d 1175 (9th Cir. 2000) ("A written contract must be read as a

[3] This Court has acknowledged the Agreement's limited scope. *See* Opinion and Order Denying United States' Motion to Enforce Settlement Agreement at 11, Dkt. No. 563 (July 24, 2026).



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations."). The context of the Paragraph further supports this conclusion as Paragraph 245 is located within the Implementation and Enforcement Section, where no other Paragraph is assessed by the Monitor.

**B. The Monitor has the Discretion to Determine when a Provision Lacks Specificity and Should Not be Measured**

Paragraph 218(a) acknowledges that the Monitor will, through a Monitoring Plan, "delineate the requirements of this Agreement that the Monitor will assess for substantial compliance." ¶ 218, Dkt. No. 552. Paragraph 217 requires the Monitor to use prior COCL and DOJ Compliance Assessments as a guide in that process.[4] ¶ 217, Dkt. No. 552. Paragraph 229 ensures the Monitor's independence by providing that the Parties "may not direct the Monitor's conduct or findings, shall respect the Monitor's independence, and will give deference to the expertise of the Monitor." ¶ 229, Dkt. No. 552. Finally, the Monitor may not change either the scope or terms of the Agreement. ¶ 202, Dkt. No. 552.

Taken together, these provisions give the Monitor discretion to use his expertise, informed by prior compliance assessments, to identify the requirements represented by the terms of each paragraph within a discrete section. If precise requirements cannot be identified based on the text of the Agreement, it is within the scope of the Monitor's independent role to determine that paragraph will not be assessed.

In fact, DOJ as the Monitor also exercised this discretion to determine that certain

[4] DOJ asserts this language "evidences the Parties' intent for the Department's and COCL's approach to monitoring to continue[.]" Motion to Compel at 15. While this language suggests all prior compliance assessments should provide direction, it does not bind the Monitor to the monitoring approach most recently used by DOJ and COCL. Had the parties intended to require strict adherence, they would have said as much.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

paragraphs were too general to permit assessment. For the first three of DOJ's compliance reports, DOJ used multiple ratings to designate a compliance level for each provision of the Agreement, which included a level designating when a particular provision was "not measured." *See* Plaintiff's Notice of Periodic Compliance Assessment Report (DOJ's First Notice) at 3, Dkt. No. 105 (Sept. 29, 2015) (using the "not measured" rating eight times); Plaintiff's Notice of Periodic Compliance Assessment Report (DOJ's Second Notice) at 5, Dkt. No. 124 (Oct. 18, 2026) (using the "not measured" rating five times); Plaintiff's Notice of Third Periodic Compliance Assessment Report (DOJ's Third Notice) at 6, Dkt. No. 158 (Dec. 26, 2017) (using the "not measured" rating one time). "Not measured" applied when, among other things, the provision did not have a specific measurement to assess. *Id*.

Analyzing the ratings for the Agreement Implementation and Enforcement Section (then-Section X) during DOJ's initial assessments shows DOJ quickly determined that most provisions in the section were "not measured." For example, in DOJ's First Report, then-Paragraphs 169, 170, and 171 concerning review of PPB policies, were rated in partial compliance. DOJ's First Report at 89-90, Dkt. No. 105-1. By DOJ's Second Report, these same Paragraphs were rated as "not measured." DOJ's Second Report at 128-129, Dkt. No. 124-1. Beginning with DOJ's Third Report, DOJ no longer assessed any paragraphs in the Agreement Implementation and Enforcement Section except for Paragraph 245. See DOJ's Third Report, Dkt. No. 158-1.

Starting with DOJ's Fourth Report, the "not measured" rating was discontinued and DOJ appears to have simply omitted the paragraphs it determined were not measured.[5] *See* Plaintiff's 2019 Settlement Agreement Compliance Assessment (DOJ's Fourth Report), Dkt. No. 195-1

[5] In this report, DOJ also shifted Paragraph 88, which DOJ had previously rated as "not measured," to substantial compliance. *See* DOJ's Fourth Report at 30-31, Dkt. No. 195-1.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

(May 4, 2019). Thus, the current Monitor is simply continuing to use the same discretion as did DOJ by identifying when a particular provision is too general to appropriately assess.

Indeed, the Monitor already used this discretion when he determined that the entire Community-Based Mental Health Services (Paragraphs 88-90) discrete section imposed no measurable requirements on the City. There, unlike with the Discipline and Accountability discrete section, the Monitor did not provide any compliance rating, simply stating, "No City Requirements." *See* Independent Court Appointed Monitor's Compliance Report (Q1 2025 – Q2 2025) (Monitor's Second Report) at 87, Dkt. No. 526-1 (Dec. 17, 2025). Yet, DOJ joined the City in seeking the partial termination of that discrete section. Therefore, contrary to DOJ's assertion, partial termination of a discrete section does not require that the Monitor provide a rating of substantial compliance for each paragraph, or even the entire discrete section, provided that the Monitor has determined that the paragraphs or discrete section are not subject to monitoring. DOJ's reaction to the Monitor's rating of the Community-Based Mental Health Services discrete section also shows that the parties did not intend that every paragraph grouped within a discrete section must contain monitorable requirements.

