**Robert Taylor, OSB No. 044287**
City Attorney
Email: robert.taylor@portlandoregon.gov
**Heidi Brown, OSB No. 922410**
Chief Deputy City Attorney
Email: heidi.brown@portlandoregon.gov
**Lisa Rogers, OSB No. 176519**
Deputy City Attorney
Email: lisa.rogers@portlandoregon.gov
**PORTLAND CITY ATTORNEY'S OFFICE**
1221 SW Fourth Ave., Room 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**CITY OF PORTLAND,**<br>Defendant. | Case No. 3:12-cv-02265-SI<br><br>**DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259** |

## I. INTRODUCTION

On August 7, 2026, the City of Portland (City) moved to partially terminate the Discipline and Accountability discrete section (Paragraphs 137 and 245) of the Amended Settlement Agreement pursuant to Paragraph 259 (City's Mot. to Terminate, ECF 575) and the United States Department of Justice (DOJ) moved to compel the Monitor to conduct compliance assessments for Paragraph 245. DOJ's Mot. to Compel, ECF 574. On August 24, 2026, Amicus

Mental Health Alliance and Enhanced Amicus Albina Ministerial Alliance Coalition for Justice and Police Reform filed in opposition to DOJ's Motion to Compel and took no position as to the City's Motion to Terminate. AMAC and MHA Response, ECF 581. Also on August 24, 2026, DOJ replied in opposition to the City's Motion to Terminate (Pl.'s Opposition to Def.'s Mot. to Terminate, ECF 582) and the City replied in opposition to DOJ's Motion to Compel. Def.'s Response to Pl.'s Mot. To Compel, ECF 580. The City now provides its Reply in Support of Motion to Terminate a Discrete Section of the Settlement Agreement Pursuant to Paragraph 259.

## II. ARGUMENT

### A. DOJ's Prior Support for Moving Paragraph 245 to Self-Monitoring Appropriately Estops DOJ Now Raising an Objection

The Monitor filed its first report on June 30, 2025. Independent Court-Appointed Monitor's Compliance Report (Q3 2024 – Q4 2024), ECF 490-1. The Court held a Status Conference on July 29, 2025. DOJ did not raise any objection to the Monitor's interpretation that Paragraph 245 should not be included in the compliance assessment and that he elected not to do so. *Id.* at 80. Rather, on July 1, 2025, prior to the Status Conference, DOJ agreed the discrete section containing Paragraph 245 should move to self-monitoring.

In reliance on the Monitor's report and DOJ's agreement to move the discrete section into self-monitoring, the City established a self-monitoring plan for the discrete section that focused on Paragraph 137. The City followed the self-monitoring plan and the Monitor found the City in substantial compliance with the self-monitoring plan. Given the length of time that has passed and the City's reliance on the agreement by DOJ to move the discrete section containing Paragraph 245 into self-monitoring and to engage in such monitoring of the discrete section for the past year, DOJ cannot now argue that the City should never have moved to self-monitoring.

"Equitable estoppel has been used to prohibit the government from asserting its own

theory of recovery, or from asserting a theory which would undermine the plaintiff's cause of action." *Jablon v. United States*, 657 F.2d 1064, 1068–69 (9th Cir. 1981), citing *Cooper v. Bell*, 628 F.2d 1208 (9th Cir. 1980) (held, remand to determine whether the U.S. was estopped from asserting filing deadlines to plaintiff's EEOC claim); *Sun Il Yoo v. Immigration & Naturalization Service*, 534 F.2d 1325 (9th Cir. 1976) (held, the government was estopped from deporting plaintiff for his failure to comply with certain labor provisions where the government itself did not process the relevant information); *United States v. Wharton*, 514 F.2d 406 (9th Cir. 1975) (held, plaintiffs not ejected because they were told (incorrectly) that they could not file for the land); *Fox v. Morton*, 505 F.2d 254 (9th Cir. 1974) (held, Indian plaintiffs entitled to a due process hearing. Bureau of Indian Affairs was estopped from denying that the work program was "general assistance" for termination purposes).

As stated above, it was DOJ's agreement that resulted in the City moving into self-monitoring. DOJ only changed its position on Paragraph 245 shortly after issues arose between the Trump administration and the City of Portland centering around the Portland Immigration and Customs Enforcement (ICE) facility. This Court already found that DOJ acted in bad faith and with unclean hands in bringing its Motion for Enforcement related to these events. Opinion and Order Denying United States' Motion to Enforce Settlement Agreement at 2, ECF 563 (July 24, 2026). Similar to the Motion for Enforcement, the timing of DOJ's change in position related to Paragraph 245 is suspect (*see Id.* at 12) and DOJ's objections should not be permitted as the basis for denying the City's motion for partial termination.

The City relied on DOJ's agreement to move the discrete section containing Paragraph

///

///



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

245 into self-monitoring. DOJ should appropriately be estopped from changing its position[1] to now contend that the City was not eligible for self-monitoring only after the City has met the requirements established by the Monitor and the discrete section is now eligible for partial termination.