### C. DOJ's Allegations About the Portland ICE Facility are Outside of the Scope of the Agreement

DOJ's unfounded allegations of viewpoint discrimination at the Portland ICE Facility are not a reasonable basis to compel assessment of Paragraph 245. DOJ recites the same arguments, almost verbatim, from their Motion to Enforce, namely that Paragraph 245 covers these baseless allegations. *Compare* United States' Motion to Enforce the Settlement Agreement at 18-20, Dkt. No. 520, Nov. 24, 2025; *with* Motion to Compel at 16-17, Dkt. 574.

This Court has already denied DOJ's Motion to Enforce. See Opinion and Order Denying



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

United States' Motion to Enforce Settlement Agreement, Dkt. No. 563, July 24, 2026 (rejecting DOJ's argument that allegations about viewpoint discrimination were within the scope of this Agreement and finding by clear and convincing evidence that that DOJ's Motion to Enforce was not made in good faith and that DOJ lacked clean hands). Pursuant to Paragraph 202, the Monitor is bound to the scope of the Agreement and DOJ has raised no specific assessment concerns that are within its scope.

**D. The Monitor Has Rigorously Assessed Officer Accountability**

The Monitor has performed all duties under the Agreement to assess officer accountability. Throughout the last three reporting periods, the Monitor has assessed PPB's adherence to the following discrete sections, including eventually reviewing the City's self-monitoring: Investigation Timelines (Paragraphs 121-123); On-Scene Public Safety Statements and Interviews (Paragraphs 124-127); and Conduct of Internal Affairs Investigations (Paragraphs 128-129, 131-133).[6] To assess these provisions, the Monitor has, among other things, reviewed deadly force cases, sampled misconduct cases, examined materials related to the Police Review Board, conducted case reviews, and interviewed key personnel. *See* Independent Court Appointed Monitor's Compliance Report (Q3 2024 – Q4 2024) (Monitor's First Report) at 15-16, 58-71, Dkt. No. 490-1 (June 30, 2025); Monitor's Second Report at 14, 51-56, Dkt. No. 526-1; Independent Court Appointed Monitor's Compliance Report (Q3 2025 – Q4 2025) (Monitor's Third Report) at 72-84. Moving forward, the Monitor will review the City's self-monitoring of the remaining discrete sections in Section VIII. Through this work, the Monitor has overseen

[6] Upon Court approval of the Section XII Amendments, three discrete sections within Section VIII were immediately partially terminated: Retaliation (Paragraph 130); CRC Appeals (134-136); and Communication and Transparency (Paragraphs 138-140). See ¶ 250, Dkt. No. 552. After the Monitor's Third Report, the Parties jointly moved for partial termination of the On-Scene Public Safety Statements and Interviews discrete section, which the Court granted. Order, Dkt. No. 573, Aug. 4, 2026.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

PPB's fulsome investigation of complaints and provision of a fair accountability process. There is no basis under the Agreement to compel further assessment.

## IV. CONCLUSION

For these reasons, the Monitor has adequately performed the assessment duties required under the Agreement and DOJ's Motion to Compel should be denied.

**FOR THE CITY OF PORTLAND:**

*s/ Robert Taylor*
ROBERT TAYLOR
City Attorney

*s/ Heidi Brown*
HEIDI BROWN
Chief Deputy City Attorney

*s/ Lisa Rogers*
LISA ROGERS
Deputy City Attorney



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I served or caused to be served a true and correct copy of the foregoing **DEFENDANT CITY OF PORTLAND'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PARAGRAPH 245 COMPLIANCE ASSESSMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| Harmeet K. Dhillon,<br>Assistant Attorney General<br>Civil Rights Division<br>R. Jonas Geissler,<br>Deputy Assistant Attorney General<br>Patrick McCarthy,<br>Chief<br>Jeffrey R. Murray and<br>Catherine Yoon,<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>Email: jonas.geissler@usdoj.gov<br>Email: jeff.murray@usdoj.gov<br>Email: catherine.yoon@usdoj.gov | Attorneys for Plaintiff,<br>United States of America |
| Anil Karia<br>Email: anil@pslglawyers.com | Attorney for Intervenor-Defendant,<br>Portland Police Association |
| J. Ashlee Albies and Rian Peck<br>Email: ashlee@albiesstark.com<br>Email: rian@visible.law | Attorneys for Enhanced-Amicus Curiae,<br>Albina Ministerial Alliance Coalition for Justice and Police Reform |
| Juan Chavez<br>Email: jchavez@ojrc.info | Attorney for Amicus Curiae,<br>Mental Health Alliance |
| Mark P. Smith<br>Email: mark.p.smith@portlandpolicemonitor.com | Independent Court-Appointed Monitor |



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

☒ by **electronic service** via the Court's CM/ECF electronic filing system for registered users.

DATED: August 24, 2026.

PORTLAND CITY ATTORNEY'S OFFICE

By: */s/Heidi Brown*
Robert Taylor, OSB No. 044287
Heidi Brown, OSB No. 922410
Lisa Rogers, OSB No. 176519
Of Attorneys for Defendant City of Portland



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047