B. The DOJ Attorney had Authority to Agree to Self-Monitoring of the Discrete Section Containing Paragraph 245

DOJ argues that Ms. Cowall lacked authority to agree to move the discrete section containing Paragraph 245 into self-monitoring, contending that she did not have actual authority to do so. Pl.'s Opposition to Def.'s Mot. to Terminate at 20-23, ECF 582.

The Ninth Circuit has held that even where there is no express grant of authority to United States Attorneys to bind the government, ordinary principles of agency law may imply such authority. *Thomas v. I.N.S.*, 35 F.3d 1332 (9th Cir. 1994), *as amended on denial of reh'g* (Nov. 23, 1994). In the instant case, there was an express grant of authority for DOJ attorneys to make an agreement on behalf of the government contained in Paragraph 254 of the Settlement Agreement, and even if Paragraph 254 does not create an express grant of authority, it is certainly implied under ordinary principles of agency law where DOJ agreed to the amendments creating the process in Paragraph 254.

DOJ's contention that Laura Cowall did not have authority to agree to move the discrete section including Paragraph 245 into self-monitoring is incorrect. Paragraph 254 states, "within seven days of the Monitor filing each semi-annual compliance report, the Parties will identify whether additional discrete sections are subject to self-monitoring." In November of 2023, DOJ agreed to the amendments that provided for the process in Paragraph 254 that moves a discrete

[1] DOJ's change in position is also concerning as reflective of a past issue between the Parties. One of the City's main interests in amending the Settlement Agreement to allow for a Monitor was due to concerns with DOJ moving the goalposts. Unfortunately, DOJ is again doing just this.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204

section into self-monitoring. Joint Mot. to Amend the Amended Settlement Agreement, ECF 390 (Nov. 3, 2023). Therefore, DOJ knew and agreed in 2023 that a DOJ attorney would confer with the City and agree to those discrete sections that would then be subject to self-monitoring.

The Paragraph 254 process occurred on July 1, 2025, when Laura Cowall emailed agreement to move the discrete section containing Paragraph 245 into self-monitoring. *Declaration of Heidi Brown (Brown Decl.)*, Ex. 1 at 1, ECF 575-1. By this email, the Parties complied with the terms of the Settlement Agreement. Therefore, contrary to DOJ's assertion that Laura Cowall lacked the authority to agree to move the discrete section to self-monitoring, DOJ granted her this authority when it agreed to the 2023 amendments.

Additionally, in DOJ's July 28, 2025, submission to the Court for the Status Conference following the Monitor's first report, DOJ acknowledged that the City had "complied with 50 of the 56 substantive provisions in the Amended Settlement Agreement (Agreement)." Pl. United States' Status Report at 2, ECF 503. Mathematically, to reach that conclusion, DOJ must have included Paragraph 245 among the 50 paragraphs with which the City complied. Therefore, DOJ acknowledged that Paragraph 245 was in substantial compliance in its Court filing even though the Monitor determined they would not assess compliance with this paragraph. DOJ's filing was signed by Assistant Attorney General Harmeet Dhillon, who clearly had the authority to bind the United States.

Those with authority at DOJ agreed that the discrete section containing Paragraph 245 would move to self-monitoring and the Court should rightly hold them to this agreement.

C. Paragraph 245 Subject to Differing Interpretations, Rendering it Ambiguous

Paragraph 245 is ambiguous. This is clear when considering the context, in addition to the text, of Paragraph 245.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204

As noted in the City's Motion to Terminate a Discrete Section of the Settlement Agreement Pursuant to Paragraph 259 (ECF 575), specific provisions in the Settlement Agreement must be read in the context of the entire contract. *Id.* at 7, citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), *opinion amended on denial of reh'g*, 203 F.3d 1175 (9th Cir. 2000). In considering a contract between the United States and another entity, the Ninth Circuit, "construe[s] the contract by reading it as a whole and interpreting each part with reference to the entire contract." *Tanadgusix Corp. v. Huber,* 404 F.3d 1201, 1205 (9th Cir. 2005).

The context of Paragraph 245 considered within the whole of the Settlement Agreement supports the City's contention that there is an ambiguity in the language. Paragraph 243 starts with the following premise, "Within 180 days of the Effective Date, PPB shall revise and/or develop its policies, procedures, and practices to ensure that they are consistent with, incorporate, address, and implement all provisions of this Agreement specific to force, training, community-based mental health services, crisis intervention, employee information system, officer accountability, and community engagement." ECF 552 at 60. The next paragraph, Paragraph 244, discusses how the Chief will coordinate review of each, "policy or procedure required by this Agreement 180 days after such policy or procedure is implemented, and biennially thereafter . . ." ECF 552 at 61. In this context, the text of Paragraph 245 is unclear: it could mean that PPB will apply *all* PPB policies uniformly, or, given the context of it following Paragraphs 243 and 244, it could be interpreted to mean that PPB apply policies required under the Settlement Agreement uniformly. Considering the context of the entire Settlement Agreement, the second interpretation makes more sense because the purpose of the Settlement Agreement was to address concerns with the use of force against persons who have or are



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204

perceived to have mental illness and people in mental health crisis (Opinion and Order Denying United States' Motion to Enforce Settlement Agreement at 11, ECF 563), not to address issues with all PPB policies.

Although DOJ contends this Court cannot consider extrinsic evidence, DOJ does exactly this. On the first page of its brief, DOJ claims that Paragraph 245 was the basis for the 2022 amendments to the Settlement Agreement, citing to its letter to the City that was filed with the Court at ECF 286-1. Pl.'s Opposition to Def.'s Mot. to Terminate at 1, ECF 582. DOJ also points to its and the Compliance Officer and Community Liaison's (COCL's) prior assessments to argue that Paragraph 245 should be assessed by the Monitor. *Id*. at 8, 24.

The text and context of Paragraph 245 demonstrate an ambiguity in the language that make it appropriate for considering extrinsic evidence.[2]

D. <u>DOJ Mischaracterizes and Misrepresents the City's Intentions</u>

Throughout its Response Brief, the DOJ repeatedly accuses the City of attempting to "avoid monitoring." ECF 582 at 1, 12. The facts do not support this conclusion. This accusation is hyperbolic and unwarranted. It was the Monitor who stated his conclusion that Paragraph 245 should not be included in the semi-annual compliance assessments and elected not to do so. Independent Court Appointed Monitor's Compliance Report (Q3 2024 – Q4 2024), at 80 (Monitor's First Report), ECF 490-1. DOJ agreed that the discrete section containing Paragraph 245 would appropriately move to self-monitoring. ECF 575 at 6, citing *Declaration of Heidi Brown,* Ex. 1 at 1.

[2] The Court may also consider Paragraph 3 of the Settlement Agreement, which states, "If, in the course of interpreting this Agreement, there is an ambiguity that cannot be resolved by the Parties or in mediation, evidence including the Parties' course of dealing and parol evidence may be used." ECF 552 at 5. Here, the Parties attempted to resolve the disagreement over the interpretation of Paragraph 245, followed by mediation. Neither was successful. Therefore, the Court may use the Parties' course of dealing and parol evidence to interpret it.

Based on the positions of the Monitor (and DOJ), the City now simply attempts to enforce the terms of the Settlement Agreement. There is no cause for casting aspersions in this way.

## III. CONCLUSION

For all the reasons stated herein, as well as in the City's Motion for Termination (ECF 575) and Response to the United States' Motion to Compel (ECF 580), partial termination of the discrete section containing Paragraphs 137 and 245 is appropriate and the City respectfully requests this Court grant the motion.

**FOR THE CITY OF PORTLAND:**

*s/ Robert Taylor*
ROBERT TAYLOR
City Attorney

*s/ Heidi Brown*
HEIDI BROWN
Chief Deputy City Attorney

*s/ Lisa Rogers*
LISA ROGERS
Deputy City Attorney



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served or caused to be served a true and correct copy of the foregoing **DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF MOTION TO TERMINATE A DISCRETE SECTION OF THE SETTLEMENT AGREEMENT PURSUANT TO PARAGRAPH 259** on the interested parties in this action as follows:

| | |
|---|---|
| Harmeet K. Dhillon,<br>Assistant Attorney General<br>Civil Rights Division<br>R. Jonas Geissler,<br>Deputy Assistant Attorney General<br>Patrick McCarthy,<br>Chief<br>Jeffrey R. Murray and<br>Catherine Yoon,<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>Email: jonas.geissler@usdoj.gov<br>Email: jeff.murray@usdoj.gov<br>Email: catherine.yoon@usdoj.gov | Attorneys for Plaintiff,<br>United States of America |
| Anil Karia<br>Email: anil@pslglawyers.com | Attorney for Intervenor-Defendant,<br>Portland Police Association |
| J. Ashlee Albies and Rian Peck<br>Email: ashlee@albiesstark.com<br>Email: rian@visible.law | Attorneys for Enhanced-Amicus Curiae,<br>Albina Ministerial Alliance Coalition for Justice and Police Reform |
| Juan Chavez<br>Email: jchavez@ojrc.info | Attorney for Amicus Curiae,<br>Mental Health Alliance |
| Mark P. Smith<br>Email: mark.p.smith@portlandpolicemonitor.com | Independent Court-Appointed Monitor |



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

☒ by **electronic service** via the Court's CM/ECF electronic filing system for registered users.

DATED: September 8, 2026.

PORTLAND CITY ATTORNEY'S OFFICE

By: */s/Heidi Brown*
Robert Taylor, OSB No. 044287
Heidi Brown, OSB No. 922410
Lisa Rogers, OSB No. 176519
*Of Attorneys for Defendant City of Portland*



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